**No. 16-3601**

# United States Court of Appeals
# for the Third Circuit

Wilnick Dorval,

*Plaintiff-Appellant,*

v.

Sapphire Village Condominium Owners Association, ET, AL

*Defendant-Appellee.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

## BRIEF OF APPELANT
### APPENDIX ATTACHED-VOLUME 1

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

1

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and**

**Statement of Financial Interest**

No. 16-3601

Wilnick Dorval

v.

Sapphire Village Condominium Owners Association, et al

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, <u>Wilnick Dorval</u>
makes the following disclosure:                      (Name of Party)

   1) For non-governmental corporate parties please list all parent

corporations:

   None

   2) For non-governmental corporate parties please list all publicly held

companies that hold 10% or more of the party's stock:

   None

   3) If there is a publicly held corporation which is not a party to the

proceeding before this Court but which has as a financial interest in the outcome of the
proceeding, please identify all such parties and specify the nature of the financial interest or
interests:

   None

   4) In all bankruptcy appeals counsel for the debtor or trustee of the

bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of
the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the
caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not
participating in the appeal, this information must be provided by appellant.

   None

_Wilnick Dorval_

(Signature of Counsel or Party)

Date: _9/19/2016_

## CERTIFICATE OF SERVICE

   I hereby certify that on this date I am causing this Brief to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

3

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.

4

#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

This the 19th day of September 2016.

X _____
Witnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

# **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………..   7

TABLE OF AUTHORITIES…………………………………....   8

STATEMENT OF JURISDICTION…………………………….   9

STATEMENT OF THE ISSUE…………………………………   10

STATEMENT OF THE CASE…………………………………   11

SUMMARY OF THE ARGUMENT…………………………..   19

STANDARD OF REVIEW…………………………………….   21

ARGUMENT…………………………………………………..   23

    THE DISTIRCT COURT ERRED WHEN IT

    RULED THAT DEFENDANTS DID NOT HAVE

    NOTICE…………………………………………………..   23

    WHETHER THE DISTRICT COURT ERRED WHEN IT DENIED

    PLAINTIFF MOTION FOR TEMPORARY

    RESTRAINING ORDER…………………………………   24

CONCLUSION…………………………………………………   28

CERTIFICATE OF FILING AND SERVICE………………….   29

CERTIFICATE OF COMPLIANCE……………………………   32

# **TABLE OF CASES AND AUTHORITIES**

CASES:

*Bermudez v. Virgin Islands Telephone Corp.*, 2011 V.I. LEXIS 6 at *34,

2011 WL 321000 (V.I.Super.Ct.2011)……………………………………………… 24

*Brown v. City of Pittsburg*, 586 F. 3d 263, 268 (3d Cir.2009)…………………….. 21, 22

*Carabello v. Beard*, 2008 WL 597722 (E.D.Pa.2008)……………………………… 21

*Gerardi v Pellullo*, 16 F. 3d 1363, 1373 (3d Cir. 1994)…………………………… 21, 25

*Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490,

108 S. Ct 1340, 1347, 99 L. Ed.2d 565 (1988)……………………………………… 19, 23

*Vuitton v. White*, 945 F. 2d 569, 573 (3d Cir.1991)…………………………….... 21

STATUTES:

28 U.S.C. § 1291…………………………………………………………………… 9

28 U.S.C. § 1331…………………………………………………………………... 9

28 U.S.C. § 1332…………………………………………………………………... 9

42 U.S.C. § 3604-3619……………………………………………………… 9, 11, 24

42 U.S.C. § 1981………………………………………………………………….. 9, 24

Fair Housing Act of 1968, 42 U.S.C. § 3601………………………………………. 11, 24

Rule 65 of the Federal Rules of Civil Procedures…………………………………. 9, 23

28 VIC § 331 (Private Nuisance; damages; warrant to abate; injunction)………….. 11, 24

# **STATEMENT OF JURISDICTION**

The United States District Court for the District of St. Thomas and St. Johns ("District Court") had subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. 1981. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 to hear this appeal from the District Court's final decision, filed September 9, 2016, which denied plaintiff/appellant's motion under Rule 65 of Federal Rule of Civil Procedure Rules for Temporary Restraining Order, preliminary and permanent injunction. On September 12, 2016, appellant timely filed a notice of appeal with the Clerk of the District Court.

# **STATEMENT OF THE ISSUES**

WHETHER THE DISTIRCT COURT ERRED WHEN IT RULED THAT DEFENDANTS DID

NOT HAVE NOTICE OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING

ORDER, PRELIMINARY AND PERMNENT INJUNCTION…………………………..23

WHETHER THE DISTRICT COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION

FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT

INJUNCTION…………………………………………………………………………..24

## **STATEMENT OF THE CASE**

I prosecute this appeal on discrimination claim under the Civil Right Act of 1968, as amended, 42 U.S.C. § 3601-3617 ("the Civil Right Act of 1968"), Virgin Island laws against discrimination and 28 VIC. § 331 (Private nuisance; damages; warrant to abate; injunction). I allege Sapphire Village Condominium Owners Association ("Association") and group of neighbors organized and acted in cahoots to discriminate, harass, and intimidate to force me out of my home because I am black. Jonathon Morgan, and James Koulouris and other occupants of apartment 274 have been making and continue to make excessive noise disturbances during the day and night that interfered with used and enjoyment of my apartment. Additionally, Lourdes Cordero and Thomas Cordero's short term tenants continue to purposely and deliberately slam the front, screen and glass doors of apartment 257 repeatedly during the day and at night that also interfered with the use and enjoyment of my apartment.

Sapphire Village Condominium Owners Association and group of neighbors organized and acted in cahoots to discriminate, harass, and intimidate to force me out of my home because I am black. Shortly after, I moved into my apartment, I started to hear loud banging noise disturbances emanating from my neighbors' apartment 273 and 257. The neighbors made loud banging noise disturbances at all hours of the day and night that lasted for more than 2 to 3 hours at time. During the month of October, 2015, Mark Marolf, the property manager, called the police twice to my apartment to investigate purported noise disturbances emanating from my apartment. Compl. at ¶ 4.1.19. Finally, I received a letter from the Association stating that I was not incompliance with the Sapphire Village Condominium Rules and Regulations and by-laws. I sent a replied to the Association stating that the noise disturbances are emanating from the neighbors' apartment with supporting audio recordings. Subsequently, I was instructed by the

11

landlord to send noise complaints as the noise disturbances were occurring to the Association so they can take action against the neighbors. As such, I sent several emails to the Association with supporting audio recordings of the noise disturbances emanating from the neighbors' apartment. Compl. at ¶ 4.1.23.

Instead of putting a stop to the noise disturbances, the Association and the neighbors purposely and deliberately tempered with the screen door-closer that control the rate of closing of the screen door of all the apartment in the St. Vincent building thereby causing massive amount of noise disturbances that reverberated throughout my apartment each time the screen-door closes. Sidney Jarvis, the president of the Association, owns apartment 261 in the St. Vincent building and his screen door slammed when it closes as well. Compl. at ¶ 4.2.

From October 5, 2015 through presently my surrounding neighbors in apartment 273, 274, 266 and 257 have been making and continue to purposely and deliberately make loud banging and screaking sounds that interfered with the peaceful enjoyment of my apartment. I have sent numerous email and letters to the Association with supporting video and audio recordings and requested that the Association enforce its rules and regulations and by-laws. The Association has done nothing and refused to enforce its rules and regulations and by-laws Compl. at ¶ 4. In the emails that I sent to the Association, I have described the noise disturbances in detail and explained the nature, length and effect the noise disturbances are having on me. For example, in the emails I sent to the Association, I explained that Lourdes Cordero and Thomas Cordero short-term tenants and cleaning services, deliberately slammed the front, screen and sliding glass doors repeatedly during the day and night for more than 2-3 hours at a time. Compl. at ¶ 4.3. In addition, I have explained that Jonathon Morgan in apartment 266, James Koulouris and other occupants of apartment 274 deliberately slammed the front and screen doors repeatedly

and make loud banging and screaking sounds during the day and night. Compl. at ¶¶ 4.5 and 4.6. Further, I have explained that the noise disturbances wake me up at night and in the morning and prevent me from obtaining sufficient sleep and rest. In addition, the noise disturbances prevent me from sleeping in my bedroom since October 5, 2016; And made it impossible for me to watch television, read, write or cook in my kitchen.

Furthermore, I explained the loud slamming of the doors and loud banging are causing me to suffer with chest pains, nausea, vomiting, nose bleed, severe migraine, exhaustion and severe emotional distress. Finally, I have filed more than 16 police reports about the excessive noise disturbances that the neighbors are making. The Association did not nothing about the noise disturbances and the neighbors continue to this day of making the same excessive noises day and night. Compl. at ¶ 4.1.38.

The Association has done nothing about the excessive noise disturbances emanating from the neighbors. Instead, the Association intentionally targeted the St. Vincent building for four major construction and repair projects in six months to target my apartment for more noise disturbances during the day, since the Association is aware that I am home during the day. Compl. at ¶ 4.8.3. Indeed, during the construction projects, the construction crew stationed the Aerial work platform, equipment and construction crew underneath my bedroom window. During the projects, the crew specifically targeted my apartment for more noise disturbances, they spent more days, and used different tools when they reached the section of the building where my apartment is located. Compl. at ¶ 4.8.9. The loud construction caused my apartment to vibrate and because of the loud noises, I could not use my apartment any time during the construction, I simply had to leave. Defendant also failed to provide any notice of pending construction so I couldn't make any arrangement to avoid it. Compl. at ¶ 4.8.

