**No. 16-3601**

_____

**The United States Court of Appeals**

**for the Third Circuit**                    $\cancel{0}\,CC$

_____

Wilnick Dorval,

*Plantiff-Appellant*,

v.

Dorval v. Sapphire Village Condominium Owners Association, ET, AL

*Defendant-Appellee*.

_____

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

_____

**APPENDIX OF APPELANT**

**Volume 2**

_____


Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

# **TABLE OF CONTENTS**

1. THIRD AMENDED COMPLAINT AGAINST

   ALL DEFENDANTS BY PLAINTIFF

   WILNICK DORVAL................................................ 1

This the 19th day of September 2016.

X _Wilnick Dorval_
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing Appendix Volume 2, to be filed by sending

it to the Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested

and I hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Thomas Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Matthew Swope
510 SW 301 St. Road
Warrensburg, MO 64093

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

4

This the 19th day of September 2016.

X _____
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

**Third Amended Complaint**

## THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

### DISTRICT OF ST. THOMAS AND ST. JOHN

#### WILNICK DORVAL

Plaintiff,

v.

**SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION, SIDNEY JARVIS, MICHEAL BAIRD, NICHOLAS OVERMYER, RICHARD O'DELL, TODD FARRAND, MICHELE LANGE, MARK MAROLF, JOANNE M. LEVESQUE, CLARENCE LEVESQUE, BERNARD M. VANSLUYTMAN, JACQUELINE LINDBERG, LOURDES CORDERO, THOMAS CORDERO, MOUSSA MUSTAFA, NORA IBRAHIM, MATTHEW SWOPE, JONATHAN MORGAN, SARAH WHYTE, ELLEN HANSEN, MADLON JENKINS RUDZIAK, JAMES KOULOURIS.**

**Defendants**

**No.**

**July 28, 2016**

**Jury Demand**

COMES NOW I, Wilnick Dorval, acting Pro Se, state and allege as follows:

### I.    NATURE OF ACTION

This action for declaratory relief, injunctive relief, and damages arising from violations of Civil Right Act of 1968, as amended, 42 U.S.C. § 3601-3619 (hereinafter the Fair Housing Act of 1968), U.S. Virgin Island's law Against Discrimination, Private Nuisance and other laws and policies of the United States and the Territory of the Virgin Islands. Defendants Sapphire Village Condominium Owners Association, and the individual homeowners and tenants have been and are engaging in race discrimination, gang stalking, and private nuisance in order to force me out of my home because I am

1

Case: 16-3601    Document: 003112444714    Page: 7    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 2 of 119

Third Amended Complaint

black. I am the only Haitian naturalized U.S. Citizen leaving in the St. Vincent building at 6700 Sapphire

Village, all my neighbors are white.

Defendants have discriminated and continue to discriminate against me in many ways including

but not limited to engaging in intense and severe noise nuisance, failing to and selectively enforcing its

By-laws, and Rules and Regulations, and allowing the owners, tenants and others to create a hostile

environment for me in an effort to intimidate and drive me out of my home because I am black.

## II.    PARTIES

2.1    I rent a one-bedroom apartment at 6700 Sapphire Village, Apartment 265, St. Vincent

building, St. Thomas, 00802. I signed a one-year lease agreement with Mr. EMAD OBAIDI, owner of

apartment 265. The lease started on October 1, 2015 and end on September 29, 2016. I live alone and I

don't have any family or friends in the U.S. Virgin Islands.

2.2    Defendants Sapphire Village Condominium Owners Association, located at 6700

Sapphire Village St. Thomas, V.I. 00802-1340, is a non-profit organization organized under the laws of

U.S. Virgin Island Condominium Act, that resides and operates its principal place of business in St.

Thomas, U.S. Virgin Islands.

2.3    Defendants Sapphire Village Condominium Owners Association is comprised of the

individual owners of approximately 225 residential properties located in 7 buildings in the Sapphire

Village Development.

2.4    Defendant Sidney Jarvis owns a home at 6700 Sapphire Village, Apt 261, St. Vincent

building, St. Thomas 00802. Mr. Jarvis is a member of Defendants Sapphire Village Condominium

Owners Association. Mr. Jarvis serves as President of the Board of Directors of the Association. Mr.

Jarvis is a resident of Manasquan, New Jersey.

2

Case: 16-3601    Document: 003112444714    Page: 8    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 3 of 119

Third Amended Complaint

2.5        Defendant Michele Lange is a member of Defendants Sapphire Village Condominium

Owners Association. Ms. Lange serves as Vice-President of the Board of Directors of the Association. Ms.

Lange is a resident of Manchester Township, New Jersey.

2.6        Defendant Michael Hamilton Baird owns apartment 252 at 6700 Sapphire Village,

Barbados building, St. Thomas, 00802. Mr. Baird is a member of Defendants Sapphire Village

Condominium Owners Association. Mr. Baird serves as Treasurer, of the Board of Directors of the

Association. Michael Baird is a resident of Pickerington, Ohio.

2.7        Defendant Todd Farrand is a member of Defendants Sapphire Village Condominium

Owners Association. Mr. Farrand serves as Secretary of the Board of Directors of the Association. Todd

Farrand is a resident of Devon, Pennsylvania.

2.8        Defendant Richard W. O'Dell owns apartment 300A at 6700 Sapphire Village, Tobago

building, St. Thomas, 00802. Mr. O'Dell is a member of Defendants Sapphire Village Condominium

Owners Association.  Mr. O'Dell serves on the Board of Directors of the Association. Richard W. O'Dell is

a resident of this District.

2.9        Defendant Nicholas Overmyer owns apt 300A at 6700 Sapphire Village, St. Thomas,

00802. Mr. Overmyer is a member of Defendants Sapphire Village Condominium Owners Association.

Mr. Overmyer serves on the Board of Director of the Association. Nicholas Overmyer is a resident of

Camden, Indiana.

2.10      Defendant Mark Marolf serves as the property manager during the relevant times. Mr.

Marolf is Caucasian. Mr. Marolf is a resident of this District.

3

Case: 16-3601    Document: 003112444714    Page: 9    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 4 of 119

Third Amended Complaint

2.11    Defendants Lourdes Cordero owns apartment 257 at 6700 Sapphire Village, St. Vincent building, St. Thomas, 00802. Ms. Cordero is a member of Defendants Sapphire Village Condominium Owners Association. Ms. Cordero is a resident of Tampa, Florida.

2.12    Defendant Thomas Cordero owns apartment 257 at 6700 Sapphire Village, St. Vincent building, St. Thomas, 00802. Mr. Cordero is a member of Defendants Sapphire Village Condominium Owners Association. Mr. Cordero is a resident of Key Biscayne, Florida.

2.13    Defendant Joanne M. Levesque owns apartment 273 at 6700 Sapphire Village, St. Vincent building, St. Thomas, 00802. Ms. Levesque is a member of Defendants Sapphire Village Condominium Owners Association. Joanne M. Levesque is a resident of Bristol, New Hampshire.

2.14    Defendant Clarence Levesque owns apartment 273 at 6700 Sapphire Village, St. Vincent building, St. Thomas, 00802. Mr. Levesque is a member of Defendants Sapphire Village Condominium Owners Association. Mr. Levesque is a resident of Bristol, New Hampshire.

2.15    Defendant Bernard M. Vansluytman owns apartment 266 at 6700 Sapphire Village, St. Vincent building, St. Thomas, 00802. Mr. Vansluytman is a member of Defendants Sapphire Village Condominium Owners Association. Bernard Vansluytman is a resident of this District.

2.16    Defendant Jacqueline Lindberg owns a home at 6700 Sapphire Village, Apt 267, St. Vincent building, St. Thomas 00802. Ms. Lindberg is a member of Defendants Sapphire Village Condominium Owners Association. Ms. Lindberg is Caucasian. Ms. Lindberg is a resident of this District.

2.17    Defendant Matthew Swope resided at apartment 273 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802 from October 2015 through April 2016. Mr. Swope is a resident of this District.

4

Case: 16-3601    Document: 003112444714    Page: 10    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 5 of 119

Third Amended Complaint

2.18      Defendant Moussa Mustafa resided at apartment 273 at 6700 Sapphire Village, St.

Vincent building, St. Thomas 00802 from May 2016 through June, 2016. Mr. Mustafa is a resident of this

District.

2.19      Defendant Nora Ibrahim resided at apartment 273 at 6700 Sapphire Village, St. Vincent

building, St. Thomas 00802 from May 2016 through June, 2016. Ms. Ibrahim is a resident of this District.

2.20      Defendant Jonathon Morgan, resides at apartment 266 at 6700 Sapphire Village, St.

Vincent Building, St. Thomas 00802, since April 2016. Mr. Morgan is a resident of this District.

2.21      Defendant Sarah Whyte provides maid services, similar to a hotel, such as, cleaning,

laundry and towers, for Lourdes Cordero and Thomas Cordero during the relevant time. Ms. Whyte is a

resident of this District.

2.22      Defendant Ellen Hansen, rented apartment 257 starting July 3, 2016 and presently. Ms.

Hansen is a resident of this District.

2.23      Madlon Jenkins Rudziak owns apartment 274 at 6700 Sapphire Village, St. Vincent

Building, St. Thomas 00802. Mr. Rudziak is a member of defendants Sapphire Village Condominium

Owners Association. Defendant Madlon Jenkins Rudziak is a resident of West Barnstable,

Massachusetts.

2.24      James Koulouris and another man rent apartment 274 from October 2016 through

present. Defendant James Koulouris is Caucasian and a resident of this District.

### III.      JURISDICTION AND VENUE

3.1      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§

1331, 1332 and § 1337; and V.I. Code ANN. tit. 4, § 32.

5

3.2    Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## IV.    FACTUAL ALLEGATIONS

### 4.1    Neighbors' Severe and Intense Noise Nuisance

4.1.1    Sapphire Village Condominium is an upscale Condominium community located on Smith Bay, St. Thomas, Virgin Islands.

4.1.2    Sapphire Village is a privately own gated community. The special features and amenities includes: (1) Two pools (2) Sapphire Bar & Grill, (3) 5 Acres of green space (4) Sapphire Beach and Marina.

4.1.3    Sapphire Village Condominium Owners Association, is governed by a six-member Board of Directors. The Board of Directors are responsible for, but not limited to: (1) Assessing common expenses (2) Personnel (3) Ensuring adherence to the Association By-laws and Rules and Regulations for the Development.

4.1.4    Sapphire Village Condominium Development has two entrances (1) one leads to the Sapphire Village Condominium and (2) the other leads to Sapphire Beach Resort & Marina. Both entrances have a gate and a security guard booth. Everyone must stop at the security gate for permission prior to admittance.

4.1.5    Sapphire Village Condominium Development has a large staff of Security Guards that patrol the Development, including the buildings, 24 hours on foot or in a golf cart.

4.1.6    Sapphire Village Condominium Owners Association is in possession and control of the entire property surround the 7 buildings in the Development.

4.1.7        I moved into rental unit 265, Friday, the 2nd of October, 2015, located at on the second

floor of the St. Vincent building within the Sapphire Village Condominium Development. I live alone and

I am unemployed. Sapphire management are fully aware of these facts because I have had no visitors

other than an attorney and I complained in person several times to Sapphire management's office and

Security booth during the day about the excessive noises emanating from apt 273, 266, and 257.  The

neighbors and Sapphire management are aware that I am home during the day because they saw me

running for exercise and engage in various activities such as walking and grocery shopping. Specifically,

one unidentified neighbor stated to me "this is the guy that is always running around here." I ignored

him.

4.1.8        Three units surround my apartment in the St. Vincent building: (1) unit 273 a one-

bedroom apartment on the third floor located directly above my apartment (2) unit 257 a one-bedroom

apartment on the first floor located directly below my apartment (Both units 273 and 257 have the same

floor plan as my unit 265) and (3) unit 266 is a studio apartment located on the 2nd floor next to my unit

on the left. Unit 274 is a studio apartment located on the 3rd floor next to unit 273 and above unit 266

on the left of my unit. There are no apartments on the right side of my unit.

4.1.9        Jacqueline Lindberg's apartment 267 is located on the second floor next to apartment

266, two doors from my apartment.

4.1.10        All of the apartments in the St. Vincent building have a balcony that faces the Marina

and beach and have the same feature of a sliding glass door and a screen door that lead to a balcony.

4.1.11        All of the apartments' doors in the St. Vincent building open to a long walkway that

extends through the entire length of the building. There is a parking lot right in front of the building

without assigned parking.

4.1.12    Sapphire Village Condominiums Rules and Regulations in bold print state "The following

Rules and Regulations apply to all occupants of units at Sapphire Village." And section 15 states in bold

print "Quiet time is from 11.00 PM till 8.00 AM."

4.1.13    Sapphire Village Condominiums Rules and Regulations section 12 states "Children are

not allowed to plan on walkways."

4.1.14    Sapphire's Code of Conduct in pertinent parts states that no occupier of a unit shall

cause a nuisance to the occupant of another unit as to effect that unit peaceful enjoyment.

4.1.15    Monday, the 5th of October, 2015, I started to hear excessive noise disturbances

emanating from apartment 273 and 257 during the day and at night.

4.1.16    Defendant Mark Marolf, Property Manager, called the police to my apartment on

October 9, 2015, at about 7 PM, Sapphire Security Guard (Unidentified) banged on my door and I did not

know at the time who was knocking, so I did not open my door. But, Sapphire Security Guard used his

key to my apartment and opened the door. I became frightened and thought it was a home invasion.

Subsequently, the Police Officer, announced himself.

4.1.17    October 9, 2015, Sapphire Security Guard explained to me, they had received several

complaints regarding disturbing noises emanating from my apartment. Sapphire Security Guard and

Police Officer proceeded to search my apartment for any damage to the apartment or anything that

could be used to make noise disturbances. After the search, Sapphire Security Guard and Police Officer

concluded that there is nothing here to make any noise disturbances. Further, Sapphire Security Guard

stated that he had heard a thumping sound of someone knocking on the wall of one of the units. I

explained calmly to the Security Guard, the noises he described are coming from apartment 273.

4.1.18      Defendant Matthew Swope at apartment 273, continued to make noise disturbances

throughout the week of October 11, 2015.

4.1.19      October 11, 2015, Sapphire Security Guard and Mark Marolf, Property Manager,

knocked on my door. I exited my apartment and spoke to both of them standing on the walkway in front

of my apartment. The Security Guard explained that several neighbors were complaining about noise

disturbances emanating from my apartment.  During the conversation, Sapphire Security Guard and I

heard a loud banging noise disturbance. I pointed it out immediately to Sapphire Security Guard and

explained that I could not make that loud banging noise, since I am standing outside with him. Still, Mark

Marolf and Sapphire Security Guard requested to inspect my apartment for a second time and I refused.

After, I walked around the Sapphire Development and Sapphire Security Guard and Mark Marolf

followed me around the entire Development and Mr. Marolf stated, "I am going to follow you around

until you speak to me. I am going wherever you go".

4.1.20      October 11, 2015, Mark Marolf had called the police again and when, I arrived at the

entrance of the Development, on top of the hill, two Police Officers were waiting and Mr. Marolf and

the Sapphire Security Guard now surrounded me. The Police Officers demanded access to my

apartment. I refused and requested that the Police Officers provide a warrant to search my apartment

or arrest me.  Instead of going to get a warrant, Mark Marolf, Police Officers and Sapphire Security

Guard, followed me to my apartment and were waiting in the parking lot in front of the St. Vincent

building. Mr. Marolf stated "I am going to search the apartment." I did not reply. To defuse the

situation, I walked around the Development until they were gone.

4.1.21      November 1, 2015, Emad O'Baidi, landlord, forwarded to me an e-mail from Lourdes

Cordero and Thomas Cordero owners of apartment 257 requesting that I be evicted from my apartment

for excessive noises and stating that if they had a tenant making excessive noises they would have immediately evicted that tenant. Their words certainly came back to them for reasons below.

4.2.22    During the rest of the month of October, 2015, I continued to hear noise disturbances emanating from 273 and 257, including slamming of the front and screen doors.

4.1.23    November 8, 2015, I received an e-mail from the landlord instructing me to send my noise complaints to the H.O.A. CCRR at mgr@sapphirevillage.com, as the noise disturbances are occurring, so Sapphire Village Condominium Owners Association can take action and make the neighbors in apartment 273 and 257 ceased making excessive noises during the day and at night in violations of Sapphire Village Condominiums Rules and Regulations.

4.1.24    From October 9, 2015 through May 31, 2016, I have sent more than 800 e-mails with audio and video recordings to Sapphire management complaining about excessive noises emanating from apartment 273 and 257.

4.1.25    In the e-mails that I sent to Sapphire management, I explained in details how the noise disturbances are interfering with the peaceful enjoyment of my apartment such that I cannot use my bedroom to sleep and kitchen to cook, because the excessive noises have caused me to injure myself. Specifically, November 8, 2015, I cut my finger in the kitchen because of a sudden loud banging sound emanating from apartment 273. I received three stiches to close the wound.

4.1.26    Defendant Mark Marolf, Property Manager, stated that the neighbors, owners and tenants are aware of all my complaints. Specifically, December 19, 2015, Mr. Marolf stated "Just checked email, I will discuss with tenants." In that e-mail, I stated that the loud banging noises woke me out of my sleep and caused me to suffer chest pains and difficulty breathing. Sapphire management did nothing to stop the excessive noises.

4.1.27    In the e-mails that I sent to Sapphire management, I explained that the neighbors created a hostile environment by making excessive noise disturbances, harassing and intimidating me to

Case: 16-3601    Document: 003112444714    Page: 16    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 11 of 119

**Third Amended Complaint**

force me out of my home. Specifically, December 20, 2015, in a series of e-mails between Mark Marolf

and me, I made it very clear that the neighbors created a hostile environment for to force me out of my

home. I received back a vigorous defense from Sapphire management, stating that the building is old;

the noise disturbances emanating from apartment 273 and 257 are normal uses; that no other

neighbors are complaining about excessive noise disturbances; there is no conspiracy and to keep race

out of it. I explained back to Mr. Marolf that race has everything to do with the constant harassment by

the neighbors and the fact that the neighbors are a minority on the island is irrelevant. Further, I stated

that the loud banging sounds emanating from apartment 273 and 257 are deliberate and designed to

drive me out of my home because I am black. Also, I requested that Sapphire management enforced its

Rules and Regulations, since Mr. Marolf conceded that the neighbors have not complained about any

noise disturbances emanating from my apartment. Sapphire management did nothing to stop the

excessive noises.

    4.1.28    In the e-mails that I sent to Sapphire management, I detailed the effect the noise

disturbances are having on my health. Specifically, on January 9, 2016, I sent an e-mail to Mark Marolf

explaining that I suffered with chest pains, difficulty breathing, nausea and vomiting each time the

neighbors intentionally woke me suddenly out of my sleep with loud banging noises. The excessive

noises emanating from apartment 273 and 257 are preventing me from obtaining sufficient sleep and

rest. As a consequence, I am suffering with severe headache and exhaustion. On that day, Sapphire

Security Guard investigated my noise complaint and stated "the elderly couple in apartment 257

explained that they dropped a few chairs on the floor" In that e-mail, I explained that the noise

disturbances started at 6 AM and continued well past 11 AM, so the couple's explanation made no

sense. Sapphire management did nothing to stop the excessive noise disturbances.

    4.1.29    In the e-mails that I sent to Sapphire management, I pleaded with Sapphire

management to enforce its Rules and Regulations and U.S. Virgin Island laws. Sapphire management did

Case: 16-3601     Document: 003112444714     Page: 17     Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 12 of 119

Third Amended Complaint

absolutely nothing to stop the persistent excessive noise disturbances that are emanating from apartment 273 and 257. Specifically, January 8, 2016, I sent an e-mail to Mark Marolf explaining that the noise disturbances last for 2 hours or more at a time and that any reasonable person would find the noises unacceptable. Sapphire management did nothing to stop the excessive noises.

   4.1.30    In the e-mails that I sent to Sapphire management, I made Sapphire management aware that I received medical treatment, as a consequence of the consistent and pervasive noise disturbances. Specifically, January 13, 2016, I sent an e-mail to Mark Marolf explaining that the noise disturbances have caused my health to deteriorate and that I would be seeking medical treatment. Mr. Marolf replied that he investigated my noise complaints by standing in front of my apartment and outside apartment 273 and 257 with their doors opened and he did not hear any noise disturbances. I pointed out immediately to Mr. Marolf that it would be idiotic and illegal for the neighbors to make excessive noise disturbances while he was standing in front of their apartments with their doors opened. Sapphire management ignored the logic and did nothing to stop the excessive noises.

   4.1.31    In the e-mails that I sent to Sapphire management, I made Sapphire management aware that, I observed and documented Lourdes Cordero's short-term tenants deliberately slamming the glass and screen doors repeatedly. Specifically, March 21, 2016, I sent an e-mail to Sapphire management and explained that I tried to sleep but the short-term tenants in Lourdes Cordero's apartment slammed the glass and screen doors repeatedly preventing me from obtaining sufficient sleep and rest.

   4.1.32    In the e-mails that I sent to Sapphire management, I explained the nature of the noise disturbances and the effect the noise disturbances are having on my health. Specifically, March 23, 2016, I stated that the short-term tenants in Lourdes Cordero's apartment 257 are deliberately and purposely slamming the sliding glass, front, and screen doors repeatedly throughout the day and at night. Also, I explained that there are loud banging sounds emanating from apartment 273 throughout the day and at night that are excessive.

4.1.33    In the e-mails that I sent to Sapphire management, I made Sapphire management aware

that the noise disturbances emanating from apartments 273, 266 and 257 are so loud that anyone can

hear the noise disturbances in the walkway and the parking lot of the St. Vincent building. Specifically,

March 9, 2016, May 31, 2016 and June 4, 2016 the excessive noises could be heard on the walkway of

the St. Vincent building.  March 9, 2016, I explained to Sapphire management that I observed and

documented the short-term tenants in Lourdes Cordero's apartment deliberately and purposely

slamming the glass and screen doors repeatedly and that the noise disturbances can be heard outside in

the surrounding areas of apartment 257. In addition, I explained that Sapphire management could have

easily done the same to verify my noise complaints about apartment 257 and enforce its Rules and

Regulations and By-laws. Further, I stated that the noise disturbances occurred at all hours of day and

night in violations of U.S. Virgin Island laws. Sapphire management did nothing about the excessive

noises emanating from apartment 257. Lastly, June 4, 2016, I explained to Sapphire management, the

routine noise disturbances established by the Defendant Jonathon Morgan in apartment 266. In that e-

mail, I stated that the noise disturbances emanating from apartment 266 are so excessive and loud

anyone can hear the banging sounds outside of his apartment.

