No. 16-3601

# The United States Court of Appeals For The Third Circuit

Wilnick Dorval,

*Plaintiff-Appellant,*

v.

Sapphire Village Condominium Owners Association, ET, AL

*Defendant-Appellee.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

No. 3-16-CVG-00050-RM

## SUPPLEMENTAL APPENDIX OF APPELANT

**Wilnick Dorval**

**6700 Sapphire Village**

**Apt 265**

**St. Thomas, U.S. Virgin Island 00802**

**(917) 602-3354**

# TABLE OF CONTENTS

1. PLAINTIFF WILNICK DORVAL THIRD MOTION IN

   LIMINE TO ADMIT INTO EVIDENCE VIDEO

   RECORDINGS, POLICE REPORTS AND LETTERS

   TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS

   ASSOCIATION BOARD OF DIRECTORS…………………        1

2. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

   IN SUPPORT OF MOTION IN LIMINE TO ADMIT INTO

   EVIDENCE VIDEO RECORDINS, POLICE REPORTS AND

   LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM

   OWNERS ASSOCIATION BOARD OF DIRETORS……….        14

3. PLAINTIFF WILNICK DORVAL NOTICE OF

   CERTIFICATE SERVICE OF PROCESS……………………        30

4. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

   CERTIFICATION OF SERVICE……………………………        36

5. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE

   TO ADMIT INTO EVIDENCE POLICE REPORT OF

   EXCESSIVE NOISE DISTURBANCES EMANATING

   FROM LOURDES CORDERO AND THOMAS CORDERO'S

   APARTMENT ……………………………………………..        46

6. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

   TO SUPPORT A MOTION IN LIMINE TO ADMIT

   INTO EVIDENCE POLICE REPORT OF EXCESSIVE

NOISE DISTURBANCES EMENATING FROM

LOURDES CORDERO AND THOMAS CORDERO'S

APARTMENT 257…………………………………………….    56

7.  CORRECTION TO POLICE REPORT IN THE AFFIRMATION

OF PLAINTIFF WILNICK DORVAL TO ADMIT INTO

EVIDENCE VIDEO RECORDINGS AND LETTERS

TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS

ASSOCIATION SUPPORTING A SECOND MOTION FOR

PERMANENT RESTRAINING ORDER AGAINST

DEFENDANT JOANNE LEVESQUE, MADLON

JENKINS-RUDZIAK, LOURDES CORDERO AND

THOMAS CORDERO…………………………………………….    61

8.  SECOND MOTION FOR PERMANENT RESTRAINING

ORDER, PRELIMINARY AND PERMANENT

INJUNCTION ON DEFENDANTS JOANNE LEVESQUE,

MADLON JENKINS-RUDZIAK, LOURDES CORDERO

AND THOMAS CORDERO……………………………………    69

9.  AFFIRMATION OF PLAINTIFF WILNICK DORVAL

TO ADMIT INTO EVIDENCE VIDEO RECORDINGS

AND LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM

OWNERS ASSOCIATION SUPPORTING A SECOND

MOTION FOR PERMANENT RESTRAINING ORDER

AGAINST DEFENDANT JOANNE LEVESQUE,

MADLON JENKINS-RUDZIAK, LOURDES CORDERO

AND THOMAS CORDERO…………………………………    **80**

10. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE

TO ADMIT INTO EVIDENCE VIDEO AND AUDIO

RECORDINGS OF MY NEIGHBORS THREATENING

CONDUCTS AT SAPPHIRE VILLAGE DEVELOPMENT….    **91**

11. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

IN SUPPORT OF MOTION IN LIMINE TO ADMIT

INTO EVIDENCE VIDEO RECORDINGS OF MY

NEIGHBORS THREATENING CONDUCTS AT SAPPHIRE

VILLAGE DEVELOPMENT…………………………………..    **102**

12. PLAINTIFF MOTION IN LIMINE TO ADMIT

PHOTOGRAPHS EVIDENCE OF SAPPHIRE

VILLAGE DEVELOPMENT NEIGHBORS' ACTS OF

HARASSMENT, INTIMIDATION, VANDALIMS

AND ASSAULT AND BATTERY……………………………..    **106**

13. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

IN SUPPORT OF MOTION IN LIMINE TO ADMIT

INTO EVIDENCE PHOTOGRAPHS OF NEIGHBORS'

ACTS OF HARASSMENT, INTIMIDATION,

VANDALISM, AND ASSAULT AND

BATTERY……………………………………………………    **115**

14. NOTICE OF LIST OF ELECTRONIC EVIDENCE PROVIDED TO

DEFENDANTS.......................................................... 119

This the 13th day of December 2016.

X _Wilnick Dorval_

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this motion to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9

St. Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Nicholas Overmyer

1723 Fitch Ave

Marquette, MI 49855

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen

05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: December 13, 2016

X _Wilnick Dorval_

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Case No. 2016-50 |
| | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendant(s) | ) | |

November 30, 2016

**PLAINTIFF WILNICK DORVAL THIRD MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO**

**RECORDINGS, POLICE REPORTS AND LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM**

**OWNERS ASSOCIATION BOARD OF DIRECTORS**

COMES NOW, Plaintiff, Wilnick Dorval, Pro se, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902,

and 1001-1005 to admit into evidence two police reports of noise disturbances, five letters of

noise complaints and eight video recordings of excessive noise disturbances to substantiate the

excessive noise disturbances emanating from defendant Joanne Levesque's apartment. In

1

*1*

addition, to substantiate the basis of the injuries that I suffered because of the excessive noise

disturbances.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUGMENT

1. **Police Reports, Letter of Noise Complaints and Video Recordings of the Excessive**
   **Noise Disturbances Are Relevant to Prove Nuisance, Harassment, Discrimination,**
   **Criminal Conducts and Damages**

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a

2

privilege exists, or evidence is admissible. In so deciding, the court is not bound by

evidence rules, except those on privilege.

Fed.R.Evid. 104 (a). I hereby request to enter into evidence two police reports, five letters of

noise complaints and eight video recordings of excessive noise disturbances that my neighbor,

Jessica Levesque, in apartment 273 caused to support a declaration that Defendants violated

federal and U.S. Virgin Island Laws when Jessica Levesque deliberately and purposely made

loud banging and screaking sounds day and night to force me out of my home because I am

black and to retaliate because I filed a lawsuit against Joanne Levesque. Further, the excessive

noise disturbances interfered with the use and enjoyment of my apartment. Specifically, the

noise disturbances deprived me of sleep, rest and the used of my living room and kitchen.

Furthermore, the noise disturbances caused me to suffer severe migraine, severe exhaustion,

chest pains, and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact probable than it would be without

the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The two police reports, five letters of noise complaints and eight video

3

*3*

recordings of excessive noise disturbances are relevant because they established that Jessica Levesque purposely and deliberately made loud banging and screaking sounds during the day and at night. Further, defendants Sapphire Village Condominium Owners Association refused to enforce its bylaws, rules and regulations to put an end to the harassment and noise disturbances because I am black.  As such, the noise disturbances are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private Nuisance; damages; warrant to abate; injunction) and violate the Fair Housing Act of 1968. "Rule 401 does not require the evidence to be dispositive of a fact in issue: The bar is much lower and simply requires that the existence (or non-existence) of such fact make it more likely." Ostalaza v. People, 58 V.I. 532, 564 (V.I. 2013). The two police reports, five letters of noise complaints and eight video recordings established defendants made loud banging and screaking sound and that the noise disturbances are excessive and extremely loud to substantially impaired the use of my apartment.  Sapphire Village Condominium Owners Association has taken zero actions to end the harassment and noise disturbances because I am black. "Clearly, facts that tend to prove essential elements of the causes of action and affirmative defenses asserted in the pleading are 'of consequence to the litigation,'." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013).  The police reports established that I went to the proper authorities to complained about the excessive noise disturbances emanating from my neighbors' apartments day and night. Specifically, the police reports filed on November 19th and 24th 2016, documented the excessive noise disturbances that Jessica Levesque is causing at night. November 19, 2016, Jessica Levesque made loud banging noise disturbances that woke me out of sleep around 4:00 a.m.

4

4

The next day, I went to the Mariel C. Newton Command and filed a noise disturbance complaint about the noise disturbances that Jessica Levesque made during that night and in the morning.

The five letters of noise disturbances established that I have described in details the nature, duration and frequency of the noise disturbances that Jessica Levesque is causing day and nights. Further, I explained in details the effect the excessive noise disturbances are having on my health. But, Sapphire Village Condominium Owners Association has taken zero actions about the neighbors.

The first video recordings documented loud banging noise disturbances that Jessica Levesque made on November 19, 2016, during the night; The second video recording documented loud banging and screaking noise emanating from apartment 273 in the morning and occupants of apartment 257 slamming the doors, November 19, 2016; The third video recording documented loud banging that Jessica Levesque made while I was eating, November 25, 2016; The fourth video recording documented that I pointed the camera to the ceiling and recorded the excessive noise disturbances emanating from apartment 273, November 25, 2016; The fifth video recording documented that Jessica Levesque made loud banging noises while I was using my kitchen, November 26, 2016; The sixth video recording documented loud banging noise disturbances that Jessica Levesque is making day and night, November 27, 2016. The seventh video recording documented loud banging and screaking noise disturbances emanating from apartment 273, after I called the police and Sapphire security to complained about the noises; The eight video recording documented the banging and screaking sounds that Jessica Levesque makes all day. Consequently, I am deprived of the use and enjoyment of my

5

apartment because of the constant and persistent excessive noise disturbances that Jessica

Levesque is deliberately making to force me out of my home because I am black.

Therefore, the police reports, five letters of noise disturbance complaints and eight

video recordings are relevant to this cause of action and this Court should rule that they are

admissible.

**2. The Video Recordings Truly, Accurately and Realistically Represent the Excessive**

**Noise Disturbances Emanating from Joanne Levesque. Further, the Police Reports and**

**Letters of Noise Complaint Accurately Documented the Noise Disturbances, Pursuant to Rules**

**901-902 of Federal Rule of Evidence**

The eight video recordings truly, accurately and realistically represent the excessive

noise disturbances that Jessica Levesque is causing to force me out of my home because I am

black. Further, the contents of the letters of noise disturbances are the same as the contents of

the letters submitted to Sapphire Village Condominium Owners Association's Board of

Directors. The police reports are signed and dated by the police officer and titled United States

Virgin Islands Police Department. "A party seeking to admit an exhibit need only make a prima

facie showing that it is what he or she claims it to be." Lorraine v. Markel American Ins. Co., 241

F.R.D. 534, 542 (D.Md.2013). I have attached an Affirmation to this motion that explained in

details how I wrote the letters, obtained the police reports and recorded the eight video

recordings of the excessive noise disturbances (see Exhibit A).

The SONY video camera automatically assigned a numerical identification number, date

6

6

and time to each video file, then I made a duplicate copy of each file and saved it to a SanDisk

memory stick for storage.

### 3. The Police Reports Are Public Records, I Wrote the Letters and The Video

### The Video Recordings Were Made by me Plaintiff Wilnick Dorval In My

### Apartment at 265, Sapphire Village.

The police reports meet the public record requirements under Rule 803 because the

report is titled United State Virgin Islands Police Department and signed and dated by the police

officer. The letters were written by me, thus are not hearsay. Further, the eight video

recordings are direct evidence of the excessive noise disturbances that Jessica Levesque is

causing to force me out of my home because I am black. Therefore, the eight video recordings

are not hearsay as defined by Rule 801, because I personally made the video recordings inside

my apartment that are been offered into evidence. As such, I have personal knowledge of the

excessive noise disturbances that Jessica Levesque purposely and deliberately caused and how

the video recordings were made and preserved.

### 4. The Police Reports, Letters, Video Recordings Are Originals Under the Original

### Writing Rule 1001-1008

The police reports are an original under the original writing Rule 1005, I obtained a copy

of the police reports from the Central Record Bureau. Further, the five letters of noise

complaints and eight video recordings are originals under the original writing rule because I

have not edited or modified any of the letters and video recordings. I simply downloaded the

video recordings to a SanDisk memory stick for storage. "Rule 1001 (3) provides that when data

are stored in a computer or similar device, any printout or other output readable by sight,

shown to reflect the data accurately is an original." Lorraine v. Markel American Ins. Co., 241

F.R.D. 534, 579 (D.Md.2013). The SanDisk memory stick contains the original of the letters and

each of the video files from the SONY video camera.  Further, the SanDisk memory stick have

been in my possession and continue to be in my possession.

### 5. The Probative Value of the Police Reports, Letters and Video Recordings

### Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the police reports, letters of noise complaints and video

recordings substantially outweighed the danger of unfair prejudice.  The police reports, letter of

noise complaints and video recordings established Jessica Levesque made loud banging noise

disturbances during the day and at night that inferred with the use and enjoyment of my

apartment. Further, defendants Sapphire Village Condominium Owners Association has done

nothing about my noise disturbance complaints because I am black.  Finally, none of the

Defendants would be unfairly prejudiced because I have sent notice of this motion to all

Defendants and I can provide an exact copy of the two police reports, five letter of noise

complaints and the eight video recordings to each Defendants.

### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence the police reports,

letter of noise complaints and video recordings of the excessive noise disturbances because

*8*

they are relevant to this cause of action and I have established a sufficient foundation to their

authenticity. Furthermore, the probative value of the two police reports, five letter of noise

complaints and eight video recordings outweighed the danger of unfair prejudice, if any,

because the police reports, letters of noise complaints and video recordings established that

Jessica Levesque made loud banging noise disturbances during the day and at night that

interfered with the use and enjoyment of my apartment. Accordingly, this Court should rule

that the two police reports, five letters of noise complaints and eight video recordings are

admissible.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

   evidence two police reports, five letters of noise complaints and eight video

   recordings of the excessive noise disturbances that Jessica Levesque is causing day

   and night.

A proposed order is attached.

Dated: November 30, 2016

/s/ Wilnick Dorval

Wilnick Dorval

9

9

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

10

*10*

Suite 21

 St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Nicholas Overmyer

1723 Fitch Ave

Marquette, MI 49855

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

13

13

1

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.   Defendant(s) | ) | |

November 30, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT**

**INTO EVIDENCE VIDEO RECORDINGS, POLICE REPORTS AND LETTERS TO SAPPHIRE VILLAGE**

**CONDOMINIUM OWNERS ASSOCIATION BOARD OF DIRECTORS**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence eight video recordings,

two police report and five Letters of noise complaints to Sapphire Village Condominium Owners

Association's Board of Directors, "Association" to support a Motion in Limine to be filed on my

behalf, Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

EXHIBIT A

*14*

Case: 16-3601   Document: 003112490519   Page: 23   Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 197-1   Filed: 11/30/16   Page 2 of 6

2

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      Apartment 273 is located right above my apartment next to apartment 274 on the third

floor and apartment 257 is located below my apartment on the first floor. Apartment 273 and

257 have the same floor plan as my apartment.

## I. LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION'S

## BOARD OF DIRECTORS

1.1     Every day, I documented in a letter the excessive noise disturbances that my neighbors

are deliberately and purposely making in apartment 273, 274, 266 and 257 to force me out of

my home because I am black. On that same day, I hand delivered or mail the letter to Sapphire

Village Condominium Owners Association's Board of Directors.

1.2     For example, November 18, 2016, I was awakened at around 7 a.m. by noise

disturbances emanating from my neighbors' apartments. I could not fall back to sleep because

my neighbors in apartment 273 made loud banging and stumping sounds. The excessive noise

did not cease at all that day and it continued for 24 hours. November 19, 2016, I went to the

Virgin Island Police Station and made a noise disturbance complaint. I explained to the officer,

that since the elections Jessica Levesque has been making excessive loud banging and screaking

sounds continuously for 24 hours.

EXHIBIT A

*15*

Case: 16-3601    Document: 003112490519    Page: 24    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 197-1   Filed: 11/30/16   Page 3 of 6

3

I went to the Sapphire Village Office to complain, one of the neighbors shouted "new

administration" as in Donald Trump won the election that is the reason for the increased in the

duration of the excessive noise disturbances.

1.3      In the past few days, I have submitted the following letters to Sapphire Village

Condominium Owners Association's Board of Directors:

     (a) November 9, 2016, Letter Noise Complaint (Exhibit B)

     (b) November 18, 2016, Letter Noise Complaint (Exhibit C)

     (c) November 21, 2016, Letter Noise Complaint (Exhibit D)

     (d) November 25, 2016, Letter Noise Complaint (Exhibit E)

     (e) November 30, 2016, Letter Noise Complaint (Exhibit F)

1.4      I used Microsoft word processor to write the letters and save the letters to a SanDisk

memory stick for storage.  Subsequently, I send the letters by U.S. Mail or hand delivered an

exact copy to Sapphire Village Development's receptionist, Carol Mertens.

## II. POLICE REPORT

2.1      I have filed several police reports about the excessive noise that my neighbors in

apartment 273, 274, 266 and 257 are deliberately causing day and night to force me out of my

home because I am black. For example, November 19, 2016, I went to the Mariel C. Newton

EXHIBIT A

*16*

Case: 16-3601    Document: 003112490519    Page: 25    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM  Document #: 197-1   Filed: 11/30/16  Page 4 of 6

4

Command and filed a noise disturbance complaint. I explained to the officer that Jessica

Levesque in Defendant Joanne Levesque's apartment 273 deliberately made loud banging

noises for more than 24 hours.

2.2    I have filed the following noise disturbance complaints with the Virgin Island Police

Department:

   (a) November 19, 2016, CR#: 16B16719 (Exhibit G)

   (b) November 24, 2016, CR#: 16B16998 (Exhibit H)

2.3    Subsequently, I obtained a copy of the police reports at the Central Records Bureau,

located at the Alexander Farrelly Justice Complex. The police reports are signed and dated

by the police officer. Further, the reports are titled United States Virgin Islands Police

Department. The police report filed on November 19, 2016, documented the excessive noise

disturbances that Jessica Levesque is causing day and night. Specifically, on that day Jessica

Levesque made loud banging noise disturbances continuously for more than 24 hours.

### III. VIDEO RECORDINGS

3.1    I made the following video recordings of the excessive noise disturbances that Jessica

Levesque intentionally caused to force me out of my home because I am black:

   (a) November 19, 2016, Video file MAH 06174-MP4; 04:38 a.m.: Length 18:34 (Exhibit I)

   (b) November 19, 2016, Video file MAH06182-MP4; 10:08 a.m.: Length 12:50 (Exhibit J).

