No. 16-3601



## The United States Court of Appeals For The Third Circuit

Wilnick Dorval,

*Plaintiff-Appellant*,

v.

Sapphire Village Condominium Owners Association, ET, AL

*Defendants-Appellees.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

No. 3-16-CVG-00050-RM

## SECOND SUPPLEMENTAL APPENDIX OF APPELLANT

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

# TABLE OF CONTENTS

1. SECOND NOTICE OF ELECTORNIC EVIDENCE PROVIDED

   TO DEFENDANTS…………………………………………..        1

2. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO

   ADMIT INTO EVIDENCE VIDEO RECORDINGS OF EXCESSIVE

   NOISE DISTURBANCES THAT EMANATED FROM JONATHON

   MORGAN APARTMENT 266……………………………………        9

3. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT

   OF MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO

   RECORDINGS OF EXCESSIVE NOISE DISTURBANCES THAT

   EMANATED FROM JONATHON MORGAN APARTMENT

   266…………………………………………………………        20

4. AMENDED PLAINTIFF WILNICK DORVAL MOTION IN LIMINE

   TO ADMIT INTO EVIDENCE VIDEO RECORDINGS OF

   EXCESSIVE NOISE DISTURBANCES……………………        26

5. AMENDED AFFIRMATION OF PLAINTIFF WILNICK DORVAL

   IN SUPPORT OF MOTION IN LIMINE TO ADMIT INTO

   EVIDENCE VIDEO RECORDINGS OF EXCESSIVE NOISE

   DISTURBANCES……………………………………………        37

6. NOTICE OF CORRECTION AMENDMENT OF THE SIXTH

   MOTION IN LIMINE……………………………………        42

7. SECOND NOTICE OF PROCESS OF SERVICE ……………..        47

8. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN

SUPPORT OF NOTICE OF PROCESS OF SERVICE OF ALL

DEFENDANTS……………………………………… ……………… 53

9. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO

ADMIT INTO EVIDENCE VIDEO RECORDINGS, POLICE

REPORTS AND LETTERS TO SAPPHIRE VILLAGE

CONDOMINIUM OWNERS ASSOCIATION BOARD OF

DIRECTORS…………………………………………………… 58

10. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

IN SUPPORT OF MOTION IN LIMINE TO ADMIT INTO

EVIDENCE VIDEO RECORDINGS, POLICE REPORTS

AND LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM

OWNERS ASSOCIATION BOARD OF DIRECTORS……….. 71

11. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO

ADMIT INTO EVIDENCE VIDEO RECORDING OF

NEIGHBOR'S STALKING AND RACIAL

STATEMENTS………………………………………….. 78

12. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN

SUPPORT OF MOTION IN LIMINE TO ADMIT INTO

EVIDENCE VIDEO RECORDING OF NEIGHBOR'S STALKING

AND RACIAL STATEMENTS AT SAPPHIRE VILLAGE

DEVELOPMENT…………………………………………… 88

Dated: January 11th, 2017

X _____
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Second Supplemental Appendix to be filed by sending it to the Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

 St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

 john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9

St. Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen

05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 11th, 2017


X *Wilnick Dorval*
Wilnick Dorval


Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.   Defendant(s) | ) | |

January 10, 2017

## SECOND NOTICE OF LIST OF ELECTRONIC EVIDENCE PROVIDED TO DEFENDANTS

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, states the following:

I hereby notify the United States District Court of the Virgin Islands for the District of St. Thomas and St. John that I provided the electronic records listed below on a flash drive to all Defendants.

I sent by First Class U.S. Mail on December 9, 2016, 10 SanDisk and 6 PNY flash drive 32G, containing the following electronic records:

1. June 25, 2016, Video file MAH 00358-MP4

2. June 27, 2016, Video file MAH 00402-MP4

*1*

3. August 8, 2016, Video file MAH 01985-MP4

4. August 8, 2016, Video file MAH 01983-MP4

5. August 14, 2016, Video file MAH 02209-MP4

6. July 25, 2016, Video file MAH 01397-MP4

7. October 6, 2016, Video file MAH 04222-MP4

8. October 2015, IMG_0053

9. October 2015, IMG_0108

10. November 1, 2015, IMG_0173

11. January 25, 2016, WP_2016125_12_14_21 Pro

12. April 10, 2016, WP_20160410_23_21_57 Pro

13. April 10, 2016, WP_20160410_23_21_32 Pro

14. June 19, 2016, Video file MAH 00208-MP4

15. June 23, 2016, Video file MAH 00307-MP4

16. June 23, 2016, Video file MAH 00311-MP4

17. June 27, 2016, Video file MAH 00395-MP4

18. February 10, 2016, Video, WP 20160210_17_03_05_Pro

19. February 19, 2016, Video, WP 20160219_11_41_42_Pro

20. February 22, 2016, Video, WP 20160222_10_03_02_Pro

21. March 22, 2016, Video, WP 20160322_09_13_48_Pro

22. February 18, 2016 Audio, VOICE001 MP3 file

23. April 30, 2016, WP_20160430_15_13_50_Pro

24. October 27, 2015, Video IMG_0090

25. October 2015, Video file IMG_0086

26. November 4, 2015, Audio file

27. November 7, 2016, Video file MAH 05567

28. November 7, 2016, Video file MAH 05569

29. November 11, 2016, Video file MAH05885

30. November 14, 2016, Video file MAH06074

31. November 15, 2016, Video file MAH06135

32. November 15, 2016, Video file MAH06139

33. November 19, 2016, Video file MAH06174

34. November 19, 2016, Video file MAH06182

35. November 25, 2016, Video file MAH06189

36. November 26, 2016, Video file MAH06552

37. November 27, 2016, Video file MAH06560

38. November 30, 2016, Video file MAH06732

39. November 30, 2016, Video file MAH06731

I sent by First Class U.S. mail on December 20, 2016, 16 DataStick Centon flash drive 4G containing the following electronic records:

1. December 6, 2016, Video file MAH 06928

2. December 15, 2016, Video file MAH07497

3. December 15, 2016 Video file MAH07503

4. December 16, 2016, Video file MAH07534

5. December 18, 2016, Video file MAH 07794

I sent by First Class U.S. mail on January 10, 2017, 15 DataStick Centon flash drive 32G containing the following electronic records:

1. December 13, 2016, Video file MAH 07369

2. December 13, 2016, Video file MAH07401

3. December 15, 2016, Video file MAH07490

4. December 16, 2016, Video file MAH07542

5. December 21, 2016, Video file MAH07990

6. January 1, 2017, Video file MAH08731

7. March 21, 201, Video file WP_20160321_11_38_31 Pro.

8. June 22, 2016, Video file MAH00271

4

9.  July 8, 2016, Video file MAH00849

10. July 8, 2016, Video file MAH00850

11. July 9, 2016, Video file MAH00857

12. July 10, 2016, Video file MAH00877

13. July 11, 2016, Video file MAH00912

14. July 14, 2016, Video file MAH00998

15. July 15, 2016, Video file MAH01000

16. July 15, 2016, Video file MAH00999

17. July 28, 2016, Video file MAH00439

18. July 29, 2016, Video file MAH0619

19. July 30, 2016, Video file IMG_1260

Dated: January 10, 2017

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

5

I hereby certify that on this date I am causing this document to be filed electronically by this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing users, and I hereby certify that I mailed an exact copy and a 32G flash drive by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 10, 2017


/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

8

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Case No. 2016-50 |
| | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendant(s) | ) | |

January 4, 2017

**PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO RECORDINGS OF EXCESSIVE NOISE DISTURBANCES THAT EMANATED FROM JONATHON MORGAN APARTMENT 266**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902, and 1001-1005 to admit into evidence 16 video recordings of excessive noise disturbances to substantiate the excessive noise disturbances emanating from defendant Jonathon Morgan's apartment. In addition, to substantiate the basis of the injuries that I suffered because of the excessive noise disturbances.

1

9

**STANDARD OF REVIEW**

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

**ARGUGMENT**

1. **Video Recordings of the Excessive Noise Disturbances Are Relevant to Prove**

   **Nuisance, Harassment, Discrimination, Criminal Conducts and Damages**

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

> The court must decide any preliminary question about whether a witness is
> qualified, a privilege exists, or evidence is admissible. In so deciding, the court is
> not bound by evidence rules, except those on privilege.

