

No. 16-3601

## The United States Court of Appeals For The Third Circuit

**Wilnick Dorval,**

*Plaintiff-Appellant,*

v.

**Sapphire Village Condominium Owners Association, ET, AL**

*Defendants-Appellees.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

No. 3-16-CVG-00050-RM

## THIRD SUPPLEMENTAL APPENDIX OF APPELLANT

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

# TABLE OF CONTENTS

1. THIRD NOTICE OF ELECTRONIC EVIDENCE PROVIDED

   TO DEFENDANTS……………………………………………………..    1

2. THIRD MOTION FOR PERMANENT RESTRAINING ORDER,

   PRELIMINARY AND PERMANENT INJUNCTION ON

   DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK,

   BERNARD VANSLUYTMAN, LOURDES CORDERO AND THOMAS

   CORDERO…………………………………………………………    10

3. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT

   OF THIRD MOTION FOR PERMANENT RESTRAINING ORDER,

   PRELIMINARY AND PERMANENT INJUNCTION ON

   DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK,

   BERNARD VANSLUYTMAN, LOURDES CORDERO, AND THOMAS

   CORDERO…………………………………………………………..    30

4. EXHIBIT LETTER OF EXCESSIVE NOISE DISTURBANCE

   COMPLAINT…………………………………………………....    36

Dated: January 17th, 2017

X _Wilnick Dorval_
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Third Supplemental Appendix to be filed by sending it to the Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9

St. Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen

05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 17th, 2017


X ~~Wilnick Dorval~~
Wilnick Dorval


Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.   Defendant(s) | ) | |

January 14, 2017

**THIRD NOTICE OF LIST OF ELECTRONIC EVIDENCE PROVIDED TO DEFENDANTS**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, states the following:

I hereby notify the United States District Court of the Virgin Islands for the District of St. Thomas and St. John that I provided the electronic records listed below on a flash drive to all Defendants.

I sent by First Class U.S. Mail on December 9, 2016, 10 SanDisk and 6 PNY flash drive 32G, containing the following electronic records:

1. June 25, 2016, Video file MAH 00358-MP4

2. June 27, 2016, Video file MAH 00402-MP4

3. August 8, 2016, Video file MAH 01985-MP4

*1*

4. August 8, 2016, Video file MAH 01983-MP4

5. August 14, 2016, Video file MAH 02209-MP4

6. July 25, 2016, Video file MAH 01397-MP4

7. October 6, 2016, Video file MAH 04222-MP4

8. October 2015, IMG_0053

9. October 2015, IMG_0108

10. November 1, 2015, IMG_0173

11. January 25, 2016, WP_2016125_12_14_21 Pro

12. April 10, 2016, WP_20160410_23_21_57 Pro

13. April 10, 2016, WP_20160410_23_21_32 Pro

14. June 19, 2016, Video file MAH 00208-MP4

15. June 23, 2016, Video file MAH 00307-MP4

16. June 23, 2016, Video file MAH 00311-MP4

17. June 27, 2016, Video file MAH 00395-MP4

18. February 10, 2016, Video, WP 20160210_17_03_05_Pro

19. February 19, 2016, Video, WP 20160219_11_41_42_Pro

20. February 22, 2016, Video, WP 20160222_10_03_02_Pro

2

21. March 22, 2016, Video, WP 20160322_09_13_48_Pro

22. February 18, 2016 Audio, VOICE001 MP3 file

23. April 30, 2016, WP_20160430_15_13_50_Pro

24. October 27, 2015, Video IMG_0090

25. October 2015, Video file IMG_0086

26. November 4, 2015, Audio file

27. November 7, 2016, Video file MAH 05567

28. November 7, 2016, Video file MAH 05569

29. November 11, 2016, Video file MAH05885

30. November 14, 2016, Video file MAH06074

31. November 15, 2016, Video file MAH06135

32. November 15, 2016, Video file MAH06139

33. November 19, 2016, Video file MAH06174

34. November 19, 2016, Video file MAH06182

35. November 25, 2016, Video file MAH06189

36. November 26, 2016, Video file MAH06552

37. November 27, 2016, Video file MAH06560

38. November 30, 2016, Video file MAH06732

39. November 30, 2016, Video file MAH06731

I sent by First Class U.S. mail on December 20, 2016, 16 DataStick Centon flash drive 4G containing the following electronic records:

1. December 6, 2016, Video file MAH 06928

2. December 15, 2016, Video file MAH07497

3. December 15, 2016 Video file MAH07503

4. December 16, 2016, Video file MAH07534

5. December 18, 2016, Video file MAH 07794

I sent by First Class U.S. mail on January 10, 2017, 15 DataStick Centon flash drive 32G containing the following electronic records:

1. December 13, 2016, Video file MAH 07369

2. December 13, 2016, Video file MAH07401

3. December 15, 2016, Video file MAH07490

4. December 16, 2016, Video file MAH07542

5. December 21, 2016, Video file MAH07990

6. January 1, 2017, Video file MAH08731

7. March 21, 201, Video file WP_20160321_11_38_31 Pro.

8. June 22, 2016, Video file MAH00271

9. July 8, 2016, Video file MAH00849

10. July 8, 2016, Video file MAH00850

11. July 9, 2016, Video file MAH00857

12. July 10, 2016, Video file MAH00877

13. July 11, 2016, Video file MAH00912

14. July 14, 2016, Video file MAH00998

15. July 15, 2016, Video file MAH01000

16. July 15, 2016, Video file MAH00999

17. July 28, 2016, Video file MAH00439

18. July 29, 2016, Video file MAH0619

19. July 30, 2016, Video file IMG_1260

I sent by First Class U.S. mail on January 14, 2017, 10 PNY and 5 SanDisk flash drive 32G containing the following electronic records:

1. June 22, 2016, Video file MAH00270

2. June 22, 2016, Video file MAH00272

3. June 22, 2016, Video file MAH00273

4. December 18, 2016, Video file MAH07736

5. December 18, 2016, Video file MAH07734

6. December 18, 2016, Video file MAH07732

7. December 18, 2016, Video file MAH07731

8. December 19, 2016, Video file MAH07725

9. December 26, 2016, Video file MAH08345

10. December 26, 2016, Video file MAH08344

11. December 26, 2016 Video file MAH08343

5

12. December 26, 2016 Video file MAH08342

13. December 26, 2016, Video file MAH08341

14. December 26, 2016, Video file MAH08346

15. December 26, 2016, Video file MAH08347

16. December 27, 2016, Video file MAH08386

17. January 6, 2017, Video file MAH09057

18. January 6, 2017, Video file MAH09058

19. January 6, 2017, Video file MAH09059

20. January 6, 2017, Video file MAH09061

21. January 6, 2017, Video file MAH09062

22. January 8, 2017, Video file MAH09201

23. January 8, 2017, Video file MAH09204

24. January 8, 2017, Video file MAH09207

25. January 8, 2017, Video file MAH09208

26. January 9, 2017, Video file MAH09220

27. January 11, 2017, Video file MAH09399

Dated: January 14, 2017


/s/ Wilnick Dorval


Wilnick Dorval

6700 Sapphire Village

6

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy and a 32G flash drive by first class U.S.

Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

 St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

 john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: January 14, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

9

9

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

Wilnick Dorval )
)
 Plaintiff )
v. ) Case No. 2016-50
Sapphire Village Condominium Owners )
Association, et al, )
 Defendants )

January 13, 2017

### THIRD MOTION FOR PERMANENT RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION ON DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK, BERNARD VANSLUYTMAN, LOURDES CORDERO, AND THOMAS CORDERO

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to Rule 65 of Federal Rule of Civil Procedures to issue a Permanent Restraining Order on Defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero and Thomas Cordero and occupants of their apartments to prevent Defendants from continuing to violate the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race and interference with fair housing rights.

My neighbors at Sapphire Village on-going and continuous racial harassment, stalking, and excessive noise disturbances are designed to create a hostile environment for me to force me out of my home because I am black. Occupants of defendants of Joanne Levesque's, Madlon Jenkins-Rudziak's,

1

*10*

Bernard Vansluytman's, Lourdes and Thomas Cordero's apartments have been making and continue to make loud banging and screaking sounds day and night to force me out of my home because I am black. Because of the constant and persistent excessive noise disturbances Defendants are making, I have been unable to use my bedroom, so essentially Defendants have evicted me out of my bedroom. Further, the noise disturbances are causing me to suffer with chest pains, nausea, vomiting, severe migraine and exhaustion. In addition, I am unable to sleep, rest, read, write or enjoy my apartment.

I have attached an Affirmation to this motion to enter into evidence video recordings and a letter to Sapphire Condominium Owners Associations' Board of Directors about the excessive noise disturbances that occupants of apartments 273, 266, 274 and 257 are deliberately causing day and night to support this motion for permanent restraining order against defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero and Thomas Cordero.

## THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C SECTIONS 3601-3619 and 1981 and 1982

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332, §1345 and 42 US.C. 3613. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982. All the Defendants have been served pursuant to Rule 4 of the Federal Rule of Civil Procedures. Each defendant has been properly served with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, at their last known residents by certified mail, return receipt requested. Therefore, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4(e) of the Federal Rule of Civil Procedures.

*11*

## STANDARD FOR GRANTING PERMANENT RESTRAINING ORDER

To obtain injunctive relief, a party must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes citing Gerardi v. Peulullo, 16 F .3d 1363, 173 (3d Cir. 1994) describing factors for issuing preliminary injunction.).

## I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE THE FAIR HOUSING ACT AND VIRGIN ISLAND PRIVATE NUISANCE LAWS

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 and plan to live there until 2020. Occupants of Joanne Levesque's, Bernard Vansluytman, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments have been causing and continue to purposely and intentionally cause loud banging, screaking, stumping noise disturbances during the day and night for more than 2 to 3 hours at a time, that impaired my apartment to drive me out of my home because I am black. Consequently, I am deprived of sufficient sleep, rest and the use of my apartment as intended. Furthermore, Defendants' excessive noise disturbances are causing me to suffer with chest pains, nausea, vomiting, severe migraine and exhaustion. In addition, my neighbors are racially harassing, physically threatening and stalking me inside and outside of the Sapphire Village Development. As such, Defendants violated the Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982 and V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction).

## 42 U.S.C. § 3604 CLAIMS

42 U.S.C. § 3604(a) makes it unlawful to:

3

12

Refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale

or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race,

color, religion sex, familial status or national origin.