13

The Association made sure that there were excessive noises that interfered with my sleep and enjoyment of my apartment even when it was not doing any major construction in that the Association instructed and directed its maintenance staff to purposely and deliberately performed landscaping and gardening between 7 AM and 8 AM in front and around the areas of where my apartment is located. Compl. at ¶ 4.9. As a consequence of the noise disturbances I have never slept for more than 4 hours after October 5, 2015. The Association and the neighbors organized and in cahoots made loud banging noise disturbances during the day and at night to intimidate and create a hostile environment to force me out of my home because I am black.

Since, October 5, 2015, a group of my neighbors and group of individuals engaged in gang stalking, harassment, intimidation and discriminatory acts, to force me out of my home because I am black. Gang stalking is a form of community covert organized and coordinated surveillance and harassment of a targeted individual by multiple perpetrators with the intent to systematically isolate and harass. Compl. at ¶ 4.11. Specifically, during the month of October 2015, Jacqueline Lindberg, owner of apartment 266, continuously stalked and harassed me. Each time, I leave my apartment Ms. Lindberg appeared and spoke to me; several times, she set by my door; left food by my door. November 4, 2015, Ms. Lindberg stated that it would be like hell for me in the complex...666. Compl. at ¶ 4.10. I ignored all Ms. Lindberg advances. Finally, June 11, 2016, Ms. Lindberg stated that "don't fuck with me brother" while I was standing on the walkway of my door. Id.

Ms. Lindberg threat, in November 2015, that it would be like hell for me at Sapphire Village was acted upon by the Association and a group of neighbors. The Association made sure that my living condition and environment at Sapphire was exactly like "hell" by tolerating and permitting the neighbors to make excessive noise disturbances, engage in gang stalking and

criminally aggressive conducts. The neighbors and group of individuals engaged and continue to engage in the following predatory and criminal course and pattern of conducts:

(a) They drew something weird in front of my door. Compl. at ¶ 11.

(b) They vandalized my door twice and I had to replace the broken door-knob. Id.

(c) Any time, I walked around the Sapphire Village Development, they stalked me and deliberately lunged at the corner of my eyes and blocked my pathway. Id.

(d) Any time, I ran for exercise around Sapphire Village Development, they deliberately lunged at the corner of my eyes and blocked my pathway. Id.

(e) When I am running for exercise, several cars lunged at the corner of my eyes at fast speed, well above the 5 miles speed limit, on the track. The individuals in the cars drive toward me deliberately in a menacing manner and several times the cars almost hit me. Id.

(f) Several times the neighbors screamed at me "go home." and "go back where you came from." Id.

(g) April 10, 2016, one of the neighbors standing on the balcony of the Dominica building, threw a water bottle at my head, I reported the incident to the Association. Id.

(h) When I am swimming at Sapphire Beach, they lunged at the corner of my eyes and block my path. Also, they flicked and moved their heads wildly. In addition, they threw staff at me including footballs and December 28, 2015, a woman drove her sailing board toward my head. Compl. at ¶ 12

15

(i) April, 30, 2016, a group of individuals that were staying in apartment 259 of the St.
Vincent building threaten to cause me serious bodily harm and stated that "I will beat
it the shit out of you." Id.

As a consequence, I am unable, to use my balcony, frequent the pools, bar and restaurant
at Sapphire Village Development and Sapphire Beach.

In addition, the group of neighbors and group of individuals followed me outside of the
Sapphire Village development and engaged in these same course or pattern of criminal and
predatory conducts when I visit stores, restaurants, hospitals, doctor's office, lawyer's office and
the other beaches. As such, they are violating and interfering with my privacy, ability to receive
proper and efficient medical treatment, access to proper nutrition and competent and effective
legal advice. The Association has tolerated these racist and criminally aggressive behavior on its
premises and has done nothing about my complaint that the neighbors have created a hostile
environment for me to force me out of my home. Compl. at ¶ 4.13.

The Association failed to take any action against the neighbors about the excessive noise
complaints and refused to enforce its rules and regulations and by-laws. However, in October
when my white neighbors complained about purported noise disturbances emanating from my
apartment the Association acted zealously and aggressively. Mark Marolf called the police twice
to my apartment and inspected my apartment; my landlord was contacted and the Association
sent me a letter stating that I was in violations of its rules and regulations and by-laws. Compl. at
¶ at 4.14. In contrast, the Association has not called the police to any of my white neighbors'
apartment. Instead, February 24, 2016, I received a letter from the Association stating that they
will do nothing about the noise disturbances, vandalism, and the racist activities of the neighbors.
The Association refused to do nothing about the excessive noise the neighbors are making

because, I did not allow Mark Marolf in my apartment to determine the source of the noise disturbances on the recordings that I sent to the Association. Id. That is total nonsense, first, by October 5, 2015, I noticed that all of the screen doors of the apartment in the St. Vincent building slammed when it closes making blurring noise disturbances during the day and at night. Second, the Association actively participated in making noise disturbances, by authorizing four construction and repair projects on the St. Vincent building to target my apartment for more noise disturbances during the day. Third, the Association authorized its maintenance staff to deliberately landscape and garden early in the morning around my apartment to deprive me of sleep. Fourth, once the Association became aware that I was recording the noise disturbances they tried to create ambiguities by: (1) investigating my noise complaint only when the neighbors can prove that they were not home (2) Informing the tenants that I have called the police and giving the tenants an opportunity to leave before the police arrive (3) stating to the police that they investigated my noise complaints and found no one in the apartments and no damages to the apartments. Id. It became very clear to me that the Association was acting in bad faith and therefore it cannot conduct a fair investigation for the source of the noise disturbances. Allowing Sapphire management to determine whether the noise disturbances emanating from the neighbors are unreasonable would be like, allowing a co-conspirator of a crime to determine whether the acts of his partners are harmful to the victim of that crime. Id. The letter is an attempt to cover their illegal, irresponsible and reckless behaviors and activities of participating and allowing the neighbors to create a hostile environment to force me out of my home.

Finally, June 14, 2016, I received two letters that the Association sent to my landlord threatening to take legal actions against me for purported violations of V.I. criminal code and several civil claims including, threats, assault, harassment, disturbance of the peace and tortuous

17

interference with the business of unit owners. Compl. at ¶ 4.14. The Association also threaten to take legal actions against my landlord for allowing me to stay in my home. Both letters expressed the desires of the owners and tenants to force me out of my home because I am black and they do not like me. Further, the letters contained false allegations about me and are baseless and grounded on racial fantasies that the owners, tenants and Board of Directors of Sapphire Village Condominium Owners Association have about black people in general. As a matter a fact, I have never interacted in any manner or said a word to any of the neighbors or tourist at Sapphire Village Development. Id.  The reality is that these lawless bullies and morally bankrupt people at Sapphire Village Development have done everything under the sun to force me out of my home because I am black. They have threatened me with death and serious bodily harm; they conspired to create and make excessive noise disturbances during the day and at night; they organized to harass and intimidate me in order to force me out of my home because I am black. It is not "If", the neighbors committed assault and battery when the hit me in the water and deliberately threw a water bottle at my head. Sapphire Village Condominium Owners Association and Board of Directors added and abated these individuals to violate federal and U.S. Virgin Island criminal laws by condoning these acts and harboring the actors.

## SUMMARY OF ARGUMENT

The District Court erred when it when it ruled that Defendants did not have notice and when it denied Plaintiff's motion for temporary restraining order, preliminary and permanent injunction. Defendants have actual notice of the motion for temporary restraining order, preliminary and temporary injunction because I made certification to the District Court, August 31, 2016, when I filed the motion with the Clerk and the court sent a notification of this filing to all electronic filing users, including defendants' counsels on record and on that same day, I sent an exact copy of the documents by firs class U.S. Mail to all Defendants. In addition, September 7, 2016, I sent the motion for temporary restraining order, preliminary and temporary injunction by first class U.S. Mail to all Defendants.

August 11, 2016, I sent a copy of the Third Amended Complaint and Summons to all Defendants by certified mail, return receipt requested. Further, Defendants' attorney on record responded to the complaint. In addition, August 31 and September 7, 2016, I sent an exact copy of the motion by first class U.S. mail to all Defendants. The Supreme Court has recognized notice by mail as sufficient to provide actual notice of an action. See *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct.1340, 1347, 99 L. Ed. 2d 565 (1988). Therefore, Defendants are not prejudice in anyway because they have notice and could have been heard on the motion for temporary restraining order, preliminary and permanent injunction.

In addition, the District Court erred when it denied my motion for temporary restraining order, preliminary and permanent injunction, enjoining defendants Jonathon Morgan, James Koulouris, Bernard Vansluytman, Lourdes Cordero, Thomas Cordero and Madlon Jenkins-

Rudziak, from continuing to violate the Fair Housing Act, U.S Virgin Island Law Against Discriminations and Private nuisance laws. I state in my complaint that the neighbors acting in cahoots harassed, intimidated me and make excessive noise disturbances for more than 2 to 3 hours during the day and at night to force me out of my home. Compl. at ¶ 4. As a consequence of the persistent and constant noise disturbances for the past 11 months, I have suffered and will continue to suffer with severe emotional distress, chest pains, exhaustion and severe migraine. Id.

I will succeed on all claims against the Defendants because they continue to violate federal and Virgin Island laws. Further, it is foreseeable that Defendants will cause me to suffer with permanent severe emotional distress, brain injury and/or cardiac arrest when they purposely and deliberately make loud banging sounds that wake me suddenly out of sleep. But, if this Court grant me relief, Defendants will only be enjoined from making unreasonable noise disturbances that are illegal. Finally, it is in the public interest that everyone has accessed to housing without harassment and discrimination. I have extended my lease and would like to start sleeping in my bedroom that I am paying for. Accordingly, this Court should grant me the motion for temporary restraining order, preliminary and permanent injunction to abate the constant and persistent harassment and noise disturbances that the neighbors are making.