4.1.34    In the e-mails that I sent to Sapphire management, I explained that the noise

disturbances prevent me from watching television because I cannot hear the characters' monologues

and I cannot read a book or write because of the excessive noises emanating from apartments 273, 266

and 257. Specifically, May 5, 2015, I sent Sapphire management an e-mail stating that I could not finish

reading a magazine because of the excessive noises emanating from apartments 273, 266 and 257.

4.1.35    In the e-mails that I sent to Sapphire management, I made Sapphire management aware

that I have filed numerous police reports about the excessive noises emanating from apartments 273

and 257. Specifically, March 30th and May 11th, 2016, I sent an e-mail to Sapphire management

Case: 16-3601    Document: 003112444714    Page: 19    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 14 of 119

Third Amended Complaint

informing them that I filed a police complaint about the excessive noises emanating from apartments

273 and 257.

4.1.36    In the e-mails that I sent to Sapphire management, I explained that the noise

disturbances are waking me up early in the morning around 6 AM and each time I returned to sleep, the

neighbors deliberately and purposely woke me up every 10 to 15 minutes for 3 hours or more.

Specifically, on May 13, 2016, I sent Sapphire management an e-mail stating, I was awakened from sleep

around 7 AM consisting of loud banging emanating from apartment 273 and the noise disturbances

continued to wake me each time I fall asleep every two minutes for about 3 hours.

4.1.37    In the e-mails that I sent to Sapphire management, I made Sapphire management aware

that the new tenant Jonathon Morgan and Lourdes Cordero's short-term tenants are deliberately

slamming the front and screen doors in the middle of the night or early in the morning in violations of

Sapphire Rules and Regulations. Specifically, April 10, 2016, I sent an e-mail to Sapphire management

informing them that the noise disturbances emanating from apartments 273, 266, and 257 are depriving

me of sleep and rest.

4.1.38    I filed 14 police reports about the excessive noises emanating from apartments 273, 266

and 257. I have also informed the police that the neighbors are harassing, stalking and intimidating me

to force me out of my home. The complaints are as follows:

1. October 24, 2015, Report: 3TT150FF17161 with Police Officer A. John #

   1167

2. October 27, 2015, Report: 15B 17298

3. November 4, 2015, Report: 517750FF17662

4. November 30, 2015, Report: STT150FF19017 with Police Officer L. Smith

   1282

5. December 2, 2015, Report: STT150FF19124 with Police Officer J. Sewer

14

6. December 5, 2015, Report: STT150FF019320 with Police Officer J. Thomas

7. March 28, 2016, Report: STT160FF04916

8. March 31, 2016, Report: STT160FF005067 with Police Officer L. Smith

9. April 10, 2016, Report: 16-B-5596 with Police Officer M. Thomas

10. May 11, 2016, Report: STT160FF7333 with Police Officer A. Boyce

11. May 13, 2016, Report: STT160FF07429 with Police Officer, Nigel John and A. Trant

12. May 22, 2016, Report: STT160FF7852 with Police Officer, V.J. George

13. June 7, 2016, Report: STT160FF0865N

14. June 11, 2016 Report: 16-B-0-88-78 with Police Officer, M. Thomas

4.1.39    May 26, 2016, the noise disturbances emanating through the walls and ceiling of apartments 273 and 257 were extremely loud. Around 1:30 AM, I went to Sapphire Security booth to complain about the noise disturbances but Sapphire Security Guard was already at the St. Vincent building. The Security Guard explained that other neighbors had called about excessive noises emanating from apartment 257. I explained to him that I also have recording of loud banging sounds emanating from apartment 273 as well. Later, I was awakened again by loud banging sounds emanating from apartment 257 and 266 around 2:30 AM. I called the police and complained and asked that they speak to the people in those apartments so I can get some sleep. I didn't fall back to sleep until around 3 AM.

4.1.40    Furthermore, May 26, 2016, the neighbors in apartment 273 intentionally woke me up by deliberately and purposely making loud banging sounds to intimidate and force me out of my home because I am black. Subsequently, I heard Jonathon Morgan deliberately slammed the front and screen doors of apartment 266 and loud banging from apartment 273 continued. Around 8 AM, I sent an e-mail to Sapphire management requesting that they put an end to the noise disturbances so I can get some

sleep because the noise disturbances emanating from the neighbors 'apartment continued to wake me

up each time I fall asleep every 10 to 20 minutes.

4.1.41      Still, May 26, 2016, at 8:30 AM, Sapphire management demonstrated how irresponsible

and reckless they are by permitting construction workers in the parking lot of the Dominica building to

deliberately and purposely make excessive construction noise disturbances right across from my

apartment. The construction noise disturbances lasted well past 10 AM and made it impossible for me

to go back to sleep. I got less than 4 hours of sleep that day.

4.1.42      After October 5, 2015, I have never been allowed to sleep for more than 5 hours in my

apartment.

## 4.2  Sapphire Village Condominium Association and Neighbors Intentionally and Recklessly

## Removed Parts of the Screen Door-Closer

4.2.1      From October 5, 2015 through June 16, 2016, I observed that all of the apartments'

screen doors are malfunctioning or broken in the St. Vincent building. Each time, a person entered and

exited one of the apartments the screen door slammed when it closes.

4.2.2      My apartment's screen door function properly. When I entered or exited my apartment

the screen door does not slam because the screen door-closer prevent the screen door from slamming.

That is not the same for any of the other apartments in the St. Vincent building.

4.2.3      Parts of a screen door: There are two parts to a screen door: (1) the actual screen door

(wood or mental) and (2) an adjustable screen door-closer. The adjustable screen door-closer is made up

of a cylinder and inside that cylinder there is (a) a spring and (b) an air cylinder. Both instruments

prevent the screen door from slamming each time it closes.

4.2.4      How a screen door work: When the door opens the air cylinder fills with air and when

the door is closing the spring pushes a piston, which forces the air out of the cylinder through a small

hole. The hole is adjustable to control the closing rate of the screen door.

16

Case: 16-3601    Document: 003112444714    Page: 22    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 17 of 119

Third Amended Complaint

4.2.5    The screen door slammed without the spring or the air cylinder.

4.2.6    The screen doors in the apartments at the St. Vincent building are made of metals and all of the screen doors slammed. Except, for the screen door of my apartment.

4.2.7    All defendants individually or collectively negligently, recklessly or intentionally removed parts of the screen door-closers or caused the screen door-closers to malfunction. All of the defendants are in sole possession and control of the screen door and screen door-closer. Further, all of the defendants know that the screen door slammed when it closed because of the blurring noise.

4.2.8    Sapphire management is aware that the screen doors slammed because I have observed Mark Marolf and other Sapphire's maintenance staffs entered and exited apartments in the St. Vincent building followed by loud banging of the front and screen doors. Specifically, on December 7, 2015, I observed Defendant Mark Marolf entered and exited apartment 266 in the St. Vincent building followed by loud banging of the front and screen doors.

4.2.9    All of the defendants deliberately and purposely slammed their screen doors to cause severe and intense noises to intimidate and force me out of my home because I am black.

### 4.3 Excessive Noises Emanating from Defendant Cordero s' Apartment 257

4.3.1    Defendants Lourdes Cordero and Thomas Cordero own apartment 257 and operates it as a short-term or long-term vacation rental.

Short-term tenants

4.3.2    Defendants Lourdes Cordero and Thomas Cordero rented apartment 257 to several short-term tenants during the relevant period of October 5, 2015 to present. The tenants number between two to four persons at a time.

4.3.3    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants have been making and continue to deliberately and purposely make excessive noise disturbances that are

17

Case: 16-3601    Document: 003112444714    Page: 23    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 18 of 119

Third Amended Complaint

interfering with the enjoyment of my apartment from October 5, 2015 to present, to force me out of my
home because I am black.

4.3.4    Each person that entered or exited apartment 257 makes a minimum of two slamming
noise disturbances, consisting of one for the front door and one for the screen door, with a minimum of
two persons per stay that is a minimum of four slamming sounds each time they entered or exited the
apartment, one at a time for whatever reason. The tenants entered and exited the apartment about 5 to
6 times during the day causing a minimum 40 to 48 slamming sounds in 2 to 3 hours. The same activities
take place in the evening and at night resulting in an average of 120 to 144 slamming sounds. The
slamming sounds made it impossible for me to rest, read or write in my apartment with the door and
windows closed.

4.3.5    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants deliberately
and purposely slammed the front and screen doors that opened to the walkway of the St. Vincent
building repeatedly during the day and at night for more than 2 to 3 hours at a time to intimidate and
force me out of my home because I am black. Specifically, March 21, 2016, I observed and documented
the short-term tenants in apartment 257 slamming the front and screen doors repeatedly.

4.3.6    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants deliberately and
purposely slammed the sliding glass and screen doors that open to the balcony repeatedly during the
day and at night for more than 2 to 3 hours at a time to intimidate and force me out of my home
because I am black. Specifically, March 23, 2016, I observed and documented the short-term tenants in
apartment 257 coming in and out of the balcony and deliberately slamming the sliding glass and screen
doors repeatedly.

4.3.7    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants deliberately
made banging sounds during the day and at night for more than 2 to 3 hours at a time to intimidate and
force me out of my home because I am black.

18

Case: 16-3601   Document: 003112444714   Page: 24   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 19 of 119

Third Amended Complaint

4.3.8     Defendants Lourdes Cordero and Thomas Cordero's short-term tenants deliberately made banging sounds at night after 11 PM and in the morning prior to 7 AM that last for more than 2 to 3 hours at a time, in violation of Sapphire Rules and Regulations to intimidate and force me out of my home because I am black.

4.3.9     I filed more than 10 police reports about the excessive noises emanating from apartment 257 and informed Sapphire management of the police reports. For example, April 18, 2016, the short-term tenants deliberately and purposely made loud banging noises for almost the entire day. I provided two audio recordings of the excessive noises to Sapphire management and the noise disturbances can be heard loud and clear on the recordings. However, Sapphire management did nothing about my complaints, so I filed a police report about the noise disturbances.

4.3.10     June 26, 2016, I was awakened by loud banging sounds emanating from Lourdes Cordero's apartment 257 around 6:30 AM and the banging noises continued until about 8:30 AM when the short-term tenants left the apartment one at a time and deliberately slammed the front and screen doors repeatedly. I called Sapphire security around 8:30 AM to complained about the excessive noises that deprived me of sufficient sleep.

4.3.11     June 27, 2016, the short-term tenants deliberately and purposely slammed the front and screen doors of apartment 257 at 1 AM and woke me out of my sleep. Later, the short-term tenants deliberately made loud banging noise disturbances that woke me at 6 AM and prevented me from returning to sleep. At 7 AM, I sent a letter to Sapphire management explaining that the excessive noises that the short-term tenants in apartment 257 were making, since Sapphire management is now refusing to accept my noise disturbance complaints by e-mail or over the phone. However, the short-term tenants in apartment 257 continued to deliberately and purposely slam the front and screen doors repeatedly well past 10:30 AM to intimidate and force me out of my home because I am black. That day,

Case: 16-3601   Document: 003112444714   Page: 25   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 20 of 119

Third Amended Complaint

a few of the short-term tenants went up to the second floor and tried to deliberately open my door. I ignored them.

4.3.12   June 28, 2016, the short-term tenants intentionally woke me out of my sleep in the morning around 6 AM with loud banging sounds and prevented me from going back to sleep because the noise disturbances continued well past 8:30 AM. Around 12:30 PM, the short-term tenants in apartment 257 exited and entered the apartment one at a time and deliberately slammed the front and screen doors repeatedly and continuously for 30 minutes to intimidate and force me out of my home because I am black. As a consequence, I suffered migraine and could not finish editing this complaint because of the excessive noise disturbances.

<u>Defendant Ellen Hansen Short-Term Tenant</u>

4.3.13   Defendant Ellen Hansen arrived at apartment 257 in the St. Vincent building on July 3, 2016, around 12 PM.

4.3.14   Defendant is in sole possession of apartment 257. A total of four person resided in apartment 257 consisting of two adult and two children.

4.3.15   Defendant as soon an arriving made loud banging sounds and deliberately and purposely slammed the front and screen doors to apartment 257 repeatedly causing blurring noise disturbances that interfered with the peaceful enjoyment of my apartment to intimidate and force me out of my home because I am black.

4.3.16   July 3, 2016, the occupants of apartment 257 deliberately and purposely slammed the front and screen doors repeatedly around 12:00 PM for one hour to intimidate and force me out of my home because I am black. I called Sapphire Security and complained about the excessive noises that defendant was intentionally causing.

4.3.17   July 3, 2016, I sent a letter to Sapphire management informing them of the excessive noise disturbances emanating from apartment 257 and requested that management informed the

Case: 16-3601   Document: 003112444714   Page: 26   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 21 of 119

Third Amended Complaint

tenants and owners of my noise complaints. I also requested for management to enforce its Rules and Regulations and By-laws.

4.3.18    July 3, 2016, occupants of apartment 257 simply went wild and deliberately and purposely slammed the sliding glass door of apartment 257 repeatedly for about one hour making blurring noise disturbances that prevented me from obtaining sufficient rest in my home.

4.3.19    Further, July 3, 2016, Defendant Ellen Hansen returned to apartment 257 around 8 PM and the occupants of apartment 257 deliberately and purposely slammed the front and screen doors repeatedly for about one hour by entering and exiting, one at a time to intimidated and force me out of my home because I am black. The noise disturbances reverberated and echoed throughout my apartment. I could not read or watch television and I suffered with severe migraine because of the loud banging.

4.3.20    July 5, 2016, I came home around 12:30 PM and defendant Ellen Hansen returned to apartment 257 and the occupants deliberately and purposely slammed the front and screen doors repeatedly, entering and exiting one at a time, for more than 30 minutes making blurring noise disturbances that caused me to suffer with severe migraine and prevent me from writing, and resting.

4.3.21    July 6, 2016, around 8 PM occupants of apartment 257 deliberately and purposely slammed the front and screen doors repeatedly making blurring noise disturbances that interfered with my apartment to intimidate and force me out of my home because I am black.

### Defendant Sarah Whyte, Cleaning Services

4.3.22    Defendants Lourdes Cordero and Thomas Cordero's retained Sarah Whyte cleaning service company to clean apartment 257 about 2 or 3 days per week.

4.3.23    Defendants Lourdes Cordero and Thomas Cordero's cleaning services have been and continued to intentionally slam the front and screen doors of apartment 257 repeatedly during the day for more than 2 to 3 hours at a time to intimidate and force me out of my home because I am black.

21

Case: 16-3601    Document: 003112444714    Page: 27    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 22 of 119

Third Amended Complaint

4.3.24       Defendant Sarah Whyte, cleaning services, deliberately and purposely made banging

loud noises during the day for more than 2 to 3 hours at a time to intimidate and force me out of my

home because I am black. I recognized defendant's vehicle because each time the defendant's vehicle is

parked in the parking lot of the St. Vincent building there are an enormous amount of noise

disturbances emanating from apartment 257. In addition, I went to Sapphire Security booth to complain

about the excessive noise that Ms. Whyte is making and how the noises prevented me from obtaining

sufficient rest. However, Sapphire Security Guard stated that the noises are natural part of cleaning the

apartment. I protested that the noises are excessive because the banging sounds last for more than 2 to

3 hours. For, example, June 23, 2016, I called Sapphire Security at about 2:30 PM to complain about the

excessive noise disturbances emanating from Lourdes Cordero's apartment. That day, defendant Sarah

Whyte was in the apartment deliberately and purposely making loud banging sounds that interfered

with my apartment during the day from 1 PM to 3:30 PM.   In addition, I sent Sapphire management

numerous e-mails about the excessive noise emanating from 257 during the days of the cleaning

services. Sapphire management did nothing about the excessive noises.

4.3.25       June 28, 2016, around 1 PM, I noticed Lourdes Cordero's cleaning services vehicle in the

parking lot of the St. Vincent building and defendant Sarah Whyte intentionally made banging noise

disturbances and deliberately slammed the front and screen doors repeatedly, well past 5 PM, to

intimidate and force me out of my home because I am black. I called Sapphire Security but Sapphire

management did nothing about the excessive noises emanating from apartment 257 for the entire day.

4.3.26       Lourdes Cordero and Thomas Cordero knew or should have known that the short-term

tenants and cleaning services are making excessive noise disturbances that are interfering with the

enjoyment of my apartment. Based on the letters from Sapphire Village Condominium Owners

Association, Board of Directors to Mr. O'Baldi and Mark Marolf, Property Manager, made the tenants

Case: 16-3601    Document: 003112444714    Page: 28    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 23 of 119

Third Amended Complaint

aware of my noise complaints. In addition, my landlord was notified when the neighbors complained about purported excessive noise emanating from my apartment.

4.3.27    I started complaining about excessive noises emanating from apartment 257 since October 5, 2015. Lourdes Cordero and Thomas Cordero are aware of my complaints about the noise disturbances that are emanating from apartment 257 and took no action to minimize or abate the excessive noises.

4.3.28    I sent more than 400 complaints and provided more than 400 audio and video recordings to Sapphire management about the excessive noises that are emanating from apartment 257. In the e-mails that I sent to Sapphire management, I explained that the short-term tenants in apartment 257 are slamming the front and glass doors repeatedly and that there are loud banging noises emanating from that apartment.

4.3.29    Defendants Lourdes Cordero and Thomas Cordero had numerous opportunity to correct the excessive noises that their short-term tenants and cleaning services are causing each time the short-term lease terminated. And there have been several short-term tenants from October 2015 to present.

4.3.30    Each time the short-term lease ended defendants Lourdes Cordero and Thomas Cordero should have either informed the new short-term tenants and Sarah Whyte about the malfunctioning or broken screen door-closer in order for the tenants to take care and not to allow the screen door to slam behind them when they entered or exited apartment 257. Alternatively, Defendants should have repaired the screen door-closer that is causing noise nuisance before leasing the apartment again.

4.3.31    The excessive and unnecessary noise disturbances that are emanating from apartment 257 during the day and at night prevented me from obtaining any rest, and deprived me of the use of my television, kitchen and leaving room. The slamming of the front, screen and sliding glass doors by the tenants and cleaning services reverberated throughout my apartment.

Case: 16-3601   Document: 003112444714   Page: 29   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 24 of 119

**Third Amended Complaint**

4.3.32    In the e-mails I sent to Sapphire management, I explained that the noise disturbance

emanating from apartment 257 are causing me to suffer with chest pains, difficulty breathing, nausea

and vomiting when the tenants slammed the doors and wake me suddenly out of my sleep. In addition,

the excessive noises are causing me to suffer with severe headache and exhaustion due to lack of

sufficient sleep and rest.

### 4.4    Excessive Noises Emanating from Defendants Lavensque's Apartment 273

4.4.1    Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent

building.

#### Defendant Matthew Swope

4.4.2    Joanne M. Lévesque and Clarence Lévesque own apartment 273 and leased it to

defendant Matthew Swope from October 2015 through April 2016.

4.4.3    Defendant Matthew Swope is Caucasian and was in sole possession of apartment 273.

4.4.4    Defendant Matthew Swope intentionally and recklessly made loud banging noises that

interfered with the enjoyment of my apartment to intimidate and force me out of my home because I

am black, starting on October 5, 2015 until he ceased possession at or about April 2016.

4.4.5    January 27, 2016, I observed and heard loud stomping sounds emanating from

apartment 273 that caused the ceiling of the vanity in my bathroom to brake. I informed Sapphire

management of the incident and requested for Sapphire management to abate the excessive noises that

were emanating from that apartment.

4.4.6    March 28, 2016, I provided 11 audios and 1 video recordings of the excessive noises

emanating from apartment 273 as the noise disturbances were occurring. In the e-mails, I explained to

Sapphire management that the excessive noises have been going on for 2 to 3 hours at a time and that

the noise disturbances are preventing me from obtaining sufficient sleep and rest. The banging and loud

sounds emanating from apartment 273 can be heard by anyone standing on the walkway and parking

24

Case: 16-3601    Document: 003112444714    Page: 30    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 25 of 119

Third Amended Complaint

lot of the St. Vincent building. Further, the noise disturbances prevent me from watching television,

reading and writing. Sapphire management did nothing about the excessive noise disturbances.

4.4.7        March 28, 2016, I filed a police report about the excessive noises emanating from

apartment 273 and 257. I explained to the Police Officer that there are loud and banging sounds

emanating from apartment 273 and 257 multiple times during the day and last about 2 to 3 hours at a

time. I informed Sapphire management about the police reports and requested that they enforced

Sapphire Village Condominium Rules and Regulations because the excessive noises are occurring well

past 11 PM and prior to 8 AM in violations of its Rules and Regulations.

4.4.8        March 29, 2016, I provided to Sapphire management three audios of loud banging

emanating from apartment 273 as the noises were occurring. In the e-mails, I explained that the noise

disturbances have been going on for hours and that the excessive noises are preventing me from

obtaining sufficient sleep and rest.

4.4.9        In addition, defendant Matthew Swope's cleaning services deliberately and purposely

slammed the front and screen doors repeatedly during the day for more than 2 to 3 hours at a time that

prevent me from sleeping, resting, reading, writing and watch television during the day.

4.4.10        Defendant Matthew Swope's cleaning service intentionally made banging loud noises

during the day for more than 2 to 3 hours at a time that interfered with the peaceful enjoyment of my

apartment to intimidate and force me out of my home because I am black.

4.4.11        I sent more than 500 complaints about excessive noise disturbances emanating from

apartment 273 and I provided more than 400 audio and video recordings of the excessive noises

emanating from apartment 273. In the e-mails to Sapphire management, I complained that the noise

disturbances are occurring multiple times during the day and lasting 2 to 3 hours at a time. Further, I

explained that the noise disturbances are preventing me from obtaining sufficient sleep and rest. In

addition, I explained that when the loud banging woke me suddenly out of my sleep, I suffered chest

Case: 16-3601   Document: 003112444714   Page: 31   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 26 of 119

Third Amended Complaint

pains, difficulty breathing, nausea and vomiting. Additionally, I complained that I am suffering with

severe headache and exhaustion as a consequence of the excessive noises emanating from apartment

273. I pleaded with Sapphire management to enforce Sapphire Village Condominium Rules and

Regulations, so I can obtain some sleep and rest because the loud banging from apartment 273

intentionally woke me out of my sleep at night and in the morning and prevent me from going back to

sleep. Each time, I fall asleep a banging sound woke me up about every 10 to 20 minutes for more than

2 to 3 hours. Sapphire management did nothing about the excessive noise disturbances.