   (c) November 25, 2016 Video fie MAH06489-MP4: 7:12 p.m.: Length 8:36 (Exhibit K)

EXHIBIT A

17

Case: 16-3601   Document: 003112490519   Page: 26   Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 197-1   Filed: 11/30/16   Page 5 of 6

5

(d) November 25, 2016 Video file MAH06490-MP4: 7:18 p.m.: Length 6:12 (Exhibit L)

(e) November 26, 2016, Video file MAH06552-MP4: 7:26 p.m.: Length 5:05 (Exhibit M)

(f) November 27, 2016, Video file MAH06560-MP4: 12:34 a.m.: Length 3:00 (Exhibit N)

(g) November 30, 2016, Video file MAH06732-MP4: 1:50 p.m.: Length 5:22 (Exhibit O)

(h) November 30, 2016, Video file MAH06731-MP4: 1:45 p.m.: Length 35:23 (Exhibit P)

3.2     The first video recordings documented loud banging noise disturbances that Jessica

Levesque made on November 19, 2016, during the night; The second video recording

documented loud banging and screaking noise emanating from apartment 273 in the morning

and occupants of apartment 257 slamming the doors, November 19, 2016; The third video

recording documented loud banging that Jessica Levesque made while I was eating, November

25, 2016; The fourth video recording documented that I pointed the camera to the ceiling and

recorded the excessive noise disturbances emanating from apartment 273, November 25, 2016;

The fifth video recording documented that Jessica Levesque made loud banging noises while I

was using my kitchen, November 26, 2016; The sixth video recording documented loud banging

noise disturbances that Jessica Levesque is making day and night November 27, 2016. The

seventh video recording documented loud banging and screaking noise disturbances emanating

from apartment 273, after I called the police and Sapphire security to complained about the

excessive noises; The eight video recording documented the banging and screaking sounds that

Jessica Levesque makes all day.

3.3     I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances

EXHIBIT A

*18*

Case: 16-3601    Document: 003112490519    Page: 27    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 197-1   Filed: 11/30/16   Page 6 of 6

6

inside my apartment and outside of the St. Vincent building that Jessica Levesque is causing day and night.

3.4     I recorded the noise disturbances to a Micro SD card then made a duplicate of each video file from the Micro SD card to a SanDisk memory stick for storage. The SONY video camera automatically assigned a numerical identification number, date and time to the video file.

3.5     The noise disturbances in the video recordings truly, accurately and realistically represent the loud banging and screaking sounds that Jessica Levesque is causing for hours in the morning and night.

3.6     The video recordings have not been modified or edited in anyway, I made a duplicate of the file from the SD Card to store the video recording file to a SanDisk memory stick for storage.

3.7     The SanDisk memory stick has never left my possession.


                                                        /s/ Wilnick Dorval


                                                        EXHIBIT A

                                                        19

Date: November 9, 2016

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night

I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

Yesterday during the day, occupants of apartment 273 made loud banging and screaking sound that completely impaired my apartment. I could not read, write, watch television, listen to music or use my bathroom and kitchen.

Last night, occupants of apartment 273 made loud banging noise disturbances that woke me out sleep several times and I could not return to sleep because the noise disturbances went from about 1 a.m. through 6 a.m. Around 4 a.m. I called the Virgin Island police and complained about the noise disturbances and called Sapphire Security about apartment 257 because the excessive noises were extremely loud.

As a consequence of the excessive noise disturbances emanating from Joanne Levesque apartment 273 and Lourdes Cordero and Thomas Cordero's apartment 257, I am suffering with chest pains, difficulty breathing, severe exhaustion, migraine and severe emotional distress.

It is your responsibility to inform Jessica Levesque, and occupants of Lourdes Cordero's apartment that they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe emotional distress.

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.

Wilnick Dorval

( EXHIBIT B )

20

Date: November 18, 2016

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night

I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

Yesterday, occupants of apartment 273 made loud banging and screaking noise disturbances throughout the entire day and at night until about 1 a.m. The excessive noise disturbances interfered with the use and enjoyment of my apartment.

This morning, I was awakened several times by loud banging and screaking sounds emanating from Joanne Levesque's apartment. Jessica Levesque is still making the noise disturbances at this time.

Because of the excessive noise disturbances emanating from Joanne Levesque apartment 273, I am suffering with chest pains, difficulty breathing, severe exhaustion, migraine and severe emotional distress.

It is your responsibility to inform Jessica Levesque and Joanne Levesque that they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe emotional distress.

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.


Wilnick Dorval


(EXHIBIT C)

21

Date: November 21, 2016

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night

I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

Since the election, the neighbors have become even more embolden with their acts of discrimination and harassments. Over the weekend Jessica Levesque made loud banging and screaking noise disturbances continuously. Saturday, I had to file a police report about the excessive noise disturbances emanating from that apartment. Further, I had to call the Virgin Island Police and your security guard several times during the night because the excessive noise disturbances emanating from Jessica Levesque prevented me from obtaining any sleep. Also, the folks in Lourdes and Thomas Cordero's apartment slammed doors repeatedly creating massive noise disturbances that reverberated throughout my apartment.

This morning, Jessica Levesque continued with her racial harassment and made loud banging noise disturbances that kept me awake around 7 a.m.

Because of the excessive noise disturbances emanating from Joanne Levesque apartment 273 and Lourdes Cordero and Thomas Cordero's apartment 257, I am suffering with chest pains, difficulty breathing, severe exhaustion, migraine and severe emotional distress.

It is your responsibility to inform Jessica Levesque, Joanne Levesque and Lourdes and Thomas Cordero that they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe emotional distress.

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.


Wilnick Dorval


(EXHIBIT D)

22

Date: November 25, 2016

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night

I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

Since the election, the neighbors have become even more embolden with their acts of discrimination and harassments. According to the neighbors when I went to your office to complained about the excessive noise disturbances, on November 9, 2016, there is a new administration. Since that day, Jessica Levesque has become even more embolden and she is now making loud banging and screaking noise disturbances at all hours of the day and night. Last night, I called your security guard but nothing was done and Jessica Levesque continued to make the excessive noises until I called the police around 1:30 a.m. I have filed two police reports this week about the excessive noise disturbances emanating from Joanne Levesque's apartment.

This morning, I was awakened by loud banging noise disturbances around 6 a.m. emanating from apartment 273 and the noise disturbances are still going on right now. I called your security guard around 6:20 a.m., but Jessica Levesque continued with the excessive noise disturbances and around 7:00 a.m., I called the police to report the excessive noise disturbances. However, Jessica Levesque, a Trump supporter and probably a white nationalist, has increased her racial attacked to force me out of my home because I am black.

In addition, the occupants in Lourdes and Thomas Cordero are slamming the doors repeatedly in the morning.

Because of the excessive noise disturbances emanating from Joanne Levesque apartment 273 and Lourdes Cordero and Thomas Cordero's apartment 257, I am suffering with chest pains, difficulty breathing, severe exhaustion, migraine and severe emotional distress.

It is your responsibility to inform Jessica Levesque, Joanne Levesque and Lourdes and Thomas Cordero that they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe emotional distress.

(EXHIBIT F)

23

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.

**Wilnick Dorval**

24

Date: November 30, 2016

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night

I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

Since the election, the neighbors have become even more embolden with their acts of discrimination and harassments. According to the neighbors when I went to your office to complained about the excessive noise disturbances, on November 9, 2016, there is a new administration. Since that day, Jessica Levesque has become even more embolden and she is now making loud banging and screaking noise disturbances at all hours of the day and night.

Last night, Jessica Levesque and occupants of apartment 273 made loud banging and screaking noise disturbances well past 2:00 a.m. I called your security guard around 10:00 p.m. and complained about the loud banging noises emanating from that apartment. However, the excessive banging and screaking sounds continued, so around 11:00 p.m. I called the police and reported the excessive noise disturbances. After a brief pause, the noise disturbances restarted around 2: a.m. and I had to call your security guard, because I was awakened from sleep several times. Finally, occupants of apartment 273 have been making loud banging and screaking noise disturbances since 8:00 a.m. and it is now well past 10:30 a.m.

In addition, the occupants in Lourdes and Thomas Cordero are slamming the doors repeatedly in the morning.

Because of the excessive noise disturbances emanating from Joanne Levesque apartment 273 and Lourdes Cordero and Thomas Cordero's apartment 257, I am suffering with chest pains, difficulty breathing, severe exhaustion, migraine and severe emotional distress.

It is your responsibility to inform Jessica Levesque, Joanne Levesque and Lourdes and Thomas Cordero that they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe emotional distress.

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.

Wilnick Dorval

(EXHIBIT F)

25

# V.I. POLICE DEPARTMENT    United States Virgin Islands

Page 1 of 02.

**OFFENSE/INCIDENT REPORT**

**OFFENSE/INCIDENT:** LOUD NOISE

| | |
|---|---|
| 2. ZONE  C | 3. DR# 16-B-16719 |
| R/A  G-5 | 4. ARREST# |
| P/S  v | 5. UCR # |

| 6. COMPLAINANT'S NAME - FIRM OR BUS. | 7. HOME ADDRESS | 8. HOME PHONE |
|---|---|---|
| WILNICK, DORVAL | #6700 SAPPHIRE VILLAGE APT. 265 | (917) 602-3354 |

| 11. RACE | 12. POB | 13. SSN | 14. OCCUPATION |
|---|---|---|---|
| BLK | PORT OF PRINCE HAITI | | BANK EXAMINER |

| 15. ADDRESS or School ATTENDING | 16. BUS/SCH PHONE | 17. LOCATION OF INCIDENT (Address) |
|---|---|---|
| | | #6700 SAPPHIRE VILLAGE |

| DATE OF OCCURRENCE | M 11 | D 18 | Y 16 | DAY OF WEEK FRIDAY | & TIME 1000 HRS. | M 11 | D 19 | Y 16 | DAY OF WEEK SATURDAY | 19. TIME REPORTED 1123 HOURS | M 11 | D 19 | Y 16 | DAY OF WEEK SATUR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 20. WHOM | 21. ADDRESS OF REPORTING PERSON | 22. PHONE # |
|---|---|---|
| DORVAL WILNICK | #6700 SAPPHIRE VILLAGE APT. 265, ST. THOMAS, USVI | 917-602-3354 |

| DESCRIPTION VICTIM | RACE | AGE | HT. | WT. | EYES | HAIR | BUILD | COMPLEXION | BEARD, MUSTACHE, SIDEBURNS | HAT | COAT |
|---|---|---|---|---|---|---|---|---|---|---|---|

N/A

| | PANTS | OTHER | 24. MENTAL CONDITION | 25. PHYSICAL CONDITION |
|---|---|---|---|---|

| SCARS, MARKS, DEFORMITIES | 27. GLASSES (Describe) | 28. LAST SEEN WHERE | 29. IN COMPANY OF | 30. PROBABLE DESTINATION |
|---|---|---|---|---|

N/A

| CAUSE OF ABSENCE | 32. Vehicle DESCRIBE ☐ YES ☐ NO | 33. MISSING PREVIOUSLY ☐ YES ☐ NO | 34. IF YES, DATE/WHERE LOCATED |
|---|---|---|---|

| 34. (If persons injured, also complete Injury Section) | 35. DESCRIPTION OF ANIMAL | 36. IF ANIMAL BITE, GIVE INOCULATION NO. | 37. LICENSE NO. | 38. DISPOSITION |
|---|---|---|---|---|

| OWNER | 40. RESIDENCE ADDRESS | 41. RESIDENCE PHONE | 42. BUSINESS PHONE |
|---|---|---|---|

N/A

| INJURY DEATH | 44. NATURE OF INJURY AND LOCATION ON BODY | 45. TRANSPORTED TO | 46. TRANSPORTED BY |
|---|---|---|---|

| ☐ ADMITTED ☐ RELEASED | 48. PROBABLE CAUSE OF INJURY OR DEATH | 49. PHYSICIAN |
|---|---|---|

**USE OF VEHICLE. USE APPLICABLE ITEMS IN THIS SECTION FOR AUTO THEFT OR VEHICLE REPORTS OR OTHER TRANSPORTATION --**

☐ MOTORCYCLES ☐ AUTO ☐ TRUCK ☐ BUS ☐ BOAT ☐ Other....

| ☐ STOLEN ☐ RECOVERED ☐ ABANDONED ☐ IMPOUNDED ☐ CONFISCA | 51. POINT OF ENTRY: ☐ LOCKED DOOR ☐ UNLOCKED DOOR ☐ WINDOW ☐ VENT ☐ TRUNK ☐ FLOOD |
|---|---|

| METHOD OF THEFT (Crossed wires, tinfoil, etc.) | 53. KEYS IN IGNITION ☐ YES ☐ NO | 54. DESCRIBE EVIDENCE OF STRIPPING, TAMPERING, DAMAGE TO AUTO |
|---|---|---|

N/A

| COLOR | 55. YR/MAKE/MODEL/TYPE | 57. VIN | 58. YR/STATE/LIC. PLATE NO./STICKER NO. |
|---|---|---|---|

| VALUE | 60. TOWED BY/WHERE | 61. Time/date Recovered/location |
|---|---|---|

| COMPANY | 63. TYPE OF PROPERTY DAMAGE | 64. VALUE OF PROPERTY DAMAGE/LOSS |
|---|---|---|

| 65. Narcotics Type | 66. Quantity | 67. Fld. Test By |
|---|---|---|

N/A

**TYPE PREMISE WHERE OFFENSE OCCURRED**

A. Residence  CONDO

B. Non-Residence  N/A

| 74. TOOL | 76. METHOD USED | 78. GUN FEATURES |
|---|---|---|
| ☐ Pry Bar / Crowbar | ☐ Break Window / Door Glass | ☐ 01. Automatic |
| ☐ Screwdriver | ☐ Jimmy Door / Window | ☐ 02. Revolver |
| ☐ Cutting Instrument | ☐ Burned | ☐ 03. Double Barrel |
| ☐ Hands / Metal Device | ☐ Punched | ☐ 04. Single Barrel |
| ☐ Key | ☐ Removed | ☐ 05. Long Barrel |
| ☐ Unknown | ☐ Cutting / Stabbing | ☐ 06. Short Barrel |
| ☐ Other.... | ☐ Strong Arm | ☐ 07. Sawed-off |
| | ☐ Striking / biting | ☐ 08. Bolt Action |
| | ☐ Verbal Threat | ☐ 09. Altered Grip |
| | ☐ Shooting | ☐ 10. Chrome Grip |
| | ☐ Other.... NOISE | ☐ 11. Blue |
| | | ☐ 12. Small Caliber |
| | | ☐ 13. Large Caliber |
| | | ☐ Other.... |

**POINT OF ENTRY**

☐ Adjacent Premise
☐ Window
☐ Door - Sliding Glass
☐ Roof
☐ Floor
☐ Hallway
☐ Patio
☐ Unknown
☐ Other....

**72. PROTECTIVE DEVICE**

☐ Dog
☐ Alarm
☐ Professional Security Patrol
☐ Lock Devices
☐ Lighting Device
☐ T.V. Camera
☐ None
☐ Other....

N/A

**LOCATION OF ENTRY**

S  E  W  Unk

**73. PROPERTY TYPE**

☐ Currency
☐ Jewelry
☐ Clothing
☐ TV, Electronics, Cameras, Etc.
☐ Firearms
☐ Household Goods
☐ Other....

N/A

**75. EVIDENCE**

☐ Left Note
☐ Bloodstains
☐ Fibers
☐ Fingerprints
☐ Footprints
☐ Unknown
☐ Other....

N/A

**77. WEAPON**

☐ Hands / Feet
☐ Pocket Knife
☐ Machete
☐ Hatchet
☐ Shotgun
☐ Rifle
☐ Rock
☐ Bottle
☐ Other....

N/A

Brand Name / Caliber

**79. DOCUMENT**

N/A

| 81. REPORTING OFFICER NAME & PDN NO. | 82. VISITOR(S) INVOLVED AS: | 84. APPROVING OFFICER PRINT & SIGNATURE | PDN NO. | DATE APPROVED |
|---|---|---|---|---|
| L. D. VAN HOLTEN #1225 | ☐ VICTIM ☐ PERPETRATOR ☐ WITNESS | | | 1/1/16 |

| 83. SECOND OFFICER NAME & PDN NO. | 83. REPORTING OFFICER RECOMMENDS FOLLOW-UP ☐ YES ☑ NO | 85. REVIEWER'S SIGNATURE & TITLE | PDN NO. | DATE APPROVED |
|---|---|---|---|---|
| | | | | 11/21/16 |

(EXHIBIT)
26

DESCRIPTION OF THE SUSPECT(S)

Arrested ☐ ☐ ☐ ☐

# N/A

**100. SOLVABILITY FACTORS**

| Yes | No | Unk | |
|---|---|---|---|
| ☐ | ☐ | ☐ | 01. Can suspect vehicle be identified? |
| ☐ | ☐ | ☐ | 02. Is stolen property traceable? |
| ☐ | ☐ | ☐ | 03. Was physical evidence collected? |
| ☐ | ☐ | ☐ | 04. Is special MO present? |
| ☐ | ☐ | ☐ | 05. Is victim willing to prosecute? |
| ☐ | ☐ | ☐ | 06. Was an arrest made? |
| ☐ | ☐ | ☐ | 07. Can suspect be named? |
| ☐ | ☐ | ☐ | 08. Can suspect be identified? |
| ☐ | ☐ | ☐ | 09. Can suspect be described? |
| ☐ | ☐ | ☐ | 10. Can suspect be located? |
| ☐ | ☐ | ☐ | 11. Is suspect related to victim? |
| ☐ | ☐ | ☐ | 12. Was there a witness? |

Name, Address, Phone No.

Name, Address, Phone No.

Name, Address, Phone No.

Name, Address, Phone No.