Fed.R.Evid. 104 (a). I hereby request to enter into evidence 16 video recordings of excessive

noise disturbances that defendant Jonathon Morgan caused to support a declaration that

Defendant violated federal and U.S. Virgin Island Laws when he deliberately and purposely

2

*10*

made loud banging sounds and slammed the front and screen doors of his apartment day and night to force me out of my home because I am black and to retaliate because I filed a lawsuit against him and his landlord, Bernard Vansluytman. Further, the excessive noise disturbances interfered with the use and enjoyment of my apartment. Specifically, the noise disturbances deprived me of sleep, rest and the use of my living room, kitchen and bathroom. Furthermore, the noise disturbances caused me to suffer with severe migraine, severe exhaustion, nausea, vomiting, chest pains, and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact probable than it would be without

the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The 16 video recordings of excessive noise disturbances are relevant because they established that Jonathon Morgan purposely and deliberately made loud banging sounds and slammed the front and screen doors of his apartment repeatedly during the day and at night. Further, defendant Sapphire Village Condominium Owners Association refused to enforce its bylaws, rules and regulations to put an end to the harassment and noise disturbances because I am black. As such, the noise disturbances are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private Nuisance; damages; warrant to abate; injunction) and violate the Fair Housing Act of 1968. "Rule 401 does not require the evidence to be dispositive of a fact in issue:

3

The bar is much lower and simply requires that the existence (or non-existence) of such fact make it more likely." Ostalaza v. People, 58 V.I. 532, 564 (V.I. 2013). The 16 video recordings established that Defendant made loud banging sounds and slammed the front and screen doors of his apartment and that the noise disturbances are excessive and extremely loud to substantially impaired the use of my apartment. Also, Sapphire Village Condominium Owners Association has taken zero actions to end the harassment and noise disturbances because I am black. "Clearly, facts that tend to prove essential elements of the causes of action and affirmative defenses asserted in the pleading are 'of consequence to the litigation,'." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013). The video recordings documented the excessive noise disturbances that defendant Jonathon Morgan caused day and night for hours. Also, the video recording documented that Bernard Vansluytman had actual knowledge that his screen door slammed when it closes. Further, July 15, 2016, video recording files MAH01000 and MAH00999 documented that I was awakened several times out of my sleep by loud banging noise disturbances emanating from Jonathon Morgan's apartment after I called the police. That night, the police informed Mr. Morgan about my excessive noise disturbance complaints and asked him to cease. The police left around 1: 50 a.m., and I immediately went to sleep. But, Jonathon Morgan intentionally woke me out sleep around 2:06 a.m. and again at 7:18 a.m. Mr. Morgan acted in total defiance of the police and demonstrated that he does not care whether I complained to the police about his racially discriminatory behaviors.

Furthermore, July 30, 2016, Jonathon Morgan was conducting his routine of slamming the front and screen doors and making loud banging noises with his apartment door open. Video file IMG_1260 MOV documented that I was walking on the walkway of the St. Vincent

4

12

building when I recorded with my Apple 6S phone's camera loud banging noises emanating

from Jonathon Morgan's apartment. I observed Mr. Morgan inside his apartment making the

loud banging noises in the video file. It is the same type of noises that Mr. Morgan made in the

morning and at night since April 2016.

Therefore, the video recordings are relevant to this cause of action and this Court

should rule that they are admissible.

**2.  The Video Recordings Truly, Accurately and Realistically Represent the Excessive**

**Noise Disturbances Emanating from Jonathon Morgan's Apartment, Pursuant to Rules**

**901-902 of Federal Rule of Evidence**

The 16 video recordings truly, accurately and realistically documented the excessive

noise disturbances that defendant Jonathon Morgan caused to force me out of my home

because I am black. "A party seeking to admit an exhibit need only make a prima facie showing

that it is what he or she claims it to be." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534,

542 (D.Md.2013).  I have attached an Affirmation to this motion that explained in details how I

recorded the 16 video recordings of the excessive noise disturbances that emanated from

defendant Jonathon Morgan's apartment 266. (see Exhibit A).

I used a SONY video camera to document the excessive noise disturbances that

emanated from defendant Jonathon Morgan's apartment and the SONY video camera

automatically assigned a numerical identification number, date and time to each video file,

then I made a duplicate copy of each file and saved it to a SanDisk flash drive for storage.

### 3. The Video Recordings Were Made by Me Plaintiff Wilnick Dorval In My Apartment at 265, Sapphire Village.

The 16 video recordings are direct evidence of the excessive noise disturbances that defendant Jonathon Morgan caused to force me out of my home because I am black. Therefore, the 16 video recordings are not hearsay as defined by Rule 801, because I personally made the video recordings inside my apartment that are been offered into evidence. As such, I have personal knowledge of the excessive noise disturbances that Jonathon Morgan purposely and deliberately caused and how the video recordings were made and preserved.

### 4. The Video Recordings Are Originals Under the Original Writing Rule 1001-1008

The 16 video recordings are originals under the original writing rule because I have not edited or modified any video recordings. I simply downloaded the video recordings to a SanDisk flash drive for storage. "Rule 1001 (3) provides that when data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an original." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 579 (D.Md.2013). The SanDisk flash drive contains the original of each of the video files from the SONY video camera, Apple 6S phone and Microsoft Lumia phone. Further, the SanDisk flash drive has been in my possession and continue to be in my possession.

14

**5. The Probative Value of the Video Recordings**

**Substantially Outweighed the Danger of Unfair Prejudice.**

The probative value of the video recordings substantially outweighed the danger of unfair prejudice. The video recordings established that Jonathon Morgan made loud banging noise disturbances during the day and at night that inferred with the use and enjoyment of my apartment. Further, defendant Sapphire Village Condominium Owners Association has done nothing about my noise disturbance complaints because I am black. Finally, none of the Defendants would be unfairly prejudiced because I have sent notice of this motion to all Defendant and I will provide an exact copy of the 16 video recordings to each Defendant.

**CONCLUSION**

This Court should grant this Motion in Limine to admit into evidence 16 video recordings of the excessive noise disturbances that emanated from defendant Jonathan Morgan's apartment because they are relevant to this cause of action and I have established sufficient foundation to their authenticity. Furthermore, the probative value of the 16 video recordings outweighed the danger of unfair prejudice, if any, because the video recordings established that Jonathon Morgan made loud banging noise disturbances during the day and at night that interfered with the use and enjoyment of my apartment. Accordingly, this Court should rule that the 16 video recordings are admissible.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

*15*

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

   evidence 16 video recordings of the excessive noise disturbances that Jonathon

   Morgan caused day and night.

A proposed order is attached.

Dated: January 4, 2017


                                                        /s/ Wilnick Dorval

                                                        Wilnick Dorval
                                                        6700 Sapphire Village
                                                        Apt 265
                                                        St. Thomas, 00802
                                                        Phone: (917) 602-3354
                                                        Dorval.wilnick@gmail.com


                            **CERTIFICATE OF SERVICE**

     I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.

*16*

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944 Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

14

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

10

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 4, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

11

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.  Defendant(s) | ) | |

January 4, 2017

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT**

**INTO EVIDENCE VIDEO RECORDINGS OF EXCESSIVE NOISE DISTURBANCES THAT EMANATED**

**FROM JONATHON MORGAN APARTMENT 266**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence 16 video recordings to

be filed on my behalf, Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

EXHIBIT A

*20*

Case: 3:16-cv-00050-CVG-RM   Document #: 215-1   Filed: 01/04/17   Page 2 of 6
Case: 16-3601   Document: 003112524206   Page: 28   Date Filed: 01/12/2017

2

4.      Apartment 266 is located next to my apartment on the right.

5.      I have extended my lease agreement and I planned to remain in my apartment until

2020.

6.      Starting on April 2016 through August 2016, Defendant Jonathon Morgan deliberately

and purposely established a daily excessive noise disturbance routine to force me out of my

home because I am black. Mr. Morgan intentionally made loud banging noise disturbances and

slammed the front and screen doors repeatedly between 6 a.m. and 7:30 a.m. I was awakened

out of sleep every 20-15 minutes by the loud banging noise disturbances, each time that I fall

back to sleep. In the evening, defendant Jonathon Morgan repeated his excessive noise

disturbance routine between 6 p.m. and 11 p.m. But on the weekend, the routine goes from

anywhere between 6 a.m. to 11 p.m.

7.      I suffered with chest pains, difficulty breathing, nausea, vomiting, nose bleed, physical

pains, severe headache and exhaustion because of defendant Jonathon Morgan's routine of

excessive noise disturbance.

8.      I made exactly zero excessive noise complaint to Sapphire Village Condominium Owners

Association or the police about the previous tenant that occupied apartment 266 from October

2015 through March 2016.

9.      I included in this motion video recording of Jonathon Morgan's excessive noise

disturbance routine on consecutive days to show that the excessive noise disturbances

occurred every day.