U.S. v. Hylton, 944.F.Supp.2d 176, 186 (D.Conn.2013). Further, in Jackson v. Comberg, 2007 WL 277418

(M.D.Fla. August 22, 2007) the court found that the prohibitions under § 3604(b) of the Fair Housing Act

applies to discriminatory conducts during the rental of the property. See also, Halprin v. The Prairie

Single Family Homes of Dearborn Park Association, et al., 388 F.3d 327 (7th Cir.2004) and Hicks v.

Makaha Valley Plantation Homeowners Ass'n, 2015 WL 4041531 (D.Hi.2005). In those two cases, both

courts held that section 3604(b) is applicable post acquisition when the plaintiff is evicted or

constructively evicted.

To state a claim under Section 3604(b) a Plaintiff must show that (1) they have rights protected

under the Fair Housing Act; (2) defendants have engaged in discriminatory conducts; and (3) as a result

of defendant's discriminatory conduct, plaintiffs have suffered a distinct and palpable injury. Hicks v.

Makaha Valley Plantation Home Owners Ass'n, 2015 WL 4041531 at *10.

I am black and I rent apartment 265 at 6700 Sapphire Village. Further, the Sapphire Village

Condominium Owners Association ("Association") and group of neighbors organized and are acting in

cahoots to discriminate, harass and intimidate to force me out of my home because I am black. The

Association and the neighbors engaged in the following discriminatory conducts:

> (1) Since October 5, 2015 through presently, occupants of Joanne Levesque's, Bernard
>
> Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes Cordero and Thomas Cordero's
>
> apartments deliberately and purposely have been making and continue to make loud
>
> banging, screaking and stumping sounds day and night for more than 2 to 3 hours at a

4

*13*

time. In addition, they slammed the front and screen doors repeatedly creating blurring noises that reverberated throughout my apartment.

(2) The Association intentionally targeted my apartment for more noise disturbances during four major construction projects in the St. Vincent building from November 2015 through April 2016. The construction crew stationed the Aerial work platform, equipment and the construction crew underneath my bedroom window and they spent more days, and used different tools when they reached the section of the building where my apartment is located to make more noise disturbances.

(3) The Association instructed and directed its maintenance staff to purposely and deliberately performed landscaping and gardening between 7:00 a.m. and 8:00 a.m. in front and around my apartment to cause massive noise disturbances in the morning that interfered with my sleep.

(4) The neighbors followed me each time I exited my apartment and lunged at the corner of my eyes and flicked their heads widely.

(5) The neighbors drew graffiti on the front door of my apartment

(6) The neighbors broke the door-knob to the front door of my apartment on November 1, 2015 and January 25, 2016. The landlord had to replace the door-knob.

(7) The neighbors stalked me and deliberately blocked my path, and lunged at the corner of my eyes.

(8) The neighbors screamed at me "go home." and "go back where you came from." A white man in apartment 269 yelled racial remarks at me and threaten me if I don't leave the premises. Affirm. at ¶ 9.

(9) April 10, 2016, a white man, on the balcony of the Dominica building threw a water bottle at my head. In addition, April 30, 2016, a man and his family threaten to

5

14

physically assault me while I was walking on the beach and stated "I will beat it the shit out of you" while he was flicking his head wildly.

All the Defendants are aware of my noise disturbance complaints because they are members of the Association and starting on November 8, 2015, I sent numerous noise disturbance complaints, with audio and video recordings to the Mark Marolf, Property Manager. Also, I sent noise disturbance complaints to Mr. Marolf about the excessive construction noises and made him aware that the construction noises have impaired my apartment and that I was suffering with nose bleeds. Further, all the owners knew that their screen door slammed when it closes because I documented Mr. Vansluytman holding the screen door of his apartment to prevent it from slamming, on March 21, 2016. Even after Defendants received a copy of the Summons and Complaint, occupants of Joanne Levesque's, Madlon Jenkins-Rudziak's, Bernard Vansluytman's Lourdes and Thomas Cordero's apartments continue to slam both front and screen doors and make loud banging, screaking and stumping noise disturbances all day and night in complete defiance of the Court and U.S. Virgin Islands police.

Furthermore, all the tenants were informed of my noise disturbance complaints because, December 19, 2015, Mark Marolf, informed Matthew Swope of my noise complaints and Sapphire security informed the surrounding tenants of my noise disturbance complaints against them. In addition, I called the police to Sapphire Village Development several times about the excessive noise disturbances. For example, May 13, 2016, the police informed occupants of Joanne Levesque's apartment: Moussa Mustafa and Nora Ibrahim about my excessive noise complaint and July 15, 2016, the police informed Jonathon Morgan about my excessive noise complaints against him. Therefore, Defendants' actions are intentional because they continue to make excessive noise disturbances after they have been informed.

6

*15*

As a result of Defendants discriminatory conducts, I have been evicted from my bedroom and I suffered with severe emotional distress, worry, anxiety, nose bleed, nausea, vomiting, chest pain, severe migraine and exhaustion. The Third Amended Complaint, Motion in Limines, Affirmation and supporting video, audio recordings and pictures sufficiently established all claims under 42 U.S.C. § 3604.

## 42 U.S.C § 3617 CLAIMS

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established all claims for discrimination under 42 U.S.C § 3617. To state a claim under Section 3617, plaintiff must show that:

  (1) she is a protected individual under the FHA,

  (2) she was engaged in the exercise or enjoyment of her fair housing rights

  (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and

  (4) the defendants were motivated by an intent to discriminate.