## **STANDARD OF REVIEW**

An order denying a motion for a temporary restraining order is not appealable. *Vuitton v. White*, 945 F. 2d 569, 573 (3d Cir.1991). However, August 31, 2016, I petitioned the District Court for temporary restraining order, preliminary and permanent injunction. The motion was titled as such and in the relief section, I specifically requested a temporary restraining order, preliminary and permanent injunction, so I can start using my bedroom. Therefore, it is not clear to me why the District Court only considered the temporary restraining order and not the permanent injunction. Since the standard is the same for a temporary and permanent restraining order when notice is provided to the Defendants, the District Court could have provided relief for either a temporary restraining order or a permanent restraining order. "[W]hen the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." *Brown v. City of Pittsburgh*, 586 F.3d 263, 268 (3d Cir. 2009), *Carabello v. Beard*, 2008 WL 597722 (E.D.Pa.2008), (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2951.).

When notice is provided to the none moving party, the court reviews the temporary restraining order as an application for preliminary injunction. Therefore, a petitioner must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes, Order denying motion for injunctive relief, citing *Gerardi v Pellullo*, 16 F. 3d 1363, 1373 (3d Cir. 1994) describing the factors for issuing preliminary injunction.). Further, this Court stated that "We generally review a district court's denial of preliminary

injunction for abuse of discretion but review the underlying factual finding for clear error and

examine legal conclusions de novo. *Brown*, 586 F.3d 263, 268 (3d Cir. 2009).

## **ARGUMENT**

## **THE DISTIRCT COURT ERRED WHEN IT RULED THAT DEFENDANTS DID NOT HAVE NOTICE OF THE TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

The District Court erred when it ruled that Defendants did not have notice of the temporary restraining order, preliminary and permanent injunction. Although Defendants have not been served by the process server, Defendants have actual notice of the motion for temporary restraining order, preliminary and permanent injunction because I made certificate of service to the District Court on August, 31, 2016, that, I filed the motion for temporary restraining order with the Clerk and the court sent a notification of this filing to all electronic filing users, including defendants' counsel on record. In addition, on that same day, I sent an exact copy of the documents by firs class U.S. Mail to six of the Defendants. Subsequently, on September 7, 2016, I certified that I sent the motion by first class U.S. Mail to all of the Defendants. Therefore, I have met the notice requirement. Accordingly, the District Court determination that Defendants did not have notice is erroneous.

Notice by mail is sufficient notice because the U.S. Supreme Court has recognized that notification by mail is sufficient to provide actual notice of a pending action. See *Tulsa Professional Collection Services, Inc*. v. Pope, 485 U.S. 478, 490, 108 S.Ct.1340, 99 L. Ed. 2d 565 (1988). In that case, the Supreme Court stated that "we have repeatedly recognized that mail services is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." The evidence in this case is overwhelming that Defendants have actual notice, I sent a copy of the Complaint and Summons by certified mail and return receipt requested to the

Defendants' address and Defendants' counsels on record has already filed an answer to the complaint. Thus, it is beyond any doubt Defendants have actual notice of the Complaint, Summons, and motion for temporary restraining order, preliminary and permanent injunction. Therefore, the District Court erred when it ruled that Defendants did not have notice of the motion for temporary restraining order.

## THE DISTRICT COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

The District Court erred when it denied my motion for temporary restraining order, preliminary and permanent injunction pursuant to Rule 65 of Federal Rule of Civil Procedures against defendants Jonathon Morgan, James Koulouris, Bernard Vansluytman, Lourdes Cordero, Thomas Cordero and Madlon Jenkins-Rudziak, to prevent Defendants from continuing to violate the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981 because of discrimination based on race and interference with fair housing rights.

In addition, V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provides for a cause of action when one's property or enjoyment of property is affected. Both damages and injunctive relief are available. U.S. Virgin Island courts defined private nuisances as "a substantial, unreasonable, interference with another's interest in the private use and enjoyment of their property". *Bermudez v. Virgin Islands Telephone Corp.*, 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super. Ct.2011).

To obtain injunctive relief, a party must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes citing *Gerardi v. Peulullo*, 16 F .3d 1363, 173 (3d Cir. 1994) describing factors for issuing preliminary injunction.).

## I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE THE FAIR HOUSING ACT AND VIRGIN ISLAND PRIVATE NUISANCE LAWS

I rent an apartment at 6700 Sapphire Village, St. Thomas, 00802 and my neighbors are making and continue to purposely make loud banging noise disturbances during the day and night that significantly impaired my apartment to drive me out of my home because I am black. Consequently, I am deprived of sufficient sleep, rest and the use of my apartment as intended.

Defendants Jonathon Morgan, James Koulouris and other occupants of apartments 274 and 257 have been making and continue to purposely make loud banging and screaking sounds day and night for more than 2 to 3 hours at a time to force me out of my home because I am black. As a result of the constant and persistent excessive noise disturbances Defendants are purposely making, I have been unable to use my bedroom for the past 11 months to sleep, so essentially Defendants have evicted me out of my bedroom. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

I had to call the police numerous time to report the excessive noise disturbances that the Defendants are deliberately making at night and during the day. For example, August 20, 2016, I

filed a police report with Sgt. K. Steele, report number: STT160FF12501 stating that I was awakened around 7 a.m. that morning by loud banging noise disturbances emanating from apartment 257 and the noise continued well past 9 a.m. Later that day, around 6 p.m. occupants of that apartment returned and deliberately slammed the front and screen doors repeatedly and made loud banging noise disturbances well past 7 p.m. to force me out of my home because I am black. Further, I have complained to the Condominium Owners Association but the noise disturbances became more extreme.

Sapphire Village Condominium Owners Association's attorney was at the conference hearing on August 9, 2016 and Mr. Fitzsimmons received a copy of the Complaint and Summons and Notice, therefore, all the owners are aware of this lawsuit, since they are all members of the Association. Further, August, 11, 2016, I sent a copy of the Complaint and Summons to each of the Defendants by certified mail, returned receipt requested, but the tenants continue to purposely make loud banging noise disturbances that are interfering with use and enjoyment of my apartment.

# I HAVE SUFFERED IRREPERABLE INJURY SUCH AS SEVERE EMOTIONAL DISTRESS, CHEST PAINS, EXHAUSTION, AND SEVERE MIGRAINE AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED

The excessive noise disturbances that Jonathon Morgan, James Koulouris, and occupants of apartment 257 and 274 are purposely making and continue to make have caused me to suffer with chest pains, severe migraine, exhaustion and severe emotional distress. For example, September 12, 2016, the occupants of apartment 273 slammed the front and screen doors repeatedly and made loud banging and screaking sounds all evenings. Around, 12 a.m., I called Virgin Island police and I put the phone on speaker so the dispatcher could hear the loud banging

26

sounds. However, the noise disturbances were so extreme, I could not even hear the dispatcher. When the police arrived, I explained to the police that the noise disturbances are causing me to suffer with severe migraine and that I could not hold my head because of the pain.

It is foreseeable that I will suffer cardiac arrest or brain damage when I am suddenly awakened out of my sleep by loud banging and slamming of the doors by the neighbors.

## DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF

Defendants will have normal use of their apartments, they will simply be enjoined from acting in cahoots to harass, intimidate and make excessive noise disturbances to drive me out of my home because I am black. There is absolutely no legal purpose for the Defendants to have collectively tempered with the screen door-closer in the St. Vincent Building to cause the screen door to slam making loud noise disturbances that reverberated throughout my apartment day and night. They are simply trying to drive me out of my home because I am black. But, I refused to move because their conducts are illegal and recently I have extended my lease agreement.

### THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT

It is in the public interest that everyone has access to housing without harassment, intimidation and discrimination on the basis of race. It is 2016 not 1816, these is no place in this society for the Ku Klux Klan tactics these neighbors are employing to force me out of my home because I am black.

## CONCLUSION

The District Court committed reversible error when it ruled that motion for temporary restraining order, preliminary and permanent injunction was without notice. I have shown that Defendants received actual notice of the Complaint, Summons and motion for temporary restraining order, preliminary and permanent injunction. Therefore, the District Court should have granted the motion. The District Court's decision denying my motion for temporary restraining order, preliminary and permanent injunction should be reverse by the Third Circuit Court of Appeals. Furthermore, this Court should instruct the District Court to issue a bench warrant for the arrest and criminal prosecution of all Defendants for attempted murder or conspiracy to commit murder by tempering with the screen door-closer.

Respectfully submitted,

This 19th day of September 2016

X _____

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this Brief to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267

St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
5-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

This the 19th day of September 2016.

X _Wilnick Dorval_

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

**No. 16-3601**

**Caption: Dorval v. Sapphire Village Condominium Owners Association, et al**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**Certificate of Compliance With Type-Volume Limitation,**

**Typeface Requirements, and Type Style Requirements**

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

     [ x ]   this brief contains 5031 <state the number of> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

     []   this brief uses a monospaced typeface and contains <state the number of> lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [x]   this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 12 pt., Times New Roman <state font size and name of type style>, *or*

     []   this brief has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date: September 19, 2016

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Islands 00802

(917) 602-3354

Dorval.wilnick@gmail.com

**No. 16-3601**

---

**The United States Court of Appeals**

**for the Third Circuit**

---

Wilnick Dorval,

*Plantiff-Appellant*,

v.

Dorval v. Sapphire Village Condominium Owners Association, ET, AL

*Defendant-Appellee*.

---

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

---

**APPENDIX OF APPELANT**

**Volume 1**

---

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

# TABLE OF CONTENTS

1. NOTICE OF APPEAL BY PLAINTIFF

   WILNICK DORVAL………………………………………..        1

2. ORDER DENYING TEMPORARY RESTRAINING

   ORDER……………………………………………………        5

3. CERTIFIED CIVIL DOCKET FOR

   CASE # 3:16-CV-00050-CVG-RM…………………………        7

4. REFILE OF MOTION FOR TEMPORARY

   RESTRAINING ORDER BY PLAINTIFF

   WILNICK DORVAL………………………………………..        15

5. CORRECTION CERTIFICATE OF SERVICE

   FOR REFILE OF MOTION FOR TEMPORARY

   RESTRAINING ORDER………………………………………        21

6. NOTICE OF FILING OF OFFICAL TRANSCRIPT

   OF PROCEEDING HELD ON 08/09/2016

   BEFORE JUDGE RUTH MILLER…………………………….        26

This the 19th day of September 2016.