4.4.12      Defendant Matthew Swope knew or should have known of the noise disturbances that

are emanating from apartment 273 because December 19, 2015, Mark Marolf, Property Manager,

informed the defendant of my noise complaints. Mr. Marolf explained in an e-mail to me that he spoke

to the tenant in apartment 273 and inquired about my noise complaint. The tenant stated that he was

not home. Further, the tenant explained that he was at a restaurant and has a time stamped store

receipt as evidence. I explained to Mr. Marolf, nevertheless, there are loud banging sounds emanating

from that apartment that are interfering with the use and enjoyment of my apartment.

4.4.13      Defendant Matthew Swope failed to take any action to minimize or abate the excessive

noise disturbances emanating from his apartment since October 2015 through April 2015.

4.4.14      I have not use the bedroom of my apartment to sleep, since October 5, 2015, when the

excessive noises emanating from apartment 273 and 257 started.

4.4.15      The excessive noises emanating from apartment 273 have deprived me of sufficient

sleep and rest and caused me to suffer with chest pains, difficulty breathing, nausea, vomiting, severe

headache and exhaustion. In addition, the noise disturbances interfered with normal uses of my

apartment such that Defendant Matthew Swope had essentially evicted me from my bedroom and I

could not read, write or watch television in my apartment.

Case: 16-3601    Document: 003112444714    Page: 32    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 27 of 119

Third Amended Complaint

### Defendants Moussa Mustafa and Nora Ibrahim

4.4.16    Defendants Joanne M. Lévesque and Clarence Lévesque own apartment 273 and leased it to Defendants Moussa Mustafa and Nora Ibrahim around May, 2016.

4.4.17    Defendants Moussa Mustafa and Nora Ibrahim resided at apartment 273 in the St. Vincent building during the Month of May, 2016 through June 2016. A total of four individuals lived in apartment 273 consisting of three man and one woman.

4.4.18    Defendants Moussa Mustafa and Nora Ibrahim were in sole possession of apartment 273.

4.4.19    I did not believe that the intensity of the noise disturbances could get louder and more frequent but the new tenants Moussa Mustafa and Nora Ibrahim increased the volume and frequency of the noise disturbances. My apartment simply became impossible to inhabit because the noise disturbances never ceased, I fall asleep despite of the noise disturbances because my eyes closed involuntarily from exhaustion. After a few minutes, I am awakened out of my sleep by loud banging or stomping for more than 2 to 4 hours at night or in the morning. I could not help falling back to sleep because I was so exhausted but the noise disturbances continued to interrupt my sleep soon as my eyes closed. I tried to keep my eyes opened because the process of repeatedly been awaken soon as my eyes close caused me physical pains and made me frustrated, irritated and annoyed. In the e-mails that I sent to Sapphire management, I explained that these activities amount to torture and that I am going to take my claims to the Geneva court eventually for relief. Sapphire management did nothing about the excessive noise disturbances.

4.4.20    May 13, 2016, I normally traveled to the police station to file noise complaint, but on that day I called the police to the St. Vincent building around 9 AM. I complained to Police Officer, Nigel John, that I was awakened by a loud banging sound emanating from apartment 273 around 6:30 AM and that the noise disturbances have been going on for more than 3 hours. Further, I explained that the loud

Case: 16-3601    Document: 003112444714    Page: 33    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 28 of 119

Third Amended Complaint

banging sounds emanating from apartment 273 sound like hammering and loud stomping. I asked the

Police Officers to speak to occupants of apartment 273 and asked them to cease so I can get some rest.

After, speaking with defendant Moussa Mustafa the Police Officers came back and calmly explained to

me that the occupants of apartment 273 are not hammering and that there is no damage to the floor of

their apartment. Further, the Police Officer, Nigel John, explained that Mr. Mustafa stated that "each

time they flushed the toilet it makes a banging sound and that there is a wheelchair in the apartment." I

calmly explained to Officer John that defendant Mustafa's explanations for the excessive noises made

absolutely no sense, because the occupants of apartment 273 were not flushing the toilet for more than

3 hours and I don't know what is causing the banging sounds but the noise disturbances "sounds like

hammering".

   4.4.21    Furthermore, On May 13, 2016, after the Police Officers left Sapphire Village premises,

the occupants of apartment 273 resumed making the same noise disturbances for another hour. Finally,

I heard the occupants of apartment 273 deliberately and purposely slammed the front and screen doors

and I was able to fall back to sleep immediately.

   4.4.22    May 22, 2016, I was awakened at about 1 AM by loud banging noises emanating from

apartment 273. I called Sapphire Security and complained about the noise disturbances and requested

for Sapphire management to enforce its "Quiet hours" Rules and Regulations. Sapphire management

did nothing and the noise disturbances continued. At about 2 AM, I called the police to the St. Vincent

building. I explained to the Police Officer, that I was awakened by loud banging noise disturbances

emanating from apartment 273 and if he can ask the occupants of apartment 273 to cease so I can get

some sleep because I am exhausted. The occupants did not open the door when the Police Officer

knocked. I pointed out the defendant's vehicle in the parking lot to the Police Officer.

Case: 16-3601   Document: 003112444714   Page: 34   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 29 of 119

Third Amended Complaint

4.4.23    I sent Sapphire management more than 40 complaints about excessive noises emanating from apartment 273 and provided well over 50 audio and video recordings of the excessive noises emanating from apartment 273. In the e-mails, I explained to Sapphire management, that there are banging noises emanating from apartment 273 that sound like hammering and that the noise disturbances are occurring during the day and at night well past 11 PM and prior to 8 AM in violation of Sapphire Village Condominium Rules and Regulations. I stated that the noise disturbances are more intense and severe and do not stop at all, unless I leave the apartment.

4.4.24    May 13, 2016, the Police Office informed defendant Moussa Mustafa and Nora Ibrahim that the noise disturbances emanating from their apartment were interfering with the peaceful enjoyment of my apartment. But, Mr. Mustafa and Ms. Ibrahim failed to take any action to minimize or abate the excessive noises emanating from their apartment.

4.4.25    Defendants Moussa Mustafa and Nora Ibrahim deliberately and purposely made loud banging and stomping sounds for the entire time they were in possession of apartment 273. Additionally, defendants deliberately and purposely slammed the front and screen doors repeatedly to intimidated and force me out of my home because I am black. The banging and stomping sounds and slamming of the front and screen doors deprived me of sleep and rest. Furthermore, the excessive noises made it impossible for me to cook, read and write or watch television in my apartment.

4.4.26    I suffered physical pains, severe headache and exhaustion as a consequence of the excessive noises emanating from defendants Moussa Mustafa and Nora Ibrahim's apartment.

4.4.27    Basically, Moussa Mustafa and Nora Ibrahim tortured me.

4.5    **Excessive Noises Emanating from Defendant Bernard VanSluytman's Apartment 266**

4.5.1    Apartment 266 is located on the second floor next to my apartment on the left in the St. Vincent building.

Case: 16-3601    Document: 003112444714    Page: 35    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 30 of 119

Third Amended Complaint

4.5.2    Defendant Bernard Vansluytman owns apartment 266 at 6700 Sapphire Village, St.

Vincent building, St. Thomas, 00802.

4.5.3    Defendant Bernard Vansluytman visited apartment 266, March 21, 2016 and I observed

defendant opened and held the screen door with great care as to prevent the screen door from

slamming and making blurring noise disturbances.

4.5.4    Defendant Bernard Vansluytman knew that the screen door of apartment 266 was

malfunctioning or broken and causing blurring noise disturbances when it closes, but failed to repair the

screen door prior to leasing apartment 266 to defendant Jonathon Morgan.

4.5.5    Defendant Bernard Vansluytman leased apartment 266 to defendant Jonathon Morgan

April 2016.

4.5.6    Defendant Jonathon Morgan resides at apartment 266 in the St. Vincent building since

April, 2016.

4.5.7    Defendant Jonathon Morgan is in sole possession of apartment 266.

4.5.8    Defendant Jonathon Morgan is Caucasian.

4.5.9    Defendant Jonathon Morgan deliberately, intentionally and recklessly made and

continues to make banging and knocking sounds every day in the morning between 6 AM and 7:30 AM

and in the evening between 6 PM and 11 PM weekly to intimidate and force me out of my home

because I am black. On the weekends defendant Jonathon Morgan made and continues to make loud

banging sounds and knocking sound all day until 11 PM. The loud banging and knocking sounds

emanating from apartments 266 deprived me of sleep and rest. In addition, the sounds make it

impossible for me to cook, read and write or watch television in my apartment. As a consequence of the

noise disturbance emanating from defendant's apartment, I suffered chest pains, difficulty breathing,

severe headache and exhaustion.

4.5.10    Starting in April, 2016, the new tenant, defendant Jonathon Morgan, established a daily excessive noise routine that starts by deliberately waking me up with loud banging sounds that are followed by slamming of the front and screen doors to intimidate and force me out of my home because I am black. Mr. Morgan repeats this process of entering and exiting his apartment several times between 6 AM and 7:30 AM. In addition, there are banging and knocking sounds emanating from defendant Jonathon Morgan's apartment from 6 AM to 7:30 AM. Each time, I tried to go back to sleep the banging and knocking sounds woke me up about every 10 to 20 minutes. I tried to keep my eyes open but they closed involuntarily from exhaustion. The process of been awakened when I am about to fall asleep is physically painful, irritating, annoying and frustrating. In the evening, the routine is repeated between 6 PM and 11 PM. But on the weekend, the routine goes from anywhere between 6 AM and 11 PM.

4.5.11    June 7, 2016, defendant Jonathon Morgan conducted his daily routine of excessive noise disturbances from 6 PM to 11 PM. Mr. Morgan deliberately and purposely slammed the front and screen doors repeatedly to intimidate and force me out of my home because I am black. In addition, there were banging and knocking sounds emanating through the wall of Mr. Morgan's apartment. I called Sapphire Security and complained about the excessive noises emanating from apartment 266 and that I was going to call the police. The noise disturbances continued and I called the police around 8:30 PM. I calmly explained to the Police Officer that defendant Jonathon Morgan had been making excessive noises routinely from 6 PM to 11 PM and that the noise disturbances are causing me to suffer severe headache. The Police Officer knocked on Mr. Morgan's door but he was not in the apartment and the door was opened. I observed that soon as the officer left, defendant Jonathon Morgan returned bare feet to his apartment.

4.5.12    June 11, 2016, defendant Jonathan Morgan conducted his weekend routine of making excessive noises from 6 AM to 11 PM. Mr. Morgan deliberately and purposely slammed the front and

31

Case: 16-3601   Document: 003112444714   Page: 37   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 32 of 119

Third Amended Complaint

screen doors repeatedly to intimidate and force me out of my home because I am black. In addition,

there were banging and knocking sounds emanating through the wall of Mr. Morgan's apartment. I

called Sapphire Security and complained about the excessive noise disturbances but Sapphire took no

actions. I went to the police station and filed a complaint about excessive noises emanating from

apartment 266 and I explained to the Police Officer that the noise disturbances have been occurring

since 6:30 AM and continued well past 5 PM.

4.5.13      June 19, 2016, defendant Jonathon Morgan went through his routine and made

excessive noise disturbances all day to intimidate and force me out of my home because I am black. I

called Sapphire Security to complained about the excessive noises but Mr. Morgan continued until

about 12 AM. The next day, I suffered nose bleed and severe migraine.

4.5.14      Defendant Jonathon Morgan knew or should have known about the noise complaints

that I made to Sapphire management because Sapphire Security told me each time I called to complain

that they will send someone to his apartment. For example, June 23, 2016, I called Sapphire Security

about excessive noises that are emanating from apartment 266 for about an hour. The Security Guard

informed me that Mr. Morgan just got home. I explained to the Security Guard that I have been

recording the noise disturbances for more than an hour and that Mr. Morgan's vehicle is in the parking

lot. Therefore, it is Sapphire management's responsibility to stop the noise disturbance. Sapphire

Security Guard knocked on Mr. Morgan's door but he did not open his door. Once, the Security Guard

had left, defendant Jonathon Morgan resumed making excessive noise disturbances. Furthermore, Mr.

Morgan routine is to come in and out of his apartment and deliberately slammed the front and screen

doors repeatedly. That day, defendant Jonathon Morgan left his apartment several times within an hour

slamming the front and screen doors and making loud banging noises.

Case: 16-3601    Document: 003112444714    Page: 38    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 33 of 119

Third Amended Complaint

4.5.15      June 26, 2016, around 8:30 AM after defendant Lourdes Cordero's short-term tenants left, defendant Jonathon Morgan started to make excessive banging noises.

4.5.16      June 27, 2016, I was awakened around 4:00 AM by loud banging sounds emanating from apartment 266 and the noise disturbances continued until I fall back to sleep around 5 AM. As recently as June 29, 2016, I was awakened around 6 AM by loud banging noise disturbances emanating from apartment 266 but I fall back to sleep, despite the banging noises because I was so exhausted from only 4 hours of sleep from the previous days.

4.5.17      I sent 14 letters to Sapphire Village Condominium Owners Association about excessive noise disturbances emanating from Defendants Bernard Vansluytman and Jonathon Morgan's apartment 266 from June 27 through July 15, 2016. I complained about the excessive construction noise emanating, from apartment 266 from 8:30 AM to well past 7:30 PM, for an entire week between July 7 through July 10, 2016. The blurring construction noises that included loud banging and drilling practically impaired my apartment for the entire day. I had to leave my apartment because I could not sleep, rest, read, write or watch television in my apartment during the construction.

4.5.18      In the letters I sent to Sapphire Village Condominium Owners Association, I complained that defendant Jonathon Morgan has been making loud banging noise disturbances from 5:30 PM through 11 PM. In addition, I explained that Mr. Morgan is violating Sapphire Rules and Regulations. Specifically, I stated that on July 8, 2016, I was awakened at 4 AM by loud banging noise disturbances emanating from apartment 266 and July 11, 2016, Mr. Morgan deliberate and purposely made banging noise disturbances that woke me out of my sleep every hour from 2 AM through 7 AM. That day, I suffered with severe exhaustion, headache, and nausea.

4.5.19      July 15, 2016, I called the police at 1 AM to investigate loud banging noise disturbances that were emanating from Defendant Jonathon Morgan's apartment starting at 12 AM. I explained to

Case: 16-3601 Document: 003112444714 Page: 39 Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM Document #: 34 Filed: 07/28/16 Page 34 of 119

Third Amended Complaint

the police officer that defendant woke me up deliberately with loud banging noise disturbances each time I fall back to sleep within an hour. Mr. Morgan spoke to the police officer that night and I was able to get some sleep until 6 AM when the defendant woke me up again with loud banging noise disturbances that lasted for an hour.

4.5.20    I did not make any noise complaint about the prior tenant of apartment 266. Although the screen- door slammed, she took great care not to allow the screen door to slammed in the morning or late at night when she entered or exited the apartment. In addition, I did not hear any excessive banging or knocking sounds emanating from her apartment from October 2015 through March 2016.

4.5.21    I sent Sapphire management more than 150 excessive noise complaints and more than 50 audio and video recordings of the noise disturbances emanating from defendant Jonathon Morgan's apartment. In the e-mails that I sent to Sapphire management, I explained that there are loud banging and knocking sounds emanating from apartment 266 in the morning that are depriving me of much needed sleep and rest and that the noise disturbances are in violations of Sapphire Village Condominium Rules and Regulations. Sapphire management did nothing about the excessive noise disturbances.

4.5.22    July 16, 2016, I sent a letter to Sapphire Village Condominium Owners Association, explaining that defendant Jonathon Morgan continued to make loud banging noises in the afternoon from 5:30 PM to 11 PM. Further, I was awakened that morning by loud banging emanating from apartment 266 prior to 8 AM.

4.5.23    Defendant Jonathon Morgan took no actions to minimize or abate the noise nuisance or repair the screen door-closer. As a consequence of Mr. Morgan's actions, I suffered chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

4.5.24    Basically, Defendant Jonathon Morgan is torturing me.

Case: 16-3601   Document: 003112444714   Page: 40   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 35 of 119

Third Amended Complaint

### 4.6   Excessive Noises Emanating from Madlon Jenkins-Rudziak's Apartment 274

4.6.1      Madlon Jenkins-Rudziak owns apartment 274 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

4.6.2      Madlon Jenkins Rudziak leased apartment 274 to James Koulouris and another man since October 2015, through present.

4.6.3      Defendant James B. Koulouris is in sole possession of apartment 274.

4.6.4      Defendant James Koulouris shares apartment 274 with another man. Both men share the same vehicle a black jeep, plate number TEK-741 U.S. Virgin Island. When defendant James Koulouris's vehicle is parked at the St. Vincent building there are excessive noises emanating from apartment 274.

4.6.5      Defendant James Koulouris visits apartment 274 every day and each time defendant Mr. Koulouris and his family deliberately and purposely slammed the front and screen doors repeatedly causing loud banging sounds that reverberated throughout my apartment for more than 2 hours to intimidate and force me out of my home because I am black.

4.6.6      Defendant James Koulouris know that the screen door slammed when it closed, because of the blurring noise disturbance.

4.6.7      July 21, 2016, the occupants of apartment 274 deliberately and purposely made banging and loud screaking sounds for more from 7 AM through 10 AM to intimidate and force me out of my home because I am black. I sent a letter to Sapphire Village Condominium Owners Association, explaining the nature and extent of the noise disturbances emanating from apartment 274. I requested that Sapphire management informed the owners and occupants of apartment 274 that they are causing noise disturbances that are interfering with my sleep and rest. In addition, the noise disturbances are preventing me from reading, writing and watching television.

Case: 16-3601    Document: 003112444714    Page: 41    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 36 of 119

Third Amended Complaint

4.6.8       July 23, 2016, I sent a letter to Sapphire Village Condominium Owners Association,
explaining that the occupants of apartment 274 made loud banging noise disturbances from 8 PM
through 10 PM that interfered with the lawful and peaceful enjoyment of my apartment.

4.6.9       July 24, 2016, I sent a letter to Sapphire Village Condominium Owners Association,
about the excessive noise disturbances that continued to emanate from apartment 274. I explained that
the occupants of apartment 274 purposely made loud banging and screaking sounds around 9 PM for
more than one hour. The noise disturbances prevented me from resting, writing and reading.

4.6.10      July 25, 2016, James Koulouris and his family started making banging and screaking
sounds from 7 AM through 10 AM. I observed Mr. Koulouris's vehicle in the parking lot of the St. Vincent
building and when I exited my apartment, Mr. Koulouris and his family also exited their apartment and
ran down the stair to the vehicle.  Later that day, around 4 PM the occupants of apartment 274 went
wild with noise disturbances.  The occupants purposely and deliberately made loud banging and
screaking sounds for more than 3 hours continuously to intimidate and force me out of my home
because I am black. The noise disturbances woke me from a nap and prevented me from reading,
writing or watch television. Essentially, defendants impaired my apartment for the entire day. About 9
PM defendants resumed making loud banging noise disturbances and loud screaking sounds well past 12
AM to intimidate and force me out of my home because I am black.

4.6.11      July 26, 2016, James Koulouris and his family deliberately and purposely woke me out of
my sleep around 7 AM with loud banging sounds that went well pass 10 AM to intimidate and force me
out of my home because I am black. Each time I fall asleep, I was awakened suddenly by a loud banging
or screaking sounds emanating from apartment 274.  Around 12 PM, defendant James Koulouris and his
family purposely and deliberately slammed the front and screen doors of apartment 274 repeatedly
until 1 PM, to intimidate and force me out of my home because I am black. In addition, Mr. Koulouris
family ran up and down the stairs and walkways of apartment 274 repeatedly and deliberately stomping

36

Case: 16-3601   Document: 003112444714   Page: 42   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 37 of 119

Third Amended Complaint

their feet causing loud sounds that interfered with the peaceful enjoyment of my apartment. I could not use the kitchen to make something to eat because of the excessive noises.

4.6.12    July 26, 2016, I sent a letter to Sapphire Village Condominium Owners Association, stating that James Koulouris and his family and other occupants of apartment 274 are purposely and deliberately violating Sapphire Rules and Regulations and by-laws to intimidate and force me out of my home because I am black.

4.6.13    In addition, July 26, 2016, I came home around 4 PM, I observed James Koulouris vehicle in the parking lot of the St. Vincent building. James Koulouris deliberately and purposely made banging and screaking sounds from 4 PM to well past 6 PM, to intimidate and force me out of my home because I am black.

4.6.14    July 27, 2016, James Koulouris and his family made loud banging and screaking sounds in the morning that woke me out of my sleep repeatedly from 7 AM through 8 AM.

4.7    **Sapphire Village Condominium Owners Association and Neighbors Tactics to Discredit My Noise Complaints**

4.7.1    Sapphire management and the neighbors used several tactics to discredit my noise complaints and make me appeared like a fool complaining about noise disturbances coming from an empty apartment so they can gang up and discriminate against me to force me out of my home because I am black. One of the tactics involved excessive noise disturbances occurring during a time when the neighbors are guaranteed not to be home and have evidence that they are not home. For example, December 9, 2015, defendant Mark Marolf sent an e-mail explaining that defendant Matthew Swope, in apartment 273, claimed that he was at a restaurant and can evidence that no one was in the apartment because he has a time stamped receipt from the restaurant. December 12, 2015, Mr. Marolf sent another e-mail to me stating that "He is not there, it could be the roofers". Mr. Marolf was right that Sapphire construction crew was making a lot of noise disturbances repairing the roof of the St. Vincent

37

Case: 16-3601   Document: 003112444714   Page: 43   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 38 of 119

Third Amended Complaint

building, however, in addition to the construction noises, there were a lot of banging sounds emanating

from apartment 273 prior and during the construction noises. By November 2015, Sapphire

management became aware that I made recordings of the loud banging noises emanating from

apartment 273 and 257, as such, they tried to make the source of the noise disturbances ambiguous to

discredit my complaints, so they would not have to enforce Sapphire Village Condominium Rules and

Regulations. I have sent to Sapphire management more than 500 video and audio recordings of the

noise disturbances and I am not deaf, so I can hear foot step; doors opening and closing; bathroom been

flushed; furnishers screaking. In sum, there are always someone in the apartment for the period I am

complaining about the noise disturbances. The excessive noises, I complained about emanated from

apartments 273 and 257 and after March, 266 as well.