# N/A

**SEX**
- ☐ 01. Male
- ☐ 02. Female

**RACE**
- ☐ 01. White
- ☐ 02. Black
- ☐ 03. Indian
- ☐ 04. Oriental
- ☐ 05. Hispanic
- ☐ 06. Unknown
- ☐ 07. Other

**AGE**
- ☐ 01. Under 18
- ☐ 02. 18-25
- ☐ 03. 26-35
- ☐ 04. 36-50
- ☐ 05. Over 50

**BUILD**
- ☐ 01. Short
- ☐ 02. Medium
- ☐ 03. Muscular
- ☐ 04. Large
- ☐ 05. Slim

**CLOTHING**
- ☐ 01. Hat
- ☐ 02. Coat
- ☐ 03. Shirt, Blouse
- ☐ 04. Trousers, Skirt
- ☐ 05. Shoes

**92. HEIGHT**
- ☐ 01. Over 6'3"
- ☐ 02. 6'0" - 6'3"
- ☐ 03. 5'9" - 6'0"
- ☐ 04. 5'6" - 5'9"
- ☐ 05. 5'3" - 5'6"
- ☐ 06. 5'0" - 5'3"
- ☐ 07. Under 5'0"

**93. EYES (Co**
...

**94. FACIAL HAIR**
- ☐ 01. Mustache
- ☐ 02. Beard
- ☐ 03. Sideburns
- ☐ 04. Heavy Eyebrows
- ☐ 05. Clean Shaven

**95. HAIR**
- ☐ 01. Bald Head
- ☐ 02. Black
- ☐ 03. Blonde or Strawberry
- ☐ 04. Brown
- ☐ 05. Gray or Partial Gray
- ☐ 06. Red or Auburn
- ☐ 07. Sandy
- ☐ 08. W
- ☐ 09. U...
- ☐ Unknown

**96. HAIR STYLE**
- ☐ Afro
- ☐ Long, Straight
- ☐ Long, Curly
- ☐ Short, Straight
- ☐ Short, Curly
- ☐ 06. Receding
- ☐ 07. Toupee
- ☐ 08. Wig
- ☐ 09. Bald, w/Fringe
- ☐ 10. Locks

**97. VOCAL IDENTITY**
- ☐ 01. Foreign
- ☐ 02. Southern
- ☐ 03. Fast clipped
- ☑ 04. West Indian
- ☐ 05. Slurred
- ☐ 06. Stutters
- ☐ 07. Deep Pitch
- ☐ 08. High Pitch

# N/A

**98. SUSPECT BEHAVIOR**
- ☐ 01. Threat of Bodily Harm
- ☐ 02. Threat of Property Loss
- ☐ 03. Tied or Locked up Victim
- ☐ 04. Did Considerable Talking
- ☐ 05. Did Little or No Talking
- ☐ 06. Acted Nervous or Excited
- ☐ 07. Acted Calm or Deliberate
- ☐ 08. Disguised or Masked
- ☐ 09. Used Lubricant
- ☐ 10. Malicious Destruction
- ☐ 11. Used Tools Found at Scene
- ☐ 12. Ate/Drank on Premises
- ☐ 13. Defecated
- ☐ 14. Perspired
- ☐ 15. Unusual Odor
- ☐ 16. Other

**99. MODUS OPERANDI OF SUSPECT**
- ☐ 01. Bound Comp/Victim
- ☐ 02. Used Note
- ☐ 03. Prostitution Involved
- ☐ 04. Used Lookout
- ☐ 05. Apologetic
- ☐ 06. Made Gestures
- ☐ 07. Sex Acts Involved
- ☐ 08. Used Stolen Vehicle
- ☐ 09. Shots Fired
- ☐ 10. Used Comp/Victim Name
- ☐ 11. Used Other Familiar Name
- ☐ 12. Other

**101. RECOMMENDED ACTION – UNDER SOLVABILITY FACTORS**

Follow Up By: ___
- ☐ 01. Investigation
- ☐ 02. Juvenile
- ☐ 03. I.A.U.
- ☐ 04. I.I.U.
- ☐ 05. Traffic
- ☐ 06. Patrol

**Outside Agency**
- ☐ 07. F.B.I.
- ☐ 08. Postal Inspector
- ☐ 09. Mental Health
- ☐ 10. Coast Guard
- ☐ 11. Narcotics
- ☐ 12. Social Welfare
- ☐ 13. Other  LANDLORD

**102. CASE STATUS**
- ☐ 01. Unfounded
- ☐ 02. Closed/Arrest
- ☐ 03. Exception/Cleared
- ☑ 04. Suspended
- ☐ 05. Open
- ☐ 06. Closed

**103. DISPATCH TIME**  DESK
ARRIVAL TIME  1123 HRS.
DEPARTURE TIME  1130 HRS

CODE:  V - Victim   O - Owner   P - Parent/Guardian   R - Reporting Person   CP - Child Present   W - Witness

| NAME(S) | CODE | RESIDENCE ADDRESS | RES. PHONE | EMPL/SCH/PHONE |
|---|---|---|---|---|
| ORVAL WILNICK | R | #6700 SAPPHIRE VILLAGE APT. | (917) 602-3354 | |
| | | | | |
| | | | | |

NARRATIVE:

Saturday, November 19, 2016 at about 1123 hours, R/ was present at the Mariel C. Newton Command and reported a disturbance. R/ stated that on November 18, 2016 at about 0900 hours, he was awaken every other hour by the upstairs or Jessica Levesque who was banging on the door. R/ continued to state that the downstairs neighbor Lourdes and ...s Cordero simultaneously slammed the doors. R/ stated that this matter became worst the day of the Presidential Election. ...cluded by stating that this is an ongoing situation and the matter is further being handled in court.

27

Case 1: ... Document #1028 ... Filed 11/30/16 ... Page 1 of 2    Page 1 of 02

# V.I. POLICE DEPARTMENT   United States Virgin Islands

| | 2. ZONE | C | 3. DR# 16-B-16998 |
| NSE/INCIDENT | R/A G-5 | | 4. ARREST# |
| JD NOISE | P/S v | | 5. UCR # |

| AINANT'S NAME - FIRM OR BUS. | 7. HOME ADDRESS | 8. HOME PHONE |
| VAL, WILNICK | 6700 SAPPHIRE VILLAGE #265, ST. THOMAS, USVI | (917) 602-3354 |

| | 11. RACE | 12. POB | 13. SSN | 14. OCCUPATION |
| | BLK | HAITI | | BANK EXAMINER |
| ...DR... ATTENDING | | 16. BUS/SCH PHONE | 17. LOCATION OF INCIDENT (Address) SAPPHIRE VILLAGE #265 |

| OF OCCURRENCE | M 11 | D 24 | Y 16 | DAY OF WEEK THURSDAY | & | TIME | M | D | Y | DAY OF WEEK | 19. TIME REPORTED 1115 HOURS | M 11 | D 24 | Y 16 | DAY OF WEEK THURS. |
| HOM | | | | | | 21. ADDRESS OF REPORTING PERSON | | | | | | | | 22. PHONE # |
| NICK DORVAL | | | | 6700 SAPPHIRE VILLAGE #265, ST. THOMAS, USVI | | | | | | | | | 917-602-3354 |

| PTION | RACE | AGE | HT. | WT. | EYES | HAIR | BUILD | COMPLEXION | BEARD, MUSTACHE, SIDEBURNS | HAT | COAT |
| | | | | | PANTS | | OTHER | | 24. MENTAL CONDITION | 25. PHYSICAL CONDITION |
| S, MARKS, DEFORMITIES | | 27. GLASSES (Describe) | | 28. LAST SEEN WHERE | | 29. IN COMPANY OF | | 30. PROBABLE DESTINATION |

N/A

| E OF ABSENCE | 32. Vehicle DESCRIBE | ☐ YES ☐ NO | 33. MISSING PREVIOUSLY ☐ YES ☐ NO | 34. IF YES, DATE/WHERE LOCATED |
| (If persons injured, also a Injury Section) | 35. DESCRIPTION OF ANIMAL | 36. IF ANIMAL BITE, GIVE INOCULATION NO. | 37. LICENSE NO. | 38. DISPOSITION |
| HER | 40. RESIDENCE ADDRESS | 41. RESIDENCE PHONE | 42. BUSINESS PHONE |

N/A

| INJURY | 44. NATURE OF INJURY AND LOCATION ON BODY | 45. TRANSPORTED TO | 46. TRANSPORTED BY |
| DEATH | | | |
| ADMITTED ☐ RELEASED | 48. PROBABLE CAUSE OF INJURY OR DEATH | | 49. PHYSICIAN |

N/A

OF VEHICLE. USE APPLICABLE ITEMS IN THIS SECTION FOR
TO THEFT" OR "VEHICLE REPORTS" OR OTHER TRANSPORTATION —   ☐ MOTORCYCLES   ☐ AUTO   ☐ TRUCK   ☐ BUS   ☐ BOAT   ☐ Other....

| STOLEN ☐ RECOVERED ☐ ABANDONED ☐ IMPOUNDED ☐ CONFISCA | 51. POINT OF ENTRY: ☐ LOCKED DOOR ☐ UNLOCKED DOOR ☐ WINDOW ☐ VENT ☐ TRUNK ☐ HOOD |
| HOD OF THEFT (Crossed wires, forfoil, etc.) | 53. KEYS IN IGNITION ☐ YES ☐ NO | 54. DESCRIBE EVIDENCE OF STRIPPING, TAMPERING, DAMAGE TO AUTO |
| OR | 55. YR./MAKE/MODEL/TYPE | 57. VIN | 58. YR./STATE/LIC./PLATE NO./STICKER NO. |
| UE | 60. TOWED BY/WHERE | 61. Time/date Recovered/location |
| COMPANY | | 63. TYPE OF PROPERTY DAMAGE | 64. VALUE OF PROPERTY DAMAGE/LOSS |
| R | 65. Narcotics Type | 66. Quantity | 67. Fld. Test By |

N/A

| TYPE PREMISE WHERE OFFENSE OCCURRED | 74. TOOL | 76. METHOD USED | 78. GUN FEATURES |
| A. Residence APARTMENT | ☐ Pry Bar / Crowbar | ☐ Break Window / Door Glass | ☐ 01. Automatic |
| B. Non-Residence N/A | ☐ Screwdriver | ☐ Jimmy Door / Window | ☐ 02. Revolver |
| | ☐ ...Cutting Instrument | ☐ Burned | ☐ 03. Double Barrel |
| POINT OF ENTRY | ☐ ...Metal Device | ☐ Punched | ☐ 04. Single Barrel |
| ☐ Adjacent Premise | 72. PROTECTIVE DEVICE | ☐ Removed | ☐ 05. Long Barrel |
| ☐ Window | ☐ Dog | ☐ Cutting / Stabbing | ☐ 06. Short Barrel |
| ☐ Door - Sliding Glass | ☐ Alarm | ☐ Strong Arm | ☐ 07. Bolt Action |
| ☐ ... | ☐ Professional Security Patrol | ☐ Striking / biting | ☐ 08. Blue/Black |
| ☐ ... | ☐ Lighting Devices | ☐ Verbal Threat | ☐ 09. Altered Grip |
| ☐ Hallway | ☐ Watch Devices | ☐ Shooting | ☐ 10. Chrome Grip |
| ☐ Patio | ☐ T.V. Camera | ☐ Other... NOISE | ☐ 11. Blue |
| ☐ Unknown | ☐ None | | ☐ 12. Small Caliber |
| ☐ Other... | ☐ Other... | | ☐ 13. Large Caliber |
| | | | ☐ Other... |
| L. LOCATION OF ENTRY | 73. PROPERTY TYPE | 77. WEAPON | |
| | ☐ Currency | ☐ Hands / Feet | 79. Brand Name / Caliber |
| S E W Unk | ☐ Jewelry | ☐ Pocket Knife | |
| | ☐ Clothing | ☐ Machete | |
| N/A | ☐ ...TV, Radios, Cameras, Etc. | 75. EVIDENCE | N/A |
| | ☐ Firearms | ☐ Left Note | ☐ Rifle |
| L. LOCATION OF EXIT | ☐ Household Goods | ☐ Bloodstains | ☐ Rock |
| S E W Unk | ☐ Other... | ☐ Fingerprints | ☐ Bottle |
| | | ☐ Footprints | ☐ Other... |
| | | ☐ Unknown | 79. DOCUMENT |
| | | ☐ Other... | N/A |

N/A

| REPORTING OFFICER NAME & PDN NO. | 82. VISITOR(S) INVOLVED AS: | 90. APPROVING OFFICER PRINT DESIGNATURE | PDN NO. | DATE APPROVED |
| E. D. VAN HOLTEN #1225 | ☐ VICTIM ☐ PERPETRATOR ☐ WITNESS N/A | COL Ronaldin #1062 | | 11-26-16 |
| SECOND OFFICER NAME & PDN NO. | 83. REPORTING OFFICER RECOMMENDS FOLLOW-UP | 85. REVIEWER'S SIGNATURE / TITLE | PDN NO. | DATE APPROVED |
| | ☐ YES ☑ NO | ...1017 | | 11/26/16 |

(EXHIBIT H)

28

N/A

N/A    NA

| | Arrested ☐ ☐ ☐ ☐ | 101. SOLVABILITY FACTORS |
|---|---|---|

**101. SOLVABILITY FACTORS**

Yes No Unk
- ☐ ☐ ☐ 01. Can suspect vehicle be identified?
- ☐ ☐ ☐ 02. Is stolen property traceable?
- ☐ ☐ ☐ 03. Was physical evidence collected?
- ☐ ☐ ☐ 04. Is specific MO present?
- ☐ ☐ ☐ 05. Is something to prosecute?
- ☐ ☐ ☐ 06. Was an arrest made?
- ☐ ☐ ☐ 07. Can suspect be named?
- ☐ ☐ ☐ 08. Can suspect be identified?
- ☐ ☐ ☐ 09. Can suspect be described?
- ☐ ☐ ☐ 10. Can suspect be located?
- ☐ ☐ ☐ 11. Is suspect related to victim?
- ☐ ☐ ☐ 12. Was there a witness?

Name, Address, Phone No.

Name, Address, Phone No.

Name, Address, Phone No.

Name, Address, Phone No.

**92. HEIGHT**
- ☐☐☐☐ 01. Over 6'3"
- ☐☐☐☐ 02. 6'0" – 6'3"
- ☐☐☐☐ 03. 5'9" – 6'0"
- ☐☐☐☐ 04. 5'6" – 5'9"
- ☐☐☐☐ 05. 5'3" – 5'6"
- ☐☐☐☐ 06. 5'0" – 5'3"
- ☐☐☐☐ 07. Under 5'0"

**SEX**
- ☐ 01. Male
- ☐ 02. Female

**RACE**
- ☐ 01. White
- ☐ 02. Black
- ☐ 03. Indian
- ☐ 04. Oriental
- ☐ 05. Hispanic
- ☐ 06. Unknown
- ☐ 07. Other

**93. EYES (Color)**
- ☐☐☐☐ 01.
- ☐☐☐☐ 02.
- ☐☐☐☐ 03.
- ☐☐☐☐ 04.
- ☐☐☐☐ 05.
- ☐☐☐☐ 06.

**AGE**
- ☐ 01. Under 18
- ☐ 02. 18–25
- ☐ 03. 26–35
- ☐ 04. 36–50
- ☐ 05. Over 50

**BUILD**
- ☐ 01. Short
- ☐ 02. Medium
- ☐ 03. Muscular
- ☐ 04. Large
- ☐ 05. Slim

**94. FACIAL HAIR**
- ☐☐☐☐ 01. Mustache
- ☐☐☐☐ 02. Beard
- ☐☐☐☐ 03. Sideburns
- ☐☐☐☐ 04. Heavy Eyebrows
- ☐☐☐☐ 05. Clean Shaven

**CLOTHING**
- ☐ 01. Hat
- ☐ 02. Coat
- ☐ 03. Shirt, Blouse
- ☐ 04. Trousers, Skirt
- ☐ 05. Shoes

**95. HAIR**
- ☐☐☐☐ 01. Bald Head
- ☐☐☐☐ 02. Black
- ☐☐☐☐ 03. Blonde or Strawberry
- ☐☐☐☐ 04. Brown
- ☐☐☐☐ 05. Gray or Partial Gray
- ☐☐☐☐ 06. Red or Auburn
- ☐☐☐☐ 07. Sandy
- ☐☐☐☐ 08. White
- ☐☐☐☐ 09. Locks
- ☐☐☐☐ 10. Unknown

**96. HAIR STYLE**
- ☐☐☐☐ 01. Afro
- ☐☐☐☐ 02. Long, Straight
- ☐☐☐☐ 03. Long, Curly
- ☐☐☐☐ 04. Short, Straight
- ☐☐☐☐ 05. Short, Curly
- ☐☐☐☐ 06. Receding
- ☐☐☐☐ 07. Toupee
- ☐☐☐☐ 08. Wig
- ☐☐☐☐ 09. Bald, w/Fringe
- ☐☐☐☐ 10. Locks

**97. VOCAL IDENTITY**
- ☐☐☐☐ 01. Foreign
- ☐☐☐☐ 02. Southern
- ☐☐☐☐ 03. Fast clipped
- ☑☐☐☐ 04. West Indian
- ☐☐☐☐ 05. Slurred
- ☐☐☐☐ 06. Stutters
- ☐☐☐☐ 07. Deep Pitch
- ☐☐☐☐ 08. High Pitch

**98. SUSPECT BEHAVIOR**
- ☐ ☐ ☐ 01. Threat of Bodily Harm
- ☐ ☐ ☐ 02. Threat of Property Loss
- ☐ ☐ ☐ 03. Tied or Locked up Victim
- ☐ ☐ ☐ 04. Did Considerable Talking
- ☐ ☐ ☐ 05. Did Little or No Talking
- ☐ ☐ ☐ 06. Acted Nervous or Excited
- ☐ ☐ ☐ 07. Acted Calm or Deliberate
- ☐ ☐ ☐ 08. Disguised or Masked
- ☐ ☐ ☐ 09. Used Lubricant
- ☐ ☐ ☐ 10. Malicious Destruction
- ☐ ☐ ☐ 11. Used Tools Found at Scene
- ☐ ☐ ☐ 12. Ate/Drank on Premises
- ☐ ☐ ☐ 13. Defecated
- ☐ ☐ ☐ 14. Perspired
- ☐ ☐ ☐ 15. Unusual Odor
- ☐ ☐ ☐ 16. Other

**99. MODUS OPERANDI OF SUSPECT**
- ☐ ☐ ☐ 01. Bound Comp./Victim
- ☐ ☐ ☐ 02. Used Note
- ☐ ☐ ☐ 03. Prostitution Involved
- ☐ ☐ ☐ 04. Used Lookout
- ☐ ☐ ☐ 05. Apologetic
- ☐ ☐ ☐ 06. Made Gestures
- ☐ ☐ ☐ 07. Sex Acts Involved
- ☐ ☐ ☐ 08. Used Stolen Vehicle
- ☐ ☐ ☐ 09. Shots Fired
- ☐ ☐ ☐ 10. Used Comp/Victim Name
- ☐ ☐ ☐ 11. Used Other Familiar Name
- ☐ ☐ ☐ 12. Other

**101. RECOMMENDED ACTION – UNDER SOLVABILITY FACTORS**
Follow Up By:
- ☐ ☐ ☐ 01. Investigation
- ☐ ☐ ☐ 02. Juvenile
- ☐ ☐ ☐ 03. I.A.U.
- ☐ ☐ ☐ 04. I.I.U.
- ☐ ☐ ☐ 05. Traffic
- ☐ ☐ ☐ 06. Patrol

Outside Agency
- ☐ ☐ ☐ 07. F.B.I.
- ☐ ☐ ☐ 08. Postal Inspector
- ☐ ☐ ☐ 09. Mental Health
- ☐ ☐ ☐ 10. Coast Guard
- ☐ ☐ ☐ 11. Narcotics
- ☐ ☐ ☐ 12. Social Welfare
- ☐ ☐ ☐ 13. Other

**102. CASE STATUS**
- ☐ 01. Unfounded
- ☐ 02. Closed/Arrest
- ☐ 03. Exception/Cleared
- ☐ 04. Suspended
- ☐ 05. Open
- ☐ 06. Closed

**103. DISPATCH TIME** _____ DESK
**ARRIVAL TIME** _____ 1115 HRS.
**DEPARTURE TIME** 1120 HRS

CODE: V – Victim    O – Owner    P – Parent/Guardian    R – Reporting Person    CP – Child Present    W – Witness

| NAME(S) | CODE | RESIDENCE ADDRESS | RES. PHONE | EMPL/SCH/PHONE |
|---|---|---|---|---|
| ILNICK DORVAL | R | 6700 SAPPHIRE VILLAGE #265 | (917) 602-3354 | |
| | | | | |
| | | | | |

**NARRATIVE:**

Thursday, November 24, 2016 at about 1115 hours, R/ was present at the Mariel C. Newton Command and reported a disturbance. R/ stated that on November 24, 2016 at about 0600 hours, he was awaken by the upstairs neighbor with a bang and squeaking noise. R/ was advised to obtain a copy of this police report for documentation purposes.