EXHIBIT A

21

Case: 3:16-cv-00050-CVG-RM   Document #: 215-1   Filed: 01/04/17   Page 3 of 6
Case: 16-3601   Document: 003112524206   Page: 29   Date Filed: 01/12/2017

3

## I. VIDEO RECORDINGS

1.1     I made the following video recordings of the excessive noise disturbances that

defendant Jonathon Morgan intentionally caused to force me out of my home because I am

black:

1.  March 21, 201, Video file WP_20160321_11_38_31 Pro .MP4: Length 1:02.

     (Exhibit B).

2.  June 22, 2016, Video file MAH00270: 3:54 p.m.: Length 12:21. (Exhibit C).

3.  June 22, 2016, Video file MAH00271: 4:21 p.m.: Length 3:40. (Exhibit D).

4.  June 22, 2016, Video file MAH00272: 4:21 p.m.: Length 9:02. (Exhibit E).

5.  June 22, 2016, Video file MAH00273: 5:03 p.m.: Length 12:07. (Exhibit F).

6.  July 8, 2016, Video file MAH00849-MP4: 6:32 a.m.: Length 10:56. (Exhibit G).

7.  July 8, 2016, Video file MAH00850-MP4: 6:45 a.m.: Length 13:28. (Exhibit H).

8.  July 9, 2016, Video file MAH00857-MP4: 8:27 a.m.: Length 26:44. (Exhibit I).

9.  July 10, 2016, Video file MAH00877-MP4: 1:52 p.m.: Length 18:20. (Exhibit J).

10. July 11, 2016, Video file MAH00912: 10:03 p.m.: Length 21:47. (Exhibit K)

11. July 14, 2016, Video file MAH00998: 11:43 pm.: Length 24:46. (Exhibit L)

12. July 15, 2016, Video file MAH01000-MP4: 7:18 a.m.: Length 16:10 (Exhibit

     M).

EXHIBIT A

*22*

13. July 15, 2016, Video file MAH00999-MP4: 2:06 a.m.: Length 17:18. (Exhibit

N).

14. July 28, 2016, Video file MAH00439-MP$: 8:22 a.m.: Length 24:38. (Exhibit

O).

15. July 29, 2016, Video file MAH0619-MP4: 9:02 p.m.: Length 22:13. (Exhibit P).

16. July 30, 2016, Video file IMG_1260: 2:57 pm.: Length 01:04. (Exhibit Q).

1.2    Video recording file WP_20160321_11_38_31 Pro .MP4 documented Bernard

Vansluytman holding apartment 266's screen door wide open and deliberately held the screen

door to close it in a manner that prevent it from slamming, on March 21, 2016. Therefore,

defendant Bernard Vansluytman has actual knowledge that the screen door of his apartment

slammed when it closes and caused massive noise disturbances.

1.3    I placed the SONY camera toward Jonathon Morgan's apartment, where the loud

banging noise disturbances were emanating from. The Video recordings documented when

Jonathon Morgan slammed the front and screen doors repeatedly and made loud banging

sounds in the morning and at night for hours.

1.4    July 14, 2016, video recording file MAH00998 documented the excessive noise

disturbances that Jonathon Morgan made after I called Sapphire security and before I called the

U.S. Virgin Island Police about 1:00 a.m. to complained about the excessive loud banging noises

emanating from apartment 266.

1.5    July 15, 2016, video recording files MAH01000 and MAH00999 documented that I was

awakened several times out of my sleep by loud banging noise disturbances emanating from

EXHIBIT A

23

Jonathon Morgan's apartment after I called the police. That night, the police informed Mr.

Morgan about my excessive noise disturbance complaints and asked him to cease. The police

left around 1: 50 a.m., and I immediately went to sleep. But, Jonathon Morgan intentionally

woke me out sleep around 2:06 a.m. and again at 7:18 a.m. Mr. Morgan acted in total defiance

of the police and demonstrated that he does not care whether I complained to the police about

his racially discriminatory behaviors.

1. 6    July 30, 2016, Jonathon Morgan was conducting his routine of slamming the front and

screen doors and making loud banging noises with his apartment door open. Video file

IMG_1260 MOV documented that I was walking on the walkway of the St. Vincent building

when I recorded with my Apple 6S phone's camera loud banging noises emanating from

Jonathon Morgan apartment. I observed him inside his apartment making the loud banging

noises in the video. It is the same type of noises that Mr. Morgan made in the morning and at

night since April 2016.

1.7    I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances

inside my apartment that Jonathon Morgan caused day and night.   Also, I used my Apple 6S

phone's camera to record Jonathon Morgan inside his apartment making loud banging noises.

In addition, I used a Microsoft Lumia phone's camera to record Bernard Vansluytman on the

walkway of the St. Vincent building.

1.8    I recorded the excessive noise disturbances to a Micro SD card then made a duplicate of

each video file from the Micro SD card to a SanDisk flash drive for storage. The SONY video

camera automatically assigned a numerical identification number, date and time to the video

EXHIBIT A

*24*

file.

1.9     I sent the video files from the Apple 6S phone and Microsoft Lumia phone to my email

account, then I downloaded each file to a SanDisk Flash drive for storage. Both phone's cameras

automatically assigned a numerical number, date and time to the video file.

1.10    The noise disturbances in the video recordings truly, accurately and realistically

represent the excessive noise disturbances that Jonathon Morgan caused for hours in the

morning and night.

1.11    The video recordings have not been modified or edited in anyway, I made a duplicate of

the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

1.12    The SanDisk flash drive has never left my possession.


/s/ Wilnick Dorval


EXHIBIT A

*25*

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Case No. 2016-50 |
| | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendant(s) | ) | |

January 2, 2017

**AMENDED PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO**

**RECORDINGS OF EXCESSIVE NOISE DISTURBANCES**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902,

and 1001-1005 to admit into evidence 13 video recordings of excessive noise disturbances to

substantiate the excessive noise disturbances emanating from defendant Joanne Levesque's

apartment and Lourdes and Thomas Cordero's apartment. In addition, to substantiate the basis

of the injuries that I suffered because of the excessive noise disturbances.

1

26

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUGMENT

### 1. Video Recordings of the Excessive Noise Disturbances Are Relevant to Prove

### Nuisance, Harassment, Discrimination, Criminal Conducts and Damages

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

> The court must decide any preliminary question about whether a witness is qualified, a
> privilege exists, or evidence is admissible. In so deciding, the court is not bound by
> evidence rules, except those on privilege.

Fed.R.Evid. 104 (a). I hereby request to enter into evidence 13 video recordings of excessive

noise disturbances that my neighbors in apartments 273 and 257 caused to support a

2

27

declaration that Defendants violated federal and U.S. Virgin Island Laws when occupants of

those apartments deliberately and purposely made loud banging, screaking and humming

sounds day and night to force me out of my home because I am black and to retaliate because I

filed a lawsuit against Joanne Levesque and Lourdes and Thomas Cordero. Further, the

excessive noise disturbances interfered with the use and enjoyment of my apartment.

Specifically, the noise disturbances deprived me of sleep, rest and the used of my living room,

kitchen and bathroom.  Furthermore, the noise disturbances caused me to suffer severe

migraine, severe exhaustion, nausea, vomiting, chest pains, and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact probable than it would be without

the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The 13 video recordings of excessive noise disturbances are relevant because

they established that occupants of apartment 273 and 257 purposely and deliberately made

loud banging and screaking sounds during the day and at night. Further, defendants Sapphire

Village Condominium Owners Association refused to enforce its bylaws, rules and regulations to

put an end to the harassment and noise disturbances because I am black.  As such, the noise

disturbances are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private Nuisance;

damages; warrant to abate; injunction) and violate the Fair Housing Act of 1968. "Rule 401 does

not require the evidence to be dispositive of a fact in issue: The bar is much lower and simply

requires that the existence (or non-existence) of such fact make it more likely." Ostalaza v.

People, 58 V.I. 532, 564 (V.I. 2013). The 13 video recordings established that Defendants made

loud banging and screaking sound and that the noise disturbances are excessive and extremely

loud to substantially impaired the use of my apartment.  Sapphire Village Condominium Owners

Association has taken zero actions to end the harassment and noise disturbances, because I am

black. "Clearly, facts that tend to prove essential elements of the causes of action and

affirmative defenses asserted in the pleading are 'of consequence to the litigation,'." Lorraine v.

Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013).  The video recordings documented

the excessive noise disturbances that occupants of Joanne Levesque's apartment are causing

day and night. Also, the video recordings documented occupants of Lourdes and Thomas

Cordero's apartment slamming the front door repeatedly for more than 3 to 4 hours in the

morning of December 18, 2016. In addition, the video recording documented that I was

sleeping and snoring when occupants of those two apartments woke me out of sleep by loud

banging sounds about every 15 minutes.