Kromenhoek v. Cowpet Bay West Condominium Association, 77 F.Supp.3d 462, 474 (D.V.I. 2014), King v. Metcalf 56 Home Ass'n, Inc., 385 F.Supp.2d 1137, 1143 (D.Kan.2005).

I am black and I rent apartment 265 at Sapphire Village Development. My neighbors at Sapphire Village Development harassed and stalked me each time I leave my apartment to go for a walk.  First, October 2015, Defendant Jacqueline Lindberg appeared on the walkway each time I exited my apartment to talk and ask questions. Second, December 2016, a white male neighbor in apartment 269, appeared and insulted me and referred to my race and I asked me to walk away from here or else. Furthermore, the neighbors threaten to make life hell for me at Sapphire Village Development, cause me serious bodily harm and threw a water bottle at my head. Defendants' actions are motivated by my race because they have asked me to leave and stated "that black guy is a bum" and said "don't fuck with

7

*16*

me brother." although, I have said nothing to any of them. Furthermore, occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments are making loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours to force me out of my home because I am black. As a consequence of the neighbors stalking, criminally aggressive and predatory conducts, I am unable to enjoy my apartment, balcony, any of the common areas, including the swimming pools and lounge at Sapphire Village Development. Accordingly, the Third Amended Complaint, Motion in Limine, Affirmation and video recordings provided to Defendants sufficiently established all claims under 42 U.S.C. § 3617.

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established that my neighbors created and continue to create a hostile environment for me at Sapphire Village Development. To state a hostile housing environment claim based on race discrimination against a management company or condominium association, a plaintiff would have to show that: (1) she was subject to unwelcome harassment based on race; (2) the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and (3) the management company or condominium association knew or should have known of the harassment question and failed to take prompt remedial action. Hicks, 2015 WL 4041531, at *11 (D.Hi.2015), Reeves v. Carrolsburg Condominium Unit Owners Ass'n., 1997 WL 1877201, at *7 (D.D.C. Dec. 18, 1997). The neighbors' excessive noise disturbances, stalking, physical threat, assault and battery, blocking my path, lunging at the corner of my eyes and flicking their heads are unwelcome harassments. Each time, I exited my apartment starting on October 5, 2015, a group of my neighbors followed me around the Sapphire Village Development and lunged at the corners of my eyes with military precision. Further, a white neighbor assaulted me when he threw a water bottle at my and another threaten to cause me severe physical injury. For example, each time I leave my apartment a white male neighbor in apartment 269 appeared to yell and threaten me. Affirm. at ¶ 9. Furthermore, Jacqueline Lindberg made it very

8

17

clear that the neighbors intend to make hell for me at Sapphire Village Development. Therefore, the neighbors' harassment is intentional because their behaviors are well organized and synchronized to military precisions in that Defendants knew exactly where to be on the roads, parking lots, and walkways, when to lunged and ran quickly to get to a certain spot on the roads, parking lots and walkways. Although these activities are stealthy and synchronized with military precisions, the video recordings show a pattern of illegal conducts that are not coincidental. Accordingly, my neighbors racially motivated behaviors are severe and pervasive because the harassment is on-going and continuous. As such, I still have not been able to enjoy my apartment, balcony, run around the Sapphire Village Development for exercise, use the swimming pools, Sapphire Beach and lounge. The Association knows of my racial harassment complaints because I send them a letter everyday describing the neighbors' racial statements and excessive noise disturbances. However, the Association has taken zero action to put an end to the excessive noise disturbances that the neighbors are causing and the constant lunging at the corner of my eyes and flicking their heads each time I looked up.

As consequence of the neighbors on-going and continuous excessive noise disturbances, stalking and harassment, I am suffering with severe intentional emotional distress, worries, anxiety, duress and humiliation.

## 42 U.S.C § 1981 CLAIMS

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established all claims for discrimination under 42 U.S.C § 1981.To state a claim under § 1981, Plaintiff must show that (1) they are members of a racial minority; (2) the Association had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statutes. George v. Colony Lake Property Owners Assn't, 2006 WL 1735345 at *3 (N.D.ILL.2006). I am black and I rent apartment 265 at Sapphire Village. The Association discriminated

*18*

against me when it sent letters to my landlord on May 26, 2016 and June 8, 2016, that characterized me

as a criminal and falsely accused me of criminal conducts that never occurred in an attempt coerced my

landlord to evict me because the owners don't want a black man living next to their rental business. The

Association interfered with my lease agreement by coercing and threatening my landlord so he can evict

me because I am black; refusing to enforce its rules and regulation against my white neighbors; and

acted aggressively when my white neighbors complained about purported noise emanating from my

apartment after they rigged their screen door-closer to cause blurring noise disturbance. Accordingly,

the Association violated section 1981.

<u>42 U.S.C § 1982 CLAIMS</u>

   The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings

sufficiently established all claims for discrimination under 42 U.S.C § 1982. To state a claim under

Section 1982 a "[p]laintiffs must allege that Defendant had a racial animus, intended to discriminate

against the Plaintiffs, and deprived the Plaintiffs of protected rights because of the Plaintiff's race."