X _Wilnick Dorval_

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing Appendix Volume 1, to be filed by sending

it to the Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested

and I hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

4

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425


This the 19th day of September 2016.


X _____
Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village

5

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

# UNITED STATES DISTRICT COURT

### for the
### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, et al | ) | |
| | ) | |
| Defendant(s) | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Wilnick Dorval, Plaintiff-Appalant in the above named case,

hereby appeals to the United States Court of Appeals for the Third Circuit from an order of

Judgment denying motion for temporary restraining order entered in this action on September 9,

2016, by the Honorable Curtis V. Gomes, United Stated District Judge.

Date: September 12, 2016

Wilnick Dorval

6700 Sapphire Village
Apt 265
St. Thomas, U.S. Virgin Island 00802
Dorval.wilnick@gmail.com
(917) 602-3354

1

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2016, I filed the foregoing document with the Clerk of the

Court personally, the court will send a notification of this filing to all electronic filing users, and I

hereby certify that on that same day, I mailed a copy of the notice of appeals to serve Defendants

by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Michele Lange
201 Hemlock LN
Manchester Township, NJ 08759

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

2

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
5-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

4

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| WILNICK DORVAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Civil No. 2016-50** |
| | ) |
| SAPPHIRE VILLAGE CONDOMINIUM | ) |
| ASSOCIATION, JAQUELINE LINDBERG, | ) |
| BERNARD VANSLUYTMAN, JOANNE | ) |
| LEVESQUE, CLARENCE LEVESQUE, | ) |
| LOURDES CORDERO, THOMAS CORDERO, | ) |
| SIDNEY JARVIS, NICHOLAS | ) |
| OVERMYER, RICHARD W. O'DELL, | ) |
| MICHELE LANGE, TODD FARRAND, | ) |
| NORA IBRAHIM, JONATHON MORGAN, | ) |
| SARAH WHYTE, ELLEN HANSEN, | ) |
| MICHAEL BAIRD, MATTHEW SWOPE, | ) |
| MARK MAROLE, MADLON JENKINS | ) |
| RUDZIAK, JAMES KOULOURIS, | ) |
| | ) |
| Defendants. | |

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**ORDER**

**GÓMEZ, J.**

Before the Court is the request of the plaintiff, Wilnick
Dorval, for a temporary restraining order.

A temporary restraining order may be issued without notice
to an adverse party or her attorney only if the petitioner avers
to specific facts in a verified complaint or affidavit "that
clearly shows that immediate and irreparable injury, loss, or

Case: 16-3601   Document: 003112444711   Page: 45   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 110   Filed: 09/09/16   Page 2 of 2
*Dorval v. Sapphire Village Condominium Owners Association, et al*
Civ. No. 2016-50
Order
Page 2

damage will result to the movant before the adverse party can be

heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally,

the petitioner must show: (1) a reasonable probability of

success on the merits; (2) irreparable injury will occur to the

movant if relief is not granted; (3) less harm will result to

the non-movant if the relief is granted than to the movant if

the relief is not granted; and (4) the public interest, if any,

weighs in favor of the movant. *Gerardi v. Pelullo*, 16 F.3d 1363,

1373 (3d Cir. 1994) (describing factors for issuing preliminary

injunction); *see also Bieros v. Nicola*, 857 F. Supp. 455, 456

(E.D. Pa. 1994) (noting that the standards for issuing a

temporary restraining order are identical to those for the

issuance of a preliminary injunction).

    The premises considered; it is hereby

**ORDERED** that the motion for a temporary restraining order

is **DENIED**.

S_____

**Curtis V. Gómez**
**District Judge**

APPEAL,NON-PRISONER PRO SE,PRO SE ELECTRONIC FILER

## District Court of the Virgin Islands
## District of the Virgin Islands (St. Thomas Division)
## CIVIL DOCKET FOR CASE #: 3:16-cv-00050-CVG-RM
## Internal Use Only

Dorval v. Sapphire Village Condominium Association et al
Assigned to: District Judge Curtis V. Gomez
Referred to: Magistrate Judge Ruth Miller
Cause: 42:405 Fair Housing Act

Date Filed: 06/23/2016
Jury Demand: Plaintiff
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Federal Question

**Plaintiff**

**Wilnick Dorval**

represented by **Wilnick Dorval**
6700 Sapphire Village Apt.265
St. Thomas, VI 00802
Email: dorval.wilnick@gmail.com
PRO SE

V.

**Defendant**

**Sapphire Village Condominium
Association**

represented by **Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
Electra House- 5060 Forts Straede
St Thomas, VI 00802
340-774-6011
Fax: 340-776-8520
Email: mfitzsimmons@vilawyers.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jaqueline Lindberg**

**Defendant**

**Bernard Vansluytman**

**Defendant**

**Joanne Levesque**

represented by **John H Benham , III**
1001 Frederiksberg Gade
P.O. Box 11720
St Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
Email: john@benhamlawvi.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clarence Levesque**

**Defendant**

**Lourdes Cordero**

CERTIFIED A TRUE COPY THIS
5 DAY OF _____ 20__
GLENDA L. LAKE. ESQ.
CLERK OF COURT
BY _____
DEPUTY

**Defendant**

**Thomas Cordero**                                          represented by **John H Benham , III**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

**Defendant**

**Sidney Jarvis**                                           represented by **Michael E. Fitzsimmons**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas Overmyer**

**Defendant**

**Richard W. O'Dell**

**Defendant**

**Michele Lange**

**Defendant**

**Todd Farrand**

**Defendant**

**Nora Ibrahim**

**Defendant**

**Jonathon Morgan**

**Defendant**

**Sarah Whyte**

**Defendant**

**Ellen Hansen**

**Defendant**

**Michael Baird**                                           represented by **Michael E. Fitzsimmons**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Swope**                                           represented by **Mark Alan Kragel**
                                                            Bolt Nagi PC
                                                            Attorneys At Law
                                                            5600 Royal Dane Mall
                                                            Suite 21
                                                            St. Thomas, VI 00802
                                                            340-774-2944
                                                            Fax: 340-776-1639
                                                            Email: mkragel@vilaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Marole**

**Defendant**

**Madlon Jenkins Rudziak**

**Defendant**

**James Koulouris**

**Defendant**

**Madlon Jenkins-Rudziak**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2016 | 1 | COMPLAINT against Jaqueline Lindberg, Sapphire Village Condominium Association filed by Wilnick Dorval.Receipt #300004862 (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet) (KAB) (Entered: 06/23/2016) |
| 06/23/2016 | 2 | Summons Issued as to Sapphire Village Condominium Association. (KAB) (Entered: 06/23/2016) |
| 06/23/2016 | 3 | Summons Issued as to Jaqueline Lindberg. (KAB) (Entered: 06/23/2016) |
| 07/01/2016 | 4 | MOTION to Amend Complaint by Plaintiff Wilnick Dorval. (KAB) (Entered: 07/01/2016) |
| 07/01/2016 | 5 | AMENDED COMPLAINT against Lourdes Cordero, Thomas Cordero, Clarence Levesque, Joanne Levesque, Jaqueline Lindberg, Sapphire Village Condominium Association, Bernard Vansluytmanfiled by Wilnick Dorval. (Attachments: # 1 Red Line Amended Complaint, # 2 Civil Cover Sheet) (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 6 | Summons Issued as to Bernard Vansluytman. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 7 | Summons Issued as to Sapphire Village Condominium Association. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 8 | Summons Issued as to Jaqueline Lindberg. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 9 | Summons Issued as to Sapphire Village Condominium Association/Micheal Fitzsimmons. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 10 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 11 | Summons Issued as to Thomas Cordero. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 12 | Summons Issued as to Joanne Levesque. (KAB) (Entered: 07/05/2016) |
| 07/01/2016 | 13 | Summons Issued as to Clarence Levesque. (KAB) (Entered: 07/05/2016) |
| 07/18/2016 | 14 | MOTION to Amend Second Amend Complaint by Plaintiff Wilnick Dorval. (KAB) (Entered: 07/19/2016) |
| 07/18/2016 | 15 | SECOND AMENDED COMPLAINT against All Defendants filed by Wilnick Dorval. (KAB) (Additional attachment(s) added on 7/19/2016: # 1 Exhibit 1) (KAB). (Additional attachment(s) added on 7/19/2016: # 2 Red Line Complaint) (KAB). (Entered: 07/19/2016) |
| 07/18/2016 | 16 | Summons Issued as to Sidney Jarvis. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | 17 | Summons Issued as to Nicholas Overmyer. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | 18 | Summons Issued as to Richard W. O'Dell. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | 19 | Summons Issued as to Michele Lange. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | 20 | Summons Issued as to Todd Farrand. (KAB) (Entered: 07/20/2016) |