    4.7.2       A second tactic used by Sapphire Village Condominium Owners Association and

neighbors to discredit my excessive noise complaints involved excessive noise disturbances occurring for

more than 2 to 3 hour multiple times during day or at night and thereby making it intolerable for me to

stay in my apartment. At some point, I informed Sapphire management of the noise disturbances and

that I am going to call the police. Sapphire management told the tenants that I have called the police

about the noise disturbances. When the Police Officer arrived and the tenants pretended not to be

home and refused to answer the door. Several times, I have pointed to the Police Officer the vehicle that

belongs to the tenant in the parking lot of the St. Vincent building.

    4.7.3       June 11, 2016, I went to the police station to file a complaint about excessive noises

emanating from apartment 266 and the Police Officer informed me that Sapphire management stated

that I was lying and that the neighbors are not making any noise disturbances. Further, Sapphire

management explained to the police that they investigated my noise complaints only to find no one in

the apartments and that if the neighbors were making the noises that I described there would be

damaged in apartments 273, 266 and 257 and that is not the case. I explained to the Police Officer that I

Case: 16-3601   Document: 003112444714   Page: 44   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 39 of 119

Third Amended Complaint

always called Sapphire Security to resolve and stop the noise disturbances prior to having to call the police. The neighbors left their apartments before the police arrived and reappeared after the police leaved. The neighbors knew that I called the police because Sapphire management told them and I cannot make them stay there until the police arrived. Furthermore, I observed and documented the neighbors running out of their apartments and jumping in their cars, after I sent complaints to Sapphire management about the noise disturbances emanating from apartment 273, 257 and 266. That is the reason why the neighbors are not there by the time Sapphire Security or Sapphire Management arrived under false pretense to investigate noise disturbances.

4.7.4    Sapphire management and the neighbors know very well that I live alone and nobody has come to visit me. I don't have any family or friends in the U.S. Virgin Islands, as such, there is no one to corroborate the noise disturbances they are making.  Sapphire management and the neighbors used that information to blatantly lied to the police about the excessive noise disturbances and alleged that either I am making the noise disturbances in the recordings or I am hearing noises that are not occurring. But that strategy failed as well, for the following reasons:

a.   It is a fact that in the St. Vincent building all the apartments' front and screen doors slammed when it closes making blurring noise disturbances, except for my front and screen doors.

b.   It is a fact that I observed and documented Lourdes Cordero's short-term tenants deliberately and purposely slamming the glass and screen doors.

c.   It is a fact that, I recognized the tenants' vehicle in the parking lot during the excessive noise disturbances. I know the tenants' vehicle because I have observed them entering and exiting their vehicles in the St. Vincent building parking lot.

d.   It is a fact that on May 26, 2016, Sapphire Security Guard informed me that another neighbor had called to complain about excessive noises emanating from apartment 257

Case: 16-3601    Document: 003112444714    Page: 45    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 40 of 119

Third Amended Complaint

and I provided Sapphire management with irrefutable video evidence of excessive noises

emanating from apartment 273 at 1 AM that night.

e.  It is a fact that I have never complained about excessive noises emanating from apartment

266 until the new tenant Jonathon Morgan arrived in April 2016.

f.  It is a fact that on December 7, 2015, I observed defendant Mark Marolf in apartment 266

making repairs and intentionally creating a lot of noise disturbances.

g.  Finally, it is a fact that I cannot make construction noise disturbances because I do not own

a drill, jackhammer or an Aerial platform.

4.7.5    Sapphire management and the neighbors are deceitful and they blatantly lied to the

police to conceal their illegal activities and violations of my fair housing right and U.S. Virgin Island laws.

4.7.6    The neighbors in apartment 273, 266 and 257 are making excessive noise disturbances

and the noise is real.

4.8    <u>Defendants Sapphire Village Condominium Owners Association Severe and Intense</u>

<u>Construction Noise Nuisance</u>

4.8.1    In the e-mails that I sent to Sapphire management, March 1, 2016, I made Sapphire

management aware that they are causing severe and intense noises that are interfering with the

enjoyment of my apartment. Specifically, I stated that Sapphire management is not an innocent third

party but an active participant that makes unreasonable noises to force me out of my home because I

am black.

4.8.2    Sapphire management made more constructions and repairs on the St. Vincent building

than the other 6 buildings in the Sapphire Village Development because I complained about excessive

noises emanating from my white neighbors' apartment and Sapphire management wanted to target my

apartment during the constructions for more noise disturbances to force me out of my home because I

am black.

Case: 16-3601    Document: 003112444714    Page: 46    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 41 of 119

Third Amended Complaint

4.8.3        Defendant Sapphire Village Condominium Owners Association conducted four major

construction projects on the St. Vincent building between October 2015 through March, 2016. The

constructions were on the following part of the St. Vincent building: (1) One underneath the building, (2)

One on the front of the building, and (3) Two on the roof of the building.  The constructions activities

started at 9 AM and end around 6 PM with each lasting between one to four weeks.

4.8.4        The construction crews number between two to six construction workers. The

equipment that were used include but not limited to: Aerial work platform; Jackhammers and breakers;

Drills, Welders; Power Equipment; Hammers and ladders.

4.8.5        Defendants Sapphire Village Condominium Owners Association failed to provide

warning or post notice for any of the constructions projects on the St. Vincent building. Specifically,

there were no construction notices posted on the St. Vincent building for any of the construction

projects. I find out about each construction project when I am awakened by the loud banging or

drillings.

4.8.6        Sapphire management and construction crew knew or should have known that I was

home because several times I went outside to observe and document the excessive construction noises

near my apartment. The construction crews knew I was home because they saw me standing on my

balcony when they were banging a hammer deliberately and intentionally to create blurring noise

disturbances.

4.8.7        December 12, 2015, I was awakened by loud construction noises that lasted the entire

day for one week. The construction workers deliberately made blurring noises that impaired my

apartment the entire day. Defendant Mark Marolf, Property Manager, knew I was home during the day

because he replied to my complaint about excessive noises.  I observed construction workers on the

roof of the building with drilling equipment. As a consequence of the loud drilling noises, I could not

sleep, watch television, or read a book. I simply had to leave the apartment during the day.

4.8.8        February 1, 2016, I was awakened in the morning by loud construction noises emanating

from the front of the St. Vincent building. The construction activities lasted for approximately 3 to 4

weeks.  The loud banging noises caused my apartment to vibrate and made it impossible to remain

inside, even with the door and windows closed.

4.8.9        Sapphire management directed the construction workers to deliberately and

intentionally target my apartment for more noises by stationing the Aerial platform and construction

vehicles directly in front of my bedroom window. The Aerial platform's engine was loud and made loud

beeping sounds each time the crew adjusted the crane to work on a different sections of the roof. In

addition, the construction crew congregated with their equipment right in front of my balcony and

yelled directions at each other.   For example, March 24, 2016, I was awakened in the morning by loud

construction noises coming from the roof of the St. Vincent building. I observed construction workers on

an Aerial work platform removing part of the roof of the building with drills. The construction became

extremely loud when the construction workers started to work above my apartment. I observed one of

the construction workers deliberately and purposely banging a hammer repeatedly on the part of the

roof right in front of my balcony, but during the entire four weeks the construction crew did not use a

hammer for the other part of the roof.  In addition, the construction crew spent an extra week working

on the section of the roof right above my apartment and made an extreme amount of noises drilling and

hammering that caused my apartment to vibrate. I was unable to use my apartment during the four

weeks' construction for the entire day, even with the door and windows closed.

4.8.10        March 30, 2016, I sent Sapphire management an e-mail and made them aware that the

excessive construction noises are effecting my health and that I was suffering with nose bleed.

### 4.9        Sapphire's Maintenance Staff Severe and Intense Noise Nuisance

4.9.1        Defendant Sapphire Village Condominium Owners Association directed its maintenance

staff to deliberately and intentionally target areas right by my apartment in the St. Vincent building to

Case: 16-3601    Document: 003112444714    Page: 48    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 43 of 119

Third Amended Complaint

perform landscaping and gardening duties between 7 AM and 8 AM. The landscaping and gardening activities caused intense and severe noise disturbances early in the morning that deprived me of sleep and rest from November, 2015 through June 2016.

4.9.2    The landscaping equipments included: handheld lawnmowers, chain saws, ratchet prumers, and hedge trimmers. Specifically, November 4, 2015, Sapphire's maintenance staff made banging noises with gardening equipment at 7:30 AM across from my apartment in front of the St. Vincent building that interfered with my sleep even with my door and windows closed.

4.9.3    November 11, 2015, Sapphire's maintenance staff made loud noises with gardening equipment in front of the St. Vincent, building during the early morning hours, that interfered with my sleep even with my door and windows closed.

4.9.4    November 22, 2015, Sapphire's maintenance staff made loud noises by my apartment that interfered with the peaceful enjoyment of my apartment.

4.9.5    December 7, 2015, Mark Marolf made loud banging noises, in the middle of the day, while he was during repairs in apartment 266. And I had to leave my apartment.

4.9.6    February 17, 2016, Sapphire's maintenance staff made banging noise by the door of my apartment while cleaning in front of the St. Vincent building, around 8:49 AM and the noises interfered with my sleep.

4.9.7    March 22, 2016, Sapphire maintenance's staff made loud banging noises that interfered with my sleep. I observed Sapphire's maintenance staff drilling and hammering the door of apartment 275 before 9 AM.

### 4.10    Defendant Jacqueline Lindberg racial harassment and intimidation

4.10.1    During the month of October 2015, defendant Jacqueline Lindberg appeared and spoke to me in Spanish when I walked on the walkway in front of the St. Vincent building.

Case: 16-3601   Document: 003112444714   Page: 49   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 44 of 119

Third Amended Complaint

4.10.2     During the month of October, 2015, defendant Jacqueline Lindberg appeared on the

walkway in front of the St. Vincent building and stated "Here is the character," "Are you knocking

your head against the wall or something?" I ignored her and walked away.

4.10.3     During the month of October, 2015, several times I returned home to find Defendant

Jacqueline Lindberg seating on a little chair on the walkway beside the wall of my apartment.

4.10.4     During the month of October, 2015, several times I returned home to find Defendant

Jaqueline Lindberg's little chair empty on the walkway beside the wall of my apartment.

4.10.5     October 27, 2015, defendant Jacqueline Lindberg appeared, on the walkway, with a

transparent plastic container that had food and bread. I ignored Ms. Lindberg and walked away. Later

that day, I returned home to find the container with food in front of the door of my apartment.

4.10.6     October 27, 2015, I filed a complaint with the police about excessive noise disturbances

emanating from apartment 273 and 257 and I explained to the police that defendant Jacqueline

Lindberg was stalking and harassing me. Several times, I left my apartment she appeared on the

walkway and begun to speak to me.

4.10.7     November 4, 2015, Defendant Jacqueline Lindberg appeared and stated that it would be

like hell for me in the complex....666.

4.10.8     During the month of June, several times Defendant Jaqueline Lindberg made snares and

weird faces at me, while I was standing on the walkway in front of my apartment.

4.10.9     June 11, 2016, Defendant Jacqueline Lindberg stated that "don't fuck with me brother"

while I was standing on the walkway in front of my door.

### 4.11     Neighbors and Group of Individuals Gang Stalking and Racial Harassment at Sapphire Village

4.11.1     Since, October 5, 2015, a group of my neighbors and group of individuals are engaging in

gang stalking, harassment, intimidation and discrimination, to force me to move out of Sapphire

Condominium Development because I am black.

4.11.2      Gang stalking is a form of community covert organized and coordinated surveillance and

harassment of a targeted individual by multiple perpetrators with the intent to systematically isolate

and harass.

4.11.3      The neighbors and group of individuals engaged and continue to engage in the following

predatory and criminal course and pattern of conducts:

   a. During the month of October, I returned to my apartment from a walk around the

      Development to find some sort of drawing in front of my door.

   b. November 1, 2015, I returned home from a walk to find the doorknob of my apartment

      broken and damage to the door. I reported the vandalism to Mr. O'Baldi, the police and

      Mark Marolf, Sapphire Property Manager. And, I filed a police report.

   c. Any time, I walked around the Sapphire Village Development, the neighbors and groups of

      individuals deliberately and purposely lunged at the corner of my eyes at fast speed and

      they also deliberately blocked my pathway.

   d. Any time, I walked around the Sapphire Village Development, the neighbors and group of

      individuals followed me around. For example, December 15, 2015, I noticed a men following

      me and deliberately flicking his head wildly once I looked-up.

   e. Any time, I ran for exercise around Sapphire Development, the neighbors and group of

      individuals deliberately lunged at the corner of my eyes at fast speed and they also

      purposely blocked my pathway.

   f. Any time, I ran (exercising) several cars lunged at the corner of my eyes at fast speed, well

      above the 5 miles speed limit, at specific locations on the track. The individuals in the cars

      drive toward me deliberately and purposely in a menacing manner and several times the

      cars almost hit me.

Case: 16-3601   Document: 003112444714   Page: 51   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 46 of 119

Third Amended Complaint

g.  Any time, I used the balcony of my apartment, the neighbors and group of individuals

suddenly appeared like vultures and parasites to perform what amount to theater and

making gestures at me, when I tried to ignore them, they slammed their car doors

repeatedly or stomped their feet.

4.11.4    While working past the Sapphire Village Development pool and restaurant area, one of

the neighbors stated "If you don't leave you will die here"

4.11.5    Several times, the neighbors and group of individuals at Sapphire Village Development

screamed at me "go home" or "go back to where you came from."

4.11.6    April 10, 2016, during a black out, I walked around the Sapphire Village Development on

a dirt track between Sapphire Beach Resort and Marina and the Dominica building (one of the seven

buildings in the Sapphire Village Development). The Marina was lighted, although none of the buildings

had any lights. A white men threw a water bottle at my head and barely missed. He was standing on the

balcony of one of the apartments in the Dominica building facing the Marina. The man was not fat. I

took pictures of the water that landed on my shoulders and the half full water bottle on the grass. Then,

I reported the incident to Sapphire Security Guard, Kevin, that was on duty and who observed the water

bottle on the floor. He asked a fat white man standing on one of the apartment's balcony of the

Dominica building if he threw the water bottle. The fat man said no. I subsequently reported the

incident to Sapphire management with the pictures.

4.11.7    Sapphire Village Condominium Owner Association is in possession and control of the

area surrounding the Dominica building where the water bottle incident occurred.

4.11.8    Sapphire Village Condominium Owner Association took no actions about the water

bottle incident.

4.11.9    The neighbors and group of individuals prevent me from using the pools or frequent the

Sapphire Bar & Grill restaurant because of the constant stalking and harassment. Further, I am unable to

Case: 16-3601    Document: 003112444714    Page: 52    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 47 of 119

Third Amended Complaint

enjoy my balcony and any of the amenities and facilities that Sapphire Hill Village Condominium

provides.

### 4.12    Neighbors and Group of Individuals Gang Stalking and Racial Harassment at Sapphire Beach

4.12.1       Each time, I went swimming at Sapphire beach the neighbors and group of individuals

waited to harass and intimidate me. The neighbors and group of individuals performed street theater,

made threats, blocked my path on the sand and in the water, exaggerated their movement standing on

the sand or in the water or moved their head wildly.

4.12.2       Each time, I visited Sapphire Beach to swim, the neighbors and group of individuals

blocked my path. Specifically, on December 28, 2015, a woman and a child recklessly drove her sailing

board toward my head while I was swimming. I had to jump to the side in order to avoid hitting my face.

4.12.3       On January 4, 2016, a group of men repeatedly threw their football at my direction in

order to provoke me and there have been several instances the ball almost hit me. These individuals

also deliberately splashed water at meet with their feet and other objects in order to irritate and

provoke me.

4.12.4       On January 6, 2016, I started going to the beach after 4:30 PM because the group of

individuals that were brought in leaved at 4 PM. However, they stayed past 4:30 PM in order to harass

me. On that day, several men deliberately blocked my path in the water, wildly moved their heads in

my direction and splashed water at me.

4.12.5       April 30, 2016, a group of individuals that were staying in apartment 259 of the St.

Vincent building followed me to Sapphire Beach. I was walking on the beach, when a white man about 6

foot 2 and weighing more than 300 lb., with another white man and two white women were walking by

me. I was passing them when the man said to me "I will beat it the shit out of you" I looked back and he

Case: 16-3601   Document: 003112444714   Page: 53   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 48 of 119

Third Amended Complaint

was signaling for me to come back to fight him. I was frightened but I continued to walk away from him

and documented the incident. An entire week after the incident, the man and his family continued to

appear each time I went to the beach or left the beach area to go back to my apartment. I ignored all of

them but the man spoke louder saying things like "JR".

### 4.13    Neighbors and Group of Individual Gang Stalking and Racial Harassment Outside of Sapphire

4.13.1    The neighbors and group of individuals use Sapphire Village Condominium Development

as a base to conduct gang stalking and fellow me to the: stores; doctor's office; lawyer's office and the

beach. These malicious and predatory behaviors by these neighbors and group of individuals are

affecting my health in general. In addition, these individuals are violating and interfering with my

privacy, ability to receive proper and efficient medical treatment, access to competent and effective

legal advice and access to proper nutrition.

4.13.2    Each time, I take the Safaris (Bus) a group of individuals from Sapphire Village     .

Development followed me to the bus stop or waited for me there.

4.13.3    Each time, I took the Safari a group of individual harassed me on the bus, made

excessive head movements, showing me food and money, touching and pushing me. For example, on

March 14, 2016, one of the individuals that was acting wild on the bus and deliberately and purposely

hit me on my leg with his hand, leaving a visible mark. I did not react to the assault because the goals of

this group are to make me look foolish, aggressive, violent and unstable.

4.13.4    Each time, I exited the bus a group of individuals congregate around the bus to

deliberately: block my path, push me, step on the back of my sandals, elbow me, hit me with their purse

and other items.  I did not react to these assaults and batteries because this group goals are to make me

look foolish, aggressive, violent and unstable.

4.13.5    Each time, I walked on the sidewalk a group of individuals deliberately and purposely blocked my path, pushed me and elbowed me to irritate, annoy, taunt me and trying to get me to react violently. They followed me on the sidewalk and pointed to their clothing, exaggerated their body movements and deliberately flicked their heads. I did not react to the unwanted touching and assault. When I ignored them they proceeded to deliberately block my pathway and make disturbing noises. I repeatedly have to ask them to move out of my way and stop hitting me.

4.13.6    Neighbors and group of individuals from Sapphire village followed me and engaged in the following course or pattern of conducts when I visited the grocery store to purchase food at: (1) Moe's Fresh Market; (2) Pueblo Super Market; (3) Exxtra Super Market ;(4) The Food Center (5) Kmart (6) Chelsea Drug Store; (6) Other convenient stores:

> a.  Each time, these individuals waited for me at the store or arrived at the store to harass me. They followed me throughout the entire store and deliberately pushed or touched me and ran shopping carts on my heels to irritate and annoy me.
>
> b.  Each time, these individuals congregated on the aisles and blocked the aisle with their carts and prevent me from going through the aisles.
>
> c.  Each time, these individuals hide behind the aisles and deliberately lunged at the corner of my eyes when I looked up. They exaggerated their body movements and flicked their heads wildly. When I ignored them they stomped their feet and made noise disturbances. For example, November 18, 2015, a group of individuals followed me into Moe's Fresh Market, in Red Hook, and deliberately lunged at the corner of my eyes and made exaggerated head movements.
>
> d.  Each time, I am waiting at the register to pay for my food, these individuals deliberately and intentionally lunged at the corner of my eyes at fast speed repeatedly.  For example, November 24, 2015, a group of individuals followed me into Moe's Fresh

49

Market and a guy wearing a red hot particularly followed me throughout the store and

deliberately and purposely lunged at the corner of my eyes at the register.

e.  The store staffs and managers participated in these activities for example, I went to

purchase food to feed myself at the Moe's Fresh Market and several times, the manager

at Moe's Fresh Market followed me throughout the entire store and harassed me. I

explained to him that I am not stealing and that I can afford to pay for the groceries.  He

replied that "I am going to follow you everywhere you go and we have the right to

refuse your business." He refused to allow me to pay for my groceries and called the

police. The manager has done nothing about the group of individuals that followed me

to the store or waited for me at the store to harass me.

4.13.7    A group of individuals from Sapphire Village Development followed me and engaged in

the following course or pattern of conducts when I visited any restaurant establishment: (1) Wendy's;

(2) McDonald:

a.  Each time, these individuals waited for me at the restaurant or arrived at the store to

harass me. They formed a long line and stand in front and behind me in the restaurant.

b.  Each time, these individuals deliberately lunged at the corner of my eyes when I looked

up. They deliberately exaggerated their body movements and flicked their heads wildly.

When I ignored them they stumped their feet and made noise disturbances.

c.  The entire store's staff at Wendy's and McDonald deliberately performed these same

activities repeatedly until I left the store.

4.13.8    A group of individual from Sapphire Village followed me and engaged in the following

course or pattern of conducts when I visited any car rental places: (1) Airport (2) Budget:

Case: 16-3601    Document: 003112444714    Page: 56    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 51 of 119

Third Amended Complaint

     a. Each time, these individuals waited for me at the rental place or arrived at the Airport to harass me. They formed a long line and stand in front and behind me at the Airport.

     b. Each time, these individuals deliberately lunged at the corner of my eyes when I looked up. They deliberately exaggerated their body movements and flicked their heads wildly. When I ignored them they stomped their feet and made noise disturbances.

     c. Each time, I am at the Airport to rent a car these individuals deliberately and purposely ran over my feet with their suitcase and blocked my pathway.

     d. The entire store staff of the rental car places deliberately performed these same activities repeatedly until I left the Airport.

4.13.9     I am unable to receive proper medical care because a group of individuals followed me and waited for me at the hospital and doctor's office. Further, I am unable to retain an attorney and receive proper legal advice because these individual followed me to my previous attorney's office. These individuals from Sapphire Village Development followed me and engaged in the following course or pattern of conducts when I am obtaining necessary services: (1) Schneider Regional Medical Center (2) Red Hook Family Practices (3) Attorney's Office:

     a. These individuals followed me to the emergency room and performed what amount to theater. In addition, June 22, 2016, I visited Red Hook Family Practice, and a man and woman waited for me at Sapphire Village bus stop and took the bus with me to Red Hook. While, I was waiting outside for my appointment I noticed the man and women by the Doctor's Office.

     b. Each time, these individuals deliberately lunged at the corner of my eyes when I looked up. They deliberately exaggerated their body movements and flicked their heads wildly and when I ignored them they deliberately stomped their feet and made noise disturbances.