29

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
|        Plaintiff(s) | ) | |
| | ) | |
|     v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
|       Defendant(s) | ) | |

November 7, 2016

**PLAINTIFF WILNICK DORVAL NOTICE OF CERTIFICATE SERVICE OF PROCESS**

COMES NOW, WILNICK DORVAL, Plaintiff, *Pro se*, respectfully state the following:

I hereby certified with the District Court of the Virgin Islands, Division of St. Thomas and St. John that the following Defendants have been served with a copy of the Third Amended Complaint, Notice, Consent and Reference of a Civil Action to A Magistrate Judge and Summons:

- Jacqueline Lindberg

1

*30*

- Sarah Whyte

- Bernard Vansluytman

- Jonathon Morgan

- James Koulouris

- Ellen Hansen

- Nora Ibrahim

- Thomas Cordero

- Lourdes Cordero

- Sidney Jarvis

- Madlon Jenkins-Rudziak

- Clarence Levesque

- Joanne Levesque

- Matthew Swope

- Mark Marolf

- Sapphire Village Condominium Owners Association

Hereto attached Affirmation and Certified Mail Receipt.


Dated: November 7, 2016


/s/ Wilnick Dorval

2

*31*

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639

3

*32*

mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona

*33*

St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

5

34

6

35

Case: 16-3601    Document: 003112490519    Page: 44    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 190-1   Filed: 11/07/16   Page 1 of 3

1

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF St. THOMAS AND St. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

November 7, 2016

**AFFIRMATON OF PLAINTIFF WILNICK DORVAL CERTIFICATION OF SERVICE**

WILNICK DORVAL, Plaintiff, affirm, declare and state as follows:

1    I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to

make this Affirmation in support of Certificate of Service to the United States District

Court of the Virgin Islands for the Division of St. Thomas and St. John.

2    Statements in this Affirmation are based upon my personal knowledge.

3    August 11, 2016, I served a copy of the Third Amended Complaint, Notice, Consent,

and Reference of a Civil Action to A Magistrate Judge to the last address listed as the

EXHIBIT A

*36*

Case: 16-3601   Document: 003112490519   Page: 45   Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 190-1   Filed: 11/07/16   Page 2 of 3

2

resident, by certified mail, return receipt requested, to the following Defendants:

- Jacqueline Lindberg
- Sarah Whyte
- Bernard Vansluytman
- Jonathon Morgan
- James Koulouris

4   August 16, 2016, I served a copy of the Third Amended Complaint, Notice, Consent, and Reference of a Civil Action to A Magistrate Judge, to the last address listed as resident, by certified mail, return receipt requested to the following Defendants:

- Ellen Hansen
- Nora Ibrahim

5   August 17, 2016, I served a copy of the Third Amended Complaint, Notice, Consent, and Reference of a Civil Action to A Magistrate Judge to the last address listed as the resident, by certified mail, return receipt requested, to the following Defendants:

- Thomas Cordero
- Lourdes Cordero
- Sidney Jarvis
- Madlon Jenkins-Rudziak
- Clarence Levesque
- Joanne Levesque
- Matthew Swope

6   August 31, 2016, I served a copy of the Third Amended Complaint, Notice, Consent,

EXHIBIT A

*37*

3

and Reference of a Civil Action to A Magistrate Judge to the last address listed as the

resident, by certified mail return receipt requested to the following Defendants:

- Lourdes Cordero

- Madlon Jenkins-Rudziak

7    August 11, 2016, I served a copy of the Third Amended Complaint, Notice, Consent,

and Reference of a Civil Action to A Magistrate Judge to Mark Marolf, Property

Manager, place of business at Sapphire Village Development by certified mail,

returned receipt requested.

8    August 11, 2016, I served a copy of the Third Amended Complaint, Notice, Consent,

Reference of a Civil Action to A Magistrate Judge to Sapphire Village Condominium

Owners Association's attorney, Michael Fitzsimmons place of business by certified

mail, return receipt requested.

/s/ Wilnick Dorval

EXHIBIT A

*38*





(1 - 7)

(EXHIBIT B)

39



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

SAN JUAN, PR 00913

Certified Mail Fee $3.30          0805
                                   02

Extra Services & Fees (check box, add fee as appropriate)
  $2.70
Return Receipt (hardcopy)    $ $0.00
Return Receipt (electronic)  $ $0.00
Certified Mail Restricted Delivery $ $0.00
Adult Signature Required     $ $0.00
Adult Signature Restricted Delivery $

Postage $6.45          Postmark
                        Here

Postage and Fees $12.45          08/17/2016

Sent To: Thomas Cordero
Street and Apt. No., or PO Box No. 4305 Laurel St. #616
City, State, ZIP+4® San Juan PR 00913
Puerto Rico
Country     Telephone/Fax or Email

2–Shipping Label (left) and Customer Copy (right)

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

MANASQUAN, NJ 08736

Certified Mail Fee $3.30          0805
                                   02

Extra Services & Fees (check box, add fee as appropriate)
  $2.70
Return Receipt (hardcopy)    $ $0.00
Return Receipt (electronic)  $ $0.00
Certified Mail Restricted Delivery $ $0.00
Adult Signature Required     $ $0.00
Adult Signature Restricted Delivery $

Postage $6.45          Postmark
                        Here

Total Postage and Fees $12.45          08/17/2016

Sent To: Sidney Jarvis
Street and Apt. No., or PO Box No. 15–91 Holly Blvd
City, State, ZIP+4® Manasquan, NJ 07756

2–Shipping Label (left) and Customer Copy (right)

---



**SPS® Customs Declaration — CN 22**
IMPORTANT: The item/parcel may be opened officially. See Privacy Notice on reverse of Sender's Instructions page. Please fill in English and press firmly; you are making multiple copies.

Sender's Last Name          First

Address

Addressee's Last Name          First

State/Province    Post Code

Telephone/Fax or Email

2–Shipping Label (left) and Customer Copy (right)

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

TAMPA, FL 33619

Certified Mail Fee $3.30          0805
                                   02

Extra Services & Fees (check box, add fee as appropriate)
  $2.70
Return Receipt (hardcopy)    $ $0.00
Return Receipt (electronic)  $ $0.00
Certified Mail Restricted Delivery $ $0.00
Adult Signature Required     $ $0.00
Adult Signature Restricted Delivery $

Postage $6.45          Postmark
                        Here

Total Postage and Fees $12.45          08/17/2016

Sent To: Lourdes Cordero
Street and Apt. No., or PO Box No. 10125 Courtney Palms
City, State, ZIP+4® Blvd, Apt 203 Tampa, FL 33619

2–Shipping Label (left) and Customer Copy (right)

2 - 7)



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

ST THOMAS, VI 00802

Certified Mail Fee $3.30     0805   02
$2.70
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ $0.00
☐ Return Receipt (electronic)   $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required   $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $6.45    Postmark Here
Total Postage and Fees $12.45    08/16/2016
Sent To Ellen HANSEN
Street and Apt. No., or PO Box No. 5-11 Deer Hill Road
City, State, ZIP+4® St. Thomas VI 00802

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

ST THOMAS, VI 00802

7015 0640 0004 1532 9713

Certified Mail Fee $3.30     0805   08
$2.70
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ $0.00
☐ Return Receipt (electronic)   $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required   $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $6.45    Postmark Here
Total Postage and Fees $12.45    08/11/2016
Sent To Jacqueline Lindberg
Street and Apt. No., or PO Box No. 6700 Sapphire Village
City, State, ZIP+4® Apt 267, St. Thomas 00 802

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

ST THOMAS, VI 00802

7015 0640 0004 1532 9640

Certified Mail Fee $3.30     0805   08
$2.70
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ $0.00
☐ Return Receipt (electronic)   $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required   $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $6.45    Postmark Here
Total Postage and Fees $12.45    08/11/2016
Sent To Sarah Whyte
Street and Apt. No., or PO Box No. 20J-5 D3 Estate Al
City, State, ZIP+4® St. Thomas V.S 00204

(3-7)

41



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ST THOMAS, VI 00802

Certified Mail Fee    $3.30    0805    08

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ $0.00
☐ Return Receipt (electronic)    $ $0.00    Postmark
☐ Certified Mail Restricted Delivery    $ $0.00    Here
☐ Adult Signature Required    $ $0.00
☐ Adult Signature Restricted Delivery $

Postage    $6.45

Total Postage and Fees    $12.45    08/11/2016

Sent To  Jonathon Morgan
Street and Apt. No., or PO Box No. 6700 Sapphire Village
City, State, ZIP+4® Apt 266 St. Thomas 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ST THOMAS, VI 00802

Certified Mail Fee    $3.30    0805    08

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ $0.00
☐ Return Receipt (electronic)    $ $0.00    Postmark
☐ Certified Mail Restricted Delivery    $ $0.00    Here
☐ Adult Signature Required    $ $0.00
☐ Adult Signature Restricted Delivery $

Postage    $6.45

Total Postage and Fees    $12.45    08/11/2016

Sent To  Bernard Vansluytman
Street and Apt. No., or PO Box No. 8 Lerkenland
City, State, ZIP+4® St. Thomas V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ST THOMAS, VI 00802

Certified Mail Fee    $3.30    0805    08

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ $0.00
☐ Return Receipt (electronic)    $ $0.00    Postmark
☐ Certified Mail Restricted Delivery    $ $0.00    Here
☐ Adult Signature Required    $ $0.00
☐ Adult Signature Restricted Delivery $

Postage    $6.45

Total Postage and Fees    $12.45    08/11/2016

Sent To  James Koulouris
Street and Apt. No., or PO Box No. 6700 Sapphire Village
City, State, ZIP+4® Apt 252, St. Thomas 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

EAST SANDWICH, MA 02537

Certified Mail Fee    $3.30    0805    02

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ $0.00
☐ Return Receipt (electronic)    $ $0.00
☐ Certified Mail Restricted Delivery    $ $0.00    Postmark
☐ Adult Signature Required    $ $0.00    Here
☐ Adult Signature Restricted Delivery $

Postage    $6.45

Total Postage and Fees    $12.45    08/17/2016

Sent To  Marilon Jenkins-Rudziak
Street and Apt. No., or PO Box No. 3 Cobble Stone
City, State, ZIP+4® East Sandwich, MA 02537

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

(4-7)

42



(5-7)



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

THOMAS, VI 00802

Certified Mail Fee $3.30    0805
02
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $  $2.70
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
Postage $6.45
Total Postage and Fees
$12.45

Postmark
Here

08/16/2016

Sent To  NURA IBRAHIM
Street and Apt. No., or PO Box No. 21-22 St. Peter
City, State, ZIP+4® Mountain Road - St. Thomas 00802

PS Form 3800, April 2015    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

BRISTOL, NH 03222

Certified Mail Fee $3.30    0805
02
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $2.70
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
Postage $6.45
Total Postage and Fees
$12.45

Postmark
Here

08/17/2016

Sent To  Clarence Levesque
Street and Apt. No., or PO Box No. 24 Shore Drive
City, State, ZIP+4® Bristol, NH 03222

PS Form 3800, April 2015    See Reverse for Instructions

2-Shipping Label (left) and Customer Copy (right)

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

WARRENSBURG, MO 64093

Certified Mail Fee $3.30    0805
02
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $  $2.70
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $6.45
Total Postage and Fees
$12.45

Postmark
Here

08/17/2016

Sent To  Matthew Swope
Street and Apt. No., or PO Box No. 510 SW 301 ST RD
City, State, ZIP+4® Warrenburg, MO 64093

PS Form 3800, April 2015    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

BRISTOL, NH 03222

Certified Mail Fee $3.30    0805
02
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $2.70
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $6.45
Total Postage and Fees
$12.45

Postmark
Here

08/17/2016

Sent To  Joanne Levesque
Street and Apt. No., or PO Box No. 24 Shore Drive
City, State, ZIP+4® Bristol, NH 03222

PS Form 3800, April 2015    See Reverse for Instructions

State/Province    Post Code
Country    Telephone/Fax or Email

2-Shipping Label (left) and Customer Copy (right)

(6 — 7)









7-7)

45

### UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

November 3, 2016

# PLAINTIFF WINICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE POLICE REPORT OF

# EXCESSIVE NOISE DISTURBANCES EMANANTING FROM LOURDES CORDERO AND THOMAS

# CORDERO'S APARTMENT

COMES NOW, Plaintiff, Wilnick Dorval, Pro se, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902

and 1001-1005 to admit into evidence a police report of noise disturbances emanating from

defendants Lourdes Cordero and Thomas Cordero's apartment 257 to substantiate that

defendants deliberately disabled the screen door-closer in their apartment to cause excessive

H6

noise disturbances when the doors closes. In addition, to substantiate the basis of the injuries

that I suffered because of the excessive noise disturbances.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUMENT

## 1. Police Report of the Excessive Noise Disturbances Are Relevant to Prove Nuisance, Harassment, Discrimination, Criminal Conducts and Damages

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a

privilege exists, or evidence is admissible. In so deciding, the court is not bound by

47

evidence rules, except those on privilege.

Fed.R.Evid. 104 (a). I hereby request to enter into evidence a police report, three letters of excessive noise disturbances that my neighbors in apartment 257 are causing to support a declaration that all of the Defendants violated federal and U.S. Virgin Island Laws when they conspired to rigged the screen door-closer and to established that Defendants rigged the screen door-closer on all the apartments of the St. Vincent building to cause massive noise disturbances when the screen door closes that reverberated throughout my apartment day and night. Further, the excessive noise disturbances interfered with the use and enjoyment of my apartment. Specifically, the noise disturbances deprived me of sleep, rest and the used of my living room and kitchen.  Furthermore, the noise disturbances caused me to suffer severe migraine, severe exhaustion, chest pains, and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The police report of excessive noise disturbances is relevant because it established that Defendants purposely and deliberately rigged the screen door-closer to make loud noises when it closes day and night to force me out of my home because I am black. As such, the noise disturbances are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private

48

Nuisance; damages; warrant to abate; injunction) and violate the Fair Housing Act of 1968.

"Rule 401 does not require the evidence to be dispositive of a fact in issue: The bar is much

lower and simply requires that the existence (or non-existence) of such fact make it more

likely." Ostalaza v. People, 58 V.I. 532, 564 (V.I. 2013). The police report established that all the

defendants conspired to disable the screen door-closer in all the apartments of the St. Vincent

building and that the noise disturbances are excessive and extremely loud to substantially

impaired the use of my apartment. "Clearly, facts that tend to prove essential elements of the

causes of action and affirmative defenses asserted in the pleading are 'of consequence to the

litigation,'." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013).  The police

report established that I went to the proper authorities to complained about the excessive

noise disturbances emanating from my neighbors' apartments day and night. Specifically,

October 22, 2016, I went to the Mariel C. Newton Command and filed a noise disturbance

complaint. I explained to the officer that I was awakened repeatedly around 3 a.m. when

occupants of Lourdes Cordero and Thomas Cordero's apartment 257 deliberately slammed the

front and glass doors repeatedly.

Subsequently, I obtained a copy of the police report at the Central Records Bureau,

located at the Alexander Farrelly Justice Complex. The police report is signed and dated by the

police officer. Further, the report is titled United States Virgin Islands Police Department. The

police report filed on October 22, 2016, documented occupants of Lourdes Cordero and

Thomas Cordero's apartment excessive noise disturbances. Specifically, the police report filed

October 22, 2016, documented that occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and screen doors repeatedly and woke me out

of sleep around 3 a.m.  Consequently, I am deprived of the use and enjoyment of my

apartment because of the constant and persistent excessive noise disturbances that my

neighbors are deliberately making to force me out of my home because I am black.

Therefore, the police report of excessive noise disturbances is relevant to this cause of

action and this Court should rule that it is admissible.

## 2. The Police Report Truly and Accurately Documented My Excessive Noise Complaint,
## Pursuant to Rules 901-902 of Federal Rule of Evidence

The police report truly and accurately documented my complaint about excessive noise

disturbances that occupants of Lourdes Cordero and Thomas Cordero's apartment are causing

to force me out of my home because I am black. Further, the police report is signed and dated

by the police officer and titled United States Virgin Islands Police Department. "A party seeking

to admit an exhibit need only make a prima facie showing that it is what he or she claims it to

be." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 542 (D.Md.2013).  I have attached an

Affirmation to this motion that explained in details how I obtained the police reports of the

excessive noise disturbances.  (see Exhibit A).