     I included a video recording of the screen door of my apartment to demonstrate how

the screen door is supposed to close. In the video file MAH08731, I held my screen door open

fully, then I released the screen door. The screen door-closer prevented the screen door from

slamming and caused it to close softly. When my screen door closed, it did not make any

banging sound. However, the screen door slammed when it closes on all the apartments in the

St. Vincent building creating massive noise disturbances that reverberated throughout my

apartment, including Sidney Jarvis's screen door.

*27*

Therefore, the video recordings are relevant to this cause of action and this Court

should rule that they are admissible.

### 2. The Video Recordings Truly, Accurately and Realistically Represent the Excessive

### Noise Disturbances Emanating from Joanne Levesque's and Lourdes and Thomas

### Cordero's Apartment, Pursuant to Rules 901-902 of Federal Rule of Evidence

The 13 video recordings truly, accurately and realistically documented the excessive

noise disturbances that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's

apartments are causing to force me out of my home because I am black. "A party seeking to

admit an exhibit need only make a prima facie showing that it is what he or she claims it to be."

Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 542 (D.Md.2013). I have attached an

Affirmation to this motion that explained in details how I recorded the 13 video recordings of

the excessive noise disturbances (see Exhibit A).

The SONY video camera automatically assigned a numerical identification number, date

and time to each video file, then I made a duplicate copy of each file and saved it to a SanDisk

flash drive for storage.

### 3. The Video Recordings Were Made by Me Plaintiff Wilnick Dorval In My Apartment

### at 265, Sapphire Village.

The 13 video recordings are direct evidence of the excessive noise disturbances that

occupants of Joanne Levesque's and Lourdes and Thomas Cordero's apartments are causing to

force me out of my home because I am black. Therefore, the 13 video recordings are not

hearsay as defined by Rule 801, because I personally made the video recordings inside my

apartment that are been offered into evidence. As such, I have personal knowledge of the

excessive noise disturbances that occupants of Joanne Levesque's and Lourdes and Thomas

Cordero's apartments purposely and deliberately caused and how the video recordings were

made and preserved.

### 4. The Video Recordings Are Originals Under the Original

### Writing Rule 1001-1008

The 13 video recordings are originals under the original writing rule because I have not

edited or modified any of the video recordings. I simply downloaded the video recordings to a

SanDisk flash drive for storage. "Rule 1001 (3) provides that when data are stored in a

computer or similar device, any printout or other output readable by sight, shown to reflect the

data accurately is an original." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 579

(D.Md.2013). The SanDisk flash drive contains the original of each of the video files from the

SONY video camera. Further, the SanDisk flash drive has been in my possession and continue to

be in my possession.

### 5. The Probative Value of the Video Recordings Substantially Outweighed the Danger of

### Unfair Prejudice.

The probative value of the video recordings substantially outweighed the danger of

unfair prejudice. The video recordings established that occupants of Joanne Levesque's,

Lourdes and Thomas Cordero's apartments made loud banging noise disturbances during the

day and at night that inferred with the use and enjoyment of my apartment. Further, defendant

Sapphire Village Condominium Owners Association has done nothing about my noise disturbance complaints because I am black. Finally, none of the Defendants would be unfairly prejudiced because I have sent notice of this motion to all Defendant and I will provide an exact copy of the video recordings to each Defendant.

**CONCLUSION**

This Court should grant this Motion in Limine to admit into evidence the video recordings of the excessive noise disturbances because they are relevant to this cause of action and I have established sufficient foundation to their authenticity. Furthermore, the probative value of the 13 video recordings outweighed the danger of unfair prejudice, if any, because the video recordings established that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments made loud banging noise disturbances during the day and at night that interfered with the use and enjoyment of my apartment. Accordingly, this Court should rule that the 13 video recordings are admissible.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into evidence 13 video recordings of the excessive noise disturbances that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments are causing day and night.

A proposed order is attached.

32

Dated: January 2, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

8

33

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

 St. Thomas, VI 00802

Telephone: (340)774-2944 Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

9

34

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 2, 2017

/s/ Wilnick Dorval

35

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

11

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.  Defendant(s) | ) | |

January 2, 2017

**AMENDED AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE**

**TO ADMIT**

**INTO EVIDENCE VIDEO RECORDINGS OF EXCESSIVE NOISE DISTURBANCES**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence 13 video recording to

be filed on my behalf, Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

EXHIBIT A

*37*

Case: 3:16-cv-00050-CVG-RM  Document #: 214-1  Filed: 01/03/17  Page 2 of 5
Case: 16-3601  Document: 003112524206  Page: 45  Date Filed: 01/12/2017

2

4.     Apartment 273 is located right above my apartment next to apartment 274 on the third floor and apartment 257 is located below my apartment on the first floor. Apartment 273 and 257 have the same floor plan as my apartment.

5.     I have extended my lease agreement and I planned to remain in my apartment until 2020.

## I. VIDEO RECORDINGS

1.1     I made the following video recordings of the excessive noise disturbances that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments intentionally caused to force me out of my home because I am black:

1.  December 18, 2016, Video file MAH07736-MP4: 10:11 a.m.: Length 20:36. (Exhibit B).

2.  December 18, 2016, Video file MAH07734-MP4: 9:15 a.m.: Length 4:47. (Exhibit C).

3.  December 18, 2016, Video file MAH07732-MP4: 9:05 a.m.: Length 26:42. (Exhibit D).

4.  December 18, 2016, Video file MAH07731-MP4: 8:32 a.m.: Length 21:17. (Exhibit E).

5.  December 19, 2016, Video file MAH07725-MP4: 7:25 a.m.: Length 6:34. (Exhibit F).

6.  December 26, 2016, Video file MAH08345-MP4; 3:17 p.m.: Length 7:57. (Exhibit G).

*38*

EXHIBIT A

7. December 26, 2016, Video file MAH08344-MP4; 3:09 p.m.: Length 00:48. (Exhibit H).

8. December 26, 2016 Video fie MAH08343-MP4: 3:08 p.m.: Length 1:08. (Exhibit I).

9. December 26, 2016 Video file MAH08342-MP4: 3:07 p.m.: Length 1:00. (Exhibit J).

10. December 26, 2016, Video file MAH08341-MP4: 3:06 p.m.: Length 2:33. (Exhibit K).

11. December 26, 2016, Video file MAH08346-MP4: 3:22 p.m.: Length 4:09. (Exhibit L).

12. December 26, 2016, Video file MAH08347-MP4: 3:26 p.m.: Length 4:39. (Exhibit M).

13. January 1, 2017, Video file MAH08731-MP4: 2:47 p.m.: Length 00:22. (Exhibit N).

1.2     The video recordings documented the excessive noise disturbances that occupants of Joanne Levesque's apartment are causing day and night. Also, the video recordings documented occupants of Lourdes and Thomas Cordero's apartment slamming the front door repeatedly for more than 3 to 4 hours in the morning of December 18, 2016. In addition, the video recording documented that I was sleeping and snoring when occupants of those two apartments woke me out of sleep by loud banging sounds about every 15 minutes.

1.3     I included a video recording of the screen door of my apartment to demonstrate how the screen door is supposed to close. In the video file MAH08731, I held my screen door open

EXHIBIT A

39

fully, then I released the screen door. The screen door-closer prevented the screen door from slamming and caused it to close softly. When my screen door closed, it did not make any banging sound. However, the screen door slammed when it closes on all the apartments in the St. Vincent building creating massive noise disturbances that reverberated throughout my apartment, including Sidney Jarvis's screen door.

1.4     I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances inside my apartment that occupants of Joanne Levesque's and Lourdes and Thomas Cordero's apartments are causing day and night.

1.5     I recorded the excessive noise disturbances to a Micro SD card then made a duplicate of each video file from the Micro SD card to a SanDisk flash drive for storage. The SONY video camera automatically assigned a numerical identification number, date and time to the video file.

1.6     The noise disturbances in the video recordings truly, accurately and realistically represent the loud banging, screaking and humming sounds that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments are causing for hours in the morning and night.

1.7     The video recordings have not been modified or edited in anyway, I made a duplicate of the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

1.8     The SanDisk flash drive has never left my possession.

*40*

EXHIBIT A

Case: 3:16-cv-00050-CVG-RM   Document #: 214-1   Filed: 01/03/17   Page 5 of 5
Case: 16-3601   Document: 003112524206   Page: 48   Date Filed: 01/12/2017

5

/s/ Wilnick Dorval

EXHIBIT A

41

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

|                                          |     |                    |
|------------------------------------------|-----|--------------------|
| Wilnick Dorval                           | )   |                    |
|                                          | )   |                    |
| Plaintiff(s)                             | )   |                    |
| v.                                       | )   | Case No. 2016-50   |
|                                          | )   |                    |
| Sapphire Village Condominium Owners      | )   |                    |
| Association, Et Al.                      | )   |                    |
| Defendant(s)                             | )   |                    |

.