George v. Colony Lake Property Owners Assn'n, 2006 WL 1735345 at *3 (N.D.ILL.2006). The Association

violated Section 1981 and 1982 in the following ways (1) failing to enforce provisions of its bylaws and

resolutions against my white neighbors, specifically, Joanne Levesque, Matthew Swope, Jonathon

Morgan, Bernard Vansluytman, Nora Ibrahim, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas

Cordero; (2) by failing to act on my complaints of racial harassment in the same manner in which it acted

on complaint and rules violations not showing involving racial harassment. Specifically, the Association

acted zealously and aggressively when the neighbors complained in October 2015 about purported

noise emanating from my apartment. It sent Mark Marolf, security guard and the police to my

apartment twice; and (3) by tolerating and facilitating the harassment. Further, the Association has done

nothing about the excessive noise disturbances emanating from Joanne Levesque, Bernard

Vansluytman, Madlon Jenkins-Rudziak, Lourdes and Thomas Cordero's apartments, even though I sent

management noise and racial harassment complaints every day. "These claims are based not on her neighbor's racism, but on defendants' failure to investigate and resolve her complaint of racial harassment." Bradley v. Carydale Enterprises, 707 F.Supp.217, 224 (E.D.Va.1989) and "[t]hat failure, if proven, abridged plaintiff's right to enforce her lease contract and would, therefore, come within the explicit terms of §§ 1981 and 1982's protective scope." Id. On February 24, 2016, Sapphire Village Condominium Owners Association's attorney, Michael Fitzsimmons, sent me a letter stating in pertinent part that the Association does not and will not investigate my racial harassment complaints about the neighbors. The Association's tolerance of the neighbors' racial harassment is evidence of defendants' discriminatory intent. Such toleration therefore interfered with my right to enforce and enjoy my lease agreement.

## CIVIL AND CRIMINAL CONSPIRACY CLAIMS

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established all claims for Civil and Criminal Conspiracy. "'Under Virgin Islands law, a civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A conspiracy may also consist of an agreement to do a lawful act by unlawful means.'" Whitecap Investment Corp. V. Putnam Lumber & Export Co., 2013 WL 1155430 at *13 (D.Vi.2013). All Defendants individually or collectively negligently, recklessly, intentionally removed parts of the screen door-closer or caused the screen door-closer of all the apartments in the St. Vincent building to malfunction. The screen door-closer consists of a spring and an air cylinder that control the rate of closing of the screen door and it slammed without either one. Since, all the Defendants are in sole possession and control of the screen door and screen door-closer, they deliberately and purposely rigged the screen-door closer to cause blurring noise disturbances. Furthermore, all the Defendants know that the screen door slammed when it closes because of the blurring noise disturbances, including defendant Sidney Jarvis, President of the Association's Board. As such, all Defendants deliberately and

11

20

purposely slammed their screen doors to cause severe and intense noise disturbances that reverberated throughout my apartment to force me out of my home because I am black. I sent all the Defendants video recording of Bernard Vansluytman holding the screen door to his apartment to prevent it from slamming and video recordings of occupants of Lourdes and Thomas Cordero slamming the screen door and causing massive noise disturbances that reverberated throughout my apartment. In addition, I sent to all Defendants video recording of my screen door when it closes and that it does not make any noise disturbances.  Accordingly, Defendants violated Section 1982.

<u>NUISANCE CLAIMS</u>

V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provides for a cause of action when one's property or enjoyment of property is affected. Both damages and injunctive relief are available. U.S. Virgin Island courts defined private nuisances as "a substantial, unreasonable, interference with another's interest in the private use and enjoyment of their property". Bermudez v. Virgin Islands Telephone Corp., 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super. Ct.2011). Since October 5, 2015, my surrounding neighbors in Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak, Lourdes and Thomas Cordero' apartments have been making and continue to make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time. Further, Defendants rigged their screen door-closer to cause blurring noise disturbances each time the screen door closes to force me out of my home because I am black. In addition, Defendants have and continue to slam their front doors repeatedly day and night for hours. Consequently, the excessive noise disturbances Defendants are causing impaired my apartment completely.

Also, the Association had four major repairs on the St. Vincent building more than any other building in the Sapphire Village Development to target my apartment for excessive noise disturbances.

The construction noises caused my apartment to vibrate and deprived me of my apartment from approximately 9:00 a.m. through 6 p.m. for more than 6 months.

Furthermore, the neighbors' excessive noise disturbances and the Association excessive construction noises deprived me of the use of my bedroom, and substantially interfered with the use of my kitchen to cook, and bathroom. In addition, I am unable to read, write and watch television in my apartment because of the excessive noise disturbances. More importantly, I am suffering with chest pains, difficulty breathing, nausea, vomiting, severe migraine that last 2 or more days and exhaustion because of the excessive noise disturbances. Accordingly, Defendants are intentionally causing blurring noise disturbances to force me out of my home because I am black.

## NEGLIGENCE CLAIMS

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established all claims for negligence. To state a claim for negligence in the Virgin Islands a plaintiff must allege (1) a duty (2) a breach of that duty (3) Causation and (4) damages. Dadgostar v. St. Croix Financial Center, Inc., 2011 WL 4383424, at *6. Defendants are negligence as follows:

1. Defendant Association has a duty to enforce its by-laws, rules and regulations. Defendant breached that duty when it failed to put an end to the neighbors' excessive noise disturbances, stalking and racial harassments.

2. Defendant Association has a duty not to target my apartment for excessive construction noises during the four major repairs in the St. Vincent building to force me out of my home because I am black. Defendant breached that duty by allowing the construction crew to cause excessive noises to my apartment.

3. Defendant Association has a duty not to direct and authorize its maintenance staff to perform gardening and landscaping between 7:00 a.m. and 8 a.m. to target my

*22*

apartment for more noise disturbances. Defendant breached their duties by authorizing

such activities in the morning.