| 07/18/2016 | | 21 | Summons Issued as to Nora Ibrahim. (KAB) (Entered: 07/20/2016) |
|---|---|---|---|
| 07/18/2016 | | 22 | Summons Issued as to Jonathon Morgan. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | | 23 | Summons Issued as to Sarah Whyte. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | | 24 | Summons Issued as to Ellen Hansen. (KAB) (Entered: 07/20/2016) |
| 07/18/2016 | | 25 | Summons Issued as to Michael Baird. (KAB) (Entered: 07/20/2016) |
| 07/25/2016 | | 26 | Summons Issued as to Matthew Swope. (KAB) (Entered: 07/25/2016) |
| 07/25/2016 | | 27 | Summons Issued as to Mark Marole. (KAB) (Entered: 07/25/2016) |
| 07/25/2016 | | 28 | Summons Issued as to Bernard Vansluytman. (KAB) (Entered: 07/25/2016) |
| 07/25/2016 | | 29 | Summons Issued as to Thomas Cordero. (KAB) (Entered: 07/25/2016) |
| 07/25/2016 | | 30 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 07/25/2016) |
| 07/27/2016 | | 31 | ORDER (RM): Status Conference set for 8/9/2016 at 10:00 AM in STT Courtroom 2 before Magistrate Judge Ruth Miller. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (AO) (Entered: 07/27/2016) |
| 07/27/2016 | | 32 | **HARD COPY NOTICE of filing** certified mail sent to Wilnick Dorval Related Document: 31 (KAB) (KAB). (Entered: 07/27/2016) |
| 07/28/2016 | ⊣ | 33 | MOTION to Amend Third Amended Complaint by Plaintiff Wilnick Dorval. (KAB) (Entered: 07/28/2016) |
| 07/28/2016 | | 34 | THIRD AMENDED COMPLAINT against All Defendants filed by Wilnick Dorval. (Attachments: # 1 Exhibit 1) (KAB) (Entered: 07/28/2016) |
| 07/28/2016 | | 35 | Summons Issued as to James Koulouris. (KAB) (Entered: 07/28/2016) |
| 07/28/2016 | | 36 | Summons Issued as to Madlon Jenkins-Rudziak. (KAB) (Entered: 07/28/2016) |
| 07/28/2016 | | 37 | Summons Issued as to Madlon Jenkins-Rudziak. (KAB) (Entered: 07/28/2016) |
| 07/29/2016 | | 38 | NOTICE to Parties of Consent and Reference of A Civil Action to Magistrate Judge and attached to each summons issued (KAB) (Entered: 07/29/2016) |
| 08/09/2016 | 🔒 | 39 | Minute Entry for proceedings held before Magistrate Judge Ruth Miller: Status Conference held on 8/9/2016. (Tape #FTR.) (KAB) (Entered: 08/10/2016) |
| 08/15/2016 | | 40 | TRANSCRIPT REQUEST for proceedings held on August 9,2010 before Judge Ruth Miller.. (KAB) (Entered: 08/15/2016) |
| 08/22/2016 | 🔒 | 41 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 08/09/16, before Judge Ruth Miller. Court Reporter/Transcriber Tracy Gribben Transcription, Telephone number 800-603-6212. Tape Number: ftr gold. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/15/2016. Redacted Transcript Deadline set for 9/26/2016. Release of Transcript Restriction set for 11/25/2016. (Gribben, Terry) (Entered: 08/22/2016) |
| 08/25/2016 | ⊣ | 42 | MOTION for Temporary Restraining Order filed by Plaintiff Wilnick Dorval. (Attachments: # 1 Exhibit 1) (KAB) (Entered: 08/25/2016) |
| 08/26/2016 | | 43 | NOTICE of Appearance by John H Benham, III on behalf of Defendant Joanne Levesque (Benham, John) (Entered: 08/26/2016) |
| 08/26/2016 | ⊣ | 44 | MOTION to Dismiss *for Insufficient Service of Process* by Defendant Joanne Levesque. (Attachments: # 1 Text of Proposed Order) (Benham, John) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/26/2016) |
| 08/26/2016 | | 45 | MEMORANDUM in Support re 44 MOTION to Dismiss *for Insufficient Service of Process* filed by Defendant Joanne Levesque. (Attachments: # 1 Exhibit A - Transcript, # 2 Exhibit B- Affidavit) (Benham, John) (Entered: 08/26/2016) |
| 08/26/2016 | ⊣ | 46 | MOTION to redact the official transcript of proceeding held on August 9,2016 and Motion for this court to consider July 28,2016 Motion to Amend complaint. by Plaintiff Wilnick Dorval. (KAB) (Entered: 08/26/2016) |
| 08/26/2016 | | 51 | MOTION to Amend Complaint by Plaintiff Wilnick Dorval. (KAB) (Entered: 08/29/2016) |
| 08/28/2016 | | 47 | NOTICE of Appearance by Michael E. Fitzsimmons on behalf of Defendant Sidney Jarvis (Fitzsimmons, Michael) (Entered: 08/28/2016) |
| 08/29/2016 | ⊣ | 48 | MOTION to Dismiss by Defendant Sidney Jarvis. (Attachments: # 1 Memorandum supporting Motion to Dismiss, # 2 Exhibit Aff of Jarvis, # 3 Exhibit Summons Jarvis, # 4 Exhibit Pages 1 and 96, # 5 Exhibit Hrg Transcript, # 6 Text of Proposed Order) (Fitzsimmons, Michael) (Entered: 08/29/2016) |
| 08/29/2016 | | | **NOTICE OF CORRECTED DOCKET ENTRY Re: Memorandum Opinion is a separate entry. Please refile the memorandum only 48 MOTION to Dismiss . (KAB) (Entered: 08/29/2016)** |
| 08/29/2016 | | 49 | MEMORANDUM in Support re 48 MOTION to Dismiss filed by Defendant Sidney Jarvis. (Fitzsimmons, Michael) (Entered: 08/29/2016) |
| 08/29/2016 | | 50 | NOTICE of Appearance by Michael E. Fitzsimmons on behalf of Defendant Michael Baird (Fitzsimmons, Michael) (Entered: 08/29/2016) |
| 08/29/2016 | ⊣ | 51 | MOTION to Amend Complaint by Plaintiff Wilnick Dorval. (KAB) Modified on 8/30/2016 (KAB). (Entered: 08/29/2016) |
| 08/30/2016 | | 52 | MEMORANDUM in Support re 51 MOTION to Amend Complaint filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 53 | Summons Issued as to Madlon Jenkins Rudziak. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 54 | Summons Issued as to Sidney Jarvis. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 55 | Summons Issued as to Bernard Vansluytman. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 57 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 58 | Summons Issued as to Nora Ibrahim. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 59 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 60 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 61 | Summons Issued as to Matthew Swope. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 62 | Summons Issued as to Jonathon Morgan. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 63 | Summons Issued as to Madlon Jenkins-Rudziak. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 64 | Summons Issued as to Ellen Hansen. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 65 | Summons Issued as to Michele Lange. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 66 | Summons Issued as to Mark Marole. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 67 | Summons Issued as to Todd Farrand. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | | 68 | Summons Issued as to Nicholas Overmyer. (KAB) (Entered: 08/31/2016) |
| | | | |

| 08/30/2016 | 69 | Summons Issued as to Richard W. O'Dell. (KAB) (Entered: 08/31/2016) |
|---|---|---|
| 08/30/2016 | 70 | Summons Issued as to Sidney Jarvis. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | 71 | Summons Issued as to Michael Baird. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | 72 | Summons Issued as to Sarah Whyte. (KAB) (Entered: 08/31/2016) |
| 08/30/2016 | 101 | CERTIFIED MAIL return receipt on Wilnick Dorval document was personally handed to Mr. Dorval at the Courthouse. (KAB) (Entered: 09/06/2016) |
| 08/31/2016 | 56 | Summons Issued as to Joanne Levesque. (KAB) (Entered: 08/31/2016) |
| 09/01/2016 | | **NOTICE OF CORRECTED DOCKET ENTRY INCORRECT SUMMONS Re: 53 Summons Issued, 62 Summons Issued, 54 Summons Issued, 72 Summons Issued, 71 Summons Issued, 63 Summons Issued, 68 Summons Issued, 64 Summons Issued, 65 Summons Issued, 61 Summons Issued, 60 Summons Issued, 56 Summons Issued, 66 Summons Issued, 70 Summons Issued, 57 Summons Issued, 69 Summons Issued, 59 Summons Issued, 67 Summons Issued, 58 Summons Issued, 55 Summons Issued. (KAB) (Entered: 09/01/2016)** |
| 09/01/2016 | 74 | MOTION for Temporary Restraining Order by Plaintiff Wilnick Dorval. (Attachments: # 1 Text of Proposed Order) (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 75 | MEMORANDUM in Support re 74 MOTION for Temporary Restraining Order filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 76 | Summons Issued as to Jonathon Morgan. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 77 | Summons Issued as to Nora Ibrahim. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 78 | Summons Issued as to Thomas Cordero. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 79 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 80 | Summons Issued as to Lourdes Cordero. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 81 | Summons Issued as to Jaqueline Lindberg. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 82 | Summons Issued as to Bernard Vansluytman. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 83 | Summons Issued as to Joanne Levesque. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 84 | Summons Issued as to Mark Marole. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 85 | Summons Issued as to Michele Lange. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 88 | Summons Issued as to Richard W. O'Dell. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 89 | Summons Issued as to Nicholas Overmyer. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 90 | Summons Issued as to Michael Baird. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 91 | Summons Issued as to Todd Farrand. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 92 | Summons Issued as to Sapphire Village Condominium Association. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 93 | Summons Issued as to Sapphire Village Condominium Association. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 94 | Summons Issued as to Sidney Jarvis. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 95 | Summons Issued as to Matthew Swope. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 96 | Summons Issued as to Sarah Whyte. (KAB) (Entered: 09/06/2016) |
| 09/01/2016 | 97 | Summons Issued as to Ellen Hansen. (KAB) (Entered: 09/06/2016) |