51

Case: 16-3601   Document: 003112444714   Page: 57   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 52 of 119

Third Amended Complaint

    c.  Each time, I visited an attorney's office these individuals followed me to my attorney

office and make threatening comments such as "Wait," "You are going to jail" and "I

know and we got you." For example, November 20, 2015, I visited an attorney in

Charlotte Amelie for legal advice on these activities and a group of individuals followed

me from the bus stop at Sapphire Village Condominium Development to the attorney's

office. These individuals made all kinds of threats and comments.

4.13.10    The neighbors and group of individuals are even more aggressive outside of the

Development. As such, I constantly have to carry video recording devices to prevent the group

inside or outside of Sapphire Village Development from going completely out of control and causing

me serious bodily harm, as they have threatened to do.

    **4.14**    <u>Sapphire Village Condominium Owners Association Disparate Treatment of Me</u>

4.14.1    Defendants Sapphire Village Condominium Owners Association have been treating me

and continue to treat me differently and unfairly from the other white tenants and owners at Sapphire

Village Condominium Development.

4.14.2    October 2015, when the white neighbors made noise complaints allegations about

purported excessive noises emanating from my apartment, the Board of Directors, of Sapphire Village

Condominium Owners Association, acted zealously and aggressively to establish that I was making the

noise disturbances. Mark Marolf, Property Manager, called the police twice to my apartment and he

was accompanied with Sapphire Security Guards. But, Sapphire management has not called the police

about any of the noise complaints that I made. Further, Mr. Marolf, the police and Sapphire Security

Guard examined every room in my apartment for sign of damages or items that can be used to make

excessive noises for more than 30 minutes. I answered every questioned that the Police Officer and Mr.

Case: 16-3601    Document: 003112444714    Page: 58    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 53 of 119

Third Amended Complaint

Marolf asked. At the end of the investigation, Sapphire Security Guard and the Police Officer concluded
there is nothing here.

4.14.3    October 9, 2015, Mark Marolf and Sapphire Security came to my apartment to
purportedly investigate noise disturbances that were emanating from my apartment. But, this time I
realized that Sapphire management was acting in bad faith because I had observed on October 5, 2015
that all of the front and screen doors in the St. Vincent building slammed when it closed creating
blurring noises. So I refused to provide access to my apartment to Sapphire management. Mr. Marolf
and Sapphire Security Guard were so aggressive they followed me around the entire development of 5
acres until I got to the entrance of the Development and Mr. Marolf stated "I am going to follow you
everywhere you go, until you speak to me." Mark Marolf and Sapphire Security Guard never followed
any of the white tenants when the left, after I called the police. And yes, the tenants have fled after I
called the police about the noise disturbances and returned to the apartment once the Police Officer
leaved.

4.14.4    By the end of October, 2015, I received a letter from Sapphire Village Condominium
Owners Association, Board of Directors, addressing the white neighbors' complaints about purported
noises emanating from my apartment. The letter was from defendant Sidney Jarvis, President of the
Board of Director, of Sapphire Village Condominium Owners Association and it stated that I was not in
compliance with Sapphire Rules and Regulations and Code of Conduct. I responded to the letter with
supporting documentations and stated the excessive noises are emanating from apartment 273 and
257. Also, I submitted a sample of audio recordings of the noises emanating from both apartments. Mr.
Jarvis owns apartment 261 in the St. Vincent building and Mr. Jarvis' screen door also slammed when it
closes. Further, Mr. Jarvis is fully aware that all of the apartments in the St. Vincent building screen
doors slammed because of the blurring noise, except for apartment, 265. Mr. Jarvis did not send a
similar letter to any of the residents in apartment 273 and 257.

Case: 16-3601    Document: 003112444714    Page: 59    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 54 of 119

Third Amended Complaint

4.14.5      January 25, 2016, I sent an e-mail to defendant Mark Marolf, informing him that I came

home to find the door knob of my apartment damage again. Mr. Marolf, stated "Call the police"

Sapphire management never sent the Security Guard to investigate the damage to my door. But, Mr.

Marolf called the police twice to my apartment about noise disturbances. In addition, Sapphire' staff

damaged my front door on two occasion. Specifically, February 16, 2016, Sapphire' maintenance staff

pulled and damaged the front door of my apartment.

4.14.6      Furthermore, I called the police to the St. Vincent building at least three times to

complain about the excessive noises that were emanating from the neighbors' apartment for hours and

Sapphire management had failed to put an end to the noise disturbances. Not once, did Mark Marolf,

Property Manager, or Sapphire Security Guard accompanied the police to investigate the noise

disturbances.

4.14.7      February 24, 2016, Sapphire Village Condominium Owners Association Board of

Directors sent me a letter stating in pertinent parts that Sapphire Village Condominium Owners

Association, Board of Directors, only prevent unreasonable noise and promote a quiet environment and

that I failed to cooperate in the investigation of my complaint. Specifically, I prevented the property

manager from verifying the noise in the audio recordings as to when, where, how and by whom these

recordings were made. The Board of Directors stated that they will do nothing about the noise

disturbances, the vandalism to my door and the racist activities of the neighbors. The letter served as

another example of Sapphire Village Condominium Owners Association acting in bad faith and treating

me differently and unfairly from the other neighbors. December 2015, I made Sapphire management

aware that I purchased a better recording device that captured the excessive noises emanating through

the walls and ceilings of the neighbors' apartments. And in the recordings anyone can hear the loud

banging and slamming of the doors loudly and I sent daily recordings of the noise disturbances to

Sapphire management.

Case: 16-3601    Document: 003112444714    Page: 60    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 55 of 119

Third Amended Complaint

4.14.8      Furthermore, Sapphire management perpetrated noise nuisance themselves and

therefore Sapphire management's wrongful conducts promoted and encouraged the neighbors to

continue making noise disturbances. Sapphire management acted in bad faith and therefore cannot

conduct a fair investigation of the source of the noise nuisance. Allowing Sapphire management to

determine whether the noise disturbances emanating from the neighbors are unreasonable would be

like, allowing a co-conspirator of a crime to determine whether the acts of his partners are harmful to a

victim of that crime. The letter is an attempt to cover their illegal, irresponsible and reckless activities of

deliberately, purposely, intentionally and recklessly allowing the front and screen doors of the

apartments in the St. Vincent building to slam when it closes, all day and all night. As a consequence of

the noise disturbances I am deprived of the use and enjoyment of my apartment.

4.14.9      June 14, 2016, the landlord forwarded me a letter from Sapphire Hill Village

Condominium Owners Association's attorney Michael Fitzsimmons. In the letter, Sapphire Village

Condominium Owners Association threatened to take legal actions against me for purported violations

of V.I. criminal code and several civil claims.

4.14.10      Michael Fitzsimmons's May 26, 2016, letter states that " A number of legal issues arise

from Mr. Dorval's occupation of Unit 265 including: (1) V.I. criminal code violations such as making

threats, assault, harassment, and disturbance of the peace; (2) Civil Claims for tortuous interference in

the business of unit owners who lose revenue and reputation as a result of Mr. Dorval' conduct, which

may lead to money damage awards and injunctive relief; (3) Civil claims for private nuisance by resident

of the condominium, which may lead to money damage awards and injunctive relief; (4) Civil claims for

public nuisance by the Association, which may lead to money damage awards and injunctive relief; (5)

Civil claims for physical injuries, if Mr. Dorval commits a battery upon another person; Civil actions for

injunctive relief based upon violations of condominium By-Laws Article V Sections 9 and 11(c) and 11 (d).

Further, the letter indicates that the neighbors had filed several police reports about me. All of the

55

Case: 16-3601   Document: 003112444714   Page: 61   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 56 of 119

Third Amended Complaint

allegations in the Defendant's letters are false and really are just racial profiling fantasies. The letter is racist and characterized me as a criminal because I am black. Moreover, the letter is another example of the neighbors and Sapphire Village Condominium Owners Association enormous effort to force me out of my home because I am black.

4.14.11    June 14, 2016, the landlord forwarded me, another letter from Sapphire Village Condominium Owners Association's attorney Michael Fitzsimmons, stating in pertinent part that he had sent a letter, dated May 26, 2016, about serious, on-going problems caused by me. The June 8, 2016, letter from Michael Fitzsimmons, states "at least two other unit owners have suffered direct economic losses caused by Mr. Dorval; they have recently contacted me about the matter. One of these owners instructed me to file a lawsuit against Mr. Dorval to recover the money lost because of his threatening behavior. The owner is considering joining that lawsuit but has not yet signed up."

4.14.12    The June 8, 2016, letter from Michael Fitzsimmons further states that the Sapphire Village Condominium Owners Association is considering taking action against Emad O'Baidi to enforce various By-laws and Rules and Regulations including By-Laws Article V, Section 11(c). That section provides that "No nuisances shall be allowed on the Property nor shall any use or practice be allowed which is a source of annoyance to its residents or which interferes with the peaceful possession or proper use of the property by its residents." And that "Mr. O'Baidi 's failure to take action permits Mr. Dorval interference with the peaceful use of the property by all residents." These letters expressed the desire of the owners and tenants to force me out of my home because I am black and they do not like me. In the letter, Board of Directors of Sapphire Village Condominium Owners Association, racial profiled and characterized me as violent criminal that is scaring away tourist, tenants and owners at Sapphire Village Condominium Development. The Board of Directors allegations and assumptions are prejudice and racist. The allegations made by the Board of Directors are stereo types that some white people have about black men in general, such as black men are violent, aggressive and a nuisance. The

Case: 16-3601    Document: 003112444714    Page: 62    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 57 of 119

Third Amended Complaint

Board of Directors, of Defendant Sapphire Village Condominium Owners Association sided with the

white neighbors because they want me out of the Development because I am black.

4.14.13    It is 2016 not 1816, I should be allowed to live anywhere I want without been

discriminated and forced to move out of my home because I am black. These allegations in Mr.

Fitzsimmons letters are baseless and grounded on racial fantasies that the owners, tenants and Board of

Directors of Sapphire Village Condominium Owners Association have about black people in general. As a

matter of fact, I have never interacted in any manner with any of the neighbors or tourist at Sapphire

Village; I have never said one word to any of the neighbors or tourist at Sapphire village; I have gone out

of my way to avoid the neighbors or tourist; I have never tried to make contact with any of the

neighbors nor visited any of the neighbors' apartment and I have never been to the third floor of the St.

Vincent building. But, on June 27, 2016, Lourdes Cordero's short-term tenants went up the second floor

and tried to open my door. The reality is that these lawless bullies and morally bankrupt people at

Sapphire Village Development have done everything under the sun to force me out of my home because

I am black. They have threatened me with death and serious bodily harm; they conspired to create and

make excessive noise nuisance; they organized to harass and intimidate me in order to force me out of

my home because I am black. It is not "IF", the neighbors committed assault and battery when the hit

me in the water and deliberately threw a water bottle at my head. Sapphire Village Condominium

Owners Association and Board of Directors added and abated these individuals to violate federal and

Virgin Island criminal laws by condoning these acts and harboring the actors. Enough.

## V.   CLAIMS

### COUNT 1: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendants Lourdes Cordero and Thomas Cordero)

5.1.1      I reallege and incorporate by reference the remainder of the allegations in this
complaint.

5.1.2      V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction)
provides for a cause of action when one's property or enjoyment of property is affected. Both damages
and injunctive relief are available. U.S. Virgin Island courts defined private nuisances as "a substantial,
unreasonable, interference with another's interest in the private use and enjoyment of their property".
Bermudez v. Virgin Islands Telephone Corp., 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super. Ct.
2011).

5.1.3      I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.
The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265
is located above apartment 257.

5.1.4      Defendants Lourdes Cordero and Thomas Cordero own apartment 257 at 6700 Sapphire
Village, St. Vincent building, St. Thomas 00802.

5.1.5      Defendants Lourdes Cordero and Thomas Cordero's short-term tenants have been
making and continue to make excessive noise disturbances that are interfering with the enjoyment of
my apartment to intimidate and force me out of my home because I am black, since October 5, 2015 to
present.

5.1.6      Defendants Lourdes Cordero and Thomas Cordero knew or should have known about
my excessive noise complaints that their short-term tenants and cleaning services intentionally and

58

Case: 16-3601   Document: 003112444714   Page: 64   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 59 of 119

Third Amended Complaint

recklessly are causing because the property manager informed defendants about my noise complaints and based on the letters that I received from Sapphire Village Condominium Owners Association. Defendants took no action to abate or minimize the excessive noises.

5.1.7    Defendants Lourdes Cordero and Thomas Cordero had numerous opportunity to correct the noise nuisance their short-term tenants and cleaning services are causing each time the short-term lease terminated. And there have been several short-term tenants since October 2015 to present. In addition, defendants Lourdes Cordero and Thomas Cordero failed to repair the screen door-closer that is causing loud noises all day and all night each time the short-term lease terminated.

5.1.8    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.1.9    On account of defendants' conduct, I was deprived and continue to be deprived of my bedroom and much needed sleep and rest.

5.1.10    On account of defendants' conduct, I suffered emotional distress, chest pains, difficulty breathing, nausea, vomiting, severe headache and exhaustion.

## COUNT 2: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendant Ellen Hansen)

5.2.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.2.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802. The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265 is located above apartment 257.

Case: 16-3601    Document: 003112444714    Page: 65    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 60 of 119

Third Amended Complaint

5.2.3    Defendants Lourdes Cordero and Thomas Cordero leased apartment 257 to Defendant Ellen Hansen starting on July 3, 2016 through about July 22, 2016.

5.2.4    Defendant Ellen Hansen has been making and continue to deliberately, purposely and intentionally make excessive noise disturbances that are interfering with the enjoyment of my apartment to intimidate and force me out of my home because I am black.

5.2.5    The defendant Ellen Hansen knew or should have known about the noise disturbances complaints because I sent several letters to Sapphire management requesting that defendants be made aware of the excessive noise disturbances that they are intentionally and recklessly causing.

5.2.6    Defendant Ellen Hansen had numerous opportunity to correct the excessive noises occupants of apartment 257 were deliberately and purposefully causing but failed to take any actions to minimize or abate the nuisance.

5.2.7    By her acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.2.8    On account of Defendant's conduct, I was deprived and continue to be deprived of much needed sleep and rest.

5.2.9    On account of Defendant's conduct, I suffered with severe emotional distress, severe headache, exhaustion, and nausea.

## COUNT 3: VIOLATIONS OF V.I PRIVATE NUISANCE LAWS

### (Against Defendant Sarah Whyte)

5.3.1       I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802. The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265 is located above apartment 257.

5.3.2       Defendants Lourdes Cordero and Thomas Cordero own apartment 257 at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802.

5.3.3       Defendants Lourdes Cordero and Thomas Cordero retained defendant Sarah Whyte cleaning services to clean apartment 257 during the day.

5.3.4       Defendant Sarah Whyte intentionally and deliberately made loud banging noises and slammed the front and screen doors repeatedly for more than 3 hours during the day and several times per week, that interfered with the peaceful enjoyment of my apartment to intimidate and force me out of my home because I am black.

5.3.5       Defendant Sarah Whyte knew or should have known about my excessive noise complaints because I sent several e-mails during the day to Mark Marolf, Property Manager and called Sapphire Security numerous times about the noise disturbances emanating from apartment 257 during the day and time she was at the apartment.

5.3.6       By her acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.3.7       On account of Defendant's conduct, I was deprived of much needed sleep and rest.

5.3.8      On account of Defendant's conduct, I suffered emotional distress, severe headache and

exhaustion.

## COUNT 4: VIOLATIONS OF V.I PRIVATE NUISANCE LAWS

### (Against Defendant Matthew Swope)

5.4.1      I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.4.2      Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent

building.

5.4.3      Defendants Joanne M. Lévesque and Clarence Lévesque own apartment 273 and leased

it to defendant Matthew Swope from October 2015 through April 2016.

5.4.4      Defendant Matthew Swope intentionally and recklessly made loud banging noises and

stomping sounds for the entire time the defendant was in possession of apartment 273.  In addition, Mr.

Swope intentionally and recklessly slammed the front and screen doors of apartment 273 repeatedly to

intimidate and force me out of my home because I am black.

5.4.5      Defendant Matthew Swope knew or should have known of the noise disturbances

complaints because on December 19, 2015, Mark Marolf, property manager, informed him of my noise

complaints.

5.4.6      Defendant Matthew Swope failed to take any actions to minimize or abate the excessive

noise disturbances emanating from his apartment since October 5, 2015, until he ceased possession of

apartment 273 at or about April 2016.

Case: 16-3601   Document: 003112444714   Page: 68   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 63 of 119

Third Amended Complaint

5.4.7     By his acts described above, Defendant tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.4.8     On account of Defendant's conduct, I was deprived of the use of my bedroom and much

needed sleep and rest.

5.4.9     On account of Defendant's conduct, I suffered emotional distress, chest pains, difficulty

breathing, nausea, vomiting, severe headache and exhaustion.

## COUNT 5: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendants Moussa Mustafa and Nora Ibrahim)

5.5.1     I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.5.2     Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent

building.

5.5.3     Defendants Joanne M. Lévesque and Clarence Lévesque own apartment 273 and leased

it to Defendants Moussa Mustafa and Nora Ibrahim.

5.5.4     Defendants Moussa Mustafa and Nora Ibrahim resided at apartment 273 in the St.

Vincent building in the Month of May, 2016 through June 2016. A total of four individuals lived in

apartment 273 consisting of three man and one woman.

5.5.5     Defendant Moussa Mustafa and Nora Ibrahim were in sole possession of apartment

273.

5.5.6     Defendants Moussa Mustafa and Nora Ibrahim intentionally and recklessly caused loud

banging noises and stomping sounds that impaired my apartment for the entire time the defendants

Case: 16-3601    Document: 003112444714    Page: 69    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 64 of 119

Third Amended Complaint

were in possession of apartment 273. In addition, defendants deliberately and purposely slammed the

front and screen doors repeatedly to intimidate and force me out of my home because I am black. The

banging and stomping sounds and slamming of the front and screen doors deprived me of sleep and

rest. Furthermore, the sounds made it impossible to cook, read, write or watch television in my

apartment.

5.5.7    Defendant Moussa Mustafa and Nora Ibrahim knew or should have known about my

excessive noise complaints because May 13, 2016, the police informed defendants of my noise

complaint.

5.5.8    Defendants Moussa Mustafa and Nora Ibrahim failed to take any action to minimize or

abate the excessive noises emanating from apartment 273 during the day and at night.

5.5.9    By their acts described above, Defendants tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.5.10    On account of Defendants' conduct, I was deprived of the use of my bedroom and much

needed sleep and rest.

5.5.11    On account of Defendants' conduct, I suffered emotional distress, physical pains, chest

pains, severe headache and exhaustion.

### COUNT 6: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendants Joanne M. Levesque and Clarence Levesque)

5.6.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

64

5.6.2        Defendants Joanne M. Lévesque and Clarence Lévesque own apartment 273 at 6700 Sapphire Village, St. Thomas, 00802.

5.6.3        Defendants Joanne M. Lévesque and Clarence Lévesque leased apartment 273 to Defendant Matthew Swope from October 2015 through April 2016.

5.6.4        Defendants Joanne M. Lévesque and Clarence Lévesque leased apartment 273 to Defendants Moussa Mustafa and Nora Ibrahim starting in May 2016 through June 2016.

5.6.5        Defendants Joanne M. Lévesque and Clarence Lévesque knew or should have known of my excessive noise complaints based on letters I received from Sapphire Village Condominium Owners Association, Board of Directors and December 19, 2015, Mark Marolf, property manager, informed the tenants of my noise complaints.

5.6.6        Defendants Joanne M. Lévesque and Clarence Lévesque intentionally allowed defendants Matthew Swope and Moussa Mustafa and Nora Ibrahim to deliberately and purposely caused excessive noises that interfered with the peaceful enjoyment of my apartment when Mr. and Ms. Levesque failed to abate or minimize the excessive noises coming from apartment 273 since October 2015 through May 2016. Specifically, defendants Joanne Levesque and Clarence Levesque should have taken action to prevent the new tenants, Defendants Moussa Mustafa and Nora Ibrahim from making loud banging sounds and slamming the front and screen doors repeatedly. Moreover, prior to leasing the apartment to a new tenant Defendants Joanne M. Lévesque and Clarence Lévesque should have repaired the screen door-closer because they knew or should have known that the screen door was causing excessive noises.

5.6.7        By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

Case: 16-3601   Document: 003112444714   Page: 71   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 66 of 119

Third Amended Complaint

5.6.8    On account of Defendants' conduct, I was deprived of the use of my bedroom and much needed sleep and rest.

5.6.9    On account of Defendants' conduct, I suffered emotional distress, physical pain, chest pains, severe headache and exhaustion.

## COUNT 7: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendant Jonathon Morgan)

5.7.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.7.2    Defendant Bernard Vansluytmant owns apartment 266 and leased it to Defendant Jonathon Morgan starting on April 2016 through the present.

6.7.3    Defendant Jonathon Morgan resides at apartment 266 in the St. Vincent building since April, 2016.

5.7.4    Defendant Jonathon Morgan is in sole possession of apartment 266.

5.7.5    Defendant Jonathon Morgan is Caucasian.

5.7.6    Defendant Jonathon Morgan deliberately and purposely established a daily excessive noise routine that start by intentionally waking me up in the morning with loud banging sounds that are followed by slamming of the front and screen doors. Defendant deliberately and purposely repeats this process of entering and exiting his apartment several times between 6 AM and 7:30 AM to intimidate and force me out of my home because I am black. In addition, defendant intentionally make banging and knocking sounds from 6 AM to 7:30 AM. Each time, I tried to go back to sleep the banging and knocking sounds woke me up about every 10 to 20 minutes. I tried to keep my eyes open but they

Case: 16-3601    Document: 003112444714    Page: 72    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 67 of 119

Third Amended Complaint

closed involuntarily from exhaustion. The process of been awakened when I am about to fall asleep is physically painful, irritating, annoying and frustrating. In the evening, the routine is repeated between 6 PM and 11 PM. But on the weekend, the routine goes from anywhere between 6 AM to 11 PM.