### 3. The Police Report Are Public Records

The police reports meet the public records requirements under Rule 803 because the

Report is titled United State Virgin Island Police Department and signed and dated by the

police officer.

$5^0$

#### 4. The Police Reports Is an Original Under the Original

#### Writing Rule 1001-1008

The police report is an original under the original writing Rule 1005, I obtained a copy of

the police reports from the Central Record Bureau.

#### 5. The Probative Value of the Police Report

#### Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the police report substantially outweighed the danger of unfair

prejudice.  The police report established that defendants conspired to disable the screen door-

closer to create massive noise disturbances when the screen door closes that reverberated

throughout my apartment. Further, none of the Defendants would be unfairly prejudiced

because I have sent notice of this motion to all Defendants and I am able to provide an exact

copy of the police report to each Defendants upon request.

#### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence police report of

excessive noise disturbances because it is relevant to this cause of action and I have established

a sufficient foundation to its authenticity. Furthermore, the probative value of the police report

of excessive noise disturbances outweighed the danger of unfair prejudice, if any, because the

police report established that the defendants rigged the screen door-closer to cause massive

noise disturbances when the screen door closes that interfered with the use and enjoyment of

my apartment. Accordingly, this Court should rule that the police report is admissible.

51

## REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

   evidence a police report that documented the excessive noise disturbances

   emanating from defendants Lourdes Cordero and Thomas Cordero's apartment 257.

Dated: November 3, 2016

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.

52

No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg

*53*

6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

/s/ Wilnick Dorval

54

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

55

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

November 3, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL TO SUPPORT A MOTION IN LIMINE**

**TO ADMIT INTO EVIDENCE POLICE REPORT OF EXCESSIVE NOISE DISTURBANCES EMANATING**

**FROM LOURDES CORDERO AND THOMAS CORDERO'S APARMENT 257**

WILNICK DORVAL, Plaintiff, affirm, declare and state as follows:

1.    I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence police report of

excessive noise disturbances emanating from Lourdes Cordero and Thomas Cordero's

**EXHIBIT A**

56

apartment 257.

2.    Statements in this Affirmation are based upon my personal knowledge.

3.    I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.    Apartment 273 is located right above my apartment next to apartment 274 on the third

floor and apartment 257 is located below my apartment on the first floor.    Apartments 273 and

257 have the same floor plan as my apartment.

5.    I have filed several police reports about the excessive noise that my neighbors in

apartment 273, 274, 266 and 257 are deliberately and purposely causing day and night to force

me out of my home because I am black. For example, October 22, 2016, I went to the Mariel C.

Newton Command and filed a noise disturbance complaint. I explained to the officer that I was

awakened repeatedly around 3 a.m. when occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and glass doors repeatedly.

6.     Subsequently, I obtained a copy of the police report at the Central Records Bureau,

located at the Alexander Farrelly Justice Complex. The police report is signed and dated by the

police officer. Further, the report is titled United States Virgin Islands Police Department. The

police report filed on October 22, 2016, documented occupants of Lourdes Cordero and

Thomas Cordero's apartment excessive noise disturbances. Specifically, the police report filed

October 22, 2016, documented that occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and screen doors repeatedly and woke me out

**EXHIBIT A**

57

of sleep around 3 a.m.

7.      I have filed the following police report about the excessive noise disturbances

emanating from apartment 257:

    (a)  October 22, 2016, CR# STT160FF15478 (Exhibit B)

8.      August 17, 2016, I sent a copy of the Third Amended Complaint, Notice of Consent, and

Summons to each defendant Thomas Cordero and Lourdes Cordero, a married couple, that own

apartment 257. Therefore, defendants have actual notice of the complaints against them.

                                                        /s/ Wilnick Dorval

**EXHIBIT A**

58

# V.I. POLICE DEPARTMENT — United States Virgin Islands

| | 2. ZONE | C | 3. DR# | 16 B-15478 |
| OFFENSE/INCIDENT | | | | |
| urbance Of The Peace | R/A | G-5 | 4. ARREST # | — |
| | P/S | V | 5. UCR # | |

| AINANT'S NAME - FIRM OR BUS. | 7. HOME ADDRESS | | 8. HOME PHONE |
| NICK, Dorval | 6700 SAPPHIRE VILLAGE APT.# 265 | | 917-612-3354 |

| 11. RACE | 12. POB | | 13. SSN | 14. OCCUPATION |
| BLAC | HAITI | | 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 | BANK EXAMINER |

| ADDRESS OR SCHOOL ATTENDING | 16. BUS/SCH PHONE | 17. LOCATION OF INCIDENT (Address) |
| N/A | N/A | SAPPHIRE VILLAGE APT.# 265 |

| | M | D | Y | DAY OF WEEK | & | TIME | M | D | Y | DAY OF WEEK | 19. TIME REPORTED | M | D | Y | DAY OF WEEK |
| OF OCCURRENCE / AM | 10 | 22 | 16 | Saturday | | — | | | | | 10:00 AM | 10 | 22 | 16 | Saturday |

| 21. ADDRESS OF REPORTING PERSON | 22. PHONE # |
| VAL WILNICK | 6700 SAPPHIRE VILLAGE APT.# 265 | 917-612-3354 |

| PTION | RACE | AGE | HT. | WT. | EYES | HAIR | BUILD | COMPLEXION | BEARD, MUSTACHE, SIDEBURNS | HAT | | COAT |

| | PANTS | | OTHER | | 24. MENTAL CONDITION | 25. PHYSICAL CONDITION |

| S, MARKS, DEFORMITIES | 27. GLASSES (Describe) | 28. LAST SEEN WHERE | 29. IN COMPANY OF | 30. PROBABLE DESTINATION |

| E OF ABSENCE | 32. Vehicle ☐ YES ☐ NO DESCRIBE | 33. MISSING PREVIOUSLY ☐ YES ☐ NO | 34. IF YES, DATE/WHERE LOCATED |

| 35. DESCRIPTION OF ANIMAL | 36. IF ANIMAL BITE, GIVE INOCULATION NO. | 37. LICENSE NO. | 38. DISPOSITION |

| 40. RESIDENCE ADDRESS | | 41. RESIDENCE PHONE | 42. BUSINESS PHONE |

| INJURY 44. NATURE OF INJURY AND LOCATION ON BODY | 45. TRANSPORTED TO | 46. TRANSPORTED BY |
| N/A RELEASED | 48. PROBABLE CAUSE OF INJURY OR DEATH | 49. PHYSICIAN |

N/A

OF VEHICLE. USE APPLICABLE ITEMS IN THIS SECTION FOR
TO THEFT OR "VEHICLE REPORTS" OR OTHER TRANSPORTATION — ☐ MOTORCYCLES ☐ AUTO ☐ TRUCK ☐ BUS ☐ BOAT ☐ Other...

| ☐ RECOVERED ☐ ABANDONED ☐ IMPOUNDED ☐ CONFISCA | SI. POINT OF ENTRY: ☐ LOCKED DOOR ☐ UNLOCKED DOOR ☐ WINDOW ☐ VENT ☐ TRUNK ☐ HOOD |
| | 53. KEYS IN IGNITION ☐ YES ☐ NO | 54. DESCRIBE EVIDENCE OF STRIPPING, TAMPERING, DAMAGE TO AUTO |

| OR | 56. YR/MAKE/MODEL/TYPE | 57. VIN | 58. YR/STATE/LIC. PLATE NO/STICKER NO |

| E | 60. TOWED BY/WHERE | 61. Time/date Recovered/location |

| OMPANY | | 63. TYPE OF PROPERTY DAMAGE | 64. VALUE OF PROPERTY DAMAGE/LOSS |

| A | 65. Narcotics Type | 66. Quantity | 67. Fld. Test By |

TYPE PREMISE WHERE OFFENSE OCCURRED

A. Residence  CONDOMINIUMS
B. Non-Residence

POINT OF ENTRY
Adjacent Premise
Windows
Door - Sliding Glass
Roof
Garage
Hallway
Patio
Unknown
Other... N/A

| 72. PROTECTIVE DEVICE |
| ☐ Dog |
| ☐ Alarm |
| ☐ Professional Security Patrol |
| ☐ Normal Locking Devices |
| ☐ Lighting Device |
| ☐ T.V. Camera |
| ☐ None |
| ☒ Other... N/A |

| 74. TOOL |
| ☐ Pry Bar / Crowbar |
| ☐ Screwdriver |
| ☐ Knife / Cutting Instrument |
| ☐ Hammer / Mallet Device |
| ☐ Bolt Cutter |
| ☐ Key |
| ☐ Unknown |
| ☒ Other... N/A |

| 76. METHOD USED |
| ☐ Break Window / Door Glass |
| ☐ Jimmy Door / Window |
| ☐ Burned |
| ☐ Punched |
| ☐ Removed |
| ☐ Cutting / Slashing |
| ☐ Strong Arm |
| ☐ Striking / biting |
| ☐ Verbal Threat |
| ☐ Shooting |
| ☒ Other... Pounding & Slamming Door |

| 78. GUN FEATURES |
| ☐ 01. Automatic |
| ☐ 02. Revolver |
| ☐ 03. Double Barrel |
| ☐ 04. Single Barrel |
| ☐ 05. Long Barrel |
| ☐ 06. Short Barrel |
| ☐ 07. Sawed Barrel |
| ☐ 08. Bolt Action |
| ☐ 09. Altered Grip |
| ☐ 10. Chrome Grip |
| ☐ 11. Blue |
| ☐ 12. Small Caliber |
| ☐ 13. Large Caliber |
| ☒ Other... |

LOCATION OF ENTRY
S  E  W  Unk

| 73. PROPERTY TYPE |
| ☐ Currency |
| ☐ Jewelry |
| ☐ Clothing |
| ☐ Office Equipment |
| ☐ Television, Radios, Cameras, Etc. |
| ☐ Firearms |
| ☐ Household Goods |
| ☒ Other... |

| 75. EVIDENCE |
| ☐ Left Note |
| ☐ Bloodstains |
| ☐ Toolmarks |
| ☐ Fingerprints |
| ☐ Footprints |
| ☐ Other... N/A |

| 77. WEAPON |
| ☐ Hands / Feet |
| ☐ Pocket Knife |
| ☐ Machete |
| ☐ Handgun |
| ☐ Shotgun |
| ☐ Rifle |
| ☐ Rock |

N/A

Brand Name / Caliber

LOCATION OF EXIT
S  E  W  Unk

79. DOCUMENT
N/A

| OFFICER NAME & BADGE # | | | SIGNATURE |
| HB #183 | | | Partner #1117 10/2 |
| | | | n. 1102 10/22/16 |

(2)

(EXHIBIT B)

59

LOURDES — SAPPHIRE VILLAGE APT. # UNKNOWN
Name, Address

THOMAS — SAPPHIRE VILLAGE APT. # UNKNOWN
Name, Address

Name, Address

Name, Address

**SUSPECT QUALITY FACTORS**

| | Yes | No | Link | |
|---|---|---|---|---|
| | ☐ | ☐ | ☑ | 01. Can suspect vehicle be identified? |
| | ☐ | ☐ | | 02. Is stolen property traceable? |
| | ☐ | ☐ | | 03. Was physical evidence collected? |
| | ☐ | ☐ | | 04. Is specific M.O. present? |
| | ☐ | ☐ | | 05. Is victim willing to prosecute? |
| | ☐ | ☐ | | 06. Was a warrant made? |
| | ☐ | ☐ | | 07. Can suspect be named? |
| | ☐ | ☐ | | 08. Can suspect be identified? |
| | ☐ | ☐ | | 09. Can suspect be described? |
| | ☐ | ☐ | | 10. Can suspect be located? |
| | ☐ | ☐ | | 11. Is suspect related to victim? |
| | ☐ | ☐ | | 12. Is there a witness? |

**93. SUSPECT BEHAVIOR**
- 01. Threat of Bodily Harm
- 02. Ignored Property Loss
- 03. Tied or Locked up Victim
- 04. Did Considerable Talking
- 05. Did Little or No Talking
- 06. Acted Nervous or Excited
- 07. Acted Calm or Pleasant
- 08. Disoriented or Wasted
- 09. Used Victim's...
- 10. Malicious Destruction
- 11. Used Tools Found at Scene
- 12. Ate/Drank on Premises
- 13. Defecated
- 14. Perspired
- 15. Unusual Odor
- 16. Other _____

**92. NON-USE OF WORDS/SUSPECT**
- 01. Bland Comp./Victim
- 02. Disturbed
- 03. Threats on Involved
- 04. Used Lookout
- 05. Apologetic
- 06. Made Gestures
- 07. Sex/Acts Involved
- 08. Used Stolen Vehicle
- 09. Shots Fired
- 10. Used Comp/Victim Name
- 11. Used Other Familiar Name
- 12. Other _____

**94. FACIAL HAIR**
- 01. Mustache
- 02. Beard
- 03. Sideburns
- 04. Heavy Eyebrows
- 05. Clean Shaven

**VOCAL IDENTITY**
- 01. Foreign
- 02. Southern
- 03. Fast clipped
- 04. West Indian
- 05. Slurred
- 06. Stutters
- 07. Deep Pitch
- 08. High Pitch

**101. RECOMMENDED ACTION**
Outside Agency
- 06. Postal Inspector
- 07. F.B.I.
- 08. Postal Inspector
- 09. Mental Health
- 10. Coast Guard
- 11. Narcotics
- 12. Social Welfare
- 13. Other Dept. of Justice

**102. CASE STATUS**
- ☑ 01. Unfounded
- ☐ 02. Closed/Arrest
- ☐ 03. Exception/Cleared
- ☐ 04. Suspended
- ☐ 05. Open
- ☐ 06. Closed

103. DISPATCH TIME _____
ARRIVAL TIME 10:00
DEPARTURE TIME 10:15

**E: V - Victim  O - Owner  P - Parent/Guardian  R - Reporting Person  CP - Child Present  W - Witness**

| NAME(S) | CODE | RESIDENCE ADDRESS | RES. PHONE | EMPL/SCH/PHONE |
|---|---|---|---|---|
| WILNICK | R/ | 6700 SAPPHIRE VILLAGE APT. #265 | 917-602-3354 | |
| | | | | |
| | | | | |

**NARRATIVE:**

ON SUNDAY 10/22/16 AT ABOUT 1600 HRS., R/ WAS PRESENT AT MARIEL NEWTON COMMAND AND REPORTED THAT HIS NEIGHBORS DISTURBED HIS PEACE. R/ STATED THAT ON 10/22/16 AT ABOUT 0300 HRS HIS DOWNSTAIRS NEIGHBORS HAS BEEN POUNDING AND SLAMMING THEIR DOORS. R/ CONCLUDED BY STATING THAT THIS IS AN ONGOING SITUATION. R/ WAS ADVISED TO OBTAIN A COPY OF HIS REPORT FROM THE RECORDS BUREAU LOCATED AT THE FARRELLY JUSTICE COMPLEX AND TAKE SAME TO THE DEPARTMENT OF JUSTICE AND FILE A FORMAL COMPLAINT AGAINST S's/ IF HE DESIRE.

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

November 2, 2016

**CORRECTION TO POLICE REPORT IN THE AFFIRMATION OF PLAINTIFF WILNICK DORVAL TO**

**ADMIT INTO EVIDENCE VIDEO RECORDINGS AND LETTERS TO SAPPHIRE VILLAGE**

**CONDOMINIUM OWNERS ASSOCIATION SUPPORTING A SECOND MOTION FOR PERMANENT**

**RESTRAINING ORDER AGAINST DEFENDANT JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK,**

**LOURDES CORDERO AND THOMAS CORDERO**

WILNICK DORVAL, Plaintiff, affirm, declare and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion for Permanent Restraining Order on defendants Joanne

**EXHIBIT A**

6 1

Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero to be filed on my

behalf, Plaintiff, Wilnick Dorval.

2.    Statements in this Affirmation are based upon my personal knowledge.

3.    I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.    Apartment 273 is located right above my apartment next to apartment 274 on the third

floor and apartment 257 is located below my apartment on the first floor.   Apartments 273 and

257 have the same floor plan as my apartment.

5.    October 29, 2016, occupants of apartment 273 were home because, I observed in the

parking lot of the Dominica building, in the Sapphire Village Development, that the lights in

apartment 273 were on in the bedroom and living room. On that day occupants of that

apartment deliberately and purposely made loud stumping, banging and screaking sounds that

interfered with the use and enjoyment of my apartment. Specifically, I was unable to watch a

movie that I rented because the loud stamping, banging and screaking sounds emanating from

apartment 273.

6.    Additionally, October 30, 2016, occupants of apartment 273 deliberately and purposely

woke me out of sleep again around 5:30 a.m. I was not able to return to sleep because of the

loud banging noises that occupants of that apartment intentionally caused. However,

occupants of apartment 273 continue to make excessive banging and screaking noise

disturbances until about 12:00 p.m.

**EXHIBIT A**

$6 \, 2$

7.      On that same day occupants of Lourdes Cordero and Thomas Cordero's apartment 257

begun to make excessive banging noise disturbances, soon as occupants in apartment 273 left

their apartment. Collectively, occupants of those two apartments practically impaired my

apartment the entire day. Specifically, I was unable to obtain any rest, watch television and

read.

8.      Finally, October 31, 2016, occupants of Madlon Jenkins-Rudziak's apartment 274

deliberately made loud banging noises during the day that interfered with the use and

enjoyment of my apartment. Then occupants of apartment 273 returned home and deliberately

and purposely made loud banging and screaking sounds all night and in the morning that

practically impaired my apartment from 5 p.m. through the next day. I could not sleep or rest

during the night, I had to called Virgin Island Police Department to report the noise

disturbances around 6 a.m.

## I.      LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION'S
## BOARD OF DIRECTOR

1.1     Every day, I documented in a letter the excessive noise disturbances that my neighbors

are deliberately and purposely making in apartment 273, 274, 266 and 257 to force me out of

my home because I am black. On that same day, I hand delivered or mail the letter to Sapphire

Village Condominium Owners Association's Board of Directors.