January 5, 2017

**NOTICE OF CORRECTION AMENDMENT OF THE SIXTH MOTION IN LIMINE**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The Amendment filed to the Sixth Motion in Limine, including the Amended Memorandum of Law and Affirmation should have been a notice of correction of the date filed- January 2, 2016, to instead January 2, 2017. I hereby notify this Court of the correction. I did not amend the motion and the supporting documents, I simply re-dated the motion to say January 2, 2017. Further, January 5, 2017, I sent all Defendants an exact copy of both the Motion in Limine, Memorandum of Law, Affirmation and Text of the Proposed Order and the respective Amendments by first class U.S. Mail.

1

42

Case: 3:16-cv-00050-CVG-RM    Document #: 217    Filed: 01/05/17    Page 2 of 5

Dated: January 5, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

2

43

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944 Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

44

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 5, 2017


/s/ Wilnick Dorval

H5

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

5

46

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN


Wilnick Dorval                          )
                                        )
            Plaintiff(s)                )          Case No. 2016-50
                                        )
            v.                          )
Sapphire Village Condominium Owners     )
Association, Et Al.   Defendant(s)      )


December 30, 2016

## SECOND NOTICE OF PROCESS OF SERVICE

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se,* respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants in this action because service of

process has been completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures.

### ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL RULE OF CIVIL PROCEDURES

I hereby notify the Court that the following Defendants have been properly served

pursuant to Rule 4 of the Federal Rule of Civil Procedures with the Third Amended Complaint;

1

H7

Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, at their last known residents by certified mail, return receipt requested:

1. Sapphire Village Condominium Owners Association

2. Mark Marolf

3. Jacqueline Lindberg

4. Sarah Whyte

5. Bernard Vansluytman

6. Jonathon Morgan

7. James Koulouris

8. Ellen Hansen

9. Nora Ibrahim

10. Thomas Cordero

11. Lourdes Cordero

12. Sidney Jarvis

13. Madlon Jenkins-Rudziak

14. Joanne Levesque

15. Matthew Swope

Therefore, service of process was completed pursuant to 5 V.I.C § 4911(a)(3) as applied by Rule 4 (e) of the Federal Rule of Civil Procedures.

48

<u>/s/ Wilnick Dorval</u>

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

 St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

 john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

3

49

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: December 30, 2016

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

6

52

Case: 3:16-cv-00050-CVG-RM   Document #: 211-1   Filed: 12/30/16   Page 1 of 2
Case: 16-3601     Document: 003112524206     Page: 60     Date Filed: 01/12/2017

1

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.  Defendant(s) | ) | |

December 30, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF NOTICE OF PROCESS OF**

**SERVICE OF ALL DEFENDANTS**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Second Notice of Process of Service to be filed on my behalf,

Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      Defendant Sapphire Village Condominium Owners Association has been served through

its Board of Directors and Property Manager.

*53*

EXHIBIT A

Case: 3:16-cv-00050-CVG-RM   Document #: 211-1   Filed: 12/30/16   Page 2 of 2
Case: 16-3601   Document: 003112524206   Page: 61   Date Filed: 01/12/2017

2

4.      Defendant Nora Ibrahim was served on August 16, 2016, with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons. (Exhibit B).

5.      I sent a copy of the summons to each defendant after it was issued starting on July 5th and 22nd, 2016.  (Exhibit C).

6.      I sent a copy of the Summons to defendant Jonathon Morgan on July 22, 2016, by certified mail return receipt requested, while he was in possession of apartment 266 at 6700 Sapphire Village, St. Thomas, U.S. Virgin Islands. All the apartments at the Sapphire Village Development have a mail box and the United States Postal Service leaves a Delivery Notice of the certified mail in the mail box to pick up the mail. Furthermore, I sent a copy of the Summons on July 5, 2016, to Bernard Vansluytman, owner of apartment 266. Therefore, Mr. Morgan has noticed of this action since July 2016.

7.      Defendant Jonathon Morgan was served on August 11, 2016 with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons.

8.      Lourdes and Thomas Cordero are husband and wife and were served at their home address at 2305 Laurel Street, # 616, San Juan, Puerto Rico 00913. Both Thomas Cordero and Lourdes Cordero are listed as the mortgagor for Apartment 257 at 6700 Sapphire Village, St. Thomas, 00802.  (Exhibit D).

/s/ Wilnick Dorval

5 4

EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Nora Clark_  □ Agent  □ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Nora Brahim |
| 1. Article Addressed to:<br><br>Nora Ibrahim<br>21-22 St. Peter Mountain<br>Road,<br>St. Thomas V.I. 00802 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |
| [barcode]<br>9590 9402 1898 6104 9148 56 | 3. Service Type<br>□ Adult Signature<br>□ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>□ Certified Mail Restricted Delivery<br>□ Collect on Delivery<br>□ Collect on Delivery Restricted Delivery<br>□ Insured Mail<br>□ Insured Mail Restricted Delivery (over $500) | □ Priority Mail Express®<br>□ Registered Mail™<br>□ Registered Mail Restricted Delivery<br>□ Return Receipt for Merchandise<br>□ Signature Confirmation™<br>□ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 0750 0001 1658 5147 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

5 5

EXHIBIT B

**RED HOOK MAIL SERVICES**
6501 RED HOOK PLAZA
SUITE 201
ST. THOMAS, VI 00802

## RECEIPT

DATE 7/5/16     No.

RECEIVED FROM Wilnick Desval     $48.10

7015 0640 00069572 9043 — Fitzsimmons DOLLARS

○ FOR RENT
○ FOR    7015 0640 0006 9572 9135 — Sapphire Condo

7015 0640 0006 9572 9142 —
Vanslugtmen

ACCOUNT    ○ CASH
            ○ CHECK     Priority Certified
PAYMENT    ○ MONEY     FROM _____ return receipt
            ○ ORDER
BAL. DUE   ○ CREDIT    BY Sandra Reil.
            ○ CARD                        3-11

---

**RED HOOK MAIL SERVICES**
6501 RED HOOK PLAZA
SUITE 201
ST. THOMAS, VI 00802

## RECEIPT

DATE 7/5/16     No.

RECEIVED FROM Wilnick Desval     $12.45

7015 0640 0006 9572 9012 — Lindbey DOLLARS

○ FOR RENT
⊗ FOR    Priority certified return

ACCOUNT    ⊗ CASH
            ○ CHECK
PAYMENT    ○ MONEY     FROM _____ TO _____
            ○ ORDER
BAL. DUE   ○ CREDIT    BY Sandra Reln
            ○ CARD                        3-11

56                              EXHIBIT C

# FIRSTBANK PUERTO RICO

## RELEASE OF MORTGAGE

KNOWN ALL MEN BY THESE PRESENTS, that FIRSTBANK PUERTO RICO, the Mortgagee, in Mortgage given by THOMAS C. CORDERO and LOURDES CORDERO Mortgagor, dated July 5, 2005, recorded July 5, 2005, in the Office of the Recorder of Deeds Office for St. Thomas and St. John Virgin Islands as Doc. #2005006609, in the amount of $100,000.00 on the following realty:

Apartment 100A (a/k/a 257) St. Vincent Building
Sapphire Hill Village Condominiums
Parcel No. 16-1-1A Estate Smith Bay
Nos. 1, 2 & 3 East End Quarter
St. Thomas, U.S. Virgin Islands

Does hereby acknowledge that it has received full payment and satisfaction of the same; and in consideration thereof, it does hereby cancel, release and discharge said Mortgage.

Dated: February 24, 2011

WITNESSES:

WITNESSES:

FirstBank Puerto Rico

By: JOSEPH E. HOSIE
Title: SENIOR VICE PRESIDENT

TERRITORY OF THE VIRGIN ISLANDS)
DIVISION OF ST. THOMAS & ST. JOHN) SS:

The foregoing instrument was acknowledged before me this February 24, 2011 by JOSEPH E. HOSIE as SENIOR VICE PRESIDENT of FirstBank Puerto Rico, on behalf of the bank.