4. Defendant Association has a duty to prevent the neighbors from creating a hostile

   environment for me at Sapphire Village Development because I am black. Defendant

   breached that duty when it failed to take actions to investigate and end the excessive

   noise disturbances and racial harassment.

5. Defendant Association has a duty not to threaten and coerce my landlord to evict me

   out of my home because I am black. Defendant breached that duty when the

   Association's attorney Michael Fitzsimmons sent two letters to my landlord making false

   allegation that are based on racial stereo type about black male.

6. All Defendants have a duty not to engage in a criminal and civil conspiracy to

   intentionally and recklessly rig the screen door-closer to cause blurring noise

   disturbances. Defendants breached that duty when they collectively rigged the screen

   door-closer on all the apartments in the St. Vincent building.

7. All Defendants have a duty not to slammed the front, glass and screen doors repeatedly

   during the day and at night for more than 2 to 3 hours at a time causing blurring noise

   disturbances. Defendants continue to breach that duty every day.

8. All Defendants have a duty to not to violate criminal laws, including stalking, assault and

   battery and harassing me inside and outside of the development because I am black.

   Defendants breached that duty every day.

9. All Defendants have a duty to not make excessive noise disturbances during the day and

   night for more than 2 to 3 hours at a time. Defendants breached that duty when they

   make and continue to make loud banging, screaking, and stumping sounds day and

   night.

All the Defendants breached their duties by conspiring and acting in cahoots to deliberately and purposely rigged: the screen door-closer; discriminate; harass; intimidate; vandalize; and make excessive noise disturbances to force me out of my home because I am black. Defendants illegal conducts caused me to suffer with severe emotional distress, chest pains, nausea, vomiting, severe migraine and exhaustion.

## INTENTIONAL EMOTIONAL DISTRESS

The Third Amended Complaint, Motion in Limines, Affirmation with supporting video recordings sufficiently established all claims for intentional emotional distress. To state a claim for intentional emotional, distress a Plaintiff must show that the Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." Joseph v. Sugar Bay Club & Resort, Corp., 2014 WL 1133416 at *3. Defendants continue to make loud banging noise disturbances day and night even though they know about this lawsuit and the affect the excessive noise disturbances are having on my health. Additionally, Defendants continue to harass and make racial derogatory remarks about me, as such Defendants conducts are extreme and outrageous. Because of Defendants' extreme and outrageous conduct, I suffered and will continue to suffer with severe emotional distress, humiliation, anxiety and worries. Accordingly, Defendants' extreme and outrageous conducts caused me to suffer with severe emotional distress.

In addition, several of the Defendants in this actions have defaulted because they failed to respond to the complaint within 20 days after they were properly served pursuant to Rule 4 of Federal Rule of Civil Procedures. Accordingly, I am entitled to summary judgements against those Defendants.

24

## I HAVE SUFFERED IRREPERABLE INJURY SUCH AS SEVERE EMOTIONAL DISTRESS, CHEST PAINS, EXHAUSTION, AND SEVERE MIGRAINE AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED

The excessive noise disturbances that occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments are purposely making and continue to make have caused me to suffer with chest pains, severe migraine, exhaustion and severe emotional distress. Defendants are waking me out of sleep every 15 to 20 minutes for more than 2 to 3 hours at a time, each time that I fall back to sleep because I am exhausted and cannot keep my eyes open. The process of constantly been awakened out of sleep is causing me to suffer with physical pain, including chest pains, difficulty breathing, nausea, vomiting, severe migraine that last for an entire day or more and exhaustion.  For example, January 11, 2017, occupants of Joanne Levesque's, Lourdes and Thomas Cordero's apartments made loud banging, screaking and stumping sounds that prevented me from obtaining sufficient sleep. I called Sapphire security around 2:00 a.m. to report the excessive noise disturbances, but I was awakened around 5:00 a.m. by loud banging and screaking sounds emanating from Joanne Lévesque's, Lourdes and Thomas Cordero's apartments. That night, I only slept for 3 hours.

It is foreseeable that I will suffer cardiac arrest or brain damage when the neighbors woke me suddenly out of sleep by loud banging and slamming of the doors.

## DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF

Defendants will have normal use of their apartments, they will simply be enjoined from acting in cahoots to harass, intimidate and make excessive noise disturbances to drive me out of my home because I am black. There is no legal purpose for the Defendants to have collectively tempered with the screen door-closer in the St. Vincent building to cause the screen door to slam making loud noise disturbances that reverberated throughout my apartment day and night. They are simply trying to drive

16

*25*

me out of my home because I am black. But, I refused to move because their conducts are illegal and I have extended my lease agreement.

## THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT

It is in the public interest that everyone has access to housing without harassment, intimidation and discrimination because of race. It is 2017 not 1816, these is no place in this society for the Ku Klux Klan tactics these neighbors are employing to force me out of my home because I am black.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For Permanent Restraining Order and Permanent Injunctive relief including but not limited to, an order enjoining the defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero and Thomas Cordero and any occupants of apartments 273, 274, 266 and 257 from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind, that limits me to 4 hours or less of sleep per day.

2. Upon a showing that Defendants continue to make excessive noise disturbances for this court to issue a bench warrant for the arrest and prosecution of all defendants.

   A proposed form of order is attached hereto.