| 09/01/2016 | | 98 | Summons Issued as to James Koulouris. (KAB) (Entered: 09/06/2016) |
|---|---|---|---|
| 09/01/2016 | | 99 | Summons Issued as to Madlon Jenkins-Rudziak. (KAB) (Entered: 09/06/2016) |
| 09/02/2016 | | 73 | NOTICE of Appearance by Michael E. Fitzsimmons on behalf of Defendant Sapphire Village Condominium Association (Fitzsimmons, Michael) (Entered: 09/02/2016) |
| 09/02/2016 | ⇥ | 86 | MOTION to Dismiss by Defendant Sapphire Village Condominium Association. (Fitzsimmons, Michael) (Entered: 09/02/2016) |
| 09/02/2016 | | 87 | MEMORANDUM in Support re 86 MOTION to Dismiss filed by Defendant Sapphire Village Condominium Association. (Attachments: # 1 Exhibit A Aff of Mertens, # 2 Exhibit B Summons SVCOA, # 3 Exhibit C Affirm of Fitzsimmons, # 4 Exhibit D Summons MF, # 5 Exhibit E Art Incorp excerpt, # 6 Text of Proposed Order Proposed Order) (Fitzsimmons, Michael) (Entered: 09/02/2016) |
| 09/06/2016 | | 100 | Corporate Disclosure Statement by Sapphire Village Condominium Association. (Fitzsimmons, Michael) (Entered: 09/06/2016) |
| 09/06/2016 | | 108 | Summons Issued as to Richard W. O'Dell. (KAB) (Entered: 09/09/2016) |
| 09/06/2016 | | 109 | Summons Issued as to Sidney Jarvis. (KAB) (Entered: 09/09/2016) |
| 09/07/2016 | | 102 | Opposition to Motion re 48 MOTION to Dismiss filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
| 09/07/2016 | | 103 | MEMORANDUM in Support of Opposition re 48 MOTION to Dismiss filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
| 09/07/2016 | | 104 | Opposition to Motion re 44 MOTION to Dismiss *for Insufficient Service of Process* filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
| 09/07/2016 | | 105 | MEMORANDUM in Support re 44 MOTION to Dismiss *for Insufficient Service of Process* filed by Plaintiff Wilnick Dorval. (KAB) (Additional attachment(s) added on 9/8/2016: # 1 Text of Proposed Order) (KAB). (Entered: 09/08/2016) |
| 09/07/2016 | ⇥ | 106 | MOTION for Leave to serve defendant by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
| 09/08/2016 | | 107 | Opposition to Motion re 106 MOTION for Leave to File filed by Defendant Sapphire Village Condominium Association. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Fitzsimmons, Michael) (Entered: 09/08/2016) |
| 09/08/2016 | | | **NOTICE OF CORRECTED DOCKET ENTRY INCORRECT FILING Re: 51 MOTION to Amend Complaint. (KAB) (Entered: 09/08/2016)** |
| 09/09/2016 | | 110 | ORDER (CVG) The motions for temporary restraining order 42 74 are DENIED. (BRW) (Entered: 09/09/2016) |
| 09/09/2016 | ⇥ | 114 | MOTION for Extension of Time to serve Defendants by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/12/2016) |
| 09/09/2016 | | 115 | MEMORANDUM in Support re 114 MOTION for Extension of Time to File filed by Plaintiff Wilnick Dorval. (Attachments: # 1 Text of Proposed Order) (KAB) Modified on 9/12/2016 (KAB). (Entered: 09/12/2016) |
| 09/09/2016 | | 116 | CORRECTION CERTIFICATE OF SERVICE FOR REFILE OF MOTION FOR TEMPORARY RESTAINING ORDER. (KAB) (Entered: 09/12/2016) |
| 09/09/2016 | | 117 | Summons Issued as to Nicholas Overmyer. (KAB) (Entered: 09/12/2016) |
| 09/11/2016 | | 111 | NOTICE of Appearance by John H Benham, III on behalf of Defendant Thomas Cordero (Benham, John) (Entered: 09/11/2016) |
| | | | |

| 09/11/2016 | ᵗ 112 | MOTION to Dismiss *for Insufficient Service of Process* by Defendant Thomas Cordero. (Attachments: # 1 Text of Proposed Order) (Benham, John) (Entered: 09/11/2016) |
|---|---|---|
| 09/11/2016 | 113 | MEMORANDUM in Support re 112 MOTION to Dismiss *for Insufficient Service of Process* filed by Defendant Thomas Cordero. (Attachments: # 1 Exhibit A - Transcript, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Benham, John) (Entered: 09/11/2016) |
| 09/12/2016 | | **HARD COPY NOTICE of filing** was hand delivered to Wilnick Dorval at the District Court Related Document: 110 (KAB) (Entered: 09/12/2016) |
| 09/12/2016 | 118 | NOTICE OF APPEAL as to 110 Order by Wilnick Dorval. Filing fee paid Receipt # 300004970 (KAB) (Entered: 09/12/2016) |
| 09/13/2016 | 119 | MOTION for permission to use electronic case filing by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/13/2016) |
| 09/13/2016 | 120 | Opposition to Motion re 86 MOTION to Dismiss filed by Plaintiff Wilnick Dorval. (KAB) Modified on 9/13/2016 (KAB). (Entered: 09/13/2016) |
| 09/13/2016 | 121 | MEMORANDUM in Support of Opposition re 86 MOTION to Dismiss *filed by Plaintiff Wilnick Dorval. (KAB) Modified on 9/13/2016 (KAB). (Main Document 121 replaced on 9/13/2016) (KAB). (Entered: 09/13/2016)* |
| 09/13/2016 | ᵗ 122 | MOTION to Dismiss by Defendant Michael Baird. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Fitzsimmons, Michael) (Entered: 09/13/2016) |
| 09/13/2016 | 123 | MEMORANDUM in Support re 122 MOTION to Dismiss filed by Defendant Michael Baird. (Attachments: # 1 Exhibit Ex A Aff of Baird, # 2 Exhibit Ex B Compl Excerpt) (Fitzsimmons, Michael) (Entered: 09/13/2016) |
| 09/13/2016 | 124 | Opposition to Motion re 112 MOTION to Dismiss *for Insufficient Service of Process* filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/13/2016) |
| 09/13/2016 | 125 | MEMORANDUM in Support of Opposition re 112 MOTION to Dismiss *for Insufficient Service of Process* filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/13/2016) |
| 09/14/2016 | 126 | NOTICE of Appearance by Mark Alan Kragel on behalf of Defendant Matthew Swope (Kragel, Mark) (Entered: 09/14/2016) |
| 09/14/2016 | ᵗ 127 | MOTION to Dismiss for Lack of Jurisdiction *for failure to obtain service* by Defendant Matthew Swope. (Attachments: # 1 Affidavit Bill Dean Swope Affidavit, # 2 Affidavit Mathew Swope Affidavit, # 3 Text of Proposed Order) (Kragel, Mark) (Entered: 09/14/2016) |
| 09/14/2016 | 128 | MEMORANDUM in Support re 127 MOTION to Dismiss for Lack of Jurisdiction *for failure to obtain service* filed by Defendant Matthew Swope. (Kragel, Mark) (Entered: 09/14/2016) |

Case: 16-3601    Document: 003112444711    Page: 54    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 74   Filed: 09/01/16   Page 1 of 5

1

THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

DISTRICT OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL

Plaintiff,

v.

SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION, SIDNEY JARVIS, MICHEAL BAIRD, NICHOLAS OVERMYER, RICHARD O'DELL, TODD FARRAND, MICHELE LANGE, MARK MAROLF, JOANNE M. LEVESQUE, CLARENCE LEVESQUE, BERNARD M. VANSLUYTMAN, JACQUELINE LINDBERG, LOURDES CORDERO, THOMAS CORDERO, MOUSSA MUSTAFA, NORA IBRAHIM, MATTHEW SWOPE, JONATHAN MORGAN, SARAH WHYTE, ELLEN HANSEN, MADLON JENKINS RUDZIAK, JAMES KOULOURIS.

Defendants

No. 2016-50

August 31, 2016

## REFILE OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

Now comes the plaintiff Wilnick Dorval, acting Pro Se and moves this Honorable Court pursuant to Federal Rule

of Civil Procedure 65 U.S.C §§ 1331-1332 to Issue a Temporary Restraining Order against Defendants Jonathon

Morgan, James Koulouris, Bernard Vansluytman, Lourdes Cordero, Thomas Cordero and Madlon

Jenkins-Rudziak, to prevent defendants from continuing to violate the Fair Housing Act of 1968, as amended in

1988, 42 U.S.C § 3601, et seq, U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42

Case: 16-3601    Document: 003112444711    Page: 55    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 74   Filed: 09/01/16   Page 2 of 5

2

U.S.C. §§ 1981 and 1982 because of discrimination based on race and interference with fair housing rights and V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction).

### I AM DENIED A CLEARLY ASCESTAINABLE RIGHT TO USE MY APARTMENT AS INTENTENDED

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 and my neighbors are making and continue to purposely make loud banging noise disturbances during the day and night that significantly impaired my apartment to drive me out of my home because I am black. Consequently, I am deprived of sufficient sleep, rest and the use of my apartment as intended.

Defendants Jonathon Morgan, James Koulouris and other occupants of apartments 274 and 257 have been making and continue to purposely make loud banging and screaking sounds day and night to force me out of my home because I am black. As a result of the constant and persistent excessive noise disturbances defendants are making, I have been unable to use my bedroom to sleep, so essentially defendants have evicted me out of my bedroom. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

I had to call the police numerous time to report the excessive noise disturbances that the defendants are deliberately making at night and during the day. For example, August 20, 2016, I filed a police report with Sgt. K. Steele, report number: STT160FF12501 stating that I was awakened around 7 a.m. that morning by loud banging noise disturbances emanating from apartment 257 and the noise continued well past 9 a.m. Later that day, around 6 p.m. occupants of that apartment returned and deliberately slammed the front and screen doors repeatedly and made loud banging noise disturbances well past 7 p.m. to force me out of my home because I am black. Further, I have complained to the Condominium Owners Association but the noise disturbances became more extreme.