5.7.7    Defendant Jonathon Morgan knows or should have known about the noise complaints that I made to Sapphire management regarding the excessive noise disturbances that are emanating from his apartment routinely because Sapphire Security informed him of my noise complaints. July 15, 2016, the police informed Mr. Morgan of my noise complaints.

5.7.8    Defendant Jonathon Morgan took no actions to minimize or abate noise nuisance that he is intentionally causing or repair the screen door-closer.

5.7.9    By his acts described above, Defendant's tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.7.10    On account of Defendant's conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.7.11    On account of Defendant's conduct, I suffered emotional distress, physical pains, chest pains, severe headache and exhaustion.

### COUNT 8: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

#### (Against Defendant Bernard M. Vansluytman)

5.8.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.8.2    Defendant Bernard M. Vansluytman owns of apartment 266 at Sapphire Village, St. Thomas 00802.

67

Case: 16-3601    Document: 003112444714    Page: 73    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 68 of 119

Third Amended Complaint

5.8.3       Defendant Bernard Vansluytman leased apartment 266 to defendant Jonathon Morgan,
since April 2016.

5.8.4       Defendant Bernard Vansluytman knew or should have known about the excessive noises
his new tenant, Jonathon Morgan, was causing in apartment 266 based on letters I received from
Sapphire Village Condominium Owners Association, Board of Directors and I sent several letters to
Sapphire management requesting that they informed the owners and tenants of apartment 266 of my
noise complaints.

5.8.5       Defendant Bernard Vansluytman intentionally allowed Defendant Jonathon Morgan to
deliberately and purposely caused excessive noises that are interfering and continue to interfere with
the peaceful enjoyment of my apartment when Mr. Vansluytman failed to abate or minimize the
excessive noises emanating from apartment 266. Specifically, Mr. Vansluytman should have taken action
to prevent the new tenant, Jonathon Morgan, from routinely making loud banging sounds and slamming
the front and screen doors repeatedly. Moreover, prior to leasing the apartment to a new tenant
defendant Bernard Vansluytman should have repaired the screen door-closer because he knew or
should have known that the screen door was causing noise nuisance. Specifically, March 21, 2016,
Bernard Vansluytman visited apartment 266 and took great care not to slam the screen door.

5.8.6       By his acts described above, Defendant tortuously interfered with my peaceful and
lawful enjoyment of my apartment.

5.8.7       On account of Defendant's conduct, I was deprived and continue to be deprived of the
use of my bedroom and much needed sleep and rest.

5.8.8       On account of Defendant's conduct, I suffered emotional distress, physical pains, chest
pains, severe headache and exhaustion.

## COUNT 9: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendant James Koulouris)

5.9.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.9.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016.

5.9.3    Madlon Jenkins-Rudziak own apartment 274 at 6700 Sapphire Village, St. Vincent

Building, St. Thomas 00802.

5.9.4    Defendant Madlon Jenkins-Rudziak leased apartment 274 to James Koulouris and

another man since October 2015 through present.

5.9.5    Defendant James Koulouris and the other man are Caucasian and are in sole possession

of apartment 274.

5.9.6    Defendant James Koulouris and his family have been making and continue to make

excessive noise disturbances that are interfering with the enjoyment of my apartment to intimidate and

force me out of my home because I am black.

5.9.7    Defendant James Koulouris knew or should have known about my noise complaints

because I sent several complaints to Sapphire Village Condominium Owners Association. In my

complaints, I requested that Sapphire management informed the owners and occupants of apartment

274 about my noise complaints.

5.9.8    Defendant James Koulouris had numerous opportunity to correct the nuisance that he

and his family were causing but failed to take any actions to minimize or abate the nuisance.

69

Case: 16-3601    Document: 003112444714    Page: 75    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 70 of 119

Third Amended Complaint

5.9.9    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.9.10    On account of Defendant's conduct, I was deprived and continue to be deprived of much needed sleep and rest.

5.9.11    On account of Defendant's conduct, I suffered with severe headache, exhaustion, nausea and vomiting.

## COUNT 10: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendant Madlon Jenkins Rudziak)

5.10.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.10.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802, since October 1, through present.

5.10.3    Defendant Madlon Jenkins-Rudziak owns apartment 274 at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802.

5.10.4    Defendant Madlon Jenkins-Rudziak leased apartment 274 to James Koulouris and another man since October 2015, through presently.

5.10.5    Defendant Madlon Jenkins-Rudziak's intentionally allowed his tenants to make and continue to make excessive noise disturbances that are interfering with the enjoyment of my apartment to intimidate and force me out of my home because I am black.

5.10.6    Defendant Madlon Jenkins-Rudziak knew or should have known about my noise disturbances complaints because I sent several complaints to Sapphire Village Condominium Owners

Case: 16-3601    Document: 003112444714    Page: 76    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 71 of 119

Third Amended Complaint

Association. In my complaints, I requested that Sapphire management informed the owners and occupants of apartment 274 about my noise complaints.

5.10.7    Defendant Madlon Jenkins Rudziak had numerous opportunity to correct the nuisance that his tenants are causing but failed to take any actions to minimize or abate the nuisance. Specifically, Mr. Rudziak should have made repair to the broken or malfunctioning screen door.

5.10.8    By his acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.10.9    On account of Defendant's conduct, I was deprived and continue to be deprived of much needed sleep and rest.

5.10.10    On account of Defendant's conduct, I suffered with severe headache, exhaustion, nausea and vomiting.

## COUNT 11: VIOLATIONS OF V.I. PRIVATE NUISANCE LAWS

### (Against Defendants Sapphire Village Condominium Owners Association)

5.11.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.9.2    V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provide for a cause of action when one's property or enjoyment of property is affected. Both damages and injunctive relief are available. U.S. Virgin Island courts defined private nuisances as "a substantial, unreasonable, interference with another's interest in the private use and enjoyment of their property". Bermudez v. Virgin Islands Telephone Corp., 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super. Ct. 2011).

Case: 16-3601    Document: 003112444714    Page: 77    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 72 of 119

Third Amended Complaint

5.11.3      I rent a one-bedroom apartment at 6700 Sapphire Village, Apartment 265, St. Vincent building, St. Thomas, 00802. I signed a one-year lease agreement with Mr. EMAD OBAIDI, owner of apartment 265. The lease started on October 1, 2015 and end on September 29, 2016. I live alone and I don't have any family or friends in the U.S. Virgin Islands.

5.11.4      Defendants Sapphire Village Condominium Owners Association, located at 6700 Sapphire Village St. Thomas, V.I. 00802-1340, is a non-profit organization organized under the laws of U.S. Virgin Island Condominium Act, that resides and operates its principal place of business in St. Thomas, U.S. Virgin Islands.

5.11.5      Defendants Sapphire Village Condominium Owners Association is comprised of the individual owners of approximately 225 residential properties located in 7 buildings in the Sapphire Village Development.

5.11.6      Defendants Sapphire Village Condominium Owners Association have been causing and continue to cause excessive construction noises that are interfering with the peaceful enjoyment of my apartment by authorizing more construction and repair projects to the St. Vincent building than the other 6 buildings in the Sapphire Village Condominium Development, to intentionally and deliberately target my apartment for more noise disturbances during the constructions to intimidate and force me out of my home because I am black.

5.11.7      Defendants Sapphire Village Condominium Owners Association intentionally targeted my apartment for more noise disturbances during construction and repair projects on the St. Vincent building to drive me out of my home because I am black by purposely and deliberately stationing the machinery and construction crew in front of my bedroom window and spending more time working on the section above or below my apartment. The constructions noise disturbances and vibrations denied me the use of my apartment the entire day during each construction projects.

Case: 16-3601    Document: 003112444714    Page: 78    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 73 of 119

Third Amended Complaint

5.11.8    Defendants Sapphire Village Condominium Owners Association knew or had reason to know that I was home during each of the construction projects because December 12, 2015, defendant Mark Marolf, property manager, sent me an e-mail about the construction project on the roof of the St. Vincent building because I complained about the excessive noises that woke me out of my sleep. In addition, the construction crew saw me on my balcony observing the excessive noises they were making. Further, Defendants failed to provide notice of the construction project and therefore I could not avoid it.

5.11.9    March 30, 2016, I made Sapphire management aware that the excessive construction noises are effecting my health and that I was suffering with nose bleed.

5.11.10    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.11.11    On account of Defendants' conduct, I was deprived of the use of my bedroom and much needed sleep and rest.

5.11.12    On account of Defendants' conduct, I suffered emotional distress, nose bleed, severe headache and exhaustion.

## COUNT 12: VIOLATONS OF V.I. PRIVATE NUISANCE LAW

### (Against Defendants Sapphire Village Condominium Owners Association)

5.12.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.12.2    Defendants Sapphire Village Condominium Owners Association have been causing and continue to cause excessive noises that are interfering with the peaceful enjoyment of my apartment by intentionally targeting the areas around my apartment in the St. Vincent building for property

73

Case: 16-3601   Document: 003112444714   Page: 79   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 74 of 119

Third Amended Complaint

maintenance and cleaning early in the morning to intimidate and force me out of my home because I am black.

5.12.3      Defendants Sapphire Village Condominium Owners Association intentionally targeted the areas around my apartment in the St. Vincent building for maintenance and cleaning early in the morning because I made numerous noise complaints about the other white tenants and because they do not like me and want to force me out of my home because I am black.

5.12.4      Defendants Sapphire Village Condominium Owners Association authorized, directed, instructed and allowed its maintenance staff to purposely, deliberately and intentionally make and create excessive loud banging noises with gardening and landscaping equipment early in the morning while cleaning in the front and back of my apartment in the St. Vincent building to force me out of my home because I am black. The excessive noise disturbances deprived me of sleep and rest since November, 2015 through June 2016.

5.12.5      By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.12.6      On account of Defendants' conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.12.7      On account of Defendants' conduct, I suffered emotional distress, severe headache and exhaustion.

## COUNT 13: VIOLATION OF THE FHA

### (Against Defendants Sapphire Village Condominium Owners Association)

5.13.1      I reallege and incorporate by reference the remainder of the allegations in this complaint.

74

Case: 16-3601    Document: 003112444714    Page: 80    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 75 of 119

Third Amended Complaint

5.13.2       Defendants Sapphire Village Condominium Owners Association violated and continue to violate the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race and interference with fair housing rights.

5.13.3       I rent a one-bedroom apartment at 6700 Sapphire Village, Apartment 265, St. Vincent Building, St. Thomas, 00802. I signed a one-year lease agreement with Mr. EMAD OBAIDI, owner of apartment 265. The lease started on October 1, 2015 and end on September 29, 2016. I live alone and I don't have any family or friends in the U.S. Virgin Islands.

5.13.4       Defendants Sapphire Village Condominium Owners Association discriminated and continue to discriminate against me by allowing the owners and tenants in the St. Vincent building to intentionally and reckless remove parts of the screen door-closer or cause the screen door-closer to malfunction. Defendants are aware that the screen door slammed when it closes because Sidney Jarvis, Board President of the Association, owns apartment 261 in the St. Vincent building and his screen door slammed as well, creating blurring noise disturbances.

5.13.5       Defendants Sapphire Village Condominium Owners Association discriminated and continue to discriminate against me by refusing to enforce its Rules and Regulations and By-laws and allowing the tenants in apartment 273, 266, 257 and 274 to intentionally make excessive noise disturbances that are interfering with the peaceful enjoyment of my apartment in order to drive me out of my home because I am black.

5.13.6       Defendants Sapphire Village Condominium Owners Association discriminated and continues to discriminate against me by intentionally authorizing four major construction and repair projects on the St. Vincent building more than the other 6 buildings in the development to purposely, deliberately and intentionally make and create excessive construction noises and vibrations early in the

morning that interfered with the enjoyment of my apartment in order to drive me out of my home because I am black. Defendants' construction crew intentionally targeted my apartment for more noise disturbances during the construction by purposely and deliberately stationing their construction machinery, vehicles and equipment in front of my bedroom window and spending more hours and days working on the section of the building where my apartment is located. Furthermore, when the construction crew noticed or knew that I was home, they used different tools to purposely and deliberately make excessive loud banging noise disturbances that were not made at the other sections of the building.

5.13.7    Defendants Sapphire Village Condominium Owners Association discriminated and continue to discriminate against me by directing and instructing its maintenance staff to intentionally make loud banging noise with their landscaping and gardening tools early in the morning in the areas of my apartment to drive me out of my home because I am black.

5.13.8    Defendants violations of the FHA and the Civil Right Act of 1968 have harmed and will continue to harm me in the future.

5.13.9    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.13.10    On account of Defendants' conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.13.11    On account of Defendants' conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 14: VIOLATION OF THE FHA

.

### (Against Defendant Jacqueline Lindberg)

5.14.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.14.2    Defendant Jacqueline Lindberg violated and continue to violate the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Island Law Against Discrimination and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race, religion and family status and interference with fair housing rights.

5.14.3    Defendant Jacqueline Lindberg owns a home at 6700 Sapphire Village, St. Vincent Building, St. Thomas 00802. Ms. Lindberg is a member of Defendants Sapphire Village Condominium Owners Association.

5.14.4    Defendant Jacqueline Lindberg discriminated and continues to discriminate against me by harassing and stalking me because I am black.

5.14.5    By her acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.14.6    On account of Defendant's conduct, I suffered emotional distress.

5.14.7    On account of Defendant's conduct, I was deprived and continue to be deprived of full enjoyment of the goods, services, facilities, privilege, advantages, accommodations and/or opportunities of Sapphire Village.

## COUNT 15: VIOLATION OF SECTION 3617 OF THE FHA

.

### (Against defendants Lourdes Cordero and Thomas Cordero)

5.15.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.15.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.
The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265
is located above apartment 257.

5.15.3    Defendants Lourdes Cordero and Thomas Cordero own apartment 257 at 6700 Sapphire
Village, St. Vincent building, St. Thomas 00802.

5.15.4    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants and cleaning
services have been making and continue to intentionally and deliberately make excessive noise
disturbances that are interfering with the enjoyment of my apartment to intimidate and force me out of
my home because I am black, since October 5, 2015 to present.

5.15.5    Defendants Lourdes Cordero and Thomas Cordero knew or should have known about
the excessive noises emanating from apartment 257 because Mark Marolf informed the tenants of my
noise complaints and based on letters that I received from Sapphire Village Condominium Owners
Association. Further, I sent several letters to Sapphire management requesting that they informed the
owners and tenants of apartment 257 of my noise complaints.

5.15.6    Defendants Lourdes Cordero and Thomas Cordero had numerous opportunity to correct
the nuisance that their short-term tenants and cleaning services were causing each time the short-term
lease terminated. And there have been several short-term tenants since October 2015 to present.

Furthermore, Defendants failed to repair the screen door-closer that is causing blurring noise disturbances all day and night.

5.15.7     By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.15.8     On account of Defendants' conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.15.9     On account of Defendants' conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 16: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant Ellen Hansen)

5.16.1     I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.16.2     Apartment 257 is located on the first floor below my apartment 265 in the St. Vincent building.

5.16.3     Defendants Lourdes Cordero and Thomas Cordero own apartment 257 and leased it apartment to Defendants Ellen Hansen.

5.16.4     Defendant Ellen Hansen is Caucasian and is in sole possession of apartment 257.

5.16.5     Defendant Ellen Hansen intentionally and deliberately made loud banging noises and slammed the front and screen doors repeatedly causing noise disturbances that interfered with the peaceful enjoyment of my apartment for 1 to 2 hours at a time during the day and at night to intimidate and force me out of my home because I am black, starting on July 3, 2016 to presently.

79

Case: 16-3601   Document: 003112444714   Page: 85   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 80 of 119

Third Amended Complaint

5.16.6    Defendant Ellen Hansen knew or should have known about my noise disturbance

complaints because I complained to Sapphire Security and sent several letters to Sapphire Village

Condominium Owners Association requesting that they informed the owners and tenants of apartment

257 about my complaints.

5.16.7    Defendant Ellen Hansen failed to take any action to minimize or abate the excessive

noise disturbances emanating apartment 257 since arriving on July 3, 2016.

5.16.8    By her acts described above, Defendant tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.16.9    On account of Defendant's conduct, I was deprived of the use of my bedroom and much

needed sleep and rest.

5.16.10    On account of Defendant's conduct, I suffered emotional distress, chest pains, severe

headache and exhaustion.

## COUNT 17: VIOLATIONS OF SECTION 3617 OF THE FHA

### (Against Defendant Sarah Whyte)

5.17.1    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265

is located above apartment 257.

5.17.2    Defendants Lourdes Cordero and Thomas Cordero own apartment 257 at 6700 Sapphire

Village, St. Vincent Building, St. Thomas 00802.

5.17.3    Defendants Lourdes Cordero and Thomas Cordero retained Defendant Sarah Whyte

cleaning services to clean apartment 257 during the day.

Case: 16-3601   Document: 003112444714   Page: 86   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 81 of 119

Third Amended Complaint

5.17.4     Defendant Sarah Whyte purposely, deliberately and intentionally made loud banging noises and slammed the front and screen doors repeatedly for more than 3 hours during the day and several times per week, that interfered with the peaceful enjoyment of my apartment to intimidate and force me out of my home because I am black.

5.17.5     Defendant Sarah Whyte knew or should have known about my excessive noise complaints because I sent several e-mails during the day to Mark Marolf, Property Manager and called Sapphire Security numerous times about the noise disturbances emanating from apartment 257 during the days she cleaned.

5.17.6     Defendant Sarah Whyte failed to take any actions to minimize or abate the noise nuisance that she is causing in apartment 257 since October 2015 through July 2016.

5.17.7     By her acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.17.8     On account of Defendant's conduct, I was deprived of much needed sleep and rest.

5.17.9     On account of Defendant's conduct, I suffered emotional distress, severe headache and exhaustion.

## COUNT 18: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant Matthew Swope)

5.18.1     I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.18.2     Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent building.

81

Case: 16-3601    Document: 003112444714    Page: 87    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 82 of 119

Third Amended Complaint

5.18.3    Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 and leased it to Matthew Swope from October 2015 through March 2016.

5.18.4    Defendant Matthew Swope is Caucasian and was in sole possession of apartment 273.

5.18 .5    Defendant Matthew Swope purposely, deliberately and intentionally made loud banging noises and slammed the front and screen doors repeatedly causing noise disturbances that interfered with the peaceful enjoyment of my apartment for 2 to 3 hours at a time during the day and at night to intimidate and force me out of my home because I am black, starting on October 5, 2015, through March 2016.

5.18.6    Defendant Matthew Swope knew or should have known of the noise disturbances that are emanating from apartment 273 because December 19, 2015, Mark Marolf, Property Manager, informed the tenants of my noise complaints.

5.18.7    Defendant Matthew Swope failed to take any action to minimize or abate the excessive noise disturbances emanating from his apartment since October 2015 through March 2016.

5.18.8    By his acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.18.9    On account of Defendant's conduct, I was deprived of the use of my bedroom and much needed sleep and rest.

5.18.10    On account of Defendant's conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 19: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendants Moussa Mustafa and Nora Ibrahim)

5.19.1     I reallege and incorporate by reference the remainder of the allegations in this complaint

5.19.2     Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent building.

5.19.3     Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 and leased the apartment to Moussa Mustafa and Nora Ibrahim.

5.19.4     Defendants Moussa Mustafa and Nora Ibrahim resided at apartment 273 in the St. Vincent building in the Month of May, 2016 through June 2016. A total of four individuals lived in apartment 273 consisting of three man and one woman.

5.19.5     Defendants Moussa Mustafa and Nora Ibrahim purposely, deliberately and intentionally made loud banging and stomping sounds and slammed the front and screen doors repeatedly causing noise disturbances that interfered with the peaceful enjoyment of my apartment all day and night to intimidate and force me of my home because I am black, for the entire time the defendants were in possession of apartment 273.

5.19.6     Defendants Moussa Mustafa and Nora Ibrahim knew or should have known of the noise disturbances that were emanating from apartment 273. May 13, 2016, the police officer informed Mr. Mustafa of my noise complaint.

5.19.7     Defendants Moussa Mustafa and Nora Ibrahim failed to take any actions to minimize or abate the excessive noise disturbances emanating from his apartment since May 2016, until he ceased possession of apartment 273.

Case: 16-3601   Document: 003112444714   Page: 89   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 84 of 119

Third Amended Complaint

5.19.8    By their acts described above, Defendants tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.19.9    On account of Defendants' conduct, I was deprived of the use of my bedroom and much

needed sleep and rest.

5.19.10    On account of Defendants' conduct, I suffered physical pains, chest pains, difficulty

breathing, nose bleed, severe headache and exhaustion.

## COUNT 20: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendants Joanne M. Levesque and Clarence Levesque)

5.20.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.20.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265

is located one floor below apartment 257.

5.20.3    Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 at 6700

Sapphire Village, St. Thomas, 00802.

5.20.4    Defendants Joanne M. Levesque and Clarence Levesque leased apartment 273 to

Defendant Matthew Swope from October 2015 through April 2016.

5.20.5    Defendants Joanne M. Levesque and Clarence Levesque leased apartment 273 to

Defendants Moussa Mustafa and Nora Ibrahim starting from May 2016 through June 2016.

5.20.6    Defendants Joanne M. Levesque and Clarence Levesque knew or should have known of

the excessive noises emanating from apartment 273 because Mark Marolf informed the tenants of my

84

Case: 16-3601    Document: 003112444714    Page: 90    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 85 of 119

Third Amended Complaint

noise complaints and based on letters I received from Sapphire Village Condominium Owners
Association, Board of Directors.

5.20.7    Defendants Joanne Levesque and Clarence Levesque allowed Defendants Matthew
Swope and Moussa Mustafa and Nora Ibrahim to intentionally caused excessive noises that interfered
with the peaceful enjoyment of my apartment when Mr. and Ms. Levesque failed to abate or minimize
the excessive noises emanating from apartment 273 from October 2015 through May 2016. Specifically,
Defendants Joanne Levesque and Clarence Levesque should have taken actions to prevent the new
tenant, Defendants Moussa Mustafa and Nora Ibrahim, from deliberately and purposely making loud
banging sounds and slamming the front and screen doors repeatedly to intimidate and force me out of
my home because I am black. Moreover, prior to leasing the apartment to a new tenant, Defendants
Joanne Levesque and Clarence Levesque should have repaired the screen door-closer because they
knew or should have known that the screen door was causing excessive noises.

5.20.8    By their acts described above, Defendants tortuously interfered with my peaceful and
lawful enjoyment of my apartment.