1.2     For example, October 27, 2016, occupants of apartment 273 made loud banging and

screaking noise disturbances from 11 p.m. until about 4:00 a.m. Around 2:00 a.m. I called the

**EXHIBIT A**

*6 3*

Virgin Island Police Department to complained about the excessive noise disturbances and that the noise disturbances deprived me of sleep and rest. The next day, I hand delivered a written noise complaint to Sapphire Village Development's receptionist Carol Mertens.

1.3     In the past few days, I have submitted the following letters to Sapphire Village Condominium Owners Association's Board of Directors:

(a) October 27, 2016, Letter Noise Complaint (Exhibit B)

(b) October 28, 2016, Letter Noise Complaint (Exhibit C)

(c) November 1, 2016, Letter Noise Complaint (Exhibit D)

1.4     I used Microsoft word processor to write the letters and save the letters to a SanDisk memory stick for storage. Subsequently, I send the letters by U.S. Mail or hand delivered an exact copy to Carol Mertens.

1.5     Sapphire Village Condominium Owners Association has done absolutely nothing to abate the noise nuisance or enforce its rules and regulation and bylaws. However, when my white neighbors complained the Association took aggressive actions; calling the Virgin Island Police Department twice; sending its security guards and Mark Marolf, Property Manager to my apartment.

1.6     For Example, November 1, 2015, Emad O'Baidi, Lanlord, forwarded to me an e-mail from Thomas Cordero owner of apartment 257 complaining about purported noise disturbances emanating from my apartment and requesting that I be evicted from my home.

1.7     The heading on the e-mail has the following "On Thursday, October 29, 2015, 7:08 PM,

**EXHIBIT A**

64

Lourdes Cordero < lvc99@aol.com > wrote:."

1.8    The e-mail stated the following in pertinent parts:

"My wife Lourdes asked me to write you to confirm the incredible noises that are needlessly

being generated and emanating from your Unit #265 at all hours of the day that are

needlessly." Mr. Cordero had the audacity to send this e-mail to my landlord, even though

Defendants collectively rigged the screen door-closer on all the apartments in the St. Vincent

building, which caused the screen door to slam when it closes making massive noise

disturbances that reverberated throughout my apartment.

1.9    Further, Thomas Cordero stated in the e-mail that "[p]lease note that if we had a tenant

in our St. Vincent apartment 257 that was at all hours making the continuous loud noises that

your tenant is producing, we could guarantee you that said tenants would be immediately

questioned and ask to move if they are unable to follow the condominium bylaws." Lourdes

Cordero and Thomas Cordero are ignoring their own advice here by refusing to put an end to

the noise disturbances that occupants of their apartment are causing day and night for the past

13 months. As I have explained to my landlord then the noise disturbances were emanating

from apartment 273 and Lourdes Cordero and Thomas Cordero were aware of that fact but

blamed it on me to force me out of my home because I am black.

1.10   In addition, Thomas Cordero's e-mail stated that "[w]e are copying our mutual neighbor

and Board of Directors member, Mr. Sid Jarvis so he can assist us in reviewing the above matter

and confirm that the constant and needless noises coming out of your unit are simply

unacceptable." This is all in false pretense to have me evicted from my home because

**EXHIBIT A**

6 5

defendants were fully aware that the noise disturbances were emanating from apartment 273

and that they were slamming their front and screen doors repeatedly during the day and at

night. Further, Mr. O'Baidi told defendants Lourdes Cordero and Thomas Cordero that their

actions to have me evicted from my home were motivated my race.

1.11    Finally, Thomas Cordero's email is signed on the bottom as "Thomas Cordero Owners,

Sapphire Village, St Vincent Building Unit #257."

1.12    Thomas Cordero and Lourdes Cordero own apartment 257 as husband and wife and

both have continued to allow their tenants to make excessive noise disturbances that

significantly impair my apartment to drive me out of my home because I am black.

## II. POLICE REPORS

2.1    I have filed several police reports about the excessive noise that my neighbors in

apartment 273, 274, 266 and 257 are deliberately and purposely causing day and night to force

me out of my home because I am black. For example, October 22, 2016, I went to the Mariel C.

Newton Command and filed a noise disturbance complaint. I explained to the officer that I was

awakened repeatedly around 3 a.m. when occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and glass doors repeatedly.

## III. VIDEO RECORDINGS

3.1    I made the following video recordings of excessive noise disturbances emanating from

Joanne Levesque's apartment 273 and Madlon Jenkins-Rudziak's apartment 274:

**EXHIBIT A**

6 6

(a) October 29, 2016, Video file MAH05116 at 10:17 p.m.: Length 12:33 (Exhibit E)

(b) October 31, 2016, Video file MAH05226 at 1:25 p.m.: Length 5:34 (Exhibit F)

(c) October 31, 2016, Video file MAH0228 at 1:42 p.m.: Length 12:34 (Exhibit G)

(d) October 31, 2016, Video file MAH05168 at 12:04 a.m.: Length 3:43 (Exhibit H)

(e) October 31, 2016, Video file MAH05261 at 11:45 p.m.: Length 13:57 (Exhibit I)

(f) November 1, 2016, Video file MAH05265 at 1:01 a.m.: Length 23:20 (Exhibit J)

(g) November 1, 2016, Video file MAH05267 at 1:27 a.m.: Length 17:51 (Exhibit K)

3.2    The first video shows that occupants of apartment 273 made loud banging noise disturbances during a movie and I simply had to abandon watching it; the second video shows that occupants of apartment 274 made loud banging sounds throughout the day; the third video shows that occupants of apartment 274 made loud banging noises that sound like hammering; the fourth video recording shows that occupants of apartment 273 made loud banging noise disturbances while I was trying to watch a movie for a second time; the last three video recordings show that, I pointed the SONY camera to my ceiling and documented the loud banging noises that occupants of apartment 273 deliberately made well past 1:30 a.m.

3.3    I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances inside my apartment that occupants of apartment 273 and 274 are making day and night.

**EXHIBIT A**

*67*

3.4     I recorded the noise disturbances to a Micro SD card then made a duplicate of each

video file from the Micro SD card to a SanDisk memory stick for storage.

3.5     The noise disturbances in the video recordings present truly, accurately and realistically

sounds emanating from apartment 273 and 274.

3.6     The video recordings have not been modified or edited in anyway, I made a duplicate of

the file from the Micro SD Card to store the video recording file to a SanDisk memory stick for

storage.

3.7     The SanDisk memory stick has never left my possession.


                                                              /s/ Wilnick Dorval


                                                              **EXHIBIT A**

                                                              $68$

1

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| Wilnick Dorval | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, et al, | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

November 2, 2016

**SECOND MOTION FOR PERMANENT RESTRAINING ORDER, PRELIMINARY AND PERMANENT**

**INJUNCTION ON DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK, LOURDES CORDERO,**

**THOMAS CORDERO**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se,* moves this Honorable Court pursuant to Rule 65

of Federal Rule of Civil Procedures to issue a Permanent Restraining Order on Defendants Joanne

Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero and their tenants to prevent

Defendants from continuing to violate the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C §

*67*

Case: 16-3601    Document: 003112490519    Page: 78    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 2 of 11

2

3601, et seq, U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race and interference with fair housing rights.

Defendants Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero's tenants have been making and continue to make loud banging and screaking sounds day and night to force me out of my home because I am black. As a result of the constant and persistent excessive noise disturbances Defendants are making, I have been unable to use my bedroom to sleep so essentially Defendants have evicted me out of my bedroom. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

Further, I have attached an Affirmation to this motion to enter into evidence video recordings and letters to Sapphire Condominium Owners Associations' Board of Directors about the excessive noise disturbances that occupants of apartments 273, 274 and 257 are deliberately causing day and night to support this motion for permanent restraining order against defendants Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero.

**THIS COURT HAS SUBJECT MATTER JURISDICTION FOR CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C**

**SECTIONS 3601-3619 and 1981 and 1982**

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdiction over this action pursuant to 28 U.SC §1331, §1332, §1345 and 42 US.C. 3613. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982.

70

Case: 16-3601    Document: 003112490519    Page: 79    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 3 of 11

3

## STANDARD FOR GRANTING PERMANENT RESTRAINING ORDER

V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provides

for a cause of action when one's property or enjoyment of property is affected. Both damages and

injunctive relief are available. U.S. Virgin Island courts defined private nuisances as "a substantial,

unreasonable, interference with another's interest in the private use and enjoyment of their property".

*Bermudez v. Virgin Islands Telephone Corp.*, 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super.

Ct.2011).

To obtain injunctive relief, a party must show: (1) a reasonable probability of success on the

merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to

the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public

interest, if any, weighs in favor of the movant. (J. Gomes citing *Gerardi v. Peulullo*, 16 F .3d 1363, 173

(3d Cir. 1994) describing factors for issuing preliminary injunction.).

# I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE

## THE FAIR HOUSING ACT AND VIRGIN ISLAND PRIVATE NUISANCE LAWS

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 and my neighbors in

apartments 273, 274 and 257 are making and continue to purposely make loud banging noise

disturbances during the day and night that significantly impaired my apartment to drive me out of my

home because I am black. Consequently, I am deprived of sufficient sleep, rest and the use of my

apartment as intended.

71

Case: 16-3601    Document: 003112490519    Page: 80    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 4 of 11

4

Defendant Joanne Levesque new tenants and other occupants of apartments 273 have been making and continue to purposely make loud banging and screaking sounds day and night for more than 2 to 3 hours at a time to force me out of my home because I am black. As a result of the constant and persistent excessive noise disturbances Defendants are purposely making, I have been unable to use my bedroom to sleep, so essentially Defendants have evicted me out of my bedroom. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

I had to call the police numerous time to report the excessive noise disturbances that Defendants are deliberately and purposely making during the day and at night. As recently as October 22, 2016, I called the police at 3 a.m. to complain about the excessive noise emanating from apartment 257 that continuously woke me out of my sleep. Again, October 28, 2016, I called the police around 2:30 a.m. to complained about the excessive noise disturbances that have been emanating from apartment 273 since around 11:00 p.m. That day, I slept for less than 4 hours as a consequence of the loud banging noise disturbances. Further, I have complained to Sapphire Village Condominium Owners Association, but the noise disturbances continue.

There is no doubt that defendants have noticed of the complaint against them, August 11, 2016, I sent a copy of the Third Amended Complaint, Notice of Consent, and Summons to each of the Defendants by certified mail, returned receipt requested. As such, Lourdes Cordero and Thomas Cordero, a married couple, each separately received the Third Amended Complaint, Notice of Consent and Summons.    Further, September 24, 2016, I filed a first permanent restraining order against defendant Joanne Levesque and sent notice of the motion and memorandum of law to all defendants. In that motion, I requested relief from the court to enjoin defendant Joanne Levesque from allowing

72

Case: 16-3601    Document: 003112490519    Page: 81    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 184    Filed: 11/02/16    Page 5 of 11

5

her tenants to continue to purposely and deliberately make loud banging noise disturbances that are interfering with use and enjoyment of my apartment.

In complete disregard and defiance of the motion, occupants of apartment 274 and 257 continue to make excessive loud banging sounds that are interfering with the use and enjoyment of my apartment. Specifically, October 31, 2016, occupants of apartment 274 deliberately made loud banging sounds that interfered with my apartment during the day for more than two hours and prevented me from reading or watching television.

Finally, occupants in Lourdes Cordero and Thomas Cordero's apartment 257 continue to deliberately slam the front, screen and glass doors repeatedly causing massive noise disturbances that deprived me of sufficient sleep and rest. Lourdes Cordero and Thomas Cordero own apartment 257 as husband and wife but they continue to allow their tenants to make excessive noise disturbances day and night.

**I HAVE SUFFERED IRREPERABLE INJURY SUCH AS SEVERE EMOTIONAL DISTRESS, CHEST PAINS, EXHAUSTION, AND SEVERE MIGRAINE AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED**

The excessive noise disturbances that Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero's tenants and other occupants of apartment 273, 374 and 257 are purposely making and continue to make have caused me to suffer with chest pains, severe migraine, exhaustion and severe emotional distress. For example, October 29, 2016, I was attempting to watch a movie around 10:30 p.m. in my living room but I could not hear anything the characters were saying

73

Case: 16-3601    Document: 003112490519    Page: 82    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 6 of 11

6

because occupants of apartment 273 simply went wild and started to deliberately stump their feet. Further, occupants of apartment 273 deliberately made loud banging and screaking sounds that made it impossible to watch the movie, I simply had to abandon the movie even though I paid to rent it. The loud stumping, banging and screaking sounds continue until about 11:30 pm. In the Morning, of October 30, 2016, I was awakened from sleep around 5 a.m. and occupants of apartment 273 made loud screaking sounds that woke me out of sleep several times. They continued to make loud banging and screaking sounds the entire day that prevented me from resting, reading and watching television.

**DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF**

Defendants will have normal use of their apartments, they will simply be enjoined from acting in cahoots to harass, intimidate and make excessive noise disturbances to drive me out of my home because I am black. There is absolutely no legal purpose for the Defendants to have collectively tempered with the screen door-closer in the St. Vincent building to cause the screen door to slam making loud noise disturbances that reverberated throughout my apartment day and night. They are simply trying to drive me out of my home because I am black. But, I refused to move because their conducts are illegal and I have extended my lease agreement.

**THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT**

It is in the public interest that everyone has access to housing without harassment, intimidation and discrimination on the basis of race. It is 2016 not 1816, these is no place in this society for the Ku Klux Klan tactics these neighbors are employing to force me out of my home because I am black.

**REQUEST FOR RELIEF**

74

Case: 16-3601   Document: 003112490519   Page: 83   Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 7 of 11

7

WHEREFORE, I request the following relief:

1. For Permanent Restraining Order and Permanent Injunctive relief including but not limited

   to, an order enjoining the Defendants Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes

   Cordero and Thomas Cordero from allowing their tenants in apartment 273, 274 and 257

   from taking any steps, to directly or indirectly, interfere with my fair housing rights, and

   emanating any unreasonable noise or sound of any kind, that limits me to 4 hours or less of

   sleep per day.

2. Upon a showing that defendants continue to make excessive noise disturbances for this

   court to issue a bench warrant for the arrest and prosecution of all defendants.

   A proposed form of order is attached hereto.


Dated: November 2, 2016


/s/ Wilnick Dorval


Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com


75

Case: 16-3601     Document: 003112490519     Page: 84     Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 8 of 11

8

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by this

Court's CM/ECF system, the court will send a notification of this filing to all electronic filing users, and I

hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
  mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

76

Case: 16-3601    Document: 003112490519    Page: 85    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 184    Filed: 11/02/16    Page 9 of 11

9

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village

77

Case: 16-3601   Document: 003112490519   Page: 86   Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 184   Filed: 11/02/16   Page 10 of 11

10

Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

78

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

November 2, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL TO ADMIT INTO EVIDENCE VIDEO RECORDINGS**

**AND LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION SUPPORTING A**

**SECOND MOTION FOR PERMANENT RESTRAINING ORDER AGAINST DEFENDANT JOANNE**

**LEVÉSQUE, MADLON JENKINS-RUDZIAK, LOURDES CORDERO AND THOMAS CORDERO**

WILNICK DORVAL, Plaintiff, affirm, declare and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion for Permanent Restraining Order on defendants Joanne

Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero to be filed on my

**EXHIBIT A**

$80$

behalf, Plaintiff, Wilnick Dorval.

2.      Statements in this Affirmation are based upon my personal knowledge.

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,
Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      Apartment 273 is located right above my apartment next to apartment 274 on the third
floor and apartment 257 is located below my apartment on the first floor.   Apartments 273 and
257 have the same floor plan as my apartment.

5.      October 29, 2016, occupants of apartment 273 were home because, I observed in the
parking lot of the Dominica building, in the Sapphire Village Development, that the lights in
apartment 273 were on in the bedroom and living room. On that day occupants of that
apartment deliberately and purposely made loud stumping, banging and screaking sounds that
interfered with the use and enjoyment of my apartment. Specifically, I was unable to watch a
movie that I rented because the loud stamping, banging and screaking sounds emanating from
apartment 273.

6.      Additionally, October 30, 2016, occupants of apartment 273 deliberately and purposely
woke me out of sleep again around 5:30 a.m. I was not able to return to sleep because of the
loud banging noises that occupants of that apartment intentionally caused. However,
occupants of apartment 273 continue to make excessive banging and screaking noise
disturbances until about 12:00 p.m.

7.      On that same day occupants of Lourdes Cordero and Thomas Cordero's apartment 257

**EXHIBIT A**

$8/$

begun to make excessive banging noise disturbances, soon as occupants in apartment 273 left their apartment. Collectively, occupants of those two apartments practically impaired my apartment the entire day. Specifically, I was unable to obtain any rest, watch television and read.

8.      Finally, October 31, 2016, occupants of Madlon Jenkins-Rudziak's apartment 274 deliberately made loud banging noises during the day that interfered with the use and enjoyment of my apartment. Then occupants of apartment 273 returned home and deliberately and purposely made loud banging and screaking sounds all night and in the morning that practically impaired my apartment from 5 p.m. through the next day. I could not sleep or rest during the night, I had to called Virgin Island Police Department to report the noise disturbances around 6 a.m.

## I.      LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION'S BOARD OF DIRECTOR

1.1      Every day, I documented in a letter the excessive noise disturbances that my neighbors are deliberately and purposely making in apartment 273, 274, 266 and 257 to force me out of my home because I am black. On that same day, I hand delivered or mail the letter to Sapphire Village Condominium Owners Association's Board of Directors.

1.2      For example, October 27, 2016, occupants of apartment 273 made loud banging and screaking noise disturbances from 11 p.m. until about 4:00 a.m. Around 2:00 a.m. I called the Virgin Island Police Department to complained about the excessive noise disturbances and that

**EXHIBIT A**

$82$

the noise disturbances deprived me of sleep and rest. The next day, I hand delivered a written

noise complaint to Sapphire Village Development's receptionist Carol Mertens.

1.3    In the past few days, I have submitted the following letters to Sapphire Village

Condominium Owners Association's Board of Directors:

> (a) October 27, 2016, Letter Noise Complaint (Exhibit B)
>
> (b) October 28, 2016, Letter Noise Complaint (Exhibit C)
>
> (c) November 1, 2016, Letter Noise Complaint (Exhibit D)

1.4    I used Microsoft word processor to write the letters and save the letters to a SanDisk

memory stick for storage.  Subsequently, I send the letters by U.S. Mail or hand delivered an

exact copy to Carol Mertens.