Notary Public

LOUISE QUETEL
NOTARY PUBLIC, ST. THOMAS
ST. JOHN U.S. VIRGIN ISLANDS
MY COMMISSION EXPIRES SEPTEMBER 14, 2011

57

EXHIBIT D

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Case No. 2016-50 |
| | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendant(s) | ) | |

December 26, 2016

**PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO**

**RECORDINGS, POLICE REPORTS AND LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM**

**OWNERS ASSOCIATION BOARD OF DIRECTORS**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902,

and 1001-1005 to admit into evidence two police reports of noise disturbances, three letters of

noise complaints and 22 video recordings of excessive noise disturbances to substantiate the

excessive noise disturbances emanating from defendant Joanne Levesque's apartment and

1

*5 8*

Lourdes and Thomas Cordero's apartment. In addition, to substantiate the basis of the injuries

that I suffered because of the excessive noise disturbances.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUMENT

1. **Police Reports, Letter of Noise Complaints and Video Recordings of the Excessive
   Noise Disturbances Are Relevant to Prove Nuisance, Harassment, Discrimination,
   Criminal Conducts and Damages**

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a

2

*5 9*

privilege exists, or evidence is admissible. In so deciding, the court is not bound by

evidence rules, except those on privilege.

Fed.R.Evid. 104 (a). I hereby request to enter into evidence two police reports, three letters of

noise complaints and 22 video recordings of excessive noise disturbances that my neighbors in

apartments 273 and 257 caused to support a declaration that Defendants violated federal and

U.S. Virgin Island Laws when occupants of those apartments deliberately and purposely made

loud banging and screaking sounds day and night to force me out of my home because I am

black and to retaliate because I filed a lawsuit against Joanne Levesque and Lourdes and

Thomas Cordero. Further, the excessive noise disturbances interfered with the use and

enjoyment of my apartment. Specifically, the noise disturbances deprived me of sleep, rest and

the used of my living room, kitchen and bathroom.  Furthermore, the noise disturbances

caused me to suffer severe migraine, severe exhaustion, nausea, vomiting, chest pains, and

severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact probable than it would be without

the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The two police reports, three letters of noise complaints and 22 video

recordings of excessive noise disturbances are relevant because they established that

occupants of apartment 273 and 257 purposely and deliberately made loud banging and

screaking sounds during the day and at night. Further, defendants Sapphire Village

Condominium Owners Association refused to enforce its bylaws, rules and regulations to put an

end to the harassment and noise disturbances because I am black. As such, the noise

disturbances are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private Nuisance;

damages; warrant to abate; injunction) and violate the Fair Housing Act of 1968. "Rule 401 does

not require the evidence to be dispositive of a fact in issue: The bar is much lower and simply

requires that the existence (or non-existence) of such fact make it more likely." Ostalaza v.

People, 58 V.I. 532, 564 (V.I. 2013). The two police reports, three letters of noise complaints

and 22 video recordings established Defendants made loud banging and screaking sound and

that the noise disturbances are excessive and extremely loud to substantially impaired the use

of my apartment. Sapphire Village Condominium Owners Association has taken zero actions to

end the harassment and noise disturbances because I am black. "Clearly, facts that tend to

prove essential elements of the causes of action and affirmative defenses asserted in the

pleading are 'of consequence to the litigation,'." Lorraine v. Markel American Ins. Co., 241

F.R.D. 534, 540 (D.Md.2013). The police reports established that I went to the proper

authorities to complained about the excessive noise disturbances emanating from my

neighbors' apartments day and night. Specifically, the police reports filed on December 8th and

13th 2016, documented the excessive noise disturbances that occupants of defendants Joanne

Levesque's, Lourdes and Thomas Cordero's apartments are causing at night and during the day.

December 13th, 2016, occupants of apartment 273 made loud banging noise disturbances that

woke me out of sleep around 2:30 a.m. The next day, I went to the Mariel C. Newton Command

and filed a noise disturbance complaint about the noise disturbances that occupant of that

apartment made that night and in the morning.

The three letters of noise disturbances established that I have described in details the

nature, duration and frequency of the noise disturbances that occupants of Joanne Levesque's,

Lourdes and Thomas Cordero's apartments are causing day and nights. Further, I explained in

details the effect the excessive noise disturbances are having on my health. But, Sapphire

Village Condominium Owners Association has taken zero actions about the neighbors.

The video recordings documented the excessive noise disturbances that occupants of

Joanne Levesque's apartment are causing day and night. Also, the video recordings

documented occupants of Lourdes and Thomas Cordero's apartment slamming the front door

repeatedly for more than 3 to 4 hours. Finally, the video recording documented a white male

occupant of Lourdes and Thomas Cordero's apartment in the act of slamming the front door on

December 21, 2016.

Therefore, the police reports, letters of noise disturbance complaints and video

recordings are relevant to this cause of action and this Court should rule that they are

admissible.

**2. The Video Recordings Truly, Accurately and Realistically Represent the Excessive Noise Disturbances Emanating from Joanne Levesque's and Lourdes and Thomas Cordero's Apartment. Further, the Police Reports and Letters of Noise Complaint Accurately Documented the Noise Disturbances, Pursuant to Rules 901-902 of Federal Rule of Evidence**

The 22 video recordings truly, accurately and realistically documented the excessive noise disturbances that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments are causing to force me out of my home because I am black. Further, the contents of the letters of noise disturbances are the same as the contents of the letters submitted to Sapphire Village Condominium Owners Association's Board of Directors. The police reports are signed and dated by the police officer and titled United States Virgin Islands Police Department. "A party seeking to admit an exhibit need only make a prima facie showing that it is what he or she claims it to be." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 542 (D.Md.2013). I have attached an Affirmation to this motion that explained in details how I wrote the letters, obtained the police reports and recorded the 22 video recordings of the excessive noise disturbances (see Exhibit A).

The SONY video camera automatically assigned a numerical identification number, date and time to each video file, then I made a duplicate copy of each file and saved it to a SanDisk flash drive for storage.

63

### 3.   The Police Reports Are Public Records, I Wrote the Letters and The Video Recordings Were Made by me Plaintiff Wilnick Dorval In My Apartment at 265, Sapphire Village.

The police reports meet the public record requirements under Rule 803 because the report is titled United State Virgin Islands Police Department and signed and dated by the police officer. The letters were written by me, thus are not hearsay. Further, the 22 video recordings are direct evidence of the excessive noise disturbances that occupants of Joanne Levesque's and Lourdes and Thomas Cordero's apartments are causing to force me out of my home because I am black. Therefore, the 22 video recordings are not hearsay as defined by Rule 801, because I personally made the video recordings inside my apartment that are been offered into evidence. As such, I have personal knowledge of the excessive noise disturbances that occupants of Joanne Levesque's and Lourdes and Thomas Cordero's apartments purposely and deliberately caused and how the video recordings were made and preserved.

### 4. The Police Reports, Letters, Video Recordings Are Originals Under the Original Writing Rule 1001-1008

The police reports are an original under the original writing Rule 1005, I obtained a copy of the police reports from the Central Record Bureau. Further, the three letters of noise complaints and 22 video recordings are originals under the original writing rule because I have not edited or modified any of the letters and video recordings. I simply downloaded the video

7

*64*

recordings to a SanDisk flash drive for storage. "Rule 1001 (3) provides that when data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an original." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 579 (D.Md.2013). The SanDisk flash drive contains the original of the letters and each of the video files from the SONY video camera.  Further, the SanDisk flash drive has been in my possession and continue to be in my possession.

### 5. The Probative Value of the Police Reports, Letters and Video Recordings

### Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the police reports, letters of noise complaints and video recordings substantially outweighed the danger of unfair prejudice.  The police reports, letter of noise complaints and video recordings established that occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments made loud banging noise disturbances during the day and at night that inferred with the use and enjoyment of my apartment. Further, defendants Sapphire Village Condominium Owners Association has done nothing about my noise disturbance complaints because I am black.  Finally, none of the Defendants would be unfairly prejudiced because I have sent notice of this motion to all Defendant and I will provide an exact copy of the two police reports, three letter of noise complaints and the 22 video recordings to each Defendant.

### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence the police reports,

8

65

letter of noise complaints and video recordings of the excessive noise disturbances because

they are relevant to this cause of action and I have established sufficient foundation to their

authenticity. Furthermore, the probative value of the two police reports, three letter of noise

complaints and 22 video recordings outweighed the danger of unfair prejudice, if any,

because the police reports, letters of noise complaints and video recordings established that

occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments made loud

banging noise disturbances during the day and at night that interfered with the use and

enjoyment of my apartment. Accordingly, this Court should rule that the two police reports,

three letters of noise complaints and 22 video recordings are admissible.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1.  For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

    evidence two police reports, three letters of noise complaints and 22 video

    recordings of the excessive noise disturbances that occupants of Joanne Levesque's,

    Lourdes and Thomas Cordero's apartments are causing day and night.

A proposed order is attached.