Dated: January 13, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

17

26

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by this

Court's CM/ECF system, the court will send a notification of this filing to all electronic filing users, and I

hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

27

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

28

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 13, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

29

Case: 16-3601 Document: 003112524297220 Page: 36 01/13/17 Filed: 01/12/2017
Case: 3:16-cv-00050-CVG-RM Document: 7220 Page: 36 01/13/17 Filed: 01/12/2017

1

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | Case No. 2016-50 |
| | ) | |
| v. | ) | |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al.   Defendant(s) | ) | |

January 13, 2017

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF THIRD MOTION FOR**

**PERMANENT RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION ON**

**DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK, BERNARD VANSLUYTMAN,**

**LOURDES CORDERO, AND THOMAS CORDERO**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.        I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support a third motion for permanent restraining order, preliminary and

permanent injunction with supporting evidence of 12 video recordings to be filed on my behalf,

Plaintiff, Wilnick Dorval.

2.        The statements in this Affirmation are based upon my personal knowledge.

EXHIBIT A

*30*

Case: 16-3601    Document: 003112524207    Page: 37    Date Filed: 01/12/2017
Case: 3:16-cv-00050-CVG-RM   Document #: 220-3   Filed: 01/13/17   Page 2 of 6

2

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      Apartment 273 is located right above my apartment next to apartment 274 on the third

floor, apartment 266 is located next to my apartment on the second floor and apartment 257 is

located below my apartment on the first floor. Apartment 273 and 257 have the same floor

plan as my apartment.

5.      I have extended my lease agreement and I plan to remain in my apartment until 2020.

6.      Occupants of defendants Joanne Levesque's, Bernard Vansluytman's, Lourdes and

Thomas Cordero's apartments have been making and continue to make loud banging, screaking

and stumping sounds day and night that completely impaired my apartment. Occupants of

those apartments continuously slammed their front doors repeatedly causing massive noise

disturbances that reverberated throughout my apartment. Because of the noise disturbances I

am limited to 3 to 4 hours of sleep per night and I am awakened out of sleep every 15 to 20

minutes. Each time, I am suddenly awakened out of sleep, I suffered with chest pains, difficulty

breathing, nausea, vomiting, severe migraine and exhaustion.

7.      Defendants actions are motivated by my race because on November 9, 2016, after the

elections, I went to Sapphire Village Condominium Owners Association's office to complain

about the excessive noise disturbances that emanated from Joanne Lévesque's apartment that

limited me to 2 hours of sleep that night. One of the neighbors stated that "new

administration" as in Donald Trump won the election, therefore they can make as much noise

disturbances to drive me out of my home because I am black.

EXHIBIT A

*31*

Case: 16-3601   Document: 003112524207   Page: 38   Date Filed: 01/12/2017
Case: 3:16-cv-00050-CVG-RM   Document #: 220-3   Filed: 01/13/17   Page 3 of 6

3

8.      December 27, 2016, I went for a walk and I purposely stand at the edge of a little cliff so that there is nothing between but the ocean. However, several individuals at Sapphire Village Development followed me there and climbed down the little cliff into the water to be directly in my sight so they can flick their heads each time that I looked up. There is no other reason for these individuals to be in the water around this rocky little cliff but to harass and intimidate me. See (Exhibit C).

9.      Further, the neighbors stalked, harassed and threatened me with bodily harm. Specifically, In October 2015, Jackeline Lindberg set by my door several times; left food by my door; Ms. Lindberg stated that it would be like hell for me in the complex....666; in another occasion, Ms. Lindberg stated that "don't fuck with me brother." December 15, 2016, one of the owners, a white man standing on the balcony of apartment 269 in the St. Vincent building, yelled at me "I don't like you.... seriously." I ignored him and continued walking to the beach. Later, around 8:30 p.m. I exited my apartment to go for a walk, when the same white man suddenly exited his apartment in the St. Vincent building. The man was holding a glass of beer and appeared to be intoxicated. Soon as he saw me, he started yelling at me and stated "that's right you better walk away...walk away...walk away." December 18, 2016, I exited my apartment around 8:41 p.m. and noticed the same white man and a group of white people that were standing on the walkway of the St. Vincent building. The white man stated "that black guy, he is a bum.... he wears the same clothes every day." January 3, 2017, I went to the post office, located downtown Amelie by the Roy Lester Schneider Hospital, I noticed the same white man that lives in apartment 269 at the St. Vincent building across the street and he followed me to the post office.

EXHIBIT A

32

Case 16-3601, Document 31, 12/26/2017, 2186907, Page149 of 182    Case 9:16-cv-00050-RM Document 22-1 Filed 01/13/17 Page 41 of 80

4

10.    January 11, 2017, I hand delivered a noise disturbance complaint to the Association's

receptionist Carol Mertens.  In the letter, I explained to Sapphire management that occupants

of Joanne Levesque's, Lourdes and Thomas Cordero's apartments made loud banging, screaking

and stumping sounds all night and that I called Sapphire security around 2:00 a.m. to complain

about the excessive noise disturbances. Further, I was awakened at 5:00 a.m. by loud banging

and screaking noise disturbances emanating from Joanne Levesque's apartment. Consequently,

I was limited to 3 hours of sleep that night. See (Exhibit B).

11.    Further, the Association took zero actions and that embolden the neighbors in Joanne

Levesque's, Bernard Vansluytman's, Lourdes and Thomas Cordero's apartments to increase the

magnitudes of the loud banging and screaking sound for the entire day and did not cease even

after I called the police around 6:00 p.m. to report the excessive noise disturbances that started

since 12:00 pm.