Sapphire Village Condominium Owners Association's attorney was at the conference hearing on August 9, 2016 and Mr. Fitzsimmons has received a copy of the Complaint and Summons, therefore, all the owners are aware of

Case: 16-3601   Document: 003112444711   Page: 56   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 74   Filed: 09/01/16   Page 3 of 5

3

this lawsuit, since they are all members of the Association. Further, I have sent a copy of the Complaint and

Summons to each of the Defendants by certified mail, returned receipt requested, but the tenants continue to

purposely make loud banging noise disturbances that are interfering with use and enjoyment of my apartment.

### I HAVE SUFFERED IRREPARABLE INJURY SUCH AS SEVERE EMOTIONAL DISTRESS, CHEST PAINS, EXHAUSTION, AND SEVERE MIGRAINE.

The excessive noise disturbances that Jonathon Morgan, James Koulouris, and occupants of apartment 257 and

274 are purposely making and continue to make have caused me to suffer with chest pains, severe migraine,

exhaustion and severe emotional distress.

### ABSENSENCE OF ADEQUATE REMEDY IN LAW TO PREVENT MY HEALTH FROM DETORIATING.

This motion should be granted to prevent my health from deteriorating any further as a consequence of the

defendants' irresponsible and reckless conducts.

### I AM LIKELY TO SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEIR CONDUCTS VIOLATE CLEARLY ESTABLISHED FEDERAL LAWS AND U.S. VIRGIN ISLAND LAWS.

I will succeed on all claims against all of the Defendants because Defendants have and continue to violate clearly

established federal laws against housing discrimination and U.S. Virgin Island laws against discrimination and

private nuisance. As a consequence of the Defendants' conducts, I have suffered with severe emotional distress,

exhaustion, migraine and chest pains. Further, I have alleged in my complaint that Defendants collectively have

been making and continue to purposely make loud banging and screaking sounds day and night to force me out

of my home because I am black. As a result, of the constant and persistent excessive noise disturbances

defendants are making, I have been unable to use my bedroom to sleep, so essentially defendants have evicted

me out of my bedroom. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

Consequently, Defendants have violated and continue to violate federal laws and U.S. Virgin Island laws.

Case: 16-3601    Document: 003112444711    Page: 57    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 74    Filed: 09/01/16    Page 4 of 5

4

## REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For Temporary Restraining Order, Preliminary and Permanent Injunctive relief including but not limited to, an order enjoining the Defendants Bernard Vansluytman, Madlon Jenkins-Rudziak and Thomas Cordero, Lourdes Cordero from allowing their tenants in apartment 266, 257 and 274 from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind, in order to prevent my health both emotionally and physically from deteriorating any further as a consequence of the constant and persistent noise disturbances that limits me to 4 hours of sleep per day.

2. For Temporary Restraining Order, Preliminary and Permanent Injunctive relief including but not limited to, an order enjoining the Defendants Jonathon Morgan and James Koulouris from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind, in order to prevent my health both emotionally and physically from deteriorating any further as a consequence of the constant and persistent noise disturbances that limits me to 4 hours of sleep per day.

A proposed form of order is attached hereto.

Wilnick Dorval

6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

Case: 16-3601 Document: 003112444711 Page: 58 Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM Document #: 74 Filed: 09/01/16 Page 5 of 5

5

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of motion for Temporary Restraining Order and memorandum of law supporting the

motion for Temporary Restraining Order and Memorandum of Law on August 31, 2016, by certified mail, return

receipt requested on the following:

Thomas Cordero
2305 Laurel St.
# 616
San Juan, Puerto Rico 00913

Lourdes Cordero
2305 Laurel St.
# 616
San Juan, Puerto Rico 00913

Bernard Vansluytman
8 Lerkenland
St. Thomas, V.I. 00804

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

James Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

1

## THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

### DISTRICT OF ST. THOMAS AND ST. JOHN

### WILNICK DORVAL

**Plaintiff,**

**v.**

**SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION, SIDNEY JARVIS, MICHEAL BAIRD, NICHOLAS OVERMYER, RICHARD O'DELL, TODD FARRAND, MICHELE LANGE, MARK MAROLF, JOANNE M. LEVESQUE, CLARENCE LEVESQUE, BERNARD M. VANSLUYTMAN, JACQUELINE LINDBERG, LOURDES CORDERO, THOMAS CORDERO, MOUSSA MUSTAFA, NORA IBRAHIM, MATTHEW SWOPE, JONATHAN MORGAN, SARAH WHYTE, ELLEN HANSEN, MADLON JENKINS RUDZIAK, JAMES KOULOURIS.**

**Defendants**

**Civil No. 2016-50**

**September 7, 2016**

## CORRECTION CERTIFICATE OF SERVICE FOR REFILE OF MOTION FOR TEMPORARY RESTRAINING ORDER,

### PRELIMINARY AND PERMANENT INJUNCTION

**Dated: September 7, 2016**

**Wilnick Dorval**

Case: 16-3601   Document: 003112444711   Page: 60   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 118   Filed: 09/09/16   Page 2 of 5

2

6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of motion for Temporary Restraining Order and memorandum of law supporting the

motion for Temporary Restraining Order, Propose Order on August 31, 2016, by certified mail, return receipt

requested on the following:

**Thomas Cordero**
2305 Laurel St.
# 616
San Juan, Puerto Rico 00913

**Lourdes Cordero**
2305 Laurel St.
# 616
San Juan, Puerto Rico 00913

**Bernard Vansluytman**
8 Lerkenland
St. Thomas, V.I. 00804

**Jonathon Morgan**
6700 Sapphire Village
Apt 266
St. Thomas, V.I. 00802

**Madlon Jenkins-Rudziak**
157 Farrington Dr.
Newman, GA 30263-7425

**James Koulouris**
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Case: 16-3601    Document: 003112444711    Page: 61    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 118   Filed: 09/09/16   Page 3 of 5

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I mailed a copy of the motion for Temporary Restraining

Order, memorandum of law supporting motion for Temporary Restraining Order and propose order by

first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Nicholas Overmyer
249 E 550 N
Camden, IN 46917

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Todd Farrand
142 Hunters LN
Devon, PA 19333

Michele Laange
201 Hemlock LN
Manchester Township, NJ 08759

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

4

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00804

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
5-11 Deer Hill Road
St. Thomas, V.I. 00802

Case: 16-3601    Document: 003112444711    Page: 63    Date Filed: 10/25/2016
Case: 3.16-cv-00050-CVG-RM    Document #: 116    Filed: 09/09/16    Page 5 of 3

5

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

WILNICK DORVAL,              . Civil No. 16-CV-00050-CVG-RM
                        .
     Vs.               .
                        . 5500 Veterans Drive, Rm 310
SAPPHIRE VILLAGE CONDOMINIUM  . St. Thomas, VI 00802,
OWNERS ASSOCIATION, ET AL,    .
                        . August 9, 2016
. . . . . . . . . . . . . . . .
WILNICK DORVAL              .
                        . Civil No.  16-CV-00061-WAL-RM
     Vs.               .
                        .
MOES FRESH MARKET,         .
. . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RUTH MILLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:      WILNICK DORVAL, Pro se
                     6700 Sapphire Village, Apartment. 265
                     St. Thomas,  VI  00802

ECRO

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**800 603-6212**
**(732) 263-0044    Fax No. 732-865-7179**
www.tgribbentranscription.com

2

1                           I N D E X

2                                                 PAGE

3   SAPPHIRE VILLAGE CASE                          3

4   MOES FRESH MARKET CASE                         7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy                    3

1          THE CLERK:  Wilnick Dorval versus Sapphire Village.

2          THE COURT:  Are you Mr. Dorval?

3          MR. DORVAL:  Yes, I am.

4          THE COURT:  Okay, would you stand please, when you

5   speak in the court.  Thank you. Come to the podium.  You can

6   set your backpack down, that's okay.  Good morning, sir.

7          MR. DORVAL:  Good morning.

8          THE COURT:  State your full name, please?

9          MR. DORVAL:  Wilnick Dorval.

10         THE COURT:  All right, Dorval, so the emphasis is on

11  the second part.  Dorval?

12         MR. DORVAL:  Yes.

13         THE COURT:  Okay.  Mr. Dorval, I wanted to bring you

14  in to talk with you about some procedural issues.  You have two

15  cases actually. We'll start with the first one being 2016-50,

16  which is against Sapphire Village Condominium Association, and

17  a number of others.  Is that correct?

18         MR. DORVAL:  Yes.

19         THE COURT:  All right, your intention is to proceed

20  pro se, as your own attorney, correct?

21         MR. DORVAL:  At this time, yes.  Until I find an

22  attorney.

23         THE COURT:  Okay.  You are -- can you hear?

24         THE CLERK:  Can you speak right into the --

25         THE COURT:  We want to make sure we record you.  Why

1 don't you repeat your answer.

2           MR. DORVAL:    At this time I will proceed pro se, but
3 until I find an attorney or the Court help me find an attorney.

4           THE COURT:    Okay, the Court's not in a position to
5 help you find an attorney. But you are certainly free to be
6 able to find one. You can talk to the Bar Association, you
7 know perhaps they can help you. You have other options in that
8 regard. But the Court is not in the business of providing an
9 attorney for you under these circumstances.

10          MR. DORVAL:    I read that, well you have to file a
11 motion that the Court can appoint an attorney for plaintiff
12 doesn't, that are not able to afford an attorney. I can afford
13 an attorney, it's just that I'm unable to locate one that's
14 willing to accept the case.

15          THE COURT:    I see.

16          MR. DORVAL:    So I'm hoping that --

17          THE COURT:    Well, the Court generally does not
18 appoint attorneys in civil cases. Very limited circumstances
19 are we able to do that. So unless and until you find an
20 attorney to assist you, the Court will be expecting that you
21 will be proceeding with your case on your own. You understand?

22          MR. DORVAL:    I understand.

23          THE COURT:    Okay. And so there's a couple of things
24 that I wanted to make sure I understood about your matter
25 against Sapphire and the others. You have filed several

Colloquy                                    5

1  amended complaints.