5.20.9    On account of Defendants' conduct, I was deprived of the use of my bedroom and much
needed sleep and rest.

5.20.10    On account of Defendants' conduct, I suffered emotional distress, physical pain, chest
pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 21: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant Jonathon Morgan)

5.21.1    I reallege and incorporate by reference the remainder of the allegations in this
complaint.

5.21.2      Apartment 266 is located on the second floor next to my apartment 265 on the left, in the St. Vincent building.

5.21.3      Defendant Bernard VanSluytman owns apartment 266 and leased it to Defendant Jonathon Morgan.

5.21.4      Defendant Jonathon Morgan resides at apartment 266 in the St. Vincent building since April, 2016.

5.21.5      Defendant Jonathon Morgan is in sole possession of apartment 266.

5.21.6      Defendant Jonathon Morgan is Caucasian.

5.21.7      The Defendant Jonathon Morgan purposely and deliberately established a daily excessive noise routine that start by intentionally waking me up in the morning with loud banging sounds that are followed by slamming of the front and screen doors to intimidate and force me out of my home because I am black. Defendant purposely repeats this process of entering and exiting his apartment several times between 6 AM and 7:30 AM. In addition, there are banging and knocking sounds emanating from Defendant's apartment from 6 AM to 7:30 AM. Each time, I tried to go back to sleep the banging and knocking sounds woke me up about every 10 to 20 minutes. I tried to keep my eyes open but they closed involuntarily from exhaustion. The process of been awakened when I am about to fall asleep is physically painful, irritating, annoying and frustrating. In the evening, the routine is repeated between 6 PM and 11 PM. But on the weekend, the routine goes anywhere between 6 AM and 11 PM.

5.21.8      Defendant Jonathon Morgan knew or should have known of my noise complaints because Sapphire Security informed him of my noise complaints. July 15, 2016, the police informed Mr.

Morgan of my noise complaints. But Defendant Jonathon Morgan failed to take any action to minimize

or abate the excessive noise disturbances emanating from his apartment since April 2016 and presently.

5.21.9    By his acts described above, Defendant tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.21.10    On account of Defendant's conduct, I am deprived and continue to be deprived of the

use of my bedroom and much needed sleep and rest.

5.21.11    On account of Defendant's conduct, I suffered emotional distress, physical pain, chest

pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 22: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant Bernard M. Vansluytman)

5.22.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.22.2    Defendant Bernard M. Vansluytman owns of apartment 266 at Sapphire Village, St.

Thomas 00802.

5.22.3    Defendant Bernard Vansluytman leased apartment 266 to Defendant Jonathon Morgan

in April 2016.

5.22.4    Defendant Bernard Vansluytman knew or should have known about the excessive noises

his new tenant was causing because Sapphire security informed Jonathon Morgan of my noise

complaints and based on letters that I received from Sapphire Village Condominium Owners Association.

Further, I requested for Sapphire Village Condominium Owners Association to inform the owner and

tenant of apartment 266 of my noise complaints.

Case: 16-3601    Document: 003112444714    Page: 93    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 88 of 119

Third Amended Complaint

5.22.5    Defendant Bernard Vansluytman allowed Jonathon Morgan to intentionally cause

excessive noises that are interfering with the lawful possession and peaceful enjoyment of my

apartment when Mr. Vansluytman failed to abate or minimize the excessive noises emanating from

apartment 266. Specifically, Mr. Vansluytman should have taken action to prevent his new tenant,

defendant Jonathon Morgan, from routinely making loud banging sounds and purposely slamming the

front and screen doors repeatedly. Moreover, prior to leasing the apartment to a new tenant defendant

Bernard Vansluytman should have repaired the screen door-closer because he knew or should have

known that the screen door was causing excessive noises. Specifically, March 21, 2016, Mr. Vansluytman

visited apartment 266 and took great care not to allow the screen door to slam when it closed.

5.22.6    By his acts described above, Defendant tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.22.7    On account of Defendant's conduct, I was deprived and continue to be deprived of the

use of my bedroom and much needed sleep and rest.

5.22.8    On account of Defendant's conduct, I suffered physical pain, chest pains, difficulty

breathing, nose bleed, severe headache and exhaustion.

## COUNT 23: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant James Koulouris)

5.23.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.23.2    Defendant Madion Jenkins-Rudziak own apartment 274 and leased it to James Koulouris

and another man.

Case: 16-3601    Document: 003112444714    Page: 94    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 89 of 119

Third Amended Complaint

5.23.3    Defendant James Koulouris and another man are Caucasian and are in sole possession of apartment 274.

5.23.4    Defendant James Koulouris purposely, deliberately and intentionally made loud banging noises and slammed the front and screen doors repeatedly causing noise disturbances that interfered with the peaceful enjoyment of my apartment for 2 to 3 hours at a time during the day and at night, from July 13 through July 28, 2016, to intimidate and force me out of my home because I am black.

5.23.5    Defendant James Koulouris intentionally failed to make repair to the screen door of apartment 274 to cause loud noise disturbance to intimidate and force me out of my home because I am black.

5.23.6    Defendant James Koulouris knew or should have known about my noise disturbances complaints because I sent several complaints to Sapphire Village Condominium Owners Association. In my complaints, I requested that Sapphire management informed the owners and occupants of apartment 274 about my noise complaints.

5.23.7    Defendant James Koulouris failed to take any action to minimize or abate the excessive noise disturbances emanating from apartment 274 since July 13 through July 28, 2016.

5.23.8    By his acts described above, Defendant tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.23.9    On account of Defendant's conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.23.10    On account of Defendant's conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

## COUNT 24: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendant Madlon Jenkins Rudziak)

5.24.1      I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.24.2      Defendant Madlon Jenkins-Rudziak own apartment 274 and leased it to James Koulouris and another man from October 2015 through present.

5.24.3      Defendant James Koulouris and another man are Caucasian and are sole possession of apartment 274.

5.24.4      Defendant Madlon Jenkins-Rudziak allowed his tenants to purposely, deliberately and intentionally made loud banging and screaking noises for 2 to 3 hours during the day and at night to intimidate and force me out of my home because I am black from July 13, 2016 through presently.

5.24.5      Defendant Madlon Jenkins-Rudziak allowed his tenants to deliberately and purposely slammed the front and screen doors of apartment 274 repeatedly causing noise disturbances that interfered with the peaceful enjoyment of my apartment for 2 to 3 hours at a time during the day and at night to intimidate and force me out of my home because I am black, from on July 13, 2016 through presently.

5.24.6      Defendant Madlon Jenkins-Rudziak knew or should have known about my noise disturbances complaints because I sent several complaints to Sapphire Village Condominium Owners Association. In my complaints, I requested that Sapphire management informed the owners and occupants of apartment 274 about my noise complaints.

5.24.7      Defendant Madlon Jenkins-Rudziak failed to take any action to minimize or abate the excessive noise disturbances emanating from apartment 274 from July 13, 2016 through presently.

Specifically, defendant Madlon Jenkins-Rudziak should have repaired the broken or malfunctioning

screen door because he knew or should have known that it was causing a nuisance.

5.24.8    By his acts described above, Defendant tortuously interfered with my peaceful and

lawful enjoyment of my apartment.

5.24.9    On account of Defendant's conduct, I was deprived and continue to be deprived of the

use of my bedroom and much needed sleep and rest.

5.24.10    On account of Defendant's conduct, I suffered emotional distress, chest pains, difficulty

breathing, nose bleed, severe headache and exhaustion.

## COUNT 25: VIOLATION OF SECTION 3617 OF THE FHA

### (Against Defendants Sapphire Village Condominium Owners Association)

5.25.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.25.2    I rent a one-bedroom apartment at 6700 Sapphire Village, Apartment 265, St. Vincent

Building, St. Thomas, 00802. I signed a one-year lease agreement with Mr. EMAD OBAIDI, owner of

apartment 265. The lease started on October 1, 2015 and end on September 29, 2016. I live alone and I

don't have any family or friends in the U.S. Virgin Island.

5.25.3    Sapphire Village Condominium Owners Association, is governed by six-member Board of

Directors. The Board of Directors are responsible for (but not limited to): (1) Assessing common

expenses (2) Personnel (3) Ensuring adherence to the Association By-laws and Rules and Regulations for

the Development.

91

Case: 16-3601    Document: 003112444714    Page: 97    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 92 of 119

Third Amended Complaint

5.25.4    Defendants' Sapphire Village Condominium Owners Association conspired with and
allowed group of neighbors and individuals to create a hostile environment for me consisting of
continuous and persistent noise disturbances, stalking, harassment and intimidation because I am black,
inside Sapphire Village Development and outside of the Development.

5.25.5    By their acts described above, Defendants tortuously interfered with my peaceful and
lawful enjoyment of my apartment.

5.25.6    On account of Defendants' conduct, I suffered emotional distress and severe headache.

5.25.7    On account of Defendants' conduct, I am not able to take advantage of my balcony, any
of the amenities of Sapphire Village, and Sapphire beach.

5.25.8    On account of Defendants' conduct, I am not able to receive proper medical treatment
and retained counsel and received proper legal advice in these matters above and below.

### COUNT 26: VIOLATION OF SECTION 3617

#### (Against Defendants Sapphire Village Condominium Owners Association)

5.26.1    I reallege and incorporate by reference the remainder of the allegations in this
complaint.

5.26.2    I rent a one-bedroom apartment at 6700 Sapphire Village, Apartment 265, St. Vincent
building, St. Thomas, 00802. I signed a one-year lease agreement with Mr. EMAD OBAIDI, owner of
apartment 265. The lease started on October 1, 2015 and end on September, 2016. I live alone and I
don't have any family or friends in the U.S. Virgin Islands.

Case: 16-3601    Document: 003112444714    Page: 98    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 93 of 119

Third Amended Complaint

5.26.3    Defendants Sapphire Village Condominium Owners Association is comprised of the individual owners of approximately 225 residential properties located in 7 buildings in the Sapphire Village Development.

5.26.4    Defendants Sapphire Village Condominium Owners Association, is governed by six-member Board of Directors. The Board of Directors are responsible for (but not limited to): (1) Assessing common expenses (2) Personnel (3) Ensuring adherence to the Association By-laws and Rules and Regulations for the development.

5.26.5    Defendants Sapphire Village Condominium Owners Association treated me differently and unfairly from other tenants and owners, because I am black, when they purposely and deliberately targeted my apartment for more construction noises during four construction projects on the St. Vincent building and when they failed to enforce Sapphire Village Condominium Rules and Regulations and By-laws when the neighbors interfered with my fair housing right by: (1) making excessive noises (2) harassing me (3) threatening me with physical violence (4) committed acts of violence against me. But on the other hand, the Association threaten to take legal action against me on baseless allegations that are motivated by racial profiling fantasies and prejudices because I am black.

5.26.6    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.26.7    On account of Defendants' conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.26.8    On account of Defendants' conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

93

5.26.9     On account of Defendants' conduct, I am not able to take advantage of my balcony, any
of the amenities of Sapphire Village, and Sapphire beach.

## COUNT 27: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Sapphire Village Condominium Owners Association)

5.27.1     I reallege and incorporate by reference the remainder of the allegations in this
complaint.

5.27.2     Sapphire Village Condominium Owners Association is comprised of the individual
owners of approximately 225 residential properties located in 7 buildings in the Sapphire Village
Development.

5.27.3     Sapphire Village Condominium Owners Association, is governed by six-member Board of
Directors. The Board of Directors are responsible for (but not limited to): (1) Assessing common
expenses (2) Personnel (3) Ensuring adherence to the Association By-laws and Rules and Regulations for
the development.

5.27.4     Defendants Sapphire Village Condominium Owners Association acted intentionally and
recklessly when they allowed the owners and tenants, including Board of Director, of the Association,
Sidney Jarvis, to temper with the screen door-closer in all the apartments in the St. Vincent building to
create maximum amount of noise disturbances each time the screen door closes to intimidate and force
me out of my home because I am black.

5.27.5     Defendants Sapphire Village Condominium Owners Association acted intentionally and
recklessly when they targeted the St. Vincent building for more constructions and repairs and authorized
the construction crew to deliberately and purposely spend extra days on the portion of the roof right
above my apartment for excessive hammering and drilling that caused my apartment to vibrate.

94

5.27.6     Defendants Sapphire Village Condominium Owners Association acted intentionally and recklessly when they authorized Sapphire maintenance staff to target the areas surround my apartment for early morning property maintenance and cleaning in the St. Vincent building to purposely, deliberately and intentionally create excessive noises with gardening and landscaping tools and equipment that interfered with my apartment to intimidate and force me out of my home because I am black.

5.27.7     Defendants Sapphire Village Condominium Owners Association acted intentionally and recklessly when they refused to enforce Sapphire Village Condominium Rules and Regulation, By-laws and Code of Conduct and allowed group of neighbors and others to engage in the following criminal behaviors: Excessive noises, harassment, stalking, intimidation, vandalism, violent threats, and violence.

5.27.8     Defendants Sapphire Village Condominium Owners Association acted intentionally and recklessly when they sent letters to Emad O'Baidi my landlord that purposely and deliberately and unfairly characterized me as a violent criminal that is scaring away the owners, tenants and tourist. Specifically, when the Sapphire Village Condominium Owners Association stated in the letter that "[a] number of legal issues arise from Mr. Dorval's occupation of unit 265 including: V.I. criminal code violations such as making threats, assault, harassment, and disturbance of the peace." Further, the Association stated that "Civil claims for physical injuries, if Mr. Dorval commits a battery upon another person." Sapphire Village Condominium Owners Association knew that all of the above allegations are false and that I have never interacted and said a word to anyone at Sapphire Village Condominium Development.

5.27.9     Defendants Sapphire Village Condominium Owners Association actions were extreme and outrageous.

Case: 16-3601    Document: 003112444714    Page: 101    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 96 of 119

Third Amended Complaint

5.27.10     As a result of Defendants' outrageous conduct I have suffered severe mental anguish,

shame, humiliation, embarrassment, worry, physical pains, chest pains, severe headache, vomiting and

nausea.

5.27.11     As a result of Defendants' Sapphire Village Condominium Owners Association's extreme

and outrages conduct, I have suffered severe emotional distress and other damages for which

Defendants Sapphire Village Condominium Owners Association is liable for compensatory and punitive

damages to me.

### COUNT 28: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all board member Defendants in their personal capacities)

5.28.1     I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.28.2     Sapphire Village Condominium Owners Association is comprised of the individual

owners of approximately 225 residential properties located in 7 buildings in the Sapphire Village

Development.

5.28.3     Sapphire Village Condominium Owners Association, is governed by six-member Board of

Directors. The Board of Directors are responsible for (but not limited to): (1) Assessing common

expenses (2) Personnel (3) Ensuring adherence to the Association By-laws and Rules and Regulations for

the development.

5.28.4     Defendants Sapphire Village Condominium Owners Association acted intentionally and

recklessly when they allowed the owners and tenants, including its Board of Director, Sidney Jarvis to

purposely and deliberately tempered with the screen door-closer in all the apartments in the St. Vincent

building to create maximum amount of noise disturbances each time the screen door closes.

96

Case: 16-3601    Document: 003112444714    Page: 102    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 97 of 119

Third Amended Complaint

5.28.5        Defendants Sapphire Village Condominium Owners Association acted intentionally and

recklessly when they targeted the St. Vincent building for more constructions and repairs and authorized

the construction crew to deliberately and purposely spends extra days on the portion of the roof right

above my apartment for excessive hammering and drilling that caused my apartment to vibrate.

5.28.6        Defendants Sapphire Village Condominium Owners Association acted intentionally and

recklessly when they authorized Sapphire's maintenance staff to target the areas surround my

apartment for early morning property maintenance and cleaning in the St. Vincent building to

intentionally create excessive noises with gardening and landscaping tools and equipment that

interfered with my apartment to intimidate and force me out of my home because I am black.

5.28.7        Defendants Sapphire Village Condominium Owners Association acted intentionally and

recklessly when they refused to enforce Sapphire Village Condominium Rules and Regulation, By-laws

and Code of Conduct and allowed group of neighbors and others to engage in the following criminal

behaviors: Excessive noises, harassment, stalking, intimidation, vandalism, violent threats, and violence.

5.28.8        Defendants Sapphire Village Condominium Owners Association acted intentionally and

recklessly when the sent letters to Emad O'Baidi my landlord that intentionally and unfairly

characterized me as a violent criminal that is scaring away the owners, tenants and tourist. Specifically,

when the Sapphire Village Condominium Owners Association stated in the letter that "[a] number of

legal issues arise from Mr. Dorval's occupation of unit 265 including: V.I. criminal code violations such as

making threats, assault, harassment, and disturbance of the peace." Further, the Association stated that

"Civil claims for physical injuries, if Mr. Dorval commits a battery upon another person." Sapphire Village

Condominium Owners Association knew that all of the above allegations are false and that I have never

interacted and said a word to anyone at Sapphire Village Condominium Development.

Case: 16-3601   Document: 003112444714   Page: 103   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 98 of 119

Third Amended Complaint

5.28.9      Defendants Sapphire Village Condominium Owners Association actions were extreme

and outrageous.

5.28.10     As a result of Defendants' outrageous conduct I have suffered severe mental anguish,

shame, humiliation, embarrassment, worry, physical pains, chest pains, severe headache, vomiting and

nausea.

5.28.11     As a result of Defendants Sapphire Village Condominium Owners Association's extreme

and outrages conduct, I have suffered severe emotional distress and other damages for which all of the

Defendants are personally liable for compensatory and punitive damages to me.

## COUNT 29: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Jacqueline Lindberg)

5.29.1      I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.29.2      Defendant Jacqueline Lindberg owns a home at 6700 Sapphire Village, St. Vincent

Building, St. Thomas 00802. Ms. Lindberg is a member of Defendant Sapphire Village Condominium

Owners Association.

5.29.3      Defendant Jacqueline Lindberg acted intentionally and recklessly when several times

she appeared on the walkway of the St. Vincent building to speak to me and placed food in front of my

front door. Specifically, November 4, 2015, Defendant Jacqueline Lindberg appeared and stated that it

would be like hell for me in the complex....666.

5.29.4      Defendant Jacqueline Lindberg's actions were extreme and outrageous.

98

Case: 16-3601    Document: 003112444714    Page: 104    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 99 of 119

Third Amended Complaint

5.29.5    As a result of Defendant's outrageous conduct I suffered severe mental anguish,

humiliation, embarrassment, worry, nausea and vomiting.

5.29.6    As a result of Defendant Jacqueline Lindberg's extreme and outrageous conduct, I have

suffered severe emotional distress and will continue to suffer severe emotional distress and other

damages for which Defendant Jacqueline Lindberg's is personally liable for compensatory and punitive

damages to me.

### COUNT 30: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants Lourdes Cordero and Thomas Cordero)

5.30.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.30.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265

is located above apartment 257.

5.30.3    Defendants Lourdes Cordero and Thomas Cordero owns apartment 257 at 6700

Sapphire Village, St. Vincent building, St. Thomas 00802.

5.30.4    Defendants Lourdes Cordero and Thomas Cordero's short-term tenants and cleaning

services have been making and continue to intentionally make excessive noise disturbances that are

interfering with the enjoyment of my apartment since October 5, 2015 to present.

5.30.5    Defendants Lourdes Cordero and Thomas Cordero knew or should have known of the

excessive noises emanating from apartment 257 because Mark Marolf informed the tenants of my noise

complaints and based on letters that I received from Sapphire Village Condominium Owners Association.

Case: 16-3601   Document: 003112444714   Page: 105   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 100 of 119

Third Amended Complaint

In addition, I sent letters to Sapphire management requesting that they informed the owners and tenants of apartment 266 of my noise complaints.

5.30.6    Defendants Lourdes Cordero and Thomas Cordero acted intentionally and recklessly when they caused the screen door of apartment 257 to slam and make unnecessary blurring noise disturbances for more than 2 to 3 hours during the day and at night by either intentionally removing parts of the screen door-closer or causing the screen door-closer to malfunction. In addition, defendants acted intentionally and recklessly when they failed numerous times to correct the nuisance that their short-term tenants and cleaning services were causing each time the short-term lease terminated, defendants should have repaired the screen-door. And there have been several short-term tenants since October 2015 to present.

5.30.7    Defendants Lourdes Cordero and Thomas Cordero's action were extreme and outrageous.

5.30.8    As a result of Defendants' outrageous conduct I have suffered severe mental anguish, worry, chest pains, severe headache, difficulty breathing, vomiting and nausea

5.30.9    As a result of Defendants Lourdes Cordero and Thomas Cordero's extreme and outrageous conduct, I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendants Lourdes Cordero and Thomas Cordero are personally liable for compensatory and punitive damages to me.

## COUNT 31: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Ellen Hansen)

5.31.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

Case: 16-3601    Document: 003112444714    Page: 106    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 101 of 119

Third Amended Complaint

5.31.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.
The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265
is located above apartment 257.

5.31.3    Defendants Lourdes Cordero and Thomas Cordero owns apartment 257 and leased it to
Defendant Ellen Hansen.

5.31.4    Defendant Ellen Hansen has been making and continue to intentionally make excessive
noise disturbances including loud banging noises and slamming of the front and screen doors repeatedly
since arriving on July 3, 2016.

5.31.5    Defendant Ellen Hansen knew or should have of the excessive noises emanating from
apartment 257 because I sent 2 complaints to Sapphire manage and the Sapphire Village Condominium
Owners Association specifically requesting that Sapphire management made the owner and tenants
aware that they are causing significant noise disturbances that are interfering with the lawful and
peaceful possession of my apartment.

5.31.6    Defendant Ellen Hansen acted intentionally and recklessly when they deliberately
slammed the front and screen doors of apartment 257 and make unnecessary blurring noise
disturbances for more than 30 to 1 hour during the day and at night by either intentionally removing
parts of the screen door-closer or causing the screen door-closer to malfunction. In addition, defendant
acted intentionally and recklessly when they failed numerous times to correct the nuisance by
preventing the screen door to slam or make repairs to the screen-door.

5.31.7    Defendant Ellen Hansen's actions were extreme and outrageous.

5.31.8    As a result of Defendant's outrageous conduct I have suffered severe mental anguish,
worry, chest pains, severe headache, difficulty breathing, vomiting and nausea

101

Case: 16-3601   Document: 003112444714   Page: 107   Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 34   Filed: 07/28/16   Page 102 of 119

Third Amended Complaint

5.31.9      As a result of defendant's Ellen Hansen extreme and outrageous conduct, I have

suffered severe emotional distress and will continue to suffer severe emotional distress and other

damages for which defendant Ellen Hansen personally liable for compensatory and punitive damages to

me.