1.5    Sapphire Village Condominium Owners Association has done absolutely nothing to

abate the noise nuisance or enforce its rules and regulation and bylaws. However, when my

white neighbors complained the Association took aggressive actions; calling the Virgin Island

Police Department twice; sending its security guards and Mark Marolf, Property Manager to my

apartment.

1.6    For Example, November  1, 2015, Emad O'Baidi, Lanlord, forwarded to me an e-mail

from Thomas Cordero owner of apartment 257 complaining about purported noise

disturbances emanating from my apartment and requesting that I be evicted from my home.

1.7    The heading on the e-mail has the following "On Thursday, October 29, 2015, 7:08 PM,

Lourdes Cordero < lvc99@aol.com > wrote:."

**EXHIBIT A**

83

1.8     The e-mail stated the following in pertinent parts:

"My wife Lourdes asked me to write you to confirm the incredible noises that are needlessly

being generated and emanating from your Unit #265 at all hours of the day that are

needlessly." Mr. Cordero had the audacity to send this e-mail to my landlord, even though

Defendants collectively rigged the screen door-closer on all the apartments in the St. Vincent

building, which caused the screen door to slam when it closes making massive noise

disturbances that reverberated throughout my apartment.

1.9     Further, Thomas Cordero stated  in the e-mail that "[p]lease note that if we had a tenant

in our St. Vincent apartment 257 that was at all hours making the continuous loud noises that

your tenant is producing, we could guarantee you that said tenants would be immediately

questioned and ask to move if they are unable to follow the condominium bylaws." Lourdes

Cordero and Thomas Cordero are ignoring their own advice here by refusing to put an end to

the noise disturbances that occupants of their apartment are causing day and night for the past

13 months. As I have explained to my landlord then the noise disturbances were emanating

from apartment 273 and Lourdes Cordero and Thomas Cordero were aware of that fact but

blamed it on me to force me out of my home because I am black.

1.10     In addition, Thomas Cordero's e-mail stated that "[w]e are copying our mutual neighbor

and Board of Directors member, Mr. Sid Jarvis so he can assist us in reviewing the above matter

and confirm that the constant and needless noises coming out of your unit are simply

unacceptable." This is all in false pretense to have me evicted from my home because

defendants were fully aware that the noise disturbances were emanating from apartment 273

**EXHIBIT A**

84

and that they were slamming their front and screen doors repeatedly during the day and at

night. Further, Mr. O'Baidi told defendants Lourdes Cordero and Thomas Cordero that their

actions to have me evicted from my home were motivated my race.

1.11    Finally, Thomas Cordero's email is signed on the bottom as "Thomas Cordero Owners,

Sapphire Village, St Vincent Building Unit #257."

1.12    Thomas Cordero and Lourdes Cordero own apartment 257 as husband and wife and

both have continued to allow their tenants to make excessive noise disturbances that

significantly impair my apartment to drive me out of my home because I am black.

## II. POLICE REPORS

2.1    I have filed several police reports about the excessive noise that my neighbors in

apartment 273, 274, 266 and 257 are deliberately and purposely causing day and night to force

me out of my home because I am black. For example, October 22, 2016, I went to the Mariel C.

Newton Command and filed a noise disturbance complaint. I explained to the officer that I was

awakened repeatedly around 3 a.m. when occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and glass doors repeatedly.

2.2    Subsequently, I obtained a copy of the police report at the Central Records Bureau,

located at the Alexander Farrelly Justice Complex. The police report is signed and dated by the

police officer. Further, the report is titled United States Virgin Islands Police Department. The

police report filed on October 22, 2016, documented occupants of Lourdes Cordero and

Thomas Cordero's apartment excessive noise disturbances. Specifically, the police report filed

**EXHIBIT A**

85

October 22, 2016, documented that occupants of Lourdes Cordero and Thomas Cordero's

apartment 257 deliberately slammed the front and screen doors repeatedly and woke me out

of sleep around 3 a.m.

### III. VIDEO RECORDINGS

3.1    I made the following video recordings of excessive noise disturbances emanating from

Joanne Levesque's apartment 273 and Madlon Jenkins-Rudziak's apartment 274:

> (a) October 29, 2016, Video file MAH05116 at 10:17 p.m.: Length 12:33 (Exhibit
>
>   E)
>
> (b) October 31, 2016, Video file MAH05226 at 1:25 p.m.: Length 5:34 (Exhibit F)
>
> (c) October 31, 2016, Video file MAH0228 at 1:42 p.m.: Length 12:34 (Exhibit G)
>
> (d) October 31, 2016, Video file MAH05168 at 12:04 a.m.: Length 3:43 (Exhibit H)
>
> (e) October 31, 2016, Video file MAH05261 at 11:45 p.m.: Length 13:57 (Exhibit
>
>   I)
>
> (f) November 1, 2016, Video file MAH05265 at 1:01 a.m.: Length 23:20 (Exhibit
>
>   J)
>
> (g) November 1, 2016, Video file MAH05267 at 1:27 a.m.: Length 17:51 (Exhibit
>
>   K)

3.2    The first video shows that occupants of apartment 273 made loud banging noise

disturbances during a movie and I simply had to abandon watching it; the second video shows

that occupants of apartment 274 made loud banging sounds throughout the day; the third

video shows that occupants of apartment 274 made loud banging noises that sound like

**EXHIBIT A**

86

hammering; the fourth video recording shows that occupants of apartment 273 made loud banging noise disturbances while I was trying to watch a movie for a second time; the last three video recordings show that, I pointed the SONY camera to my ceiling and documented the loud banging noises that occupants of apartment 273 deliberately made well past 1:30 a.m.

3.3     I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances inside my apartment that occupants of apartment 273 and 274 are making day and night.

3.4     I recorded the noise disturbances to a Micro SD card then made a duplicate of each video file from the Micro SD card to a SanDisk memory stick for storage.

3.5     The noise disturbances in the video recordings present truly, accurately and realistically sounds emanating from apartment 273 and 274.

3.6     The video recordings have not been modified or edited in anyway, I made a duplicate of the file from the Micro SD Card to store the video recording file to a SanDisk memory stick for storage.

3.7     The SanDisk memory stick has never left my possession.

/s/ Wilnick Dorval

**EXHIBIT A**

$87$

To: Sapphire Management

6700n Sapphire Village

St. Thomas 00802

Date: October 27, 2016

RE: Excessive noises day and night

I live in apartment 265 at the St. Vincent building. There are loud banging and screaking noise disturbances that are emanating from Joanne Levesque's apartment 273 that are interfering with the use and enjoyment of my apartment day and night.

Last night, occupants of apartment 273 made loud banging noise disturbances that woke me out of sleep. Around 2 a.m., I called Sapphire Security and complained about the loud banging noise disturbances that occupants of apartment 273 are deliberately making. But, the noise disturbances continued so I called Virgin Island Police and complained about the noise disturbances.

This morning I was awakened at 6:30 a.m. by loud banging noises emanating from apartment 273. I am so exhausted from the lack of sleep; I fall back to sleep but I was awakened several time by loud banging at 7:30 a.m., 8:30 a.m. and 9:30 a.m.

Occupants of Joanne Levesque's apartment continue to make loud banging noise that woke me suddenly out of sleep repeatedly. Joanne Levesque and her tenants know that the loud banging noise disturbances are causing me to suffer with chest pains, exhaustion and severe emotional distress. However, they are acting in defiance of the court, and of federal and U.S. Virgin Island laws.

It is your responsibility to inform Joanne Levesque and her tenants that they are causing severe and intense noise disturbances that are interfering with the use and enjoyment of my apartment.

So far Sapphire Village management have failed to enforce its Rules and Regulations and By-laws and allowed the white neighbors to continue with their criminal conducts to force me out of my home because I am black.


Wilnick Dorval

EXHIBIT B

88

To: Sapphire Management

6700n Sapphire Village

St. Thomas 00802

Date: October 28, 2016

RE: Excessive noises day and night

`

I live in apartment 265 at the St. Vincent building. There are loud banging and screaking noise disturbances that are emanating from Joanne Levesque's apartment 273 that are interfering with the use and enjoyment of my apartment day and night.

Last night, occupants of apartment 273 made loud banging noise disturbances that woke me out of sleep from 11 p.m. until about 4 a.m. Around 2 a.m., I called the Virgin Island Police to complained once again about the excessive loud banging that occupants of apartment 273 are deliberately causing. But the noise continued and I simply had to get out of bed. So I had less than 4 hours of sleep.

Occupants of Joanne Levesque's apartment continue to make loud banging noise that woke me suddenly out of sleep repeatedly. Joanne Levesque and her tenants know that the loud banging noise disturbances are causing me to suffer with chest pains, exhaustion and severe emotional distress. However, they are acting in defiance of the court, and of federal and U.S. Virgin Island laws.

It is your responsibility to inform Joanne Levesque and her tenants that they are causing severe and intense noise disturbances that are interfering with the use and enjoyment of my apartment.

So far Sapphire Village management have failed to enforce its Rules and Regulations and By-laws and allowed the white neighbors to continue with their criminal conducts to force me out of my home because I am black.


Wilnick Dorval


EXHIBIT C


89

To: Sapphire Management

6700n Sapphire Village

St. Thomas 00802

Date: November 1, 2016

RE: Excessive noises day and night

I live in apartment 265 at the St. Vincent building. There are loud banging and screaking noise disturbances that are emanating from Joanne Levesque's apartment 273 that are interfering with the use and enjoyment of my apartment day and night.

Last night, occupants of Joanne Levesque's apartment 273 deliberately made loud banging noise disturbances all night well past 1:30 a.m. then, occupants of that apartment woke me out of sleep around 5:30 a.m. and I could not return to sleep because they continued to deliberately and purposely make excessive noise disturbances to force me out of my home because I am black. I each time that I fall to sleep, occupants of Joanne Levesque's apartment woke me up with a loud banging noise that caused me to suffer with chest pains and difficulty breathing. I called the Virgin Island Police to report the excessive loud banging noise disturbances that are emanating from apartment 273.

Joanne Levesque and her tenants know that the loud banging noise disturbances are causing me to suffer with chest pains, exhaustion and severe emotional distress. However, they are acting in defiance of the court, and of federal and U.S. Virgin Island laws.

It is your responsibility to inform Joanne Levesque and her tenants that they are causing severe and intense noise disturbances that are interfering with the use and enjoyment of my apartment.

Occupants of Joanne Levesque's apartment are deliberately making excessive noise disturbances during your so call "quiet hours" in clear violations of your rules and regulation. But so far Sapphire Village management have failed to enforce its Rules and Regulations and By-laws and allowed the white neighbors to continue with their criminal conducts to force me out of my home because I am black.

Wilnick Dorval

EXHIBIT D

90

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

October 28, 2016

**PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO AND**

**AUDIO RECORDINGS OF MY NEIGHBORS THREATENING CONDUCTS AT SAPPHIRE VILLAGE**

**DEVELOPMENT**

COMES NOW, Plaintiff, Wilnick Dorval, acting *Pro se* respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 901, 902, and

1001-1003 to admit into evidence four video and one audio recordings of defendants Jonathon

Morgan, Jacqueline Lindberg and my neighbors in apartment 259's stalking, harassing and

threatening conducts to force me out of my home because I am black. The video and audio

1

recordings established that my neighbors created a hostile environment for me at Sapphire

Village Development and that their criminal conducts are extreme and outrageous. In addition,

to substantiate the basis of the injuries that I suffered because of the conducts of my neighbors.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUMENT

### 1. The Video and Audio Recordings Are Relevant to Prove Nuisance, Harassment, Discrimination, Criminal Conducts and Damages

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a

privilege exists, or evidence is admissible. In so deciding, the court is not bound by

evidence rules, except those on privilege.

2

92

Fed.R.Evid. 104 (a). I hereby request to enter into evidence four video and one audio recordings

of defendants Jonathon Morgan, Jacqueline Lindberg and my neighbors in apartment 259's

stalking, harassing and intimidating conducts to support a declaration that all of the Defendants

violated federal and U.S. Virgin Island Laws. The video and audio recordings are relevant to

established that that my neighbors and group of individuals at Sapphire Village Development

created hostile environment for me to force me out of my home because I am black. Further,

my neighbor's stalking, harassing and intimidating conducts interfered with the use and

enjoyment of my apartment and facilities at Sapphire Village Development. Specifically, my

neighbors' criminal conducts deprived me of the use and enjoyment of my balcony, any of the

amenities and privileges, such that I am unable to use any of the pools to swim or Sapphire

Beach, restaurant, lounge and run for exercise in the Sapphire Village Development.

Furthermore, my neighbors' criminal conducts are extreme and outrageous and as a

consequence, I am suffering with severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

> Evidence is relevant if:
>
> (a) It has any tendency to make a fact more or less probable than it would be without
>     the evidence; and
>
> (b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The four video and one audio recordings are relevant because they established

my neighbors at Sapphire Village Development created a hostile environment for me to force

me out of my home because I am black. Further, defendants Jonathon Morgan, Jacqueline

3

93

Lindberg, and my neighbors in apartment 259 stalked and harassed to intimidate me out of my

home. As such, my neighbors' conducts violated U.S. Virgin Islands laws and the Fair Housing

Act of 1968. "Rule 401 does not require the evidence to be dispositive of a fact in issue: The bar

is much lower and simply requires that the existence (or non-existence) of such fact make it

more likely." Ostalaza v. People, 58 V.I. 532, 564 (V.I. 2013). The four video and one audio

recordings established that my neighbors rightfully predicted that they would make hell for me

at Sapphire Village Development if I remained in occupation of my apartment and they

threaten and attempted to cause me grave bodily harm. Further, the neighbors stalked,

harassed and intimidated me to force me out of my home because I am black. As a

consequence of the neighbors' criminal conducts, I am deprived and continue to be deprived of

full enjoyment of the goods, services, facilities, privilege, advantages, accommodations and or

opportunities of Sapphire Village Development. "Clearly, facts that tend to prove essential

elements of the causes of action and affirmative defenses asserted in the pleading are 'of

consequence to the litigation,'." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540

(D.Md.2013). The four video and one audio recordings established that defendants Jonathon

Morgan, Jacqueline Lindberg, and my neighbors in apartment 259's criminal conducts are

extreme and outrageous. Specifically the video recordings show the following criminal conducts

of my neighbors: First, the video recording shows that on October 23, 2016, Jonathon Morgan

flicked his head wildly, when I walked pass him on Sapphire Beach; second, the video recording

shows that April 30, 2016, a men and his family threaten to physically assault me at Sapphire

Beach; third, the video recording shows that October 27, 2015, Jacqueline Lindberg carried a

container of food to my apartment; fourth, the video recording shows that Jaqueline Lindberg

4

*94*

sit on a chair by my apartment blocking the walkway; fifth, the audio recording documented

that November 4, 2015, Jacqueline Lindberg stated that it will be 666 for me at Sapphire Village

Development.

## 2. The Video and Audio Recordings Truly, Accurately and Realistically Documented My Neighbors' Criminal Conducts, Pursuant to Rules 901-902 of Federal Rule of Evidence

The four video and one audio recordings truly, accurately and realistically documented

my neighbors' criminal conducts to force me out of my home because I am black. Specifically,

the video and audio recordings established that my neighbors stalked, harassed, threaten and

intimidated me because I am black. "A party seeking to admit an exhibit need only make a

prima facie showing that it is what he or she claims it to be." Lorraine v. Markel American Ins.

Co., 241 F.R.D. 534, 542 (D.Md.2013).  I have attached an Affirmation to this motion that

explained in details how I made the video and audio recording of my neighbors' criminal

conducts (see Exhibit A).

I used my IPhone 5S, Microsoft Lumia cell phone and a SONY audio recorder to

document my neighbors' criminal conducts. The Microsoft Lumia cell phone video camera

automatically attached an identification number and date of the video recording to each file.

Also, the IPhone 5S automatically attached a numerical identification number to the video file.

Subsequently, I attached each of the video recording file from my cell phones to an e-mail and

sent it to myself.  Then I downloaded the video recording files from my e-mail to a SanDisk

memory stick for storage.

95

In addition, I used a SONY audio recorder to document Jacqueline Lindberg's statements and attached the audio file using a USB cord to an e-mail and then sent the file to myself. Subsequently, I downloaded the audio file from my e-mail to a SanDisk memory stick for storage.

### 3.  The Video and Audio Recordings Were Made by Me Plaintiff Wilnick Dorval at Sapphire Village Development

The video recordings are direct evidence of Jonathon Morgan, Jacqueline Lindberg, and my neighbors in apartment 259's stalking, harassing and threatening conducts to force me out of my home because I am black. Therefore, the four video and one audio recordings are not hearsay as defined by Rule 801, because I personally made the video and audio recordings that are been offered into evidence. As such, I have personal knowledge of my neighbors' criminal conducts and how the video recordings were made and preserved.

### 4.  The Video and Audio Recordings Are Originals Under the Original Writing Rule 1001-1008

The four video and one audio recordings are originals under the original writing rule because I have not edited or modified any of the video and audio recordings. I simply downloaded the video and audio recordings to a SanDisk memory stick for storage. "Rule 1001 (3) provides that when data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an original." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 579 (D.Md.2013). The SanDisk memory stick contains the original video and audio files from the IPhone 5S, Microsoft Lumia's Micro SD card and SONY

96

audio recorder. Further, the SanDisk memory stick has been in my possession and continue to be in my possession.

### 5. The Probative Value of the Video and Audio Recordings Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the video and audio recordings substantially outweighed the danger of unfair prejudice. The four video and one audio recordings established that my neighbors created a hostile environment for me at Sapphire Village Development to force me out of my home because I am black. They stalked, harassed, intimidated and physically threaten me. As such, defendants Jonathon Morgan, Jacqueline Lindberg, and my neighbors in apartment 259's conducts are extreme and outrageous. Finally, none of the Defendants would be unfairly prejudiced because I have sent notice of this motion to all Defendants and I am able to provide an exact copy of the four video and one audio recordings to each Defendants upon request.

### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence video and audio recordings of my neighbors' stalking, harassing, intimidating and physically threatening conducts because they are relevant to this cause of action and I have established a sufficient foundation to their authenticity. Furthermore, the probative value of the four video and one audio recordings outweighed the danger of unfair prejudice, if any, because the video and audio recordings established that all of the defendants created a hostile environment for me at

7

97

Sapphire Village Development to force me out of my home because I am black. Accordingly, this

Court should rule that the four video and one audio recordings are admissible.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1.  For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

    evidence four video and one audio recordings of Jonathon Morgan, Jacqueline

    Lindberg and my neighbors in apartment 259's criminal conducts.