Dated: December 26, 2016

/s/ Wilnick Dorval

*66*

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

10

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Nicholas Overmyer

1723 Fitch Ave

Marquette, MI 49855

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

68

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: December 26, 2016


/s/ Wilnick Dorval

69

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

70

Case: 3:16-cv-00050-CVG-RM   Document #: 206-1   Filed: 12/26/16   Page 1 of 7
Case: 16-3601   Document: 003112524206   Page: 78   Date Filed: 01/12/2017

1

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN


| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.  Defendant(s) | ) | |


December 26, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT**

**INTO EVIDENCE VIDEO RECORDINGS, POLICE REPORTS AND LETTERS TO SAPPHIRE VILLAGE**

**CONDOMINIUM OWNERS ASSOCIATION BOARD OF DIRECTORS**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.     I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Motion in Limine to admit into evidence 22 video recordings,

two police reports and three Letters of noise complaints to Sapphire Village Condominium

Owners Association's Board of Directors, "Association" to support a Motion in Limine to be filed

on my behalf, Plaintiff, Wilnick Dorval.

2.     The statements in this Affirmation are based upon my personal knowledge.

EXHIBIT A

71

Case: 3:16-cv-00050-CVG-RM   Document #: 206-1   Filed: 12/26/16   Page 2 of 7
Case: 16-3601   Document: 003112524206   Page: 79   Date Filed: 01/12/2017

2

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      Apartment 273 is located right above my apartment next to apartment 274 on the third

floor and apartment 257 is located below my apartment on the first floor. Apartment 273 and

257 have the same floor plan as my apartment.

5.      I have extended my lease agreement and I planned to remain in my apartment until

2020.

### I. LETTERS TO SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION'S

### BOARD OF DIRECTORS

1.1     Every day, I documented in a letter the excessive noise disturbances that my neighbors

are deliberately and purposely making in apartment 273, 274, 266 and 257 to force me out of

my home because I am black. On that same day, I hand delivered or mail the letter to Sapphire

Village Condominium Owners Association's Board of Directors.

1.2     For example, December 13, 2016, I was awakened at around 2:30 a.m. by noise

disturbances emanating from defendant Joanne Levesque's apartment. Later, I was awakened

in the morning by the same loud banging noise disturbances. Further, the neighbors in the

adjacent apartments deliberately slammed their front doors repeatedly for hours. I went to the

Virgin Island Police Department and file a noise disturbance complaint.

1.3     In the past few days, I have submitted the following letters to Sapphire Village

EXHIBIT A

72

Condominium Owners Association's Board of Directors:

    (a) December 13, 2016, Letter Noise Complaint (Exhibit B)

    (b) December 19, 2016, Letter Noise Complaint (Exhibit C)

    (c) December 21, 2016, Letter Noise Complaint (Exhibit D)

1.4    I used Microsoft word processor to write the letters and saved the letters to a SanDisk flash drive for storage.  Subsequently, I send the letters by U.S. Mail or hand delivered an exact copy to Sapphire Village Development's receptionist, Carol Mertens.

## II. POLICE REPORTS

2.1    I have filed several police reports about the excessive noise that my neighbors in apartment 273, 274, 266 and 257 are deliberately causing day and night to force me out of my home because I am black. For example, December 8, 2016, I went to the Mariel C. Newton Command and filed a noise disturbance complaint. I explained to the officer that I was awakened around 6 a.m. by loud banging noise disturbances emanating from Joanne Levesque's apartment and I could not return to sleep because my neighbors continued to make excessive noise disturbances around 4:00 p.m.

2.2    I have filed the following noise disturbance complaints with the Virgin Island Police Department:

    (a) December 8, 2016, CR# STT160FF17923 (Exhibit E)

    (b) December 13, 2016, CR# STT160FF17690 (Exhibit F)

EXHIBIT A

73

Case: 3:16-cv-00050-CVG-RM   Document #: 206-1   Filed: 12/26/16   Page 4 of 7
Case: 16-3601   Document: 003112524206   Page: 81   Date Filed: 01/12/2017

4

2.3     Subsequently, I obtained a copy of the police reports at the Central Records Bureau,

located at the Alexander Farrelly Justice Complex. The police reports are signed and dated

by the police officer. Further, the reports are titled United States Virgin Islands Police

Department. The police report filed on December 8, 2016, documented the excessive noise

disturbances that occupants of Joanne Levesque's apartment are causing day and night.

Specifically, on that day occupants of that apartment made loud banging noise disturbances

continuously for more than 12 hours.

### III. VIDEO RECORDINGS

3.1     I made the following video recordings of the excessive noise disturbances that

occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments intentionally

caused to force me out of my home because I am black:

1.   December 19, 2016, Video file MAH07839-MP4; 8:33 a.m.: Length 2:19
     (Exhibit G)

2.   December 19, 2016, Video file MAH07835-MP4; 8:13 a.m.:  Length 4:26
     (Exhibit H)

3.   December 19, 2016 Video fie MAH07822-MP4: 9:14 a.m.: Length 34:13
     (Exhibit I)

4.   December 18, 2016 Video file MAH07798-MP4: 10:27 p.m.: Length 4:47
     (Exhibit J)

EXHIBIT A

Case: 3:16-cv-00050-CVG-RM   Document #: 206-1   Filed: 12/26/16   Page 5 of 7
Case: 16-3601   Document: 003112524206   Page: 82   Date Filed: 01/12/2017

5

5. December 18, 2016, Video file MAH07784-MP4: 7:48 p.m.: Length 5:05

   (Exhibit K)

6. December 18, 2016, Video file MAH07742-MP4: 10:59 a.m.: Length 2:27

   (Exhibit L)

7. December 18, 2016, Video file MAH07741-MP4: 10:57 a.m.: Length 1:57

   (Exhibit M)

8. December 18, 2016, Video file MAH07740-MP4: 10:55 a.m.: Length 7:55

   (Exhibit N)

9. December 18, 2016, Video file MAH07737-MP4: 10:20 a.m.: Length 16:48

   (Exhibit O)

10. December 21, 2016, Video file MAH07978-MP4: 11:26 a.m.: Length 4:51

    (Exhibit P)

11. December 21, 2016, Video file MAH07977-MP4: 11:21 a.m.: Length 11:17

    (Exhibit Q)

12. December 21, 2016, Video file MAH07968-MP4: 10:26 a.m.: Length 3:24

    (Exhibit R)

13. December 21, 2016, Video file MAH07969-MP4: 10:29 a.m.: Length 3:12

    (Exhibit S)

14. December 21, 2016, Video file MAH07970-MP4:  10:33 a.m.: Length 3:47

    (Exhibit T)

15. December 21, 2016, Video file MAH07972-MP4: 10:37 a.m.: Length 3:11

    (Exhibit U)

EXHIBIT A

75

Case: 3:16-cv-00050-CVG-RM Document #: 206-1 Filed: 12/26/16 Page 6 of 7
Case: 16-3601 Document: 003112524206 Page: 83 Date Filed: 01/12/2017

6

16. December 21, 2016, Video file MAH07974-MP4: 10:49 a.m.: Length 3:49

(Exhibit V)

17. December 21, 2016, Video file MAH07983-MP4: 12:07 a.m.: Length 11:35

(Exhibit W)

18. December 21, 2016, Video file MAH07990-MP4: 1:14 p.m.: Length 00:27

(Exhibit X)

19. December 24, 2016, Video file MAH08147-MP4: 2:02 a.m.: Length 4:45

(Exhibit Y)

20. December 24, 2016, Video file MAH08148-MP4: 204 a.m.: Length 2:42

(Exhibit Z)

21. December 24, 2016, Video file MAH08149-MP4: 2:12 a.m.: Length 7:48

(Exhibit A-1)

22. December 24, 2016, Video file MAH08155-MP4: 5:37 a.m.: Length 27:15

(Exhibit B-1)

3.2    The video recordings documented the excessive noise disturbances that occupants of

Joanne Levesque's apartment are causing day and night. Also, the video recordings

documented occupants of Lourdes and Thomas Cordero's apartment slamming the front door

repeatedly for more than 3 to 4 hours. Finally, the video recording documented a white male

occupant of Lourdes and Thomas Cordero's apartment in the act of slamming the front door on

December 21, 2016.

3.3    I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances

EXHIBIT A

76

inside my apartment and outside of the St. Vincent building that occupants of Joanne

Levesque's and Lourdes and Thomas Cordero's apartments are causing day and night.

3.4     I recorded the excessive noise disturbances to a Micro SD card then made a duplicate of

each video file from the Micro SD card to a SanDisk flash drive for storage. The SONY video

camera automatically assigned a numerical identification number, date and time to the video

file.

3.5     The noise disturbances in the video recordings truly, accurately and realistically

represent the loud banging and screaking sounds that occupants of Joanne Levesque's, Lourdes

and Thomas Cordero's apartments are causing for hours in the morning and night.