## I. VIDEO RECORDINGS

1.1    I made the following video recordings of the excessive noise disturbances that

occupants of Joanne Levesque's, Bernard Vansluytman's, Lourdes and Thomas Cordero's

apartments intentionally caused to force me out of my home because I am black:

1.    December 27, 2016, Video file MAH08386-MP4: 10:46 a.m.: Length 1:42. (Exhibit C).

2.    January 6, 2017, Video file MAH09057-MP4: 1:02 p.m.: Length 4:50. (Exhibit D).

3.    January 6, 2017, Video file MAH09058-MP4: 1:13 p.m.: Length 11:09. (Exhibit E).

4.    January 6, 2017, Video file MAH09059-MP4: 1:28 p.m.: Length 14:57. (Exhibit F).

5.    January 6, 2017, Video file MAH09061-MP4: 1:41 p.m.: Length 10:43. (Exhibit G).

EXHIBIT A

*33*

6. January 6, 2017, Video file MAH09062-MP4: 1:45 p.m.: Length 4:13. (Exhibit H).

7. January 8, 2017, Video file MAH09201-MP4: 8:19 p.m.: Length 19:57. (Exhibit I).

8. January 8, 2017, Video file MAH09204-MP4: 8:37 p.m.: Length 5:40. (Exhibit J).

9. January 8, 2017, Video file MAH09207-MP4: 9:03 p.m.: Length 2:45. (Exhibit K).

10. January 8, 2017, Video file MAH09208-MP4: 9:08 p.m.: Length 4:08. (Exhibit L)

11. January 9, 2017, Video file MAH09220-MP4: 5:32 a.m.: Length 18:55. (Exhibit M).

12. January 11, 2017, Video file MAH09399-MP4: 5:21 p.m.: Length 9:08. (Exhibit N).

1.2    The video recordings documented the excessive noise disturbances that occupants of

Joanne Levesque's, apartment caused on January 6, 2017, from 9 a.m. until well past 2:30 p.m.

and on January 8, 2017, throughout the entire day. Also, the video recordings documented

occupants of Lourdes and Thomas Cordero's apartment slamming the front door repeatedly on

January 8, 2017, and the excessive noise disturbances that occupants of Bernard Vansluytman's

apartment made to drive me out of my home because I am back, on January 11, 2017. In

addition, the video recording documented two white man climbing down the little cliff so they

can be directly in front of me and then they flicked their heads repeatedly.

1.3    I used a SONY MV1 MUSIC VIDEO RECORDER to video record the noise disturbances

inside my apartment that occupants of Joanne Levesque's, Bernard Vansluytman's and Lourdes

and Thomas Cordero's apartments are causing day and night.   In addition, I recorded the

individuals' harassing and intimidating conducting at Sapphire Village Development using the

SONY video recorder as well.

**EXHIBIT A**

*34*

Case: 16-3601    Document: 003112524207    Page: 41    Date Filed: 01/12/2017
Case: 3:16-cv-00050-CVG-RM    Document #: 220-3    Filed: 01/13/17    Page 6 of 6

6

1.4      I recorded the excessive noise disturbances and those individuals' harassing conducts to

a Micro SD card then made a duplicate of each video file from the Micro SD card to a SanDisk

flash drive for storage. The SONY video camera automatically assigned a numerical

identification number, date and time to the video file.

1.5      The noise disturbances in the video recordings truly, accurately and realistically

represent the loud banging, screaking and humming sounds that occupants of Joanne

Levesque's, Lourdes and Thomas Cordero's apartments are causing for hours in the morning

and night.

1.6      The video recordings have not been modified or edited in anyway, I made a duplicate of

the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

1.7      The SanDisk flash drive has never left my possession.

1.8.     I provided an exact copy of the 12 video recordings to each Defendant on a SanDisk

flash drives and 10 PNY flash drives.


                                                                    /s/ Wilnick Dorval


*35*                                                          EXHIBIT A

Date: January 11, 2017

From: Wilnick Dorval

To: Sapphire Village Condominium Owners Association's Board of Directors

RE: Excessive Noise Disturbances Day and Night


I reside in apartment 265, occupants of apartment 273 and 257 collectively have been making excessive noise disturbances day and night to drive me out of my home because I am black and to retaliate because I filed a law suit against the owners for discrimination.

The racist people in Joanne Levesque's apartment continue to make excessive loud banging, screaking and stumping sounds day and night. Last, night I called your security around 2:00 a.m. about the excessive noise emanating from apartment 273 another to get some sleep. I was awakened around 5 a.m. by loud banging noise disturbances emanating from Joanne Levesque's and Lourdes and Thomas Cordero's apartments. I called the police around 5:30 a.m. but the excessive noise disturbances did not cease as a consequence, I only had about 3 hours of sleep last night.

It is your responsibility to inform occupants of those apartments they are causing excessive noise disturbances that are interfering with the use and enjoyment of my apartment and causing me to suffer with severe exhaustion, difficulty breathing, vomiting, nausea, migraine, and chest pains.

Also, the excessive noise disturbances are occurring between your so called "quiet hours" so I plea that you enforce your rules, regulations and bylaws and put an end to the constant and persistent excessive noise disturbances because I am not going anywhere.


Wilnick Dorval


EXHIBIT B

*36*