2            MR. DORVAL:  Yes.

3            THE COURT:  Please speak right into the microphone.

4            MR. DORVAL:  Yes, I did.

5            THE COURT:  Okay.  And you filed motions to amend.  I

6  want to make sure that you understand that you are to follow

7  the Rules of Civil Procedure.  And it appears that you're

8  trying to follow them, but I think we have a disconnect here.

9  Rule 15 allows you to seek an opportunity to amend your

10 complaint.

11           MR. DORVAL:  Right.

12           THE COURT:  But you don't have to do that if you

13 haven't served yet.  You can go ahead and amend your complaint

14 to add your additional parties.

15           MR. DORVAL:  Okay.

16           THE COURT:  Which is primarily what you seem to be

17 trying to do, is that correct?

18           MR. DORVAL:  That's correct.

19           THE COURT:  Have you served anyone yet?

20           MR. DORVAL:  No, I haven't got a reply from the

21 service company yet.  I've asked for proof of service, they

22 haven't sent it to me, so I assume they haven't.

23           THE COURT:  And which version of your complaint have

24 you been trying to serve?

25           MR. DORVAL:  The last version.

1            THE COURT:    The latest one?

2            MR. DORVAL:    The latest version.

3            THE COURT:    Okay.  All right, so that's what to make

4    sure that you, you're serving people with the correct version

5    of the complaint.  At this point the Court will allow you to

6    amend your complaint, that will not prejudice any party that

7    hasn't been served with a previous complaint.  But make sure

8    you understand that Rule 15 doesn't require you to seek the

9    Court's leave under the circumstances that we're presented with

10   right now, and that is nobody has been served yet.

11           MR. DORVAL:    Okay.

12           THE COURT:    All right?  And that actually applies to

13   your other case as well.  And we'll talk about that in a

14   second.  So I want to make sure that you -- so you have a

15   service company that's making service for you?

16           MR. DORVAL:    Yes, that's correct.

17           THE COURT:    A process server.  And you understand

18   that you have a time limit to make service?

19           MR. DORVAL:    Yes.

20           THE COURT:    Okay, the new rules provide it's 90 days

21   from the date that you filed your complaint.  So you want to

22   make sure that you do that in a timely fashion or seek leave

23   for additional time.  All right.

24           So with respect to your motions to amend, the Court's

25   going to allow you to amend, and you'll be serving your fourth

 1  amended complaint or third?

 2            MR. DORVAL:  Fourth.

 3            THE COURT:  Fourth amended complaint.  And then if

 4  you have to seek leave to amend after that, follow the rules in

 5  Rule 15.  All right?  All right that's what I wanted to check

 6  in with you about on the first case.  And then you have another

 7  case.  Ms. Bonelli, would you call the next one.

 8            THE CLERK:  Wilnick Dorval versus Moes Fresh Market,

 9  et al.

10            THE COURT:  All right, sir, state your name again for

11  me.

12            MR. DORVAL:  Wilnick Dorval.

13            THE COURT:  All right, thank you.  And likewise in

14  this case, you filed a complaint on July 18th and about a week

15  or so later you moved to amend the complaint.  You don't need

16  the Court's leave, but the Court will give it to you.  And you

17  are trying to serve them the amended, first amended complaint.

18            MR. DORVAL:  Right, first amended complaint.

19            THE COURT:  Okay. And is that also your intention to

20  proceed pro se in this case?

21            MR. DORVAL:  That's correct.

22            THE COURT:  All right, unless and until you find an

23  attorney to assist you.

24            MR. DORVAL:  That is correct.

25            THE COURT:  All right, good.  This case will be

1  handled by Judge Lewis, the other case is being handled by

2  Judge Gomez. So when we get to the point where you've made

3  service and people have appeared, then we'll be able to get

4  together and discuss scheduling and discovery. And we'll have

5  a slightly different calendar for each of the two cases.

6  Because they have different Judges and they have, each Judge

7  has different preferences.

8           Do you have access to the internet?

9           MR. DORVAL: Yes, I do.

10          THE COURT: All right, my suggestion is that you go

11 to the Court's website, and you look at the policies and

12 procedures that each Judge publishes so that you determine, you

13 know, you can determine how to proceed specifically with

14 respect to those Judges. I will be the Magistrate Judge on

15 both cases. At least for the time being unless something else

16 comes up that changes that. So I would be the one handling the

17 pretrial phases of these cases. All right?

18          So that one you have little bit more time for

19 service, the other you're running up in to your 90 days in the

20 next month. So --

21          MR. DORVAL: Did the 90 days start at the date I

22 filed the complaint or --

23          THE COURT: Correct.

24          MR. DORVAL: Or the date of the last amended

25 complaint?

1          THE COURT:  No, the date you filed the complaint.

2   All right?  So thank you for coming in.  I wanted to just make

3   sure that you understood we were on top of your cases.  And you

4   know what rules you need to follow. We have local rules as well

5   as the Civil Rules of Procedure.  Those are available on the

6   website as well.

7          Are you a filing user, sir?

8          MR. DORVAL:  No.

9          THE COURT:  Do you want to be?  Because that's --

10         MR. DORVAL:  No.

11         THE COURT:  No, you don't?

12         MR. DORVAL:  I would like to come to the Court and

13  file.

14         THE COURT:  Okay, just, it makes service on the other

15  side sometimes more cumbersome.  You have to make, you have to

16  mail out your service to the other side and they have to do the

17  same. So it's sometimes easier to be on the electronic filing

18  system.  Then you get notice of the Court's orders.

19         MR. DORVAL:  I'm on Pacer so I can get --

20         THE COURT:  Oh.  Okay.

21         MR. DORVAL:  I will just file --

22         THE COURT:  Okay, it's your choice.  It's your

23  choice.  All right.  Anything else that we can take care of

24  today?

25         MR. DORVAL:  Yes.  The defendants actually continues

Colloquy                                              10

1    to --

2              THE COURT:   Speak right into the microphone.

3              MR. DORVAL:   The defendants, they continue to harass

4    me.

5              THE COURT:   In which case is this?

6              MR. DORVAL:   This is the Sapphire case.   The Sapphire

7    Village Condominium, and the tenant, the owner tenants.

8              THE COURT:   Yes.

9              MR. DORVAL:   They continue to harass me and make a

10   loud noise disturbances during the day and at night.   And

11   preventing me from getting any rest or any sleep.   Or being

12   able to use my apartment period.   I had to call the police last

13   night.   This week alone I went to the, I've called the police

14   twice.   Went to the police station and filed a complaint

15   against one of the defendants, Jonathon Morgan.   Because he

16   went all night with the noise.   I only got three hours of sleep

17   that day.   This morning I was awakened at 6 a.m. and the noise

18   went to 7:30.   I recorded it, so -- with the video camera.

19             So I was wondering if I can motion to get a

20   restraining order to keep the defendants from continuing to

21   inflict this on me, because I have a migraine from this.   And

22   I'm exhausted because I don't get enough sleep.   I need to be

23   able to read and -- for this case, and I can't because the

24   defendants are making a lot of noise during the day and at

25   night, preventing me from --

1        THE COURT:  Sir, you can file whatever papers you

2  feel are necessary and appropriate according to the Rules, to

3  seek whatever relief you think that you're entitled to.  The

4  Court isn't going to try and advise you as to what you should

5  or shouldn't do.  It's up to you to review the rules and see if

6  something is available to you and you're free to seek that kind

7  of relief.  I mean, I don't know what else to tell you in that

8  regard.

9        MR. DORVAL:  Well, yes, in my filing I did ask for,

10  one of the relief I ask for is a temporary restraining order

11  against those defendants, the tenants, the neighbors.

12        THE COURT:  Have you -- well, have you served them

13  with your complaint in any respect?

14        MR. DORVAL:  No, they haven't been served, what I've

15  done is as soon as I got the sermons (phonetic) from the Court

16  I've sent them a copy of it via certified mail.  So that they

17  are aware that I am suing them and that their actions that they

18  are committing is not, is unacceptable to me.

19        THE COURT:  So you've sent a copy of the summons to

20  each of the people?

21        MR. DORVAL:  That are residing at the St. Vincent

22  Building are currently my neighbors.

23        THE COURT:  You sent copies of the summons by

24  certified mail and did you send a copy of the complaint?

25        MR. DORVAL:  No, I did not.

1           THE COURT: All right, you need to serve them

2    according to the Rules with a copy of your complaint as well as

3    a copy of your summons. Otherwise they have no idea what it is

4    that you're alleging against them. And I will bring the fact

5    that you're asking for a temporary restraining order to the

6    District Court Judge's attention. But he may well require that

7    you have service on all of these individuals prior to taking

8    any action on it.

9           MR. DORVAL: So once these defendants are served, I

10   can come back here and ask for and file for a restraining

11   order.

12          THE COURT: Sir, I'm not going to tell you whether

13   you can ask for that or not, you have to determine whether

14   you're entitled to certain types of relief and then seek in

15   whatever appropriate way the relief you're entitled to.

16          MR. DORVAL: Thank you.

17          THE COURT: All right? Thank you very much. And

18   we'll look forward to proceeding with the case once you get

19   your service and people begin to appear in the case. Then we

20   can make further plans as far as scheduling. All right?

21          MR. DORVAL: Thank you.

22          THE COURT: Thank you very much. Have a good day.

23                    *         *         *

24

25

13

1    **C E R T I F I C A T I O N**

2

3        I, Patricia Poole, court approved transcriber, certify

4    that the foregoing is a correct transcript from the official

5    digital audio recording of the proceedings in the above-

6    entitled matter.

7

8

9    /S/PATRICIA POOLE

10

11    TRACY GRIBBEN TRANSCRIPTION, LLC    August 22, 2016

12                                        DATE

13

14

15

16

17

18

19

20

21

22

23

24

25