### COUNT 32: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Sarah Whyte)

5.32.1      I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265

is located above apartment 257.

5.32.2      Defendants Lourdes Cordero and Thomas Cordero own apartment 257 at 6700 Sapphire

Village, St. Vincent Building, St. Thomas 00802.

5.32.3      Defendants Lourdes Cordero and Thomas Cordero retained Sarah Whyte cleaning

services to clean apartment 257 2 or 3 day per week, during the day.

5.32.4      Defendant Sarah Whyte acted intentionally and recklessly when she deliberately and

purposely made loud banging noises and slammed the front and screen doors repeatedly for more than

3 hours during the day and several times per week, that interfered with the peaceful enjoyment of my

apartment to intimidate and force me out of my home because I am black.

5.32.5      Defendant Sarah Whyte's' actions were extreme and outrageous.

5.32.6      As a result of Defendants' outrageous conduct I have suffered severe mental anguish,

worry, chest pains, severe headache, difficulty breathing, vomiting and nausea

5.32.7    As a result of Defendant Sarah Whyte's' extreme and outrageous conduct, I have

suffered severe emotional distress and will continue to suffer severe emotional distress and other

damages for which Defendant Sarah Whyte is personally liable for compensatory and punitive damages

to me.

## COUNT 33: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Matthew Swope)

5.33.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.33.2    Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent

building.

5.33.3    Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 and leased

the apartment to Matthew Swope.

5.33.4    Defendant Matthew Swope is Caucasian and was in sole possession of apartment 273.

5.33.5    Defendant Matthew Swope acted intentionally and recklessly when Mr. Swope

deliberately and purposely slammed the front and screen doors of apartment 273 and make

unnecessary blurring noise disturbances repeatedly for 2 to 3 hours during the day or at night by either

intentionally removing parts of the screen door-closer or causing the screen door-closer to malfunction.

In addition, defendant acted intentionally and recklessly when he purposely and deliberately made loud

banging noises at all hours of the day and night that interfered with the enjoyment of my apartment and

deprived me of sufficient sleep and rest since October 5, 2015 through April 2016.

Case: 16-3601    Document: 003112444714    Page: 109    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 104 of 119

Third Amended Complaint

5.33.6    Defendant Matthew Swope knew or should have known of the noise disturbances that were emanating from apartment 273. December 19, 2015, Mark Marolf, Property Manager, informed the tenants of my noise complaints.

5.33.7    Further, Defendant Matthew Swope acted intentionally and recklessly when he failed to take any action to minimize or abate the excessive noise disturbances emanating from his apartment since October 2015 through April 2016.

5.33.8    Defendant Matthew Swope's actions were extreme and outrageous.

5.33.9    As a result of Defendant's outrageous conduct I have suffered severe mental anguish, worry, sleep deprivation, physical pain, chest pain, difficulty breathing, vomiting and nausea.

5.33.10    As a result of Defendant's Matthew Swope's extreme and outrageous conduct I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendant Matthew Swope is personally liable for compensatory and punitive damages to me.

### COUNT 34: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants Moussa Mustafa and Nora Ibrahim)

5.34.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.34.2    Apartment 273 is located on the third floor above my apartment 265 in the St. Vincent building.

5.34.3    Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 and leased it to Defendants Moussa Mustafa and Nora Ibrahim.

Case: 16-3601    Document: 003112444714    Page: 110    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 105 of 119

Third Amended Complaint

5.34.4    Defendants Moussa Mustafa and Nora Ibrahim resided at apartment 273 in the St. Vincent building May 2016 through June 2016. A total of four individuals lived in apartment 273 consisting of three man and one woman.

5.34.5    Defendants Moussa Mustafa and Nora Ibrahim were in sole possession of apartment 273.

5.34.6    Defendants Moussa Mustafa and Nora Ibrahim acted intentionally and recklessly when they intentionally removed parts of the screen door-closer or caused the screen door-closer to malfunction. In addition, defendants acted intentionally and recklessly when they purposely and deliberately slammed the front and screen doors repeatedly and made loud banging and stomping sounds all day and night, for the entire time the defendants were in possession of apartment 273. The excessive noises deprived me of sleep and rest.

5.34.7    Defendants Moussa Mustafa and Nora Ibrahim knew and should have known that the noise disturbances emanating from their apartment deprived me of much needed sleep and rest and prevent me from reading, writing and watching television because on May 13, 2016, police officer informed Mr. Mustafa of my noise complaint.

4.34.8    Further, Defendants Moussa Mustafa and Nora Ibrahim acted intentionally and recklessly when they failed to take any action to minimize or abate the excessive noises emanating from apartment 273 during the day and at night.

5.34.9    Defendants Moussa Mustafa and Nora Ibrahim's actions were extreme and outrageous.

5.34.10    As a result of Defendants' outrageous conduct I have suffered severe mental anguish, worry, sleep deprivation, physical pain, chest pain, difficulty breathing, vomiting and nausea.

Case: 16-3601    Document: 003112444714    Page: 111    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 106 of 119

Third Amended Complaint

5.34.11    As a result of Defendants Moussa Mustafa and Nora Ibrahim's extreme and outrageous

conduct I have suffered severe emotional distress and will continue to suffer severe emotional distress

and other damages for which defendants Moussa Mustafa and Nora Ibrahim are personally liable for

compensatory and punitive damages to me.

## COUNT 35: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants Joanne M. Levesque and Clarence Levesque)

5.35.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.35.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265

is located one floor below apartment 257.

5.35.3    Defendants Joanne M. Levesque and Clarence Levesque own apartment 273 at 6700

Sapphire Village, St. Thomas, 00802.

5.35.4    Defendants Joanne M. Levesque and Clarence Levesque leased apartment 273 to

Defendant Matthew Swope from October 2015 through April 2016.

5.35.5    Defendants Joanne M. Levesque and Clarence Levesque leased apartment 273 to

Defendants Moussa Mustafa and Nora Ibrahim starting in May 2016 through June 2016.

5.35.6    Defendants Joanne Levesque and Clarence Levesque acted intentionally and recklessly

when they deliberately and purposely caused the screen door of apartment 273 to slam and make

unnecessary blurring noise disturbances repeatedly by either intentionally removing parts of the screen

door-closer or causing the screen door-closer to malfunction.

106

5.35.7    Defendants Joanne Levesque and Clarence Levesque acted intentionally and recklessly

when they intentionally allowed Matthew Swope, Moussa Mustafa and Nora Ibrahim to intentionally

caused excessive noises that interfered with the peaceful enjoyment of my apartment and when Mr.

and Ms. Levesque failed to abate or minimize the excessive noises emanating from apartment 273 from

October 2015 through May 2016. Specifically, Defendants Joanne Levesque and Clarence Levesque

should have taken action to prevent the new tenants, defendants Moussa Mustafa and Nora Ibrahim,

from deliberately and purposely making loud banging sounds and slamming the front and screen doors

repeatedly. Moreover, prior to leasing the apartment to a new tenant Defendants Joanne Levesque and

Clarence Levesque should have repaired the screen door-closer because they knew that the screen door

was causing excessive noises.

5.35.8    Defendants Joanne M. Levesque and Clarence Levesque knew or should have known of

the excessive noises emanating from apartment 273 because Mark Marolf informed the tenants of my

noise complaints and based on letters I received from Sapphire Village Condominium Owners

Association, Board of Directors.

5.35.9    Defendants Joanne M. Levesque and Clarence Levesque's actions were extreme and

outrageous.

5.35.10    As a result of Defendants' outrageous conduct I have suffered severe mental anguish,

worry, sleep deprivation, physical pains, chest pain, difficulty breathing, vomiting and nausea.

5.35.11    As a result of Defendants Joanne M. Levesque and Clarence Levesque's extreme and

outrageous conduct I have suffered severe emotional distress and will continue to suffer severe

emotional distress and other damages for which defendants Joanne M. Levesque and Clarence

Levesque's is personally liable for compensatory and punitive damages to me.

## COUNT 36: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Jonathon Morgan)

5.36.1    I reallege and incorporate by reference the remainder of the allegations in this

complaint.

5.36.2    Apartment 266 is located on the second floor next to my apartment 265 on the left, in

the St. Vincent building.

5.36.3    Defendant Bernard Vansluytman owns apartment 266 and leased the apartment to

Defendant Jonathon Morgan.

5.36.4    Defendant Jonathon Morgan resides at apartment 266 in the St. Vincent building since

April, 2016.

5.36.5    Defendant Jonathon Morgan is in sole possession of apartment 266.

5.36.6    Defendant Jonathon Morgan is Caucasian.

5.36.7    The defendant Jonathon Morgan acted intentionally and recklessly when he deliberately

and purposely slammed the front and screen doors of apartment 273 and made unnecessary blurring

noise disturbances repeatedly by either intentionally removing parts of the screen door-closer or

causing the screen door-closer to malfunction.

5.36.8    Defendant Jonathon Morgan acted intentionally and recklessly when he purposely and

deliberately established a daily excessive noise routine that start by intentionally waking me up in the

morning with loud banging sounds that are followed by slamming of the front and screen doors.

Defendant intentionally repeats this process of entering and exiting his apartment several times

between 6 AM and 7:30 AM. In addition, there are banging and knocking sounds emanating from

Case: 16-3601    Document: 003112444714    Page: 114    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 109 of 119

Third Amended Complaint

Defendant's apartment from 6 AM to 7:30 AM. Each time, I tried to go back to sleep the banging and knocking sounds woke me up about every 10 to 20 minutes. I tried to keep my eyes open but they closed involuntarily from exhaustion. The process of been awakened when I am about to fall asleep is physically painful, irritating, annoying and frustrating. In the evening, the routine is repeated between 6 PM and 11 PM. But on the weekend, the routine goes anywhere between 6 AM and 11 PM.

5.36.9    Defendant Jonathon Morgan knew or should have known about the noise disturbances emanating from his apartment because each time I called to complain about excessive noises emanating from apartment 266 Sapphire Security sent someone to his apartment. Further, July 15, 2016, the police informed Mr. Morgan of my noise complaints. The noise disturbances deprived me of much needed sleep and rest.

4.36.10    Defendant Jonathon Morgan acted intentionally and recklessly when he failed to take any actions to minimize or abate the excessive noises emanating from apartment 266 during the day and at night.

5.36.11    Defendant Jonathon Morgan's actions were extreme and outrageous.

5.36.12    As a result of Defendant's outrageous conduct I have suffered severe mental anguish, worry, sleep deprivation, physical pain, chest pain, difficulty breathing, vomiting and nausea.

5.36.13    As a result of Defendant Jonathon Morgan's extreme and outrageous conduct I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendant Jonathon Morgan is personally liable for compensatory and punitive damages to me.

Case: 16-3601    Document: 003112444714    Page: 115    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 110 of 119

Third Amended Complaint

## COUNT 37: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Bernard VanSluytman)

5.37.1        I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.37.2        Defendant Bernard M. Vansluytman owns of apartment 266 at Sapphire Village, St. Thomas 00802.

5.37.3        Defendant Bernard Vansluytman leased apartment 266 to Defendant Jonathon Morgan in April 2016.

5.37.4        Defendant Bernard Vansluytman acted intentionally and recklessly when he intentionally caused the screen door of apartment 266 to slam and make unnecessary blurring noise disturbances repeatedly by either intentionally or recklessly removing parts of the screen door-closer or causing the screen door-closer to malfunction.

5.37.5        Defendant Bernard Vansluytman knew or should have known about the excessive noises his new tenant, Jonathon Morgan, was causing because Sapphire security informed Jonathon Morgan of my noise complaints and based on letters that I received from Sapphire Village Condominium Owners Association. Further, I sent letters to Sapphire Village Condominium Owners Association requesting management to inform the owner and tenant of apartment 266 about my noise complaints. Furthermore, July 15, 2016, the police informed Mr. Morgan of my noise complaints.

5.37.6        Defendant Bernard Vansluytman acted intentionally and recklessly when he intentionally allowed his new tenant, Jonathon Morgan, to intentionally caused excessive noises that are interfering with the lawful possession and peaceful enjoyment of my apartment and when Mr. Vansluytman failed to abate or minimize the excessive noises emanating from apartment 266.

Specifically, defendant Bernard Vansluytman should have taken actions to prevent Jonathon Morgan from routinely making loud banging sounds and deliberately slamming the front and screen doors repeatedly.

5.37.7    Defendant Bernard Vansluytman acted intentionally and recklessly when he intentionally failed to repair the screen door-closer prior to leasing apartment 266 to Defendant Jonathon Morgan because he knew or should have known that the screen door was causing excessive noises. Specifically, March 21, 2016, Mr. Vansluytman visited apartment 266 and took great care not to allow the screen door to slam.

5.37.8    Defendant Bernard Vansluytman actions were extreme and outrageous.

5.37.9    As a result of Defendant's outrageous conduct I have suffered severe mental anguish, worry, sleep deprivation, physical pain, chest pain, difficulty breathing, vomiting and nausea.

5.37.10    As a result of Defendant's Bernard Vansluytman's extreme and outrageous conduct I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendant Bernard Vansluytman is personally liable for compensatory and punitive damages to me.

## COUNT 38: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant James Koulouris)

5.38.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.38.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802. The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265 is located above apartment 257.

111

Case: 16-3601    Document: 003112444714    Page: 117    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 112 of 119

Third Amended Complaint

5.38.3      Defendant Madlon Jenkins-Rudziak owns apartment 274 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

5.38.4      Defendant Madlon Jenkins-Rudziak leased apartment 274 to James Koulouris and another man.

5.38.5      Defendant James Koulouris is Caucasian and is in sole possession of apartment 274.

5.38.6      Defendant James Koulouris have been making and continue to deliberately and purposely make excessive noise disturbances including loud banging and screaking noises for 2 to 3 hours during the day and at night to intimidate and force me out of my home because I am black from July 13, 2016, through presently.

5.38.7      Defendant James Koulouris deliberately and purposely slammed of the front and screen doors of apartment 274 for 1 to 2 hours repeatedly to intimidate and force me out of my home because I am black, from July 13, 2016 through presently.

5.38.8      Defendant James Koulouris knew or should have known about my noise disturbances complaints because I sent several complaints to Sapphire Village Condominium Owners Association. In my complaints, I requested that Sapphire management informed the owners and occupants of apartment 274 about my noise complaints.

5.38.9      Defendant James Koulouris acted intentionally and recklessly when he deliberately and purposely made loud banging and screaking sounds for more than 2 to 3 hours during the day and at night that impaired my apartment.

5.38.10    Defendant James Koulouris acted intentionally and recklessly when he deliberately and purposely slammed the front and screen doors of apartment 274 for more than 1 to 2 hours during the day and at night by either intentionally removing parts of the screen door-closer or causing the screen

112

door-closer to malfunction. In addition, defendant acted intentionally and recklessly when he failed numerous times to correct the nuisance by preventing the screen door to slam or make repairs to the screen-door.

5.38.11    Defendant James Koulouris s' actions are extreme and outrageous.

5.38.12    As a result of Defendant's outrageous conduct I have suffered severe mental anguish, worry, chest pains, severe headache, difficulty breathing, vomiting and nausea

5.38.13    As a result of defendant James Koulouris s' extreme and outrageous conduct, I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which defendant James Koulouris is personally liable for compensatory and punitive damages to me.

### COUNT 39: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Madion Jenkins-Rudziak)

5.39.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.39.2    I live in apartment 265 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802. The rental lease agreement started on October 1, 2015 and end on September 29, 2016. Apartment 265 is located above apartment 257.

5.39.3    Defendant Madion Jenkins-Rudziak owns apartment 274 at 6700 Sapphire Village, St. Vincent building, St. Thomas 00802.

5.39.4    Defendant Madion Jenkins-Rudziak intentionally  and recklessly when he allowed his tenants to deliberately and purposely make loud banging and screaking sounds for more than 2 to 3

hours during the day and night to intimidate and force me out of my home because I am black from July 13, 2016 through presently.

5.39.5    Defendant Madlon Jenkins-Rudziak intentionally and recklessly when he allowed his tenants to deliberately and purposely slammed the front and screen doors of apartment 274 to intimidate and force me out of my home because I am black from July 13, 2016, through presently.

5.39.6    Defendant Madlon Jenkins-Rudziak knew or should have known about my noise disturbances complaints because I sent several complaints to Sapphire Village Condominium Owners Association. In my complaints, I requested that Sapphire management informed the owners and occupants of apartment 274 about my noise complaints.

5.39.7    Defendant Madlon Jenkins-Rudziak acted intentionally and recklessly when he failed to make repairs to the broken or malfunctioning screen door.

5.39.8    Defendant Madlon Jenkins-Rudziak's action were extreme and outrageous.

5.39.9    As a result of Defendant's outrageous conduct I have suffered severe mental anguish, worry, chest pains, severe headache, difficulty breathing, vomiting and nausea

5.39.10    As a result of Defendant Madlon Jenkins-Rudziak's extreme and outrageous conduct, I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which defendant Madlon Jenkins-Rudziak are personally liable for compensatory and punitive damages to me.

Case: 16-3601    Document: 003112444714    Page: 120    Date Filed: 10/25/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 34    Filed: 07/28/16    Page 115 of 119

Third Amended Complaint

## COUNT 40: SAPPHIRE VILLAGE CONDOMINIUM BOARD OF DIRECTORS WAS NEGLIGENT

### (Against all board member Defendants in their personal capacities)

5.40.1    Defendants Sapphire Village Condominium Owners Association, Board of Directors were negligent for allowing the resident in the St. Vincent building to intentionally and recklessly removed parts or caused the screen door-closer to malfunction in order to create excessive noises.

5.40.2    Defendants Sapphire Village Condominium Owners Association Board of Directors were negligent for failing to enforce its Rules and Regulations and By-laws about excessive noise disturbances emanating from apartment 273, 274, 266 and 257.

5.40.3    Defendants Sapphire Village Condominium Owners Association Board of Directors were negligent for authorizing four construction and repair projects on the St. Vincent building more than the other 6 buildings in the Development to deliberately and purposely target my apartment for more construction noises during the constructions and repairs.

5.40.4    Defendants Sapphire Village Condominium Owners Association Board of Directors were negligent for directing and instructing its maintenance staff to deliberately and purposely perform property up-keep and cleaning early in the morning in the areas close to my apartment that caused significant noise disturbances which interfered with my home.

5.40.5    Defendants Sapphire Village Condominium Owners Association Board of Directors were negligent for purposely and deliberately allowing the neighbors and others to create a hostile environment for me in the Development because I am black.

5.40.6    Defendants Sapphire Village Condominium Owners Association Board of Directors were negligent for purposely and deliberately treating me differently and unfairly because I am black.

5.40.7    By their acts described above, Defendants tortuously interfered with my peaceful and lawful enjoyment of my apartment.

5.40.8    On account of Defendants' conduct, I was deprived and continue to be deprived of the use of my bedroom and much needed sleep and rest.

5.40.9    On account of Defendants' conduct, I suffered emotional distress, chest pains, difficulty breathing, nose bleed, severe headache and exhaustion.

5.40.10    On account of Defendants' conduct, I am not able to take advantage of my balcony, any of the amenities of Sapphire Village, and Sapphire beach.

### COUNT 41: CONSPIRACY TO COMMIT AN AUTHORIZED ACT

#### (Against all individual Defendants in their personal capacities)

5.41.1    All individual Defendants, through and among themselves, have conspired with each other, and in concert, to violate the FHA and to deprive me of protected right and interest without authority and to deprive me full enjoyment of the goods, services, facilities, privilege, advantages, accommodations and/or opportunities of Sapphire Village.

5.41.2    Defendants acts and omissions as stated above are overt acts in furtherance of their conspiracy, and taken together constitute a civil and criminal conspiracy harm to me and to deny me my civil right under the FHA.

5.41.3    On account of Defendants' conduct, I suffered emotional distress, severe headache, exhaustion, nausea and vomiting.

5.41.4    On account of Defendants' conduct, I am not able to take advantage of my balcony, any of the amenities of Sapphire Village, and Sapphire beach.

116

## VI.   REQUEST FOR RELIEF

**WHEREFORE, I request the following relief:**

**6.1.1**   For a declaration that among other things, Defendants' conducts violate federal and U.S Virgin Island laws;

**6.1.2**   For Temporary Injunctive relief including but not limited to, an order enjoining the Defendants Jonathon Morgan, James Koulouris and occupants of apartment 257 from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind, in order to prevent my health both emotionally and physically from deteriorating any further as a consequence of the constant and persistent noise disturbances that limits me to 4 hours of sleep per day;

**6.1.3**   For Permanent Injunctive relief including but not limited to, an order enjoining the Defendants from taking any steps, to directly or indirectly, interfere with my fair housing rights and stalking, harassing and intimidating me inside and outside of Sapphire Village Condominium Development;

**6.1.4**   For immediate reliefs because since filing my initial complaint on June 23, 2016, Defendants increased their noise disturbances and harassments. Since, June 27, 2016, I sent Sapphire management 14 letters requesting that management enforces its Rules and Regulation and By-laws because Jonathon Morgan and short-term tenants in apartment 257 are causing loud noises that are preventing me from obtaining sufficient sleep and rest.

**6.1.5**   An order requiring Defendants Joanne Levesque and Clarence Levesque to provide by mail or e-mail names and addresses for the past two tenants of apartment 273 so Defendants can be added and served properly in this matter, no later than August 5, 2016;

117

6.1.6   An order requiring Defendants Lourdes Cordero and Thomas Cordero to provide by mail or e-mail the names and addresses for their Cleaning Services so that it can be added and served properly as a Defendant in this matter, no later than August 5, 2016;

6.1.7   For this court to assign a competent attorney that I can afford to prosecute this case on my behalf;

6.1.8   For especial and general compensatory damages against Defendants on all claims in an amount to be proved at the time of trial;

6.1.9   For punitive damages against Defendants under 42 U.S.C. § 3613 (c)(1), and otherwise as allowed by law;

6.1.10   For the right to amend this complaint to conform to proof offered at trial;

6.1.11   For this case to be tried to a jury; and

6.1.12   For such other and further relief as the court deems just and proper.

DATED this 28th of day of July, 2016.

X _____
Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802

118

**Third Amended Complaint**

Dorval.wilnick@gmail.com

Phone: (917) 602-3354

119