A proposed order is attached.

Dated: October 28, 2016

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

98

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

*99*

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265

*100*

St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

11

/0/

1

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

October 28, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT**

**INTO EVIDENCE VIDEO AND AUDIO RECORDINGS OF MY NEIGHBORS THREATENING**

**CONDUCTS AT SAPPHIRE VILLAGE DEVELOPMENT**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.     I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence four video and one

audio recordings of threatening conducts of my neighbors at Sapphire Village Development to

be filed on my behalf, Plaintiff, Wilnick Dorval.

2.     The statements in this Affirmation are based upon my personal knowledge.

1

*102*

Case: 16-3601    Document: 003112490519    Page: 110    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM    Document #: 182-1    Filed: 10/28/16    Page 2 of 4

2

3.    I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.    Since October 5, 2015, a group of my neighbors and group of individuals stalked and

harassed to intimidate and discriminate to force me out of Sapphire Village Development

because I am black.

5.    During the month of October 2015, each time, I exited my apartment defendant

Jacqueline Lindberg appeared and attempted to talk to me. Ms. Lindberg's stalking and

harassing behaviors includes: seating on a chair by my apartment and blocked my path on the

walkway of the St. Vincent building; October 27, 2015, Ms. Lindberg appeared with a container

of food, that I later found in front of my apartment; Ms. Lindberg stated to me that she would

like to speak to me sometimes, I ignored her; finally, November 4, 2016, Ms. Lindberg stated

that it would be like hell for me 666.

6.    April 30, 2016, a group of people that were staying in apartment 259 in the St. Vincent

building followed me to Sapphire Beach. When I was walking on the beach, a white man about

6 foot 2 and weighing more than 300 lbs., with another white man and two white women were

walking by me, flicking their heads. Then, I decided to walk pass them, when the man said to

me "I will beat it the shit out of you." I looked back and he was signaling for me to come back to

fight him. I became afraid for my life but I continued to walk away from him and recorded the

incident.

7.    Further, for an entire week after the incident, the man and his family continued to

appear each time that I went to the beach or left the beach area to go back to my apartment. I

*103*

3

ignored all of them but the man spoke louder saying things like "JR".

8.      October 23, 2016, I was walking on the Sapphire Beach on my way to swim in an area

adjacent to Sapphire Beach but separated by coral reefs. While walking on the beach,

defendant Jonathon Morgan flicked his head wildly each time I looked up.

9.      I made the following video and audio recordings of my neighbors stalking, harassing and

threatening conducts to intimidate and force me out of my home because I am black:

> (a) October 23, 2016, Video file IMG-2057: Length 1:16 (Exhibit B)
>
> (b) April 30, 2016, Video file WP_20160430_15_13_50_Pro: Length 1:26 (Exhibit
>
>     C).
>
> (c) October 27, 2015, Video IMG_0090: Length 00:12 (Exhibit D)
>
> (d) October 2015, Video file IMG_0086: Length 00:08 (Exhibit E)
>
> (e) November 4, 2016, Audio file: Length 1:46 (Exhibit F)

10.      First, the video recording shows that on October 23, 2016, Jonathon Morgan flicked his

head wildly, when I walked pass him on Sapphire Beach; second, the video recording shows

that April 30, 2016, a men and his family threaten to physically assault me at Sapphire Beach;

third, the video recording shows that  October 27, 2015, Jacqueline Lindberg carried a container

of food to my apartment; fourth, the video recording shows that Jaqueline Lindberg sit on a

chair by my apartment blocking the walkway; fifth, the audio recording documented that

November 4, 2015, Jacqueline Lindberg stated that it will be 666 for me at Sapphire Village

Development.

3

*104*

4

11.      I used the video camera on my cell phone, a Microsoft Lumia, and IPhone 5S to record

defendants Jonathon Morgan, Jacqueline Lindberg, and my neighbors in apartment 259's

criminal conducts to my cell phones' memory cards than attached each video file to an e-mail

and sent it to myself. Subsequently, I downloaded each video files from my e-mail to a SanDisk

memory stick for storage. The Microsoft Lumia video camera automatically assigned a date and

an identification number to the video file and the IPhone 5S automatically assigned a numerical

number to the video file.

12.      In addition, I used a SONY audio recorder to document Jacqueline Lindberg's statements

and attached the audio file using a USB cord to an e-mail and then sent the file to myself.

Subsequently, I downloaded the audio file from my e-mail to a SanDisk memory stick for

storage.

13.      The video and audio recordings truly, accurately and realistically documented

defendants Jonathon Morgan, Jacqueline Lindberg and my neighbors in apartment 259's

harassing, stalking and intimidating conducts to force me out of Sapphire Village Development

because I am black.

14.      The video and audio recordings have not been modified or edited in anyway, I

downloaded the video and audio recording files from my e-mail to store each file to a SanDisk

memory stick for storage.

15.      The SanDisk memory stick has never left my possession.

/s/ Wilnick Dorval

Wilnick Dorval

4

105

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

October 17, 2016

**PLAINTIFF MOTION IN LIMINE TO ADMIT PHOTOGRAPHS EVIDENCE OF SAPPHIRE VILLAGE**

**DEVELOPMENT NEIGHBORS' ACTS OF HARASSMENT, INTIMIDATION, VANDALIMS AND**

**ASSAULT AND BATTERY**

COMES NOW, Plaintiff, Wilnick Dorval, acting *Pro se* respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 901, 902, and

1001-1003 to admit into evidence six photographs of Sapphire Village Development neighbors'

harassing and intimidating conducts, acts vandalism and assault and battery to substantiate

that my neighbors created a hostile environment for me because I am black.  In addition, to

1

*106*

substantiate the basis of the injuries that I suffered and continue to suffer because of my

neighbors constant and persistent harassment.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUGMENT

1. **The Photographs Are Relevant to Prove My Neighbors at Sapphire Village**

   **Development's Nuisance, Harassment, Discrimination, Criminal Conducts and**

   **Damages**

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

> The court must decide any preliminary question about whether a witness is qualified, a
>
> privilege exists, or evidence is admissible. In so deciding, the court is not bound by
>
> evidence rules, except those on privilege.

2

*107*

Fed.R.Evid. 104 (a). I hereby request to enter into evidence six photographs of harassing and

intimidating conducts, acts of vandalism and assault and battery of my neighbors to support

declaration that Defendants violated federal and U.S. Virgin Islands laws and damages. The

photographs are relevant to established that my neighbors created a hostile environment for

me at Sapphire Village Development. Specifically, my neighbors' harassing and intimidating

conducts, acts of vandalism, assault and battery are racially motivated to force me out of my

home because I am black.

Rule 401 of Federal Rule of Evidence states:

> Evidence is relevant if:
>
> (a) It has any tendency to make a fact more or less probable than it would be without
>    the evidence; and
>
> (b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The six photographs of my neighbors' harassing and intimidating conducts are

relevant because they established that my neighbors created a hostile environment for me that

is racially motivated in violation of the Fair Housing Act of 1968. "Rule 401 does not require the

evidence to be dispositive of a fact in issue: The bar is much lower and simply requires that the

existence (or non-existence) of such fact make it more likely." Ostalaza v. People, 58 V.I. 532,

564 (V.I. 2013). The six photographs established that my neighbors harassing and intimidating

conducts interfered with use and enjoyment of my property and my Fair Housing rights.

"Clearly, facts that tend to prove essential elements of the causes of action and affirmative

defenses asserted in the pleading are 'of consequence to the litigation,'." Lorraine v. Markel

/ 08

American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013). The photographs show a pattern of racially

motivated harassment by my neighbors to intimidate and force me out of my home because I

am black. The first photograph shows graffiti left in front of my door by my neighbor; the

second photograph shows a container of food that Defendant Jacqueline Lindberg left in front

of the door of my apartment; the third photograph shows the neighbors broke the key hole in

the door knob; the fourth photograph shows the neighbors broke the door knob again; the fifth

photograph shows water that landed on my body when a white male, neighbor, threw a water

bottle at my head; the sixth photograph shows the water bottle half full on the grass.

Therefore, all of the photographs are relevant to this cause of action and this Court should rule

that the photographs are admissible.

### 2. The Photographs Truly, Accurately and Realistically Captured My Neighbors Racially Motivated Harassing and Intimidating Conducts, Pursuant to Rules 901-902 of Federal Rule of Evidence

The six photographs truly, accurately and realistically captured my neighbors' racially

motivated harassing and intimidating conducts. "A party seeking to admit an exhibit need only

make a prima facie showing that it is what he or she claims it to be." Lorraine v. Markel

American Ins. Co., 241 F.R.D. 534, 542 (D.Md.2013). I have attached an Affirmation to the

motion that explained in details how I took the photographs of my neighbors harassing and

intimidating conducts. (see Exhibit A). On the following dates I used my cell phone to take

following photograph of my neighbors racially motivated harassing and intimidating conducts

and sent the photograph by e-mail to myself, Mr. O'Baidi, Landlord and Mark Marolf, Sapphire

4

109

Property Manager: (1) October, 2015 (2) November 1, 2016 (3) January 25, 2016 () April 10, 2016.

On the same day, that I took the photographs, I attached each to an e-mail and sent them to Emad O'Baidi, Lanlord and the last four of the photographs to Mark Marolf, Sapphire Property Manager. Subsequently, I saved each photograph as a JPG file to a SanDisk memory stick for storage.

### 3. The Photographs Were Made by Me Plaintiff Wilnick Dorval

The six photographs are direct evidence of my neighbors racially motivated harassing and intimidating conducts and are therefore not hearsay as defined by Rule 801, because I personally took the photographs that are been offered into evidence. As such, I have personal knowledge of my neighbors' harassing and intimidating conducts and how the photographs were made and preserved.

### 4. The Photographs Are Originals Under the Original Writing Rule 1001-1008

The six photographs are originals under the original writing rule because I have not edited or modified any of the photograph, I simply downloaded the pictures from my e-mail to a SanDisk memory stick for storage. "Rule 1001 (3) provides that when data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an original." The SanDisk memory stick contains the original of each of the photograph files from my cell phone. Further, the SanDisk memory stick has been in my possession and continue to be in my possession.

5

110

5.  **The Probative Value of the Photographs Substantially Outweighed the Danger of**

**Unfair Prejudice.**

The probative value of the photographs substantially outweighed the danger of unfair

prejudice. The six photographs established that my neighbors created a hostile environment

for me because I am black. Furthermore, the photographs show that the neighbors'

threatening conducts violate federal and Virgin Island criminal laws. Finally, none of the

Defendants would be prejudiced because I have sent notice of this motion to all Defendants

and Sapphire management already has the last four of the photographs and I am able to

provide an exact copy of the six photographs to each Defendant upon request.

### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence the six photographs

that documented my neighbors' harassing and intimidating conducts because they are relevant

and I have established a sufficient foundation to their authenticity. Furthermore, the probative

value of the six photographs outweighed the danger of prejudice, if any, because the

photograph established that my neighbors created a hostile environment for me because I am

black in violation of Fair Housing Act of 1968. Accordingly, this court should rule that the

photographs are admissible.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

6

*/L/*

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

   evidence six photographs of Sapphire Village Development neighbors' harassing and

   intimidating conducts.

A proposed order is attached.

Dated: October 17, 2016


/s/ Wilnick Dorval


Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

7

*112*

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209
St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.

8

*113*

#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak
157 Farrington Dr.
Newman, GA 30263-7425

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

114

1

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

October 17, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT**

**INTO EVIDENCE PHOTOGRAPHS OF NEIGHBORS' ACTS OF HARASSMENT, INTIMIDATION**

**VANDALISM, AND ASSAULT AND BATTERY**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.       I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to

make this Affirmation in support of a Motion in Limine to admit into evidence six

photographs of Sapphire Village Development neighbors' acts of harassment,

intimidation, vandalism, and assault and battery to be filed on my behalf, Plaintiff,

EXHIBIT A

*115*

Case: 16-3601    Document: 003112490519    Page: 123    Date Filed: 12/15/2016
Case: 3:16-cv-00050-CVG-RM   Document #: 169-1   Filed: 10/17/16   Page 2 of 4

2

Wilnick Dorval.

2.        The statements in this Affirmation are based upon my personal knowledge.

3.        I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire

Village, Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.        After October 5, 2015, my neighbors at Sapphire Village Development and others

have been harassing me and causing a hostile environment for me to force me out of

my home because I am black.

5.        I took the following photographs of my neighbors' acts of harassment,

intimidation, vandalism, and assault and battery:

     (a) October 2015, Graffiti in front of my door IMG_0053 (Exhibit B).

     (b) October 2015, Jacqueline Lindberg placed food in front of my door

       IMG_0108 (Exhibit C)

     (c) November 1, 2015, Broken Door Knob IMG_0173(Exhibit D).

     (d) January 25, 2016, Broken Door Knob WP_20160125_12_14_21 Pro (Exhibit E)

     (e) April 10, 2016, Water Landed On Me WP_20160410_23_21_57 Pro (Exhibit F)

     (f) April 10, 2016, Water Bottle On the Grass WP_20160410_23_21_32 Pro

       (Exhibit G)

6.        The photographs show a pattern of racially motivated harassment by my

neighbors to intimidate and force me out of my home because I am black. The first

photograph show graffiti left in front of my door by my neighbors; The second

photograph shows a container of food left in front of my door by defendant Jacqueline

Lindberg; the third photograph shows the neighbors broke the key hole in the door

EXHIBIT A

*116*

3

knob of my apartment; the fourth photograph shows the neighbors broke the door knob
again; the fifth photograph shows water that landed on my body when a white male
neighbor threw a water bottle at my head; the sixth photograph shows the water bottle
half full on the grass.

7.  Near the end of October 2015, I came home to find a large graffiti in front of the door of
    my apartment and on another day Jaqueline Lindberg placed a container of food in front
    of my door.

8.  November 1, 2015, I came home to find the door knob broken and I immediately
    informed Mr. O'Baidi and Mark Marolf, Sapphire Property Manager. Both Mark Marolf
    and Virgin Island Police came to my apartment and observed the damage to the door
    knob.  Mr. O'Baidi and his repairman had to replace the broken door knob.

9.  January 25, 2016, I returned home to find the door knob broken again by the neighbors,
    I took a photograph and immediately sent an e-mail with the photograph to Mr. O'Baidi
    and Mark Marolf, Sapphire Property Manager.

10. April 10, 2016, a white man on a balcony at the Dominica building within the Sapphire
    Village Development deliberately and purposely threw a water bottle at my head. The
    water bottle barely missed and landed on the floor. I immediately report the incident to
    Sapphire security guard on duty, Kevin, and subsequently, sent an e-mail with the
    photographs to Mark Marolf, Sapphire Property Manager and Mr. O'Baidi.

11. I used my cell phone to take each photographs then sent each by e-mail to
    myself, Emad O'Baidi, Landlord and Mark Marolf, Sapphire Property Manager.

12. Subsequently, I downloaded the photographs from my e-mail and save each as a

EXHIBIT A

*117*

4

JPG files to a SanDisk memory stick for storage.

13.     Each photograph truly, accurately and realistically represents the damages and

conducts of my neighbors.

14.     The photographs have not been modified or edited in anyway, I simply

downloaded the photographs from my e-mail and saved each as a JPG file to a SanDisk

memory stick for storage.

15.     The SanDisk memory stick has never left my possession.

/s/ Wilnick Dorval

Wilnick Dorval

EXHIBIT A

/18

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.   Defendant(s) | ) | |

December 8, 2016

**NOTICE OF LIST OF ELECTRONIC EVIDENCE PROVIDED TO DEFENDANTS**

COME NOW, Plaintiff, Wilnick Dorval, Pro se, states the following:

I provided the following electronic exhibits to Defendants, in a 32G Memory stick, as part of motion in limines filed with this Court:

1. June 25, 2016, Video file MAH 00358-MP4
2. June 27, 2016, Video file MAH 00402-MP4
3. August 8, 2016, Video file MAH 01985-MP4
4. August 8, 2016, Video file MAH 01983-MP4
5. August 14, 2016, Video file MAH 02209-MP4
6. July 25, 2016, Video file MAH 01397-MP4
7. October 6, 2016, Video file MAH 04222-MP4
8. October 2015, IMG_0053
9. October 2015, IMG_0108
10. November 1, 2015, IMG_0173
11. January 25, 2016, WP_2016125_12_14_21 Pro
12. April 10, 2016, WP_20160410_23_21_57 Pro
13. April 10, 2016, WP_20160410_23_21_32 Pro
14. June 19, 2016, Video file MAH 00208-MP4

119

15. June 23, 2016, Video file MAH 00307-MP4
16. June 23, 2016, Video file MAH 00311-MP4
17. June 27, 2016, Video file MAH 00395-MP4
18. February 10, 2016, Video, WP 20160210_17_03_05_Pro
19. February 19, 2016, Video, WP 20160219_11_41_42_Pro
20. February 22, 2016, Video, WP 20160222_10_03_02_Pro
21. March 22, 2016, Video, WP 20160322_09_13_48_Pro
22. February 18, 2016 Audio, VOICE001 MP3 file
23. April 30, 2016, WP_20160430_15_13_50_Pro
24. October 27, 2015, Video IMG_0090
25. October 2015, Video file IMG_0086
26. November 4, 2015, Audio file
27. November 7, 2016, Video file MAH 05567
28. November 7, 2016, Video file MAH 05569
29. November 11, 2016, Video file MAH05885
30. November 14, 2016, Video file MAH06074
31. November 15, 2016, Video file MAH06135
32. November 15, 2016, Video file MAH06139
33. November 19, 2016, Video file MAH06174
34. November 19, 2016, Video file MAH06182
35. November 25, 2016, Video file MAH06189
36. November 26, 2016, Video file MAH06552
37. November 27, 2016, Video file MAH06560
38. November 30, 2016, Video file MAH06732
39. November 30, 2016, Video file MAH06731

Dated: December 8, 2016

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

120

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy and a 32G Memory Stick by first class U.S.
Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Nicholas Overmyer

1723 Fitch Ave

Marquette, MI 49855

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona St. Thomas V.I. 00802

Ellen Hansen

05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

 Newman, GA 30263-7425


Dated: December 8, 2016


/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com


*123*

124