3.6     The video recordings have not been modified or edited in anyway, I made a duplicate of

the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

3.7     The SanDisk flash drive has never left my possession.


/s/ Wilnick Dorval


EXHIBIT A

77

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Case No. 2016-50 |
| | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendant(s) | ) | |

December 19, 2016

**PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO**

**RECORDING OF NEIGHBOR'S STALKING AND RACIAL STATEMENTS**

COMES NOW, Plaintiff, Wilnick Dorval, Pro se, respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 803, 901, 902,

and 1001-1005 to admit into evidence video recording of my neighbor's stalking and racial

statements. In addition, to substantiate that the neighbors at Sapphire Village Development are

discriminating against me because I am black.

1

78

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority

to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,

461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,

in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is

where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See

also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion

then fosters efficiency for the court and for counsel by preventing needless argument at trial."

Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the

context of trial would provide clarity." Id.

## ARGUGMENT

### 1. Video Recording of My Neighbor's Stalking and Racial Statements Is Relevant to Prove Harassment, Discrimination, Criminal Conducts and Damages

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a

privilege exists, or evidence is admissible. In so deciding, the court is not bound by

evidence rules, except those on privilege.

2

79

Fed.R.Evid. 104 (a). I hereby request to enter into evidence video recording of the neighbor's

stalking and racial statements to support a declaration that Defendants violated federal and

U.S. Virgin Island Laws when they organized to stalk, harass and intimidate me to force me out

of my home because I am black. Specifically, the neighbor's stalking and harassing behaviors are

interfering with my ability to access proper medical treatment, food and other services.

Furthermore, my neighbor's racial statements, harassing and stalking behaviors caused me to

suffer with anxieties, worries and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact probable than it would be without

the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The video recording is relevant because it established that the neighbors at

Sapphire Village Development are engaging in stalking and racially harassing behaviors to force

me out of my home because I am black in violation of the Fair Housing Act of 1968. "Rule 401

does not require the evidence to be dispositive of a fact in issue: The bar is much lower and

simply requires that the existence (or non-existence) of such fact make it more likely." Ostalaza

v. People, 58 V.I. 532, 564 (V.I. 2013). The video recording established that my neighbors are

harassing me because I am black. "Clearly, facts that tend to prove essential elements of the

causes of action and affirmative defenses asserted in the pleading are 'of consequence to the

3

80

litigation,'." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013). The video

recording documented that I exited my apartment in the St. Vincent building and one of the

racists neighbors made racist remarks about me and stated "that black guy, he is a bum…. he

wears the same clothes every day." Essentially, my racist neighbors are making threats and

asking that I leave my home or they will harm me. Therefore, the video recording is relevant to

this cause of action and this Court should rule that it is admissible.

### 2. The Video Recording Truly, Accurately and Realistically Documented My Neighbor's Stalking and Racial Statements Pursuant to Rules 901-902 of Federal Rule of Evidence

The video recording truly, accurately and realistically documented my neighbor's

stalking and racial statements. "A party seeking to admit an exhibit need only make a prima

facie showing that it is what he or she claims it to be." Lorraine v. Markel American Ins. Co., 241

F.R.D. 534, 542 (D.Md.2013). I have attached an Affirmation to this motion that explained in

details how I made the video recording of my neighbor's stalking and racial statements (see

Exhibit A).

The SONY video camera automatically assigned a numerical identification number, date

and time to the video file, then I made a duplicate copy of the file and saved it to a SanDisk

memory stick for storage.

4

81

**3. The Video Recording Was Made by Me Plaintiff Wilnick Dorval At Sapphire Village**

**Development.**

The video recording is direct evidence of my neighbor's stalking and racial statements to intimidate me and force me out of my home because I am black. Therefore, the recording is not hearsay as defined by Rule 801, because I personally made the video recording outside of my apartment that is been offered into evidence. As such, I have personal knowledge of the neighbor's stalking and racial statements and how the video recording was made and preserved.

**4. The Video Recording Is an Original Under the Original**

**Writing Rule 1001-1008**

The video recording is an original under the original writing rule because I have not edited or modified the video recording. I simply downloaded the video recording to a SanDisk memory stick for storage. "Rule 1001 (3) provides that when data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an original." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 579 (D.Md.2013). The SanDisk memory stick contains the original of the video file from the SONY video camera. Further, the SanDisk memory stick has been in my possession and continue to be in my possession.

5

82

### 5. The Probative Value of the Video Recording

### Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the video recording substantially outweighed the danger of

unfair prejudice.  The video recordings established that the neighbors at Sapphire Village

Development are stalking and harassing me to intimidate and force me out of my home

because I am black. Further, none of the Defendants would be unfairly prejudiced because I

have sent notice of this motion to all Defendants and I provided an exact copy of the video

recording to each Defendant on a 4G DataStick PRO (by centon) memory stick.

### CONCLUSION

This Court should grant this Motion in Limine to admit into evidence video recording of

my neighbor's stalking and racial statements because it is relevant to this cause of action and I

have established sufficient foundation to its authenticity. Furthermore, the probative value of

the video recording outweighed the danger of unfair prejudice, if any, because the video

recording established that my neighbors are stalking and harassing me. Accordingly, this Court

should rule that video recording is admissible.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

    evidence video recording of my neighbor's stalking and racial statements.

6

83

A proposed order is attached.

Dated: December 19, 2016

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy of this motion and a 4G DataStick (by

Centon) Pro memory stick, by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

7

84

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

 St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Nicholas Overmyer

1723 Fitch Ave

Marquette, MI 49855

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

85

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

9

86

157 Farrington Dr.

Newman, GA 30263-7425

Dated: December 19, 2016

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

10

87

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.  Defendant(s) | ) | |

December 19, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO RECORDING OF NEIGHBOR'S STALKING AND RACIAL STATEMENTS AT SAPPHIRE VILLAGE DEVELOPMENT**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.       I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make this Affirmation in support of a Motion in Limine to admit into evidence video recording of my neighbor's stalking and racial statements to me, to be filed on my behalf, Plaintiff, Wilnick Dorval.

2.       The statements in this Affirmation are based upon my personal knowledge.

3.       I reside, since October 1, 2015, to presently, at apartment 265 at 6700 Sapphire Village,

EXHIBIT A

*88*

Case: 3:16-cv-00050-CVG-RM Document #: 204-1 Filed: 12/19/16 Page 2 of 3
Case: 16-3601 Document: 003112524206 Page: 96 Date Filed: 01/12/2017

2

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      I have extended my lease and plan to stay in my apartment until 2020.

5.      Each time, I exited my apartment there is a white man in the St. Vincent building that suddenly appeared on the walkway and yelled at me. November 15, 2016, I exited the St. Vincent building and used the back-stairs facing Sapphire Beach Resort & Marina. When, I got to the end of the stairs, a white man standing on the balcony of an apartment in the St. Vincent building yelled at me that "I don't like you...seriously." I ignored him and continued walking to the beach. Later, around 8:30 p.m. I exited my apartment to go for a walk, when the same white man suddenly exited his apartment in the St. Vincent building. The man was holding a glass of beer and appeared to be intoxicated. Soon as he saw me, he started yelling at me and stated "that's right you better walk away...walk away...walk away."

6.      November 18, 2016, I exited my apartment around 8: 41 p.m. the same white man and a group of people were standing on the walkway of the St. Vincent building. The white man stated "that black guy, he is a bum.... he wears the same clothes every day."

### I. VIDEO RECORDINGS

1.1     I made the following video recording of the neighbor's stalking and racial statements, in the St. Vincent building, to intimidate and force me out of my home because I am black:

(a) December 18, 2016, Video file MAH 07794-MP4; 08:42 p.m.: Length 1:04 (Exhibit B)

1.2     The video recording documented that I exited my apartment in the St. Vincent building and one of the racists neighbors made a racist remark about me and stated "that black guy, he

EXHIBIT A

is a bum.... he wears the same clothes every day." Essentially, my racist neighbors are making threats and asking that I leave my home or they will harm me.

1.3    I used a SONY MV1 MUSIC VIDEO RECORDER to document my neighbor's stalking and racial statements.

1.4    I recorded the neighbor's stalking and racial statements to a Micro SD card then made a duplicate of the video file from the Micro SD card to a SanDisk memory stick for storage. The SONY video camera automatically assigned a numerical identification number, date and time to the video file.

1.5    The statement in the video recordings truly, accurately and realistically documented the neighbor's stalking and racial statements.

1.6    The video recording has not been modified or edited in anyway, I made a duplicate of the file from the SD Card to store the video recording file to a SanDisk memory stick for storage.

1.7    The SanDisk memory stick has never left my possession.

/s/ Wilnick Dorval

EXHIBIT A

90