

No. 16-3601

# The United States Court of Appeals For The Third Circuit

**Wilnick Dorval,**

*Plaintiff-Appellant,*

v.

**Sapphire Village Condominium Owners Association, et, al,**

*Defendants-Appellees.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

No. 3-16-CVG-00050-RM

## FOURTH SUPPLEMENTAL APPENDIX OF APPELLANT

**Wilnick Dorval**

**6700 Sapphire Village**

**Apt 265**

**St. Thomas, U.S. Virgin Island 00802**

**(917) 602-3354**

Dorval.wilnick@gmail.com

# TABLE OF CONTENTS

1. FIFTH NOTICE OF CERTIFICATE OF PROCESS OF

     SERVICE…………………………………………….              1

2. FOURTH NOTICE OF CERTIFICATE OF PROCESS OF

     SERVICE…………………………………………….              7

3. AFFIRMATION OF PLAINTIFF WILNICK DORVAL

     IN SUPPORT OF FOURTH NOTICE OF PROCESS

     OF SERVICE OF ALL DEFENDANTS…………….              13

4. NOTICE, CONSENT, AND REFERENCE OF A CIVIL

     ACTION TO A MAGISTRATE JUDGE…………….              17

5. PLAINTIFF'S CONSOLIDATED REPLY TO ALL DEFENDANTS'

     MOTION TO DISMISS FOR LACK OF PERSONAL

     JURISDICTION………………………………………….              33

6. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN

     SUPPORT OF CONSOLIDATED REPLY TO DEFENDANTS

     MOTION TO DISMISS FOR LACK OF PERSONAL

     JURISDICTION………………………………………              41

7. DEEDS FOR LOURDES AND THOMAS CORDERO …………              44

8. FOURTH NOTICE OF LIST OF ELECTRONIC EVIDENCE

      PROVIDED TO DEFENDANTS ……………………………              45

9. THIRD NOTICE OF CERTIFICATE OF PROCESS OF

     SERVICE…………………………………………….              56

10. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT

OF NOTICE OF PROCESS OF SERVICE OF ALL

DEFENDANTS…………………………………   62

11. FIFTH MOTION FOR PERMANENT RESTRAINING ORDER,

PRELIMINARY AND PERMANENT INJUNCTION ON

DEFENDANTS SAPPHIRE VILLAGE CONDOMINIUM

OWNERS ASSOCIATION, LOURDES CORDERO AND

THOMAS CORDERO…………………………………   65

12. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN

SUPPORT OF PERMANENT RESTRAINING ORDER

AGAINST SAPPHIRE VILLAGE CONDOMINIUM OWNERS

ASSOCIATION, LOURDES CORDERO, AND THOMAS

CORDERO………………………………………….   88

13. CERTIFIED MAIL RECEIPT FOR MICHEAL FITZSIMMONS…   93

14. FOURTH MOTION FOR PERMANENT RESTRAINING ORDER,

PRELIMINARY AND PERMANENT INJUNCTION ON

DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK,

BERNARD VANSLUYTMAN, LOURDES CORDERO, AND THOMAS

CORDERO…………………………………………………..   94

15. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT

OF A FOURTH MOTION FOR PERMANENT RESTRAINING ORDER,

PRELIMINARY AND INJUNCTIVE RELIEF……………………   117

16. POLICE REPORT: DISTURBANCE OF THE

PEACE – LOURDES CORDERO……………   124

17. NOISE DISTURBANCE E-MAIL RESPONSE FROM

     MARK MAROLF ……………………………………..          126

18. NEIGHBORS BROKE THE DOOR KNOB E-MAIL

     RESPONSE FROM MARK MAROLF……………..          128

19. MICHEAL FITZSIMMONS FEBRUARY 24, 2016,

     LETTER…………………………………………….          130

20. MICHEAL FITZSIMMONS JUNE 8, 2016, LETTER………..          132

21. SAPPHIRE VILLAGE CONDOMINIUMS RULES

     AND REGULATIONS……………………………..          133

22. PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO

     ADMIT INTO EVIDENCE VIDEO AND AUDIO RECORDINGS

     OF SAPPHIRE VILLAGE CONDOMINIUM OWNERS

     ASSOCIATION EXCESSIVE CONSTRUCTION NOISE

     DISTURBANCES THAT TARGETED MY APARTMENT………          134

23. AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN

     SUPPORT OF MOTION IN LIMINE TO ADMIT INTO EVIDENCE

     VIDEO AND AUDIO RECORDINGS OF SAPPHIRE VILLAGE

     CONDOMINIUM OWNERS ASSOCIATION EXCESSIVE

     CONSTRUCTION NOISE DISTURBANCES THAT

     TARGETED MY APARTMENT 265……………….          145

24. SIXTH NOTICE OF CERTIFICATE OF PROCESS OF

     SERVICE……………………………………………          150

Dated: February 9, 2017

X _Wilnick Dorval_

Wilnick Dorval

<div align="right">

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Third Supplemental Appendix to be

filed by sending it to the Clerk of the Third Circuit Court of Appeals by certified mail, return

receipt requested and I hereby certify that I mailed an exact copy by first class U.S. Mail to the

following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

 St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

 john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9

St. Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

5600 BOLTNAGI PC   Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944  Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen

05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: February 9, 2017

X *Wilnick Dorval*

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Cell Phone: (917)602-3354

Dorval.wilnick@gmail.com

8

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, et al. | ) | |
| Defendants | ) | |

February 2, 2017

### FIFTH NOTICE OF CERTIFICATE OF PROCESS OF SERVICE

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants in this action because service of

process has been completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures.

## ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL

### RULE OF CIVIL PROCEDURES

I hereby notify the Court that on February 1st and 2nd 2017, I served on the following

Defendants with an exact copy of the Third Amended Complaint filed with this Court. (Third

Am. Compl. No. 2016-50, ECF No. 34); a copy of the Notice, Consent, and Reference of a Civil

Action to A Magistrate Judge. (Notice. Con and Ref. of. Civ. Act. Mag. Jud. No. 2016-50, ECF No.

1

*1*

230); Summons issued by this Court on September 1, 2016, at their last known residents by

certified mail, return receipt requested. (Certified Receipt. Ex. A):

1. Jonathon Morgan (Summons. No. 2016-50, ECF No. 76).

2. Bernard Vansluytman (Summons. No. 2016-50, ECF No. 82).

3. Nora Ibrahim. (Summons. No. 2016-50, ECF No. 77).

4. Thomas Cordero. (Summons. No. 2016-50, ECF No. 78).

Therefore, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4 of

the Federal Rule of Civil Procedures.

Dated: February 2, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

2

$\mathcal{Q}$

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

3

*3*

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

4

𝓗

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: February 2, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

*5*



... top right: 6/2017

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $3.35

$2.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $7.20

Total Postage and Fees $13.30                02/01/2017

Sent To BERNARD VANSLUYTMAN
Street and Apt. No., or PO Box No. 3 LERKEN LAND
City, State, ZIP+4® St. Thomas, V.I 00 802

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS VI 00800      OFFICIAL USE

Certified Mail Fee $3.35      $2.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $7.20

Total Postage and Fees $13.30                02/02/2017

Sent To JONATHON MORGAN
Street and Apt. No., or PO Box No. 6700 Sapphin Velage #3 266
City, State, ZIP+4® St-Thomas V.I 00 80A

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7015 1520 0001 8968 0267

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

SAN JUAN      OFFICIAL USE

Certified Mail Fee $3.35      $2.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $7.20

Total Postage and Fees $13.30                02/01/2017

Sent To Thomas CORDERO
Street and Apt. No., or PO Box No. 2305 LAUREL ST
City, State, ZIP+4® Apt 616   SAN JUAN, PR 00913

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

City: _____   State/Province _____  Post Code _____
Country U.S.A   Telephone/Fax or Email _____

2 - Shipping Label (left) and Customer Copy (right)

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ST THOMAS VI 00800   OFFICIAL USE

Certified Mail Fee $3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $0.00
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $0.00

Postmark Here

Postage $7.20

Total Postage and Fees $13.30                02/01/2017

Sent To NORA IBRAHIM
Street and Apt. No., or PO Box No. St. Peter Mountain Road
City, State, ZIP+4® St. Thomas, V.I. 00 80L

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7015 1520 0001 8968 0205

(EXHIBIT A)

6

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| Wilnick Dorval | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

February 1, 2017

## FOURTH NOTICE OF CERTIFICATE OF PROCESS OF SERVICE

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants in this action because service of

process has been completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures.

## ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL

## RULE OF CIVIL PROCEDURES

I hereby notify the Court that on February 1, 2017, I served on the following Defendants with an

exact copy of the Third Amended Complaint filed with this Court. (Third Am. Compl. No. 2016-

1



50, ECF No. 34); Notice, Consent, and Reference of a Civil Action to A Magistrate Judge. (Notice.

Con and Ref. of. Civ. Act. Mag. Jud. Ex. C, D); Summons issued by this Court on September 1,

2016, at their last known residents by certified mail, return receipt requested. (Certified

Receipt. Ex. B):

1. Sapphire Village Condominium Owners Association/ Michael Fitzsimmons.

   (Summons. No. 2016-50, ECF No. 93).

2. Mark Marolf. (Summons. No. 2016-50, ECF No. 84).

3. Jacqueline Lindberg. (Summons. No. 2016-50, ECF No. 81).

4. Sarah Whyte. (Summons. No. 2016-50, ECF No. 96).

5. James Koulouris. (Summons. No. 2016-50, ECF No. 98).

6. Ellen Hansen. (Summons. No. 2016-50, ECF No. 97).

7. Lourdes Cordero. (Summons. No. 2016-50, ECF No. 79).

8. Sidney Jarvis. (Summons. No. 2016-50, ECF No. 94).

9. Joanne Levesque. (Summons. No. 2016-50, ECF No. 83).

10. Richard O' Dell. (Summons. No. 2016-50, ECF No. 88).

Therefore, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4 of

the Federal Rule of Civil Procedures.

In addition, Michael Baird was served by the process server (Affirm. of. Baird. No. 2016-

50, ECF No. 168-1).

I already served a copy of the Notice, Consent, and Reference of a Civil Action to A

Magistrate Judge to all Defendants which included this Court's name, case number, defendants'

2

8

name and my name. (Notice. Cert. of. Serv. No. 2016-50, ECF No. 190, 191.) However, I sent

another copy to Defendants on February 1, 2017. (Notice.Con and Ref. of. Civ. Act. Mag. Jud. Ex.

C, D).

Dated: February 1, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

3

*9*

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

4

*10*

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

*11*

Dated: February 1, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

6

$l\lambda$

Case: 3:16-cv-00050-CVG-RM Document: 00311254373-1 Page: 21 Date Filed: 02/16/2017
Case 3:16-3601 Document: 00311254373-1 Page: 21 Date Filed: 02/16/2017

1

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| Wilnick Dorval | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

February 1, 2017

## AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF FOURTH NOTICE OF PROCESS

### OF SERVICE OF ALL DEFENDANTS

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Third Notice of Process of Service to be filed on my behalf,

Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I authorized the process sever to serve all Defendants with the Summons that were

issued on September 1, 2016, by the District Court of the United States Virgin Islands for the

Division of St. Thomas and St. John ("Court") and the Third Amended Complaint that filed with

EXHIBIT A

13

Case: 3:16-cv-00050-CVG-RM Document: 003112541373-1 Page: 22 Date Filed: 02/16/2017
Case: 16-3601 Document: 003112541373-1 Page: 22 Date Filed: 02/16/2017

2

this Court and a copy of the Notice, Consent, and Reference of a Civil Action to A Magistrate
Judge.

4.    February 1, 2017, I served Defendants, by certified Priority mail and return receipt
requested, with an exact copy of the Third Amended Complaint filed with this Court (Third Am.
Compl. No. 2016-50, ECF No. 34.) and with this Court's stamped "Rec'd DCVI-ST 07'28'16 AM
11:00." Also, I sent Defendants the Summons issued by this Court on September 1, 2016, and a
copy of the original Notice, Consent, and Reference of a Civil Action to A Magistrate Judge.
(Certified Receipt. Ex. B).

5.    I sent a copy of the original Notice, Consent, and Reference of a Civil Action to A
Magistrate Judge that was sent to all Defendants, August 2016, with the Summons and Third
Amended Complaint. (Notice. Cert. of. Serv. No. 2016-50, ECF No. 190, 191.). The original
Notice, Consent and Reference of a Civil Action to A Magistrate Judge included this Court's
name, the claim number, Defendant's name and my name. Therefore, all the Defendants had
notice of the court's name and case number. (Notice.Con and Ref. of. Civ. Act. Mag. Jud. Ex. C,
D).

6.    February 1, 2017, I sent Richard O' Dell an original Notice, Consent, and Reference of a
Civil Action to A Magistrate Judge because I did not have a copy of the original that I sent to the
process server. All other Defendants received an exact copy of the original that was sent to
them with the Third Amended Complaint and Summons on August 2016.

/s/ Wilnick Dorval

Wilnick Dorval

EXHIBIT A

1H





Case: 3:16-cv-0005D-cg Document #: 230-2 Filed: Page 1 of 2

(EXHIBIT B)

15

## U.S. Postal Service™
### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

MANASQUAN NJ 08736

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $11.70 |
| Total Postage and Fees | $17.80 |

Postmark Here

02/01/2017

Sent To SIDNEY JARVIS
Street and Apt. No., or PO Box No. 591 Holly Boulevard
City, State, ZIP+4® MANASQUAN, NJ 08736

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

2-Shipping Label (left) and Customer Copy (right)

---

### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here

02/01/2017

Sent To LOURDES CORDERO
Street and Apt. No., or PO Box No. 425 LAUREL ST #616
City, State, ZIP+4® SAN JUAN, PR 00913

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

2-Shipping Label (left) and Customer Copy (right)

---

## U.S. Postal Service™
### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

OFFICIAL USE

ST THOMAS VI 00802

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here

02/01/2017

Sent To MACK MAROLF
Street and Apt. No., or PO Box No. 6780 SAPPHIRE VILLAGE
City, State, ZIP+4® ST. THOMAS, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

---

## U.S. Postal Service™
### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ST THOMAS VI 00802

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here

02/01/2017

Sent To Micheal Fitzsimmons
Street and Apt. No., or PO Box No. 9900 Buccaneer Mall Bldg. 2, Suit 9
City, State, ZIP+4® St. Thomas, V.I. 00302

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

---

## U.S. Postal Service™
### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $11.70 |
| Total Postage and Fees | $17.80 |

Postmark Here

02/01/2017

Sent To JOANNE M. LEVESQUE
Street and Apt. No., or PO Box No. 24 SHORE DRIVE
City, State, ZIP+4® BRISTOL NH 03222

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

2-Shipping Label (left) and Customer Copy (right)











230-2

7015 1520 0001 8968 0199

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS, VI 00802 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here: ST. THOMAS POST OFFICE 0802 05 02/01/2017

Sent To ELLEN HANSEN
Street and Apt. No., or PO Box No. 5-71 DEER HILL ROAD
City, State, ZIP+4® ST. THOMAS, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 1520 0001 8968 0212

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS, VI 00802 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here: POST OFFICE 0805 01 02/01/2017

Sent To Richard O'Neil
Street and Apt. No., or PO Box No. 6700 Sapphire Village Apt 20
City, State, ZIP+4® St. Thomas, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 1520 0001 8968 0243

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS, VI 00802 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here: POST OFFICE 0805 01 02/01/2017

Sent To JAMES KOULOURIS
Street and Apt. No., or PO Box No. 6700 Sapphire Village Apt 258
City, State, ZIP+4® St. Thomas, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 1520 0001 8968 0182

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS, VI 00802 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here: 0805 01 02/01/2017 ST. THOMAS

Sent To Sarah Whyte
Street and Apt. No., or PO Box No. 2005 D3 Estate Alt
City, State, ZIP+4® St. Thomas, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 1520 0001 8968 0175

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ST THOMAS, VI 00802 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.65 |
| Total Postage and Fees | $12.75 |

Postmark Here: 0805 02 02/01/2017

Sent To Jacqueline Lindberg
Street and Apt. No., or PO Box No. Apt 267 6700 Sapphire Village
City, State, ZIP+4® St. Thomas, V.I. 00802

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

2

16

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

<div align="center">

UNITED STATES DISTRICT COURT
</div>

for the Distract of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

Sapphire Village Condominium (Owner)
*Defendant* ASSC

Civil Action No. $2016 - 50$

<div align="center">

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE
</div>

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

<div align="center">

### Reference Order
</div>

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

$(EXHIBIT C)$

1

17

AO 85 (Rev. 01.09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the District N St Thomas and St John
Virgin Island

WILNICK DORVAL
          Plaintiff

THOMAS CORDERO
          Defendant

)
)
)     Civil Action No. 2016-50
)
)

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

2

18

(EXHIBIT C)

AO 85 (Rev. 01/09). Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John Virgin Island

WILWICK DORVAL
*Plaintiff*

)
)
)

MATTHEW SWOPE
*Defendant*

)
)
)

Civil Action No. 2016-50

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

3
19

(EXIBIT C)

AO 85 (Rev. 01 09): Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

)
)
)

MADLON JENKINS - RUD ZIAK
*Defendant*

)
)

Civil Action No. 2016 - 50

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

*District Judge's signature*

*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

4
20

(EXHIBIT C)

AO 85 (Rev. 01 09) Notice. Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL )
_Plaintiff_ )
                                            ) Civil Action No. _2016-50_
JONATHON MORGAN )
_Defendant_ )

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

*District Judge's signature*

*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

5
21

(EXHIBIT C)

AO 85 (Rev. 01/09). Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

<div align="center">

## UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

</div>

WILNICK DORVAL )
_Plaintiff_ )
                                        )   Civil Action No. _2016 - 50_
BERNARD VANSLUYTMAN )
_Defendant_ )

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

<div align="center">

**Reference Order**

</div>

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____                          _____
                                                                    *District Judge's signature*

                                                                    _____
                                                                    *Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

<div align="center">

*6*

*22*

(EXHIBIT C)

</div>

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

## UNITED STATES DISTRICT COURT
for the Dstrict of St. Thormas and St. John
Virgin Virgin

WILNICK DORVAL
*Plaintiff*

)
)
)

Civil Action No. *2016-50*

ELLEN HANSEN
*Defendant*

)
)

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

7
23

(EXHIBIT C)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the Dsstrrct ef St. Thomas and St John
Virgin Island

WILNICK DORVAL )
 Plantiff )
 )
 ) Civil Action No. 2016-50
JACQUELINE LINDBERG )
 Defendant )

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

 _____
 *District Judge's signature*

 _____
 *Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

8
24

(EXHIBIT C)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

)
)
)

Civil Action No. 2016-50

JAMES B KOULOURIS
*Defendant*

)
)
)

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

*District Judge's signature*

*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

9
25

(EXHIBIT C)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

)
)
)
Civil Action No. 2016-50
)
)

JOANNE M. LEVESQUE
*Defendant*

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

*l*

*26*

(EXHIBIT D)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island.

WILNICK DORVAL
    *Plaintiff*

    )
    )
    )   Civil Action No. 2016-50
    )
    )

LOURDES LORDERO
    *Defendant*

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: 

                                *District Judge's signature*

                                *Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

2
27

(EXHIBIT D)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT

for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

)
)
MARK MAROLF )
*Defendant* )

Civil Action No. 2016-50

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

### Reference Order

IT IS ORDERED: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

3.

28

(EXHIBIT D)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT

for the District Court of St. Thomas and St. John Virgin Island

WILNICK DORVAL
        Plaintiff

NORA IBRAHIM
        Defendant

)
)
)  Civil Action No. 2016-50
)
)

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_District Judge's signature_

_Printed name and title_

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

4
29

(EXHIBIT D)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DORVAL
*Plaintiff*

)
)

SARAH WHYTE
*Defendant*

)
)
)

Civil Action No. 2016-50

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

*Parties' printed names*     *Signatures of parties or attorneys*     *Dates*

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

*District Judge's signature*

*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

5

30

(EXHIBIT D)

AO 85 (Rev. 01 09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the District of St. Thomas and St. John
Virgin Island

WILNICK DOR VAL )
*Plaintiff* )
)
SIDNEY JARVIS )
*Defendant* )
)

Civil Action No. *2016-50*

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

*6*

*31*

(EXHIBIT D)

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the District Court of U.S. Virgin Island
Division of St. Thomas and St. John.

WILNICK DORVAL )
*Plaintiff* )
 ) Civil Action No. 2016-50
Richard 'O 'Deil )
*Defendant* )

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

7
32

(EXHIBIT D)

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| Wilnick Dorval | ) |
| | ) |
| Plaintiff | ) |
| v. | )     Case No. 2016-50 |
| | ) |
| Sapphire Village Condominium Owners | ) |
| Association, et al. | ) |
| Defendants | ) |

January 30, 2017

## PLAINTIFF'S CONSOLIDATED REPLY TO ALL DEFENDANTS' MOTION TO DISMISS FOR

## LACK OF PERSONAL JURISDICTION

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants, including, Sapphire Village

Condominium Owners Association, Sidney Jarvis, Michael Baird, Thomas Cordero, Matthew

Swope, Joanne Levesque, and Madlon Jenkins Rudsziak because service of process has been

completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures when I mailed

Defendants a copy of the Third Amended Complaint; Summons; and, Notice, Consent, and

Reference of a Civil Action to A Magistrate Judge. Defendants argued for dismissal of the

1

*33*

Complaint on the grounds that they were improperly served with the Complaint and Summons. But Defendants' arguments have no basis in law or reality, therefore, this Court has personal jurisdiction over all Defendants in this action.

In their motion to dismiss the complaint Defendants Sapphire Village Condominium Owners Association (through counsel Michael Fitzsimmons), Michael Baird, Sidney Jarvis, Thomas Cordero, Matthew Swope, Joanne Levesque, Madlon Jenkins-Rudziak executed a well-organized and planned strategy of ambiguous and innuendo statements to make it appeared that I sent to them an unsigned, incomplete Third Amended Complaint, and to the wrong addresses. This was a blatant deception in the part of these Defendants to lead this Court to believe that it did not have personal jurisdiction over them and it might have worked because this Court denied my motion for temporary and permanent restraining order on September 9, 2016. This Court had personal jurisdiction over all Defendants then and still does. Defendants were served at their correct home address, with all 119 pages of the signed Third Amended Complaint, Summons that was filed with this Court, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge. The clerk at the post office informed me that because of the weight of the envelop each document had to be sent by Priority U.S. Mail, certified with return receipt requested and that it will be delivered the next day to all Virgin Islands and Puerto Rico residents.

## I. DEFENDANTS WERE SERVED AT THEIR CORRECT HOME ADDRESS

Defendants were served at their correct home address. First, the process server provided the name and address for all the tenants using their vehicles' license plate number. The process

2

34

server obtained the name and address of the tenants, except for Jonathon Morgan, from motor vehicle registration and other information. Second, I obtained the name of the owners from the deeds and mortgage documents from Virgin Islands Property Records Office for their properties at Sapphire Village Development and other locations in the U.S. Virgin Islands. Specifically, Bernard Vansluytman owned several properties in the Virgin Islands and I obtained his address from the deeds and mortgage related documentations. Additionally, defendant Thomas Cordero owned several properties at the Sapphire Village Development and the deeds and mortgage documents listed the following home address: 2305 Laurel St. #616, San Juan, Puerto Rico 00913. I have attached the first page of a 4-page deeds for Sapphire B.R. & Marina Slip Condominium # N-06 (Doc# 2013007382) that showed the address for Thomas and Lourdes Cordero (Deed. Cordero. Ex B). Thomas Cordero and Lourdes Cordero are husband and wife; therefore, they have the same address and co-owned apartment 257 at Sapphire Village Development. Defendant Thomas Cordero made an ambiguous statement that his father Charles Cordero signed the return receipt card for the documents, to suggest that he was served at the home of his father. (Memo. Of. Law. No. 2016-50, ECF No. 113). So, let me make this clear, Thomas Cordero and Lourdes Cordero were served at their home address listed on various deeds and mortgages. Second, Michael Fitzsimmons stated that he received the Summons and the Third Amended Complaint, but failed to state that someone in his office received these documents and signed the return receipt card. Third, Defendant Matthew Swope contended that he never resided at the address on the Summons and therefore he was served at the wrong address. But this is not so, per the process server that is the address listed for Matthew Swope. Finally, I have already demonstrated Madlon Jenkins-Rudziak owned

3

*35*

apartment 274 at Sapphire Village Development because the most recent deeds on record for that apartment said so. (Deeds. No. 2016-50, ECF No. 195-2, Ex. B).

## II. DEFENDANTS WERE SERVED WITH A SIGNED COPY OF THE THIRD AMENDED COMPLAINT

I sent all 119 pages and signed copy of the Third Amended Complaint (Third Am. Compl. No. 2016-50, ECF No. 34.) and with this Court's stamped "Rec'd DCVI-ST 07'28'16 AM 11:00." Defendant Michael Baird in his response contended that August 28, 2016, he was served with an unsigned copy of the Third Amended Complaint and therefore service of process was defective. What Mr. Baird ambiguous statement failed to point out is that he was served by the **process server** with an unsigned copy of the Third Amended Complaint. The process server repeated the same thing for Joanne Levesque and Sidney Jarvis. However, none of the Defendants contended that the Third Amended Complaint that I sent to them failed to contain my signature and the correct number of pages. Therefore, all Defendants have been properly served with the Third Amended Complaint.

## III. DEFENDANTS WERE SERVED WITH SUMMONS THAT MEET THE REQUIRMENT OF RULE 4 OF THE FEDERAL RULE OF CIVIL PROCEDURES

I sent Defendants a copy of the Summons filed with the Clerk of this Court. The Summons included the Clerk's signature, and the Court's seal. Further, the Summons had the claim number, defendants' name and address, as well as my name and address. (Exhibit A). Therefore, the Summons met all the requirements of Rule 4 of the Federal Rule of Civil Procedure. Further, Defendants Sapphire Village Condominium Owners Association (through

4

36

counsel Michael Fitzsimmons), Sidney Jarvis, Joanne Levesque argued that the Summons failed to contain all the Defendants' name and that the requirement is plural "parties" and therefore they don't have notice of the other Defendants. There is no such requirement, because the word "parties" is referring to plaintiff and defendant because there could be one defendant. Therefore, all that is required is for Defendant's name to be on the Summons. Furthermore, I could have simply listed Sapphire Village Condominium Owners Association, et al., and Defendants would have to look at the Third Amended Complaint for the additional co-Defendants. However, the Third Amended Complaint listed all the Defendants' name so that Defendants have noticed of their co-Defendants.

## IV. ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL RULE OF CIVIL PROCEDURES

All defendants have been properly served pursuant to Rule 4 of the Federal Rule of Civil Procedures with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, at their last known resident by certified mail, return receipt requested. (Exhibit A). As such, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4 of the Federal Rule of Civil Procedures. (Affirm. No. 2016-50, ECF No. 190-1.).

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

- For this Court to deny all Defendants' motion to dismiss for insufficiency of process of service.

Dated: January 30, 2017

5

$34$

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

6

38

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

 St. Thomas, VI 00802

Telephone: (340)774-2944 Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

 San Juan, Puerto Rico 00913

7

*39*

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 30, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

*40*

Case: 16-3601 Document: 0651125413739-1 Page: 49 Date Filed: 02/16/2017
Case: 3:16-cv-00050-CVG-RM Document: 0651125413739-1 Filed: 01/30/17 Page 1 of 3

1

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| Wilnick Dorval | ) | |
| --- | --- | --- |
|     Plaintiff | ) | |
|     v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
|     Defendants | ) | |

January 30, 2017

## AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF CONSOLIDATED REPLY TO

## DEFENDENTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a consolidated reply to Defendants' motion to dismiss for lack of

personal jurisdiction to be filed on my behalf, Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I served all Defendants, **except Michael Baird**, by certified mail (Priority Mail) and

return receipt requested, with a signed copy of the Third Amended Complaint (Third Am.

Compl. No. 2016-50, ECF No. 34.) and with this Court's stamped "Rec'd DCVI-ST 07'28'16 AM

11:00." Further, the Third Amended Complaint listed all Defendants' name on the first page;

therefore, all Defendants have noticed of Co-Defendants. (Affirm. No. 2016-50, ECF No. 190-1.)

EXHIBIT A

41

4.    The process server served defendant Michael Baird, on August 28, 2016, with a different
copy of the Third Amended Complaint then the one that I served upon all the other Defendants.
(Exhibit B).

5.    I served all Defendants, except **Michael Baird**, by Priority Mail certified and return
receipt requested, with a copy of the Summons filed with this Court that included this Court
Clerk's signature, seal and claim number. Also, the Summons contained Defendants' name, and
address and my name and address. The following Summons were sent to Defendants:

1.  Sapphire Village Condominium Owners Association/ Michael Fitzsimmons.
    (Summons. No. 2016-50, ECF No. 9).

2.  Mark Marolf. (Summons. No. 2016-50, ECF No. 27).

3.  Jacqueline Lindberg. (Summons. No. 2016-50, ECF No. 8).

4.  Sarah Whyte. (Summons. No. 2016-50, ECF No. 23).

5.  Bernard Vansluytman. (Summons. No. 2016-50, ECF No. 28).

6.  Jonathon Morgan. (Summons. No. 2016-50, ECF No. 22).

7.  James Koulouris. (Summons. No. 2016-50, ECF No. 35).

8.  Ellen Hansen. (Summons. No. 2016-50, ECF No. 24).

9.  Nora Ibrahim. (Summons. No. 2016-50, ECF No. 21).

10. Thomas Cordero. (Summons. No. 2016-50, ECF No. 11).

11. Lourdes Cordero. (Summons. No. 2016-50, ECF No. 59).

12. Sidney Jarvis. (Summons. No. 2016-50, ECF No. 16).

13. Madlon Jenkins-Rudziak. (Summons. No. 2016-50, ECF No. 37 and 63).

14. Joanne Levesque. (Summons. No. 2016-50, ECF No. 12).

EXHIBIT A

42

15. Matthew Swope. (Summons. No. 2016-50, ECF No. 26).

6. I went to the Virgin Islands Property Records office and obtained the deeds, and mortgage documentations for all the owners at Sapphire Development and their other properties in the U.S. Virgin Islands. Defendants' name and address were listed on these documentations. Specifically, Lourdes Cordero and Thomas Cordero owned several properties at Sapphire Village Development and the deeds and mortgage documents reflected that they co-owned these properties and listed their home address as: 2305 Laurel St., # 616, San Juan, Puerto Rico 00913. (Deed. Cordero. Ex B). In addition, the deeds for Marlon Jenkins-Rudziak showed a P.O. Box, so the process server provided the address at 157 Farrington Dr. Newman, GA 30263-7425. Moreover, I received the certified return receipt card for Lourdes Cordero, Thomas Cordero and Madlon Jenkins-Rudziak for the addresses above.

7. I observed each of the tenants entering and leaving their vehicles in the parking lot of the St. Vincent building during the relevant period of this complaint. I went to the parking lot and wrote down the license plate number and vehicle description for each tenant and all of the vehicles had U.S Virgin Islands plates: (1) defendant Matthew Swope drove a Black Chevy Tahoe Plate TER-890 (2) defendant Ellen Hansen drove a Green Jeep Renegade plate TEU-176 (3) defendant Sarah Whyte drove a Gray Suzuki Grand Vitara plate TCM-035 (4) defendant Nora Ibrahim drove a Toyota DX plate TDC-712 (5) defendant James B. Koulouris drove a Black Jeep Wrangler, plate TEK-741. Further, the process server provided the name and address for each of the tenants based on the vehicle registration information and others documents.

/s/ Wilnick Dorval

Wilnick Dorval

EXHIBIT A

Pages:
Doc# 2013007382
Filed & Recorded
09/18/2013    11:47AM
ERICA DOVER,  M.P.A.
RECORDER OF DEEDS
ST THOMAS/ST JOHN
RECORDING FEE          $        92.00
DEED DOC STAMP 2.0     $     1,596.00
PER PAGE FEE           $         4.00

## SPECIAL WARRANTY CONDOMINIUM DEED

THIS INDENTURE, dated this 20 day of August, 2013, by and between THOMAS C. CORDERO, whose mailing address is 2305 Laurel St. #616, San Juan, PR 00913 ("GRANTOR"), and SAPPHIRE BEACH VACATIONS, LLC,     a U.S. Virgin Islands limited liability company, whose mailing address is 15208 Red Hollow Rd., Gravois Mills, MO 65037 ("GRANTEE");

WITNESSETH: That for and in consideration of the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($37,500.00) receipt of which is hereby acknowledged,

THE GRANTOR DOES HEREBY GRANT, CONVEY AND RELEASE unto the GRANTEE, the successors and assigns of Grantee, in fee simple absolute, forever, the real property described as follows:

> Marina Slip Condominium Unit No. N-6 (the "Slip Unit"), in the Project known as SAPPHIRE BEACH RESORT AND MARINA CONDOMINIUM located at Parcels Nos. 11-I, 11-J, 11-K, 11-L, 11-M, and 16-1-5 Estate Smith Bay, Nos. 1, 2 and 3 East End Quarter, St. Thomas, Virgin Islands

designated and described as such in the Declaration dated November 2, 1987 establishing a plan for condominium ownership of said buildings, slips and said property (hereinafter collectively called the "Property"), made by Bayside Resort, Inc. under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28, Virgin Islands Code), and recorded in the Office of the Recorder of Deeds for St. Thomas and St. John on January 21, 1988 in Book 31-N, Page 388, Doc. No. 24 and in Auxiliary 21-H at Page 202 (hereinafter called the "Declaration"); as amended by First Amendment to Declaration dated March 3, 1988, recorded March 3, 1988, Book 31-T, Page 37, Doc. No. 174 and in Auxiliary 21-H, Page 202; as further amended by Second Amendment to Declaration dated June 6, 1988, recorded June 9, 1988, Book 32-I, Page 384, Doc. No. 938 and in Auxiliary 21-H, Page 202; as further amended by Third Amendment to Declaration dated December 8, 1988, recorded December 29, 1988, Book 33-I, Page 337, Doc. No. 1947 and in Auxiliary 21-K, Page 141; as further amended by Fourth Amendment to Declaration dated June 4, 1991, recorded June 24, 1991, Book 37-S, Page 234 to 262, Doc. Nos. 641 to 643, and in Auxiliary 21-H, Page 201; as further amended by Fifth Amendment to Declaration dated January 28, 1993, recorded February 16, 1993, Book 40-R, Page 233, Doc. No. 219 and in Auxiliary 21-H, Page 201; and as may be further amended from time to time.

Doc # 2013007382

(EXHIBIT B)

44

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Wilnick Dorval | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) |
| Association, et al. | ) |
| Defendants | ) |

January 28, 2017

### FOURTH NOTICE OF LIST OF ELECTRONIC EVIDENCE PROVIDED TO DEFENDANTS

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, states the following:

I hereby notify the United States District Court of the Virgin Islands for the District of St.

Thomas and St. John that I provided the electronic records listed below on a flash drive to all

Defendants.

I sent by First Class U.S. Mail on December 9, 2016, 10 SanDisk and 6 PNY flash drive

32G, containing the following electronic records:

1. June 25, 2016, Video file MAH 00358-MP4

2. June 27, 2016, Video file MAH 00402-MP4

1

45

3. August 8, 2016, Video file MAH 01985-MP4

4. August 8, 2016, Video file MAH 01983-MP4

5. August 14, 2016, Video file MAH 02209-MP4

6. July 25, 2016, Video file MAH 01397-MP4

7. October 6, 2016, Video file MAH 04222-MP4

8. October 2015, IMG_0053

9. October 2015, IMG_0108

10. November 1, 2015, IMG_0173

11. January 25, 2016, WP_2016125_12_14_21 Pro

12. April 10, 2016, WP_20160410_23_21_57 Pro

13. April 10, 2016, WP_20160410_23_21_32 Pro

14. June 19, 2016, Video file MAH 00208-MP4

15. June 23, 2016, Video file MAH 00307-MP4

16. June 23, 2016, Video file MAH 00311-MP4

17. June 27, 2016, Video file MAH 00395-MP4

18. February 10, 2016, Video, WP 20160210_17_03_05_Pro

19. February 19, 2016, Video, WP 20160219_11_41_42_Pro

2

46

20. February 22, 2016, Video, WP 20160222_10_03_02_Pro

21. March 22, 2016, Video, WP 20160322_09_13_48_Pro

22. February 18, 2016 Audio, VOICE001 MP3 file

23. April 30, 2016, WP_20160430_15_13_50_Pro

24. October 27, 2015, Video IMG_0090

25. October 2015, Video file IMG_0086

26. November 4, 2015, Audio file

27. November 7, 2016, Video file MAH 05567

28. November 7, 2016, Video file MAH 05569

29. November 11, 2016, Video file MAH05885

30. November 14, 2016, Video file MAH06074

31. November 15, 2016, Video file MAH06135

32. November 15, 2016, Video file MAH06139

33. November 19, 2016, Video file MAH06174

34. November 19, 2016, Video file MAH06182

35. November 25, 2016, Video file MAH06189

36. November 26, 2016, Video file MAH06552

3

47

37. November 27, 2016, Video file MAH06560

38. November 30, 2016, Video file MAH06732

39. November 30, 2016, Video file MAH06731

I sent by First Class U.S. mail on December 20, 2016, 16 DataStick Centon flash drive 4G

containing the following electronic records:

1. December 6, 2016, Video file MAH 06928

2. December 15, 2016, Video file MAH07497

3. December 15, 2016 Video file MAH07503

4. December 16, 2016, Video file MAH07534

5. December 18, 2016, Video file MAH 07794

I sent by First Class U.S. mail on January 10, 2017, 15 DataStick Centon flash drive 32G

containing the following electronic records:

1. December 13, 2016, Video file MAH 07369

2. December 13, 2016, Video file MAH07401

3. December 15, 2016, Video file MAH07490

4. December 16, 2016, Video file MAH07542

5. December 21, 2016, Video file MAH07990

6. January 1, 2017, Video file MAH08731

7. March 21, 201, Video file WP_20160321_11_38_31 Pro.

8. June 22, 2016, Video file MAH00271

4

*4 8*

9. July 8, 2016, Video file MAH00849

10. July 8, 2016, Video file MAH00850

11. July 9, 2016, Video file MAH00857

12. July 10, 2016, Video file MAH00877

13. July 11, 2016, Video file MAH00912

14. July 14, 2016, Video file MAH00998

15. July 15, 2016, Video file MAH01000

16. July 15, 2016, Video file MAH00999

17. July 28, 2016, Video file MAH00439

18. July 29, 2016, Video file MAH0619

19. July 30, 2016, Video file IMG_1260

I sent by First Class U.S. mail on January 14, 2017, 10 PNY and 5 SanDisk flash drive 32G

containing the following electronic records:

1. June 22, 2016, Video file MAH00270

2. June 22, 2016, Video file MAH00272

3. June 22, 2016, Video file MAH00273

4. December 18, 2016, Video file MAH07736

5. December 18, 2016, Video file MAH07734

6. December 18, 2016, Video file MAH07732

7. December 18, 2016, Video file MAH07731

8. December 19, 2016, Video file MAH07725

9. December 26, 2016, Video file MAH08345

5

4 9

10. December 26, 2016, Video file MAH08344

11. December 26, 2016 Video file MAH08343

12. December 26, 2016 Video file MAH08342

13. December 26, 2016, Video file MAH08341

14. December 26, 2016, Video file MAH08346

15. December 26, 2016, Video file MAH08347

16. December 27, 2016, Video file MAH08386

17. January 6, 2017, Video file MAH09057

18. January 6, 2017, Video file MAH09058

19. January 6, 2017, Video file MAH09059

20. January 6, 2017, Video file MAH09061

21. January 6, 2017, Video file MAH09062

22. January 8, 2017, Video file MAH09201

23. January 8, 2017, Video file MAH09204

24. January 8, 2017, Video file MAH09207

25. January 8, 2017, Video file MAH09208

26. January 9, 2017, Video file MAH09220

27. January 11, 2017, Video file MAH09399

I sent by First Class U.S. mail on January 28, 2017, 15 DataStick Centon flash drive 32G containing the following electronic records:

1. January 17, 2017, Video file MAH09778

2. January 17, 2017, Video file MAH09780

6

*50*

3. January 18, 2017, Video file MAH00006

4. January 18, 2017, Video file MAH00007

5. January 18, 2017, Video file MAH00075

6. January 18, 2017, Video file MAH00076

7. January 19, 2017, Video file MAH00085

8. January 19, 2017, Video file MAH00092

9. January 22, 2017, Video file MAH00296

10. January 22, 2017, Video file MAH00298

11. June 20, 2016, Video file IMG_0590.

12. June 20, 2016, Video file IMG_0590. Corrected IMG_0591

13. January 24, 2017 Video file MAH00473. Corrected MAH00471

14. January 24, 2017 Video file MAH00473

15. January 24, 2017, Video file MAH00491

16. January 24, 2017, Video file MAH00492

17. January 24, 2017, Video file MAH00494

18. January 3, 2017, Video file MAH08840

19. March 5, 2016, Video file WP_20160305_15_45_02.

Dated: January 28, 2017

51

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy and a 32G flash drive by first class U.S.

Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

8

$5\,\text{\textsterling}$

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

9

53

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 28, 2017

10

5 H

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

11

55

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

January 27, 2017

### THIRD NOTICE OF CERTIFICATE OF PROCESS OF SERVICE

COMES NOW, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants in this action because service of

process has been completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures.

## ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL

### RULE OF CIVIL PROCEDURES

I hereby notify the Court that the following Defendants have been properly served

pursuant to Rule 4 of the Federal Rule of Civil Procedures with a singed copy of the Third

1

*56*

Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge;

Summons, at their last known residents by certified mail, return receipt requested. (Exhibit A):

1. Sapphire Village Condominium Owners Association/ Michael Fitzsimmons.

   (Summons. No. 2016-50, ECF No. 9).

2. Mark Marolf. (Summons. No. 2016-50, ECF No. 27).

3. Jacqueline Lindberg. (Summons. No. 2016-50, ECF No. 8).

4. Sarah Whyte. (Summons. No. 2016-50, ECF No. 23).

5. Bernard Vansluytman. (Summons. No. 2016-50, ECF No. 28).

6. Jonathon Morgan. (Summons. No. 2016-50, ECF No. 22).

7. James Koulouris. (Summons. No. 2016-50, ECF No. 35).

8. Ellen Hansen. (Summons. No. 2016-50, ECF No. 24).

9. Nora Ibrahim. (Summons. No. 2016-50, ECF No. 21).

10. Thomas Cordero. (Summons. No. 2016-50, ECF No. 11).

11. Lourdes Cordero. (Summons. No. 2016-50, ECF No. 59).

12. Sidney Jarvis. (Summons. No. 2016-50, ECF No. 16).

13. Madlon Jenkins-Rudziak. (Summons. No. 2016-50, ECF No. 37 and 63).

14. Joanne Levesque. (Summons. No. 2016-50, ECF No. 12).

15. Matthew Swope. (Summons. No. 2016-50, ECF No. 26).

Therefore, service of process was completed pursuant to 5 V.I.C § 4911(a)(3) as applied by Rule

4 (e) of the Federal Rule of Civil Procedures.

2

5 7

In addition, Michael Baird was served by the process server (Affirm. of. Baird. No. 2016-

50, ECF No. 168-1).

Dated: January 27, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

3

*58*

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

4

*59*

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 27, 2017

5

*60*

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

6

61

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

January 27, 2017

## AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF NOTICE OF PROCESS OF

### SERVICE OF ALL DEFENDANTS

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a Third Notice of Process of Service to be filed on my behalf,

Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I served all Defendants, **except Michael Baird,** by certified mail and return receipt

requested, with a signed copy of the Third Amended Complaint (Third Am. Compl. No. 2016-50,

EXHIBIT A

62

ECF No. 34.) and with this Court's stamped "Rec'd DCVI-ST 07'28'16 AM 11:00." (Notice. Serv.

Proc. No. 2016-50, ECF No. 211, 211-4) and (Notice. Serv. Proc. No. 2016-50, ECF No. 190, 190-

2). Further, the Third Amended Complaint listed all Defendants' name on the first page.

Therefore, all Defendants have noticed of Co-Defendants.

4.      Defendant Michael Baird was served by the process server on August 28, 2016, with a

different copy of the Third Amended Complaint then the one that I served upon all the other

Defendants. (Exhibit B).

5.      All Defendants were served with a copy of the Summons issued by the Clerk of this

Court and the Summons contained the Clerk's signature and the Court's seal.

6.      Further, all the Summons contained the case number, defendant's name and address, as

well as my name and address.

/s/ Wilnick Dorval

EXHIBIT A

63

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Michael Baird

was received by me on *(date)*  08/23/2016  .

☒ I personally served the summons on the individual at *(place)*  171 PARKVIEW DRIVE, PICKERINGTON, OHIO 43141

on *(date)*  08/28/2016 AT 1:50 PM

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*  , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*  , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*  ; or

☐ I returned the summons unexecuted because  ; or

☐ Other *(specify):*

My fees are $  for travel and $  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  09/01/2016

*Server's signature*

Derek Keller – Process Server
*Printed name and title*

BEVERLEE S. SOKOL
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires 6/30/2019

1156 Alum Creek Dr, Columbus, OH 43209
*Server's address*

Additional information regarding attempted service, etc:

*6 4*

*(EXHIBIT B)*

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, et al, | ) | |
| Defendants | ) | |

January 25, 2017

**FIFTH MOTION FOR PERMANENT RESTRAINING ORDER, PRELIMINARY AND PERMANENT**

**INJUNCTION ON DEFENDANTS SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION,**

**LOURDES CORDERO, THOMAS CORDERO**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to

Rule 65 of Federal Rule of Civil Procedures to issue a Permanent Restraining Order on

Defendants Sapphire Village Condominium Owners Association ("Association"), Lourdes

Cordero and Thomas Cordero, to enjoin Defendants from continuing to violate federal and V.I.

criminal code violations such as making threats, assault, harassment, and disturbance of the

peace; the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin

Islands Law Against Discrimination, V.I. Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981, and 1982

because of discrimination based on race and national origin.

1

65

Sapphire Village Condominium Owners Association, Lourdes and Thomas Cordero, Moe's Fresh Market and Wallie Hamed have recruited and hired some unknown black persons to make excessive noise disturbances, stalk, harass, make threats of bodily harm and assault me inside and outside of the Sapphire Village Development, since I filed a complaint against them. These unknown black persons are purposely and intentionally attacking me and disturbing the peace in the stores and streets to draw intention so that everyone can observe that the criminally aggressive and predatory conducts at Sapphire Village Development and Moe's Fresh Market are not racially motivated. Further, the Association and Lourdes and Thomas Cordero recently recruited and hired some unknown black persons to stay in Lourdes and Thomas Cordero's apartment to make excessive noise disturbances that can be heard in the parking lot of the St. Vincent building for more than 2 to 3 hours during the day and at night. The Association, Lourdes Cordero, Thomas Cordero and Moe's Fresh Market illegal efforts to undermine the complaints against them, have caused me to fear for my life, anxiety, worries and severe intentional emotional distress. Therefore, I respectfully request that this Court grant me a permanent injunctive relief to prevent Defendants from causing me fatal injuries.

I have attached an Affirmation to support this motion for permanent restraining order. (Exhibit A).

## THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C SECTIONS 3601-3619 and 1981 and 1982

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332,

2

66

§1345 and 42 US.C. 3613. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982. All the Defendants have been served pursuant to Rule 4 of the Federal Rule of Civil Procedures. Each defendant has been properly served with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, at their last known residents by certified mail, return receipt requested. Therefore, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4(e) of the Federal Rule of Civil Procedures.

## STANDARD FOR GRANTING PERMANENT RESTRAINING ORDER

To obtain injunctive relief, a party must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes citing Gerardi v. Peulullo, 16 F .3d 1363, 173 (3d Cir. 1994) describing factors for issuing preliminary injunction.).

## SUMMARY OF FACTS

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 since October, 1, 2015, from Emad O'Baidi. (Third Am. Compl. at ¶ 2.1, No. 2016-50, ECF No. 34.). Starting on about October 5, 2015, my neighbors and a gang of individual have engaged in a pattern of harassment, invidiously motivated and backed by Sapphire Village Condominium Owners Association ("Association") to which Defendants belong to force me out my home because of my race (Black) and national origin (Haitian). The Association, Lourdes and Thomas Cordero,

3

67

Moe's Fresh Market and Wallie Hamed recruited and hired black persons to harass, intimidate, threaten me with bodily harm, assault me and make excessive noise disturbances because I filed racial discrimination claims against them.

The racial discrimination started during my second week in my apartment when my white neighbors made false noise disturbance complaints against me and the Association acted zealously and aggressively to investigate their complaints by sending, Mark Marolf, Sapphire Village Property Manager, Sapphire security, and the police to my apartment twice. During the second investigation, Sapphire security guard and I heard a loud banging noise emanating from the neighbors' apartments while we were standing on the walkway of the St. Vincent building and because of that I refused Mr. Marolf entrance into my apartment. However, Mr. Marolf and the security guard followed me around the entire Development and Mr. Marolf stated "I will follow you where ever you go." (Third Am. Compl. at ¶ 4.1.19, No. 2016-50, ECF No. 34.).

Since October 5, 2015, I noticed that the screen door on all the apartments in the St. Vincent building slammed when it closes making blurring noise disturbances that reverberated throughout my apartment. Further, Occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas's Cordero's apartments continued to make loud banging, screaking and stumping sounds and they purposely and deliberately slammed the screen and front doors repeatedly day and night for more than 2 to 3 hours that caused loud noise disturbances. (Affirm. No. 2016-50, ECF No. 220-3, 219, 215-1, 214-1, 206-1, 197-1.).

In addition, the neighbors stalked and engaged in criminally aggressive and predatory conducts such as: lunging at the corner of my eyes and flicking their heads each time that I

4

68

looked up; following me inside and outside of the Sapphire Village Development; Further, the neighbors broke the door knob to my front door twice. (Affirm. at ¶ 10. No. 2016-50, ECF No. 223-1.); they drew graffiti and left food and a chair in front of my apartment door. (Affirm. at ¶ 5, No. 2016-50, ECF No. 169-1.); A white male neighbor threw a water bottle at my head from the Dominica building, that is part of the Development; while I was walking on the beach a white male threaten to "beat the shit out of me" while his family and he were flicking their heads; (Affirm. at ¶ 9, No. 2016-50, ECF No. 182-1.) the neighbors yelled racial epithets, slurs and threats at me "go home or you will die here."; Defendant Jacqueline Lindberg appeared each time I exited my apartment and stated that it would be like 666 if I stay here; Id. November 9, 2016, I went to Sapphire Village Development's office to complain about excessive noise disturbances that emanated from defendant Joanne Levesque's apartment all night and limited me to 2 hours of sleep. In the office, one of the white neighbors stated "new administration." She was referring to the fact that Donald Trump won the election and implied that the neighbors are now allowed to make excessive noise disturbances to drive me out of my home because of my race and national origin. In addition, a white male neighbor in apartment 269 stated "I really don't like you." "you better walk away…. that's right walk away from here." And "that black guy is a bum" and "he wears the same clothes every day." And he followed me to the post office. (Affirm. at ¶ 1.1, No. 2016-50, ECF No. 204-1.).

As a consequence of my neighbors' racist conducts and aggressive behaviors, I have been unable to use my bedroom since October 5, 2015, because of the excessive noise disturbances. Also, I have been unable to enjoy my balcony, or any amenities at Sapphire Village Development, including the two pools, restaurant, lounge and Sapphire Beach.

5

69

I submitted daily complaint to the Association about the neighbors' racial harassment and excessive noise disturbances. But the Association targeted my apartment for excessive noise disturbances during construction repairs and landscaping on St. Vincent building. The Association had four major construction repairs on the St. Vincent building more than any other building in the Development from November 2015 through April 2016. The Association purposely and deliberately stationed the construction crew, Aerial platform, and equipment underneath my bedroom window. The excessive construction noise disturbances made my apartment vibrate and impaired my apartment completely from 9 a.m. through 6. p.m. for six months. Consequently, I could not read, write, talk on the phone, rest and sleep in my apartment during the constructions. By the end of April 2016, I was suffering with monthly nose bleed. In addition, the Association directed their maintenance staff to conduct landscaping and cleaning between 7:00 a.m. and 8:00 a.m. in front of my apartment to deliberated and purposely create massive noise disturbances that interfered with my sleep. (Affirm. at ¶ 8, No. 2016-50, ECF No. 178-1.).

February 24, 2016, the Association's Attorney Michael Fitzsimmons sent me a letter stating that the Association does not and will not investigate nor resolved my racial harassment complaints about the neighbors 's criminally aggressive and predatory conducts, including excessive noise disturbances. (Affirm. at ¶ 11, No. 2016-50, ECF No. 223-1). Furthermore, Mr. Fitzsimmons sent two letters to Mr. O'Baidi, May 26, 2016 and June 8, 2016, threatening to take legal actions on behalf of the Association and two neighbors unless Mr. O'Baidi evict me out of my home. In addition, Mr. Fitzsimmons made false statements and racial profiled me

6

*70*

and predicted that I will commit criminal acts such as assault and battery because of my race

(Black) and national origin (Haitian). Affirm. at ¶ 12, No. 2016-50, ECF No. 223-1).

# I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUED TO

# VIOLATE THE FAIR HOUSING ACT, FEDERAL AND VIRGIN ISLAND CRIMINAL CODE

## 42 U.S.C. § 3604 CLAIMS

Defendants violated 42 U.S.C. § 3604 when they made excessive noise disturbances all

day and night that prevent me from using my bedroom since October 5, 2015, and when

Defendants attempted to coerce, intimidate and threaten to take legal action against me and

my landlord for not evicting me out of my home because of my race and national origin. 42

U.S.C. § 3604 prohibits discrimination during and post-acquisition of a rental dwelling base on

race, color, religion, sex, familial status or national origin. Further, 42 U.S.C. § 3604 makes it

unlawful to:

- (a) Refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin.
- (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

The term "make unavailable" includes actual eviction, constructive eviction, or attempted

constructive eviction. George v. Colony Lake Property Owners Assn't, 2006 WL 1735345 at *2

(N.D.ILL.2006) and Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et

al., 388 F.3d 327 (7th Cir.2004). Further, in Jackson v. Comberg, 2007 WL 277418 (M.D.Fla.

August 22, 2007), the court held that the prohibitions under § 3604(b) of the Fair Housing Act

applies to discriminatory conducts during the rental of the property but not after the sale of

7

71

home because a rental arrangement involves an ongoing relationship between the landlord and tenant, unlike the sale of a home which is a single event.

To state a claim under Section 3604(b) a Plaintiffs must show that (1) they have rights protected under the Fair Housing Act; (2) defendants have engaged in discriminatory conducts; and (3) as a result of defendant's discriminatory conduct, plaintiffs have suffered a distinct and palpable injury. Hicks v. Makaha Valley Plantation Home Owners Ass'n, 2015 WL 4041531 at *10 (D.Hi.2015). In George, 2006 WL 1735345 (N.D.ILL.2006), the court found that Plaintiffs, African American, would be evicted because the Home Owners Association amended the by-laws to bar renters which would make the rental of the dwelling "unavailable" to Plaintiffs under Section 3604.

I am black and Haitian born naturalized citizen of the United States and I rent apartment 265 at Sapphire Village. Occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments have been making and continued to purposely and deliberately make excessive noise disturbances during the day and at night for hours to force me out of my home because of my race (Black) and national origin (Haitian) and have made my bedroom "unavailable" to me since October 5, 2015. (Affirm. at ¶ 8, No. 2016-50, ECF No. 223-1). In addition, the Association excessive construction noises made my apartment unavailable for six months from 8:00 a.m. through 6:00 p.m. Furthermore, the Association and the neighbors sent two letters threatening legal actions to coerce, intimidate, and pressure my landlord to evict me from my home, because they perceived that my race and national origin are unprofitable for their rental business. This case is similar to George, 2006 WL 1735345 (N.D.ILL.2006), in that the Association and the neighbors perceived that having a black

8

72

male of Haitian national origin in the Development is unprofitable for their rental business. In
both cases the Association and the neighbors took actions that would evict black plaintiffs from
their homes simply because of their race. See U.S. V. Hylton, 944.F.Supp.2d 176, 184
(D.CT.2013) (Black landlord perceived that "Black" tenants are unprofitable for his rental
business). The Association and the neighbors violated § 3604 by making excessive noise
disturbances that deprived me of the use of my bedroom and when they threaten legal actions,
including eviction against me and my landlord to make my home "unavailable" to me, similar to
the amendment that the Association made to its By-laws in George to make the dwelling
"unavailable" to African American renters.

## 42 U.S.C § 3617 CLAIMS

The Association and the neighbors created a hostile environment for me and the
neighbors engaged in a pattern of criminally aggressive and predatory behaviors to force me
out of my home, because of my race (Black) and national origin (Haitian). As such Defendants
interfered with my Fair Housing rights. Section 3617 states that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the
> exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of
> his having aided or encourage any other person in the exercise or enjoyment of, any right
> granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C § 3617. To state a claim under Section 3617, plaintiff must show that: (1) she is a
protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her
fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the

9

73

plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate. Kromenhoek v. Cowpet Bay West Condominium Association, 77 F.Supp.3d 462, 474 (D.V.I. 2014). The court defined the term "interference" as more than "a simple quarrel between neighbors or the isolated act of harassment committed by the landlord, but rather it is "a pattern of harassment, invidiously motivated." Id, Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et al., 388 F.3d 327 at 330 (7th Cir.2004).

In Ohana v. 180 Prospect place Realty Corp., 996 F.Supp. 238 (E.D.N.Y.1998). The court held that plaintiffs had already exercise their rights to fair housing when they rented the property and that defendants intentionally interfered with the enjoyment of these rights because of plaintiffs' race, religion and national origin. Defendants engaged in a series of discriminatory acts against the Plaintiffs because of their race (Hebrew), religion (Jewish), and national origin (Middle Eastern) in the form of racial and anti-Jewish slurs and epithets, threats of bodily harm, and noise disturbances. For example, Defendants banged on the walls and hammered loudly while hollering 'Jews move,' at around 2:00 a.m. and 2:30 a.m. In that case the court stated that "It is simply about holding one accountable for intentionally intruding upon the quietude of another's home because of that person's race, color, religion, sex, familial status or national origin." Id.

I am black and Haitian born U.S. naturalized citizen. I rent apartment 265 at Sapphire Village Development. The Association and my neighbors have been making excessive noise disturbances and they engaged in a series of discriminatory acts against me based upon my race (Black) and national origin (Haitian). These acts take the form of racial slurs and epithets,

10

74

vandalism to my apartment, threats of bodily harm, assault and battery, stalking and excessive noise disturbances. This case is similar to Ohana, 996 F.Supp. 238 (E.D.N.Y.1998), in that it is more than a simple quarrel between neighbors but a series of discriminatory acts that are intended to force me out of my home because of my race and national origin. Like Defendants in Ohana that made noise disturbances late at night, my neighbors at Sapphire Village Development made and continued to purposely and deliberately make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time and November 9, 2016, stated "there is a new administration" (i.e. Donald Trump). Another stated that "you better walk away from here." and that "this black guy is a bum... he wears the same clothes every day." Therefore, the Association and the neighbors interfered and continue to interfered with my Fair Housing rights because of my race and national origin, similar to Defendants in Ohana.

In addition, the Association and the neighbors created a hostile environment for me at Sapphire Village Development. To state a hostile housing environment claim based on race discrimination against a management company or condominium association, a plaintiff would have to show that: (1) she was subject to unwelcome harassment based on race; (2) the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and (3) the management company or condominium association knew or should have known of the harassment question and failed to take prompt remedial action. Hicks, 2015 WL 4041531, at *11 (D.Hi.2015), and Reeves v. Carrolsburg Condominium Unit Owners Ass'n., 1997 WL 1877201, at *7 (D.D.C. Dec. 18, 1997). The neighbors' excessive noise disturbances, stalking, threats of bodily harm, assault and battery, blocking my path, lunging at the corner of my eyes with military precision and flicking their heads are all unwelcome harassments. The neighbors'

11

75

harassments are intentional because their behaviors are well organized and synchronized to

military precisions in that Defendants knew exactly where to be on the roads, parking lots, and

walkways, when to lunged and ran quickly to get to a certain spot. Accordingly, my neighbors

racially motivated behaviors are severe and pervasive because the harassment is on-going and

continuous. As such, I still have not been able to enjoy my apartment, balcony, run around the

Sapphire Village Development for exercise, use the swimming pools, lounge and Sapphire

Beach. The Association have known of my racial harassment complaints because I sent them a

letter everyday describing the neighbors' racial statements and excessive noise disturbances.

However, the Association has not investigated nor resolved my discriminatory complaints.

## 42 U.S.C § 1981 CLAIMS

The Association and the neighbors interfered with my lease agreement when they

attempted to coerce, intimidate and threaten to file legal actions against me and the landlord

for not evicting me out of my home because of my race (Black) and national origin (Haitian). 42

U.S.C § 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in
> every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to full and equal benefit of all laws and proceedings for the security
> of persons and property as is enjoyed by white citizens, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to
> no other.

42 U.S.C. § 1981. To state a claim under § 1981, Plaintiffs must show that (1) they are members

of a racial minority; (2) the Association had an intent to discriminate on the basis of race; and

(3) the discrimination concerned one or more of the activities enumerated in the statutes.

George, 2006 WL 1735345 at *3 (N.D.ILL.2006). I am black and of Haitian national origin. I rent

12

$76$

apartment 265 at Sapphire Village. The Association and the neighbors discriminated against me when they sent letters to my landlord on May 26, 2016 and June 8, 2016, that characterized me as a criminal and falsely accused me of criminal conducts that never occurred to coerce, intimidate and pressure my landlord to evict me because the Association and owners perceived that it is unprofitable to have a black man of Haitian national origin living next to their rental business. The Association interfered with my lease agreement in the following ways: coercing and threatening my landlord so he can evict me because of my race and national origin; refusing to enforce By-laws, rules and regulation against my white neighbors; and acted aggressively when my white neighbors complained about purported noise emanating from my apartment, after they rigged their screen door-closer to cause blurring noise disturbances. Accordingly, the Association and neighbors violated section 1981.

## 42 U.S.C § 1982 CLAIMS

The Association acted with racial animus to deprive me of my right to live and lease my apartment by refusing to enforce its By-laws, Rules and Regulations and investigate my racial harassment complaint against the neighbors. 42 U.S.C. § 1982 provides that:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. To state a claim under Section 1982 a "[p]laintiffs must allege that (1) Defendant had a racial animus, (2) intended to discriminate against the Plaintiffs, and (3) deprived the Plaintiffs of protected rights because of the Plaintiffs' race." George v. Colony Lake Property

13

77

Owners Assn'n, 2006 WL 1735345 at *3 (N.D.ILL.2006). The Association violated Section 1981

and 1982 in the following ways: (1) failing to enforce provisions of its bylaws, rules and

regulations and resolutions against my white neighbors, specifically, Joanne Levesque, Matthew

Swope, Jonathon Morgan, Bernard Vansluytman, Nora Ibrahim, Madlon Jenkins-Rudziak, Lourdes

Cordero and Thomas Cordero; (Affirm. at ¶ 16, No. 2016-50, ECF No. 223-1). (2) by failing to act

on my complaints of racial harassment in the same manner in which they acted on complaint and

rules violations not showing involving racial harassment. Specifically, the Association acted

zealously and aggressively when the neighbors complained in October 2015, about purported

noise emanating from my apartment. They sent Mark Marolf, security guard and the police to

my apartment twice; and (3) by tolerating and facilitating the harassment. Further, the

Association has done nothing about the excessive noise disturbances emanating from Joanne

Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's

apartments, even though I sent management excessive noise and racial harassment complaints

every day. "These claims are based not on her neighbor's racism, but on defendants' failure to

investigate and resolve her complaint of racial harassment." Bradley v. Carydale Enterprises, 707

F.Supp.217, 224 (E.D.Va.1989) and "[t]hat failure, if proven, abridged plaintiff's right to enforce

her lease contract and would, therefore, come within the explicit terms of §§ 1981 and 1982's

protective scope." Id. On February 24, 2016, the Association's attorney, Michael Fitzsimmons,

sent me a letter stating in pertinent part that the Association does not and will not investigate

my racial harassment complaints about the neighbors. The Association's tolerance of the

neighbors' racial harassment is evidence of Defendants' discriminatory intent. Such toleration

therefore interfered with my right to enforce and enjoy my lease agreement.

14

78

CIVIL AND CRIMINAL CONSPIRACY CLAIMS

The Association and neighbors acting in cahoots deliberately and purposely rigged the screen door-closer to all the apartments in the St. Vincent building to cause the screen door to slam when it closes creating blurring noise disturbances that reverberated throughout my apartment day and night to force me out of my home because of my race and national origin. "'Under Virgin Islands law, a civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A conspiracy may also consist of an agreement to do a lawful act by unlawful means.'" Whitecap Investment Corp. V. Putnam Lumber & Export Co., 2013 WL 1155430 at *13 (D.V.I.2013). All Defendants individually or collectively negligently, recklessly, intentionally removed parts of the screen door-closer or caused the screen door-closer of all the apartments in the St. Vincent building to malfunction. The screen door-closer consists of a spring and an air cylinder that controls the rate of closing of the screen door and it slammed without either one. Since, all the Defendants are in sole possession and control of the screen door and screen door-closer, they deliberately and purposely rigged the screen-door closer to cause blurring noise disturbances. Furthermore, all the Defendants know that the screen door slammed when it closes because of the blurring noise disturbances, including defendant Sidney Jarvis, President of the Association's Board of Directors. As such, all Defendants deliberately and purposely slammed their screen doors to cause severe and intense noise disturbances that reverberated throughout my apartment to force me out of my home because of my race and national origin.

I sent all the Defendants video recording of Bernard Vansluytman holding the screen door to his apartment to prevent it from slamming and video recordings of occupants of

15

$7\,9$

Lourdes and Thomas Cordero slamming the screen door and causing massive noise

disturbances that reverberated throughout my apartment. (Affirm. No. 2016-50, ECF No. 215-1,

214-1). In addition, I sent to all Defendants video recording of my screen door when it closes

and that it did not make any noise disturbances.

## NUISANCE CLAIMS

V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction)

provides for a cause of action when one's property or enjoyment of property is affected. Both

damages and injunctive relief are available. U.S. Virgin Islands courts defined private nuisances

as "a substantial, unreasonable, interference with another's interest in the private use and

enjoyment of their property". Bermudez v. Virgin Islands Telephone Corp., 2011 V.I. LEXIS 6, at

*34, 2011 WL 321000 (V.I. Super.2011). Since October 5, 2015, occupants of Joanne Levesque's,

Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero' apartments

have been making and continued to purposely and deliberately make loud banging, screaking

and stumping sounds day and night for more than 2 to 3 hours at time. Further, Defendants

rigged their screen door-closer to cause blurring noise disturbances each time the screen door

closes to force me out of my home because of my race and national origin. In addition,

Defendants have and continued to slam their front doors repeatedly day and night for hours.

Consequently, the excessive noise disturbances completely impaired my apartment.

Defendants have known about my excessive noise disturbance complaints

because, Mark Marolf sent me an e-mail December 9th and 19th, 2015, stating that he

16

$80$

spoke to the owners and tenants of apartments 273 and 257 about my noise complaints. (Affirm. at ¶ 9, No 2016-50, ECF No. 223-1).

Additionally, the Association had four major repairs on the St. Vincent building more than any other building in the Sapphire Development to target my apartment for excessive noise disturbances. The construction noises caused my apartment to vibrate and deprived me of my apartment from approximately 9:00 a.m. through 6 p.m. for more than 6 months.

Furthermore, the neighbors' excessive noise disturbances and the Association's excessive construction noises deprived me of the use of my bedroom, living room, kitchen, and bathroom. In addition, I am unable to read, write and watch television in my apartment because of the excessive noise disturbances. More importantly, I am suffering with chest pains, difficulty breathing, nausea, vomiting, severe migraine that last 2 or more days, exhaustion and nose bleed because of the excessive noise disturbances. (Affirm. at ¶ 1.2, No. 2016-50, ECF No. 223-1). Therefore, Defendants are intentionally causing blurring noise disturbances to force me out of my home because of my race and national origin.

## NEGLIGENCE CLAIMS

The Association and the neighbors are negligent because they made excessive noise disturbances, rigged their screen door-closer, harassed, stalked, hollowed racial epithets, threaten me with bodily injury, and assaulted me to force me out of my home because of my race (Black) and national origin (Haitian). To state a claim for negligence in the Virgin Islands a plaintiff must allege (1) a duty (2) a breach of that duty (3) Causation and (4) damages. Dadgostar v. St. Croix Financial Center, Inc., 2011 WL 4383424, at *6. All the Defendants

17

81

breached their duties by conspiring and acting in cahoots to deliberately and purposely: rigged the screen door-closer; discriminated; harassed; intimidated; made threats of bodily harm; committed assault and battery; vandalized; and made excessive noise disturbances to force me out of my home. Defendants illegal conducts caused me to suffer with severe emotional distress, chest pains, nausea, vomiting, severe migraine, exhaustion and nose bleed.

## INTENTIONAL EMOTIONAL DISTRESS CLAIMS

The Association and the neighbors intentionally caused me to suffer with severe emotional distress because they purposely and deliberately caused excessive noise disturbances; created a hostile environment for me inside and outside the Sapphire Village Development, hollowed racial slurs and epithets at me, committed assault and battery, and made threat of bodily harm. To state a claim for intentional emotional, distress a Plaintiff must show that the Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." Joseph v. Sugar Bay Club & Resort, Corp., 2014 WL 1133416 at *3 (V.I.Super.2014). Defendants continued to deliberately make loud banging noise disturbances day and night even though they have known about this lawsuit and the affect the excessive noise disturbances are having on my health. Additionally, Defendants continued to harass, stalk and make racial derogatory remarks about me, as such Defendants conducts are extreme and outrageous. Because of Defendants' extreme and outrageous conducts, I suffered and will continue to suffer with severe emotional distress, humiliation, anxiety and worries. Accordingly, Defendants' extreme and outrageous conducts caused me to suffer with severe emotional distress.

18

8 2

## I HAVE SUFFERED IRREPERABLE INJURY SUCH AS BODILY HARM, SEVERE EMOTIONAL DISTRESS AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED

The Association, Lourdes and Thomas Cordero, Moe's Fresh Market and Wallie Hamed recruited and hired unknown black persons to commit acts of violence, make threats against my life, harass, intimidate and cause disturbance of the peace. Specifically, this unknown back guy followed me around and threaten to crush my skull and caused me serious bodily harm. January 3, 2017, he attacked me with his fist at Pueblo Super Market and spoke loud to draw intention to his activities. Further, during the week of January 18, 2017, a group of unkown black persons that were staying in Lourdes and Thomas Cordero's apartment purposely and deliberately slammed the front doors repeatedly and made excessive noise disturbances. They made sure that I knew that they are black. Defendants are using violent and reckless tactics so that they can undermine the discrimination claims against them.

However, it is foreseeable that this guy could cause me severe bodily harm or a fatal injury next time I go out shopping . Further, these black persons in Lourdes and Thomas Cordero's apartment could cause me to suffer with cardiac arrest because of the excessive noises and the duration of the harassment that is on-going and continuous. (Affirm. at ¶ 8, No. 2016-50, ECF No. 223-1).

### DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF

Defendants will simply be enjoined from acting in cahoots to recruit and hire black persons to assault, harass, intimidate, make threats of bodily harm, assault and make excessive noise disturbances to undermine the race discrimination claims against them.

19

83

## THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT

It is in the public interest that everyone has accessed to housing and super market

without excessive noise disturbances, harassment, intimidation, discrimination, threats of

bodily harm and assault and battery because of race and national origin. It is 2017 not 1817.

## REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For Permanent Restraining Order and Permanent Injunctive relief including but not

   limited to, an order enjoining defendants Sapphire Village Condominium Owners

   Association, Lourdes Cordero, and Thomas Cordero from recruiting and hiring black

   persons to make excessive noise disturbances, harass, intimidate, make threats of bodily

   harm and assault me.

   A proposed form of order is attached hereto.

Dated: January 25, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

20

$84$

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600 Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944 Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

1

$85$

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

*86*

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 25, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

87

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| Wilnick Dorval | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

January 25, 2017

## AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF PERMANENT RESTRAINING

## ORDER AGAINST SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION, LOURDES

## CORDERO, AND THOMAS CORDERO

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.    I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a motion for permanent restraining order to be filed on my

behalf, Plaintiff, Wilnick Dorval.

2.    The statements in this Affirmation are based upon my personal knowledge.

3.    I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

EXHIBIT A

$88$

2

4.      Sapphire Village Condominium Owners Association, Wallie Hamed, Moe's Fresh Market, Lourdes Cordero and Thomas Cordero are recruiting and hiring black persons to follow me outside and inside of Sapphire Village Development and harass me. Specifically, after I filed claims against Sapphire Village Condominium Owners Association, neighbors and Moe's Fresh Market, this unknown black guy who is about 5'11" and weight approximately 190 pounds, with long breaded hair followed me everywhere I went. He flicked his head and ran at the corner of my eyes.

5.      January 3, 2017, I went to World Fresh Market LLC (Pueblo) at long bay 2 Estate Thomas, Charlotte Amelie, location. At around 3:30 p.m., I was waiting in line to pay for my groceries when this unknown black guy suddenly appeared and lunged at me several times with his fist. I ignored him and started to record the harassment. Then, He deliberately attacked me and hit me on my harm with his fist.

6.      Sapphire Village Condominium Owners Association, Wallie Hamed, Moe's Fresh Market, Lourdes Cordero and Thomas Cordero recruited and hired black persons to harass and assault me because I filed a race discrimination claims against them. They are recruiting and hiring black persons to harass me so they can argue that the neighbors and employees' racism are not racially motivated to undermine the race discrimination claims against them.

7.      Furthermore, during the week of January 14 through January 18, 2017, Sapphire Village Condominium Owners Association, Lourdes Cordero and Thomas Cordero recruited and hired some unknown black persons to stay in Lourdes and Thomas Cordero's apartment. Those hired black persons deliberately and intentionally slammed the front doors and made loud banging

EXHIBIT A

89

noise disturbances that completely impaired my apartment so that I could complain to Sapphire management about the excessive noise disturbances. Also, they made sure that I knew that they were black, because they appeared each time I exited my apartment. In addition, January 24, 2017, Lourdes and Thomas Cordero recruited and hired Sarah Whyte to make loud banging and excessive construction noises. I went to Sapphire Village Office around 2:30 p.m., to complain about the excessive banging while the noises were occurring but Sapphire management did absolutely nothing and the excessive banging continued.

8.      Prior to filing this lawsuit, I did not observe any person staying in Lourdes and Thomas Cordero's apartment that were black. These black persons were recruited and hired by the Association, Lourdes and Thomas Cordero so they can argue that the excessive noise disturbances emanating from the neighbors' apartments are not racially motivated to undermine the racial discrimination claims against them.

9.      Sapphire Village Association Condominium Owners Association, Wallie Hamed, Moe's Fresh Market, Lourdes and Thomas Cordero actions of conspiring, recruiting and hiring black persons, are criminal conducts and further support an inference that the Association, the neighbors, Wallie Hamed and Moe's Fresh Market intentionally discriminated against me.

10.     All Defendants have been properly served pursuant to Rule 4 of the Federal Rule of Civil Procedures with all 119 pages of the Third Amended Complaint with this Court's stamped "Rec'd, DCVI-ST 07'28'16 AM 11:00", Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, by certified mail, return receipt requested. (Notice. Cert. Serv. No. 2016-50, ECF No. 211-211-4, 190-190-2.)

EXHIBIT A

*90*

11.    August 11, 2016, Sapphire Village Condominium Owners Association's attorney Michael

Fitzsimmons was served with a copy of the Third Amended Complaint; Notice, Consent, and

Reference of a Civil Action to A Magistrate Judge; Summons. Moreover, I filed with this Court

the returned receipt card from Michael Fitzsimmons, Thomas Cordero and Madlon Jenkins-

Rudziak. (Motion. Perm. Restr. order. No. 2016-50, ECF No. 42-1.).

12.    Certified Mail Receipt: Michael Fitzsimmons. (Exhibit B).

## I. VIDEO RECORDINGS

1.1    I made the following video recordings of the excessive noise disturbances those black

persons that Lourdes and Thomas Cordero hired caused and when I was assaulted at Pueblo:

1. January 24, 2017, Video file MAH00491-MP4: 2:42 p.m.: Length: 1:19. (Exhibit C).

2. January 24, 2017, Video file MAH00492-MP4: 2:43 p.m.: Length: 1:00. (Exhibit D).

3. January 24, 2017, Video file MAH00494-MP4: 2:47 p.m.: Length: 3:24. (Exhibit E).

4. January 3, 2017, Video file MAH08840-MP4: 3:34 p.m.: Length: 7:42. (Exhibit F).

5. March 5, 2016, Video file WP_20160305_15_45_02. (Exhibit G).

1.2    The video recordings documented excessive noise disturbances that were emanating

from Lourdes and Thomas Cordero's apartment on January 24, 2017, from 11 a.m. until well

past 3:30 p.m. and occupants of that apartment in the act of slamming the screen door on

March 5, 2016. Further, the video recordings showed that the loud banging emanating from

Lourdes Cordero's apartment can be heard on the walkway of the St. Vincent building. Finally,

EXHIBIT A

91

the video recording showed that I went to Pueblo Supermarket and I was assaulted by this black guy that Sapphire Village Condominium Owners Association, Lourdes Cordero, Thomas Cordero, Wallie Hamed and Moe's Fresh Market hired to harass and intimidate me.

1.3     I used a SONY MV1 MUSIC VIDEO RECORDER to video record the excessive noise disturbances inside my apartment that Sarah Whyte caused in Lourdes and Thomas Cordero's apartment on January 24, 2017 and when this black guy assaulted me on January 3, 2017.

1.4     I recorded the excessive noise disturbances to a Micro SD card then made a duplicate of each video file from the Micro SD card to a SanDisk flash drive for storage. The SONY video camera automatically assigned a numerical identification number, date and time to each video file.

1.5     The excessive noise disturbances in the video recordings truly, accurately and realistically represent the loud banging sounds Sarah Whyte made in Lourdes and Thomas Cordero's apartment.

1.6     The video recordings have not been modified or edited in anyway, I made a duplicate of the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

1.7     The SanDisk flash drive has never left my possession.

/s/ Wilnick Dorval

92                                                    EXHIBIT A

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

Certified Mail Fee    $3.30                        0805
$                        $2.70                      08
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $    $0.00
☐ Return Receipt (electronic)        $    $0.00         Postmark
☐ Certified Mail Restricted Delivery  $    $0.00          Here
☐ Adult Signature Required           $    $0.00
☐ Adult Signature Restricted Delivery $
Postage        $6.45
$                                          08/11/2016
Total Postage and Fees    $12.45

Sent To *Micheal Fitzsimmons P.C*
Street and Apt. No., or PO Box No. *9900 Buccaneer Mal*
City, State, ZIP+4® *Bldg 2, Suite 9 St. Thomas 00804*

PS Form 3800, April 2015                  See Reverse for Instructions

7015 0640 0004 1532 9645

93                      (EXHIBIT B)

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, et al, | ) | |
| Defendants | ) | |

January 25, 2017

# FOURTH MOTION FOR PERMANENT RESTRAINING ORDER, PRELIMINARY AND PERMANENT

# INJUNCTION ON DEFENDANTS JOANNE LEVESQUE, MADLON JENKINS-RUDZIAK, BERNARD

# VANSLUYTMAN, LOURDES CORDERO, AND THOMAS CORDERO

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to

Rule 65 of Federal Rule of Civil Procedures to issue a Permanent Restraining Order on

defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero

and Thomas Cordero and occupants of their apartments to prevent Defendants from continuing

to make excessive noise disturbances so that I can return to sleeping in my bedroom without

having to suffer with chest pains, difficulty breathing, severe migraine, exhaustion, nausea,

vomiting, and nose bleed. If continue, these activities will cause me to suffer cardiac arrest, in

violation of federal and Virgin Islands criminal code, the Fair Housing Act of 1968, as amended

in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Islands Law Against Discrimination, V.I. Code Ann.

1

94

tit. 10, §64 and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race, national origin, and interference with fair housing rights.

The Association and my neighbors at Sapphire Village on-going and continuous racial harassment, stalking, and excessive noise disturbances are designed to create a hostile environment for me to force me out of my home because of my race (Black) and national origin (Haitian). I have attached an Affirmation to this motion to enter into evidence video recordings of the excessive noise disturbances that occupants of Joanne Levesque's, Bernard Vansluyman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments are deliberately and purposely causing day and night to support this motion for permanent restraining order against defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero and Thomas Cordero.

## THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C SECTIONS 3601-3619 and 1981 and 1982

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332, §1345 and 42 US.C. 3613. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982. All the Defendants have been served pursuant to Rule 4 of the Federal Rule of Civil Procedures. Each defendant has been properly served with the Third Amended Complaint; Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons, at their last known residents by certified mail,

2

95

return receipt requested. Therefore, service of process was completed pursuant to 5 V.I.C §
4911 as applied by Rule 4(e) of the Federal Rule of Civil Procedures.

## STANDARD FOR GRANTING PERMANENT RESTRAINING ORDER

To obtain injunctive relief, a party must show: (1) a reasonable probability of success on
the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm
will result to the non-movant if the relief is granted than to the movant if the relief is not
granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes citing
Gerardi v. Peulullo, 16 F .3d 1363, 173 (3d Cir. 1994) describing factors for issuing preliminary
injunction.).

## SUMMARY OF FACTS

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 since October, 1,
2015, from Emad O'Baidi. (Third Am. Compl. at ¶ 2.1, No. 2016-50, ECF No. 34.). Starting on
about October 5, 2015, my neighbors and a gang of individual have engaged in a pattern of
harassment, invidiously motivated and backed by Sapphire Village Condominium Owners
Association ("Association") to which Defendants belong to force me out my home because of
my race (Black) and national origin (Haitian).

During my second week in the apartment, my white neighbors made false excessive
noise disturbance complaints against me and the Association acted zealously and aggressively
to investigate their complaints by sending, Mark Marolf, Sapphire Village Property Manager,
Sapphire security, and the police to my apartment twice. During the second investigation,
Sapphire security guard and I heard a loud banging noise emanating from the neighbors'

3

$96$

apartments while we were standing on the walkway of the St. Vincent building and because of that I refused Mr. Marolf entrance into my apartment. However, Mr. Marolf and the security guard followed me around the entire Development and Mr. Marolf stated "I will follow you where ever you go." (Third Am. Compl. at ¶ 4.1.19, No. 2016-50, ECF No. 34.).

Since October 5, 2015, I noticed that the screen door in all the apartments in the St. Vincent building slammed when it closes making blurring noise disturbances that reverberated throughout my apartment. Further, Occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas's Cordero's apartments made and continued to make loud banging, screaking and stumping sounds and they also purposely and deliberately slammed the screen and front doors repeatedly day and night for more than 2 to 3 hours that caused massive noise disturbances. (Affirm. No. 2016-50, ECF No. 220-3, 219, 215-1, 214-1, 206-1, 197-1.).

In addition, the neighbors stalked and engaged in criminally aggressive and predatory conducts such as: lunging at the corner of my eyes and flicking their heads each time that I looked up; following me inside and outside of the Sapphire Village Development; Further, the neighbors broke the door knob to my front door twice. (Affirm. at ¶ 10. Ex D); they drew graffiti and left food and a chair in front of my apartment door. (Affirm. at ¶ 5, No. 2016-50, ECF No. 169-1.); A white male neighbor threw a water bottle at my head from the Dominica building, that is part of the Development; while I was walking on the beach a white male threaten to "beat the shit out of me" while his family and he were flicking their heads; (Affirm. at ¶ 9, No. 2016-50, ECF No. 182-1.) the neighbors yelled racial epithets, slurs and threats at me "go home or you will die here."; Defendant Jacqueline Lindberg appeared each time I exited my

4

97

apartment and stated that it would be like 666 if I stay here; Id. November 9, 2016, I went to Sapphire Village Development's office to complain about excessive noise disturbances that emanated from defendant Joanne Levesque's apartment all night and limited me to 2 hours of sleep. In the office, one of the white neighbors stated "new administration." She was referring to the fact that Donald Trump won the election and implied that the neighbors are now allowed to make excessive noise disturbances to drive me out of my home because of my race and national origin. In addition, a white male neighbor in apartment 269 stated "I really don't like you." "you better walk away…. that's right walk away from here." And "that black guy is a bum" and "he wears the same clothes every day." And he followed me to the post office. (Affirm. at ¶ 1.1, No. 2016-50, ECF No. 204-1.).

As a consequence of my neighbors' racist conducts and aggressive behaviors, I have been unable to use my bedroom since October 5, 2015, because of the excessive noise disturbances. Also, I have been unable to enjoy my balcony, or any amenities at Sapphire Village Development, including the two pools, restaurant, lounge and Sapphire Beach.

I submitted daily complaint to the Association about the neighbors' racial harassment and excessive noise disturbances. But the Association targeted my apartment for excessive noise disturbances during construction repairs and landscaping on St. Vincent building. The Association had four major construction repairs on the St. Vincent building more than any other building in the Development from November 2015 through April 2016. The Association purposely and deliberately stationed the construction crew, Aerial platform, and equipment underneath my bedroom window. The excessive construction noise disturbances made my apartment vibrate and impaired my apartment completely from 9 a.m. through 6. p.m. for six

5

98

months. Consequently, I could not read, write, talk on the phone, rest and sleep in my apartment during the constructions. By the end of April 2016, I was suffering with monthly nose bleed. In addition, the Association directed their maintenance staff to conduct landscaping and cleaning between 7:00 a.m. and 8:00 a.m. in front of my apartment to deliberated and purposely create massive noise disturbances that interfered with my sleep. (Affirm. at ¶ 8, No. 2016-50, ECF No. 178-1.).

February 24, 2016, the Association's Attorney Michael Fitzsimmons sent me a letter stating that the Association does not and will not investigate nor resolved my racial harassment complaints about the neighbors 's criminally aggressive and predatory conducts, including excessive noise disturbances. (Affirm. at ¶ 11. Ex E). Furthermore, Mr. Fitzsimmons sent two letters to Mr. O'Baidi, May 26, 2016 and June 8, 2016, threatening to take legal actions on behalf of the Association and two neighbors unless Mr. O'Baidi evict me out of my home. In addition, Mr. Fitzsimmons made false statements and racial profiled me and predicted that I will commit criminal acts such as assault and battery because of my race (Black) and national origin (Haitian). Affirm. at ¶ 12. Ex F).

# I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUED TO VIOLATE THE FAIR HOUSING ACT, FEDERAL AND VIRGIN ISLAND CRIMINAL CODE

## 42 U.S.C. § 3604 CLAIMS

Defendants violated 42 U.S.C. § 3604 when they made excessive noise disturbances all day and night that prevent me from using my bedroom since October 5, 2015, and when Defendants attempted to coerce, intimidate and threaten to take legal action against me and

6

99

my landlord for not evicting me out of my home because of my race and national origin. 42

U.S.C. § 3604 prohibits discrimination during and post-acquisition of a rental dwelling base on

race, color, religion, sex, familial status or national origin. Further, 42 U.S.C. § 3604 makes it

unlawful to:

  (a) Refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate
      for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any
      person because of race, color, religion, sex, familial status or national origin.
  (b) To discriminate against any person in the terms, conditions, or privileges of sale or
      rental of a dwelling, or in the provision of services or facilities in connection therewith,
      because of race, color, religion, sex, familial status, or national origin.

The term "make unavailable" includes actual eviction, constructive eviction, or attempted

constructive eviction. George v. Colony Lake Property Owners Assn't, 2006 WL 1735345 at *2

(N.D.ILL.2006) and Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et

al., 388 F.3d 327 (7ᵗʰ Cir.2004). Further, in Jackson v. Comberg, 2007 WL 277418 (M.D.Fla.

August 22, 2007), the court held that the prohibitions under § 3604(b) of the Fair Housing Act

applies to discriminatory conducts during the rental of the property but not after the sale of

home because a rental arrangement involves an ongoing relationship between the landlord and

tenant, unlike the sale of a home which is a single event.

    To state a claim under Section 3604(b) a Plaintiffs must show that (1) they have rights

protected under the Fair Housing Act; (2) defendants have engaged in discriminatory conducts;

and (3) as a result of defendant's discriminatory conduct, plaintiffs have suffered a distinct and

palpable injury. Hicks v. Makaha Valley Plantation Home Owners Ass'n, 2015 WL 4041531 at

*10 (D.Hi.2015). In George, 2006 WL 1735345 (N.D.ILL.2006), the court found that Plaintiffs,

African American, would be evicted because the Home Owners Association amended the by-

7

/ 00

laws to bar renters which would make the rental of the dwelling "unavailable" to Plaintiffs under Section 3604.

I am black and Haitian born naturalized citizen of the United States and I rent apartment 265 at Sapphire Village. Occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments have been making and continued to purposely and deliberately make excessive noise disturbances during the day and at night for hours to force me out of my home because of my race (Black) and national origin (Haitian) and have made my bedroom "unavailable" to me since October 5, 2015. (Affirm. at ¶ 8. Ex B). In addition, the Association excessive construction noises made my apartment unavailable for six months from 8:00 a.m. through 6:00 p.m. Furthermore, the Association and the neighbors sent two letters threatening legal actions to coerce, intimidate, and pressure my landlord to evict me from my home, because they perceived that my race and national origin are unprofitable for their rental business. This case is similar to George, 2006 WL 1735345 (N.D.ILL.2006), in that the Association and the neighbors perceived that having a black male of Haitian national origin in the Development is unprofitable for their rental business. In both cases the Association and the neighbors took actions that would evict black plaintiffs from their homes simply because of their race. See U.S. v. Hylton, 944.F.Supp. 2d 176, 184 (D.CT.2013). (Black landlord perceived that "Black" tenants are unprofitable for his rental business). The Association and the neighbors violated § 3604 by making excessive noise disturbances that deprived me of the use of my bedroom and when they threaten legal actions, including eviction against me and my landlord to make my home "unavailable" to me, similar to the amendment that the Association made to its By-laws in George to make the dwelling "unavailable" to African American renters.

8

101

42 U.S.C § 3617 CLAIMS

The Association and the neighbors created a hostile environment for me and the neighbors engaged in a pattern of criminally aggressive and predatory behaviors to force me out of my home, because of my race (Black) and national origin (Haitian). As such Defendants interfered with my Fair Housing rights. Section 3617 states that:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of his having aided or encourage any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C § 3617. To state a claim under Section 3617, plaintiff must show that: (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate. Kromenhoek v. Cowpet Bay West Condominium Association, 77 F.Supp.3d 462, 474 (D.V.I. 2014). The court defined the term "interference" as more than "a simple quarrel between neighbors or the isolated act of harassment committed by the landlord, but rather it is "a pattern of harassment, invidiously motivated." Id, Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et al., 388 F.3d 327 at 330 (7th Cir.2004).

In Ohana v. 180 Prospect place Realty Corp., 996 F.Supp. 238 (E.D.N.Y.1998). The court held that plaintiffs had already exercise their rights to fair housing when they rented the

9

10 2

property and that defendants intentionally interfered with the enjoyment of these rights because of plaintiffs' race, religion and national origin. Defendants engaged in a series of discriminatory acts against the Plaintiffs because of their race (Hebrew), religion (Jewish), and national origin (Middle Eastern) in the form of racial and anti-Jewish slurs and epithets, threats of bodily harm, and noise disturbances. For example, Defendants banged on the walls and hammered loudly while hollering 'Jews move,' at around 2:00 a.m. and 2:30 a.m. In that case the court stated that "It is simply about holding one accountable for intentionally intruding upon the quietude of another's home because of that person's race, color, religion, sex, familial status or national origin." Id.

I am black and Haitian born U.S. naturalized citizen. I rent apartment 265 at Sapphire Village Development. The Association and my neighbors have been making excessive noise disturbances and they engaged in a series of discriminatory acts against me based upon my race (Black) and national origin (Haitian). These acts take the form of racial slurs and epithets, vandalism to my apartment, threats of bodily harm, assault and battery, stalking and excessive noise disturbances. This case is similar to Ohana, 996 F.Supp. 238 (E.D.N.Y.1998), in that it is more than a simple quarrel between neighbors but a series of discriminatory acts that are intended to force me out of my home because of my race and national origin. Like Defendants in Ohana that made noise disturbances late at night, my neighbors at Sapphire Village Development made and continued to purposely and deliberately make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time and November 9, 2016, stated "there is a new administration" (i.e. Donald Trump). Another stated that "you better walk away from here." and that "this black guy is a bum... he wears the same clothes every

10

103

day." Therefore, the Association and the neighbors interfered and continue to interfered with my Fair Housing rights because of my race and national origin, similar to Defendants in Ohana.

In addition, the Association and the neighbors created a hostile environment for me at Sapphire Village Development. To state a hostile housing environment claim based on race discrimination against a management company or condominium association, a plaintiff would have to show that: (1) she was subject to unwelcome harassment based on race; (2) the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and (3) the management company or condominium association knew or should have known of the harassment question and failed to take prompt remedial action. Hicks, 2015 WL 4041531, at *11 (D.Hi.2015), and Reeves v. Carrolsburg Condominium Unit Owners Ass'n., 1997 WL 1877201, at *7 (D.D.C. Dec. 18, 1997). The neighbors' excessive noise disturbances, stalking, threats of bodily harm, assault and battery, blocking my path, lunging at the corner of my eyes with military precision and flicking their heads are all unwelcome harassments. The neighbors' harassments are intentional because their behaviors are well organized and synchronized to military precisions in that Defendants knew exactly where to be on the roads, parking lots, and walkways, when to lunged and ran quickly to get to a certain spot. Accordingly, my neighbors racially motivated behaviors are severe and pervasive because the harassment is on-going and continuous. As such, I still have not been able to enjoy my apartment, balcony, run around the Sapphire Village Development for exercise, use the swimming pools, lounge and Sapphire Beach. The Association have known of my racial harassment complaints because I sent them a letter everyday describing the neighbors' racial statements and excessive noise disturbances. However, the Association has not investigated nor resolved my discriminatory complaints.

11

104

## 42 U.S.C § 1981 CLAIMS

The Association and the neighbors interfered with my lease agreement when they

attempted to coerce, intimidate and threaten to file legal actions against me and the landlord

for not evicting me out of my home because of my race (Black) and national origin (Haitian). 42

U.S.C § 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in
> every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to full and equal benefit of all laws and proceedings for the security
> of persons and property as is enjoyed by white citizens, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to
> no other.

42 U.S.C. § 1981. To state a claim under § 1981, Plaintiffs must show that (1) they are members

of a racial minority; (2) the Association had an intent to discriminate on the basis of race; and

(3) the discrimination concerned one or more of the activities enumerated in the statutes.

George, 2006 WL 1735345 at *3 (N.D.ILL.2006). I am black and of Haitian national origin. I rent

apartment 265 at Sapphire Village. The Association and the neighbors discriminated against me

when they sent letters to my landlord on May 26, 2016 and June 8, 2016, that characterized me

as a criminal and falsely accused me of criminal conducts that never occurred to coerce,

intimidate and pressure my landlord to evict me because the Association and owners perceive

that it is unprofitable to have a black man of Haitian national origin living next to their rental

business. The Association interfered with my lease agreement in the following ways: coercing

and threatening my landlord so he can evict me because of my race and national origin;

refusing to enforce By-laws, rules and regulation against my white neighbors; and acted

aggressively when my white neighbors complained about purported noise emanating from my

12

105

apartment, after they rigged their screen door-closer to cause blurring noise disturbances. Accordingly, the Association and neighbors violated section 1981.

## 42 U.S.C § 1982 CLAIMS

The Association acted with racial animus to deprive me of my right to live and lease my apartment by refusing to enforce its By-laws, Rules and Regulations and investigate my racial harassment complaint against the neighbors. 42 U.S.C. § 1982 provides that:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. To state a claim under Section 1982 a "[p]laintiffs must allege that (1) Defendant had a racial animus, (2) intended to discriminate against the Plaintiffs, and (3) deprived the Plaintiffs of protected rights because of the Plaintiffs' race." George v. Colony Lake Property Owners Assn'n, 2006 WL 1735345 at *3 (N.D.ILL.2006). The Association violated Section 1981 and 1982 in the following ways: (1) failing to enforce provisions of its bylaws, rules and regulations and resolutions against my white neighbors, specifically, Joanne Levesque, Matthew Swope, Jonathon Morgan, Bernard Vansluytman, Nora Ibrahim, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero; (Affirm. at ¶ 16. Ex G). (2) by failing to act on my complaints of racial harassment in the same manner in which they acted on complaint and rules violations not showing involving racial harassment. Specifically, the Association acted zealously and aggressively when the neighbors complained in October 2015, about purported noise emanating from my apartment. They sent Mark Marolf, security guard and the police to my apartment twice;

13

*106*

and (3) by tolerating and facilitating the harassment. Further, the Association has done nothing about the excessive noise disturbances emanating from Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments, even though I sent management excessive noise and racial harassment complaints every day. "These claims are based not on her neighbor's racism, but on defendants' failure to investigate and resolve her complaint of racial harassment." Bradley v. Carydale Enterprises, 707 F.Supp.217, 224 (E.D.Va.1989) and "[t]hat failure, if proven, abridged plaintiff's right to enforce her lease contract and would, therefore, come within the explicit terms of §§ 1981 and 1982's protective scope." Id. On February 24, 2016, the Association's attorney, Michael Fitzsimmons, sent me a letter stating in pertinent part that the Association does not and will not investigate my racial harassment complaints about the neighbors. The Association's tolerance of the neighbors' racial harassment is evidence of Defendants' discriminatory intent. Such toleration therefore interfered with my right to enforce and enjoy my lease agreement.

## CIVIL AND CRIMINAL CONSPIRACY CLAIMS

The Association and neighbors acting in cahoots deliberately and purposely rigged the screen door-closer to all the apartments in the St. Vincent building to cause the screen door to slam when it closes creating blurring noise disturbances that reverberated throughout my apartment day and night to force me out of my home because of my race and national origin. "'Under Virgin Islands law, a civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A conspiracy may also consist of an agreement to do a lawful act by unlawful means.'" Whitecap Investment Corp. V. Putnam Lumber & Export Co., 2013 WL 1155430 at *13 (D.VI.2013). All Defendants individually or

14

*107*

collectively negligently, recklessly, intentionally removed parts of the screen door-closer or caused the screen door-closer of all the apartments in the St. Vincent building to malfunction. The screen door-closer consists of a spring and an air cylinder that controls the rate of closing of the screen door and it slammed without either one. Since, all the Defendants are in sole possession and control of the screen door and screen door-closer, they deliberately and purposely rigged the screen-door closer to cause blurring noise disturbances. Furthermore, all the Defendants know that the screen door slammed when it closes because of the blurring noise disturbances, including defendant Sidney Jarvis, President of the Association's Board of Directors. As such, all Defendants deliberately and purposely slammed their screen doors to cause severe and intense noise disturbances that reverberated throughout my apartment to force me out of my home because of my race and national origin.

I sent all the Defendants video recording of Bernard Vansluytman holding the screen door to his apartment to prevent it from slamming and video recordings of occupants of Lourdes and Thomas Cordero slamming the screen door and causing massive noise disturbances that reverberated throughout my apartment. (Affirm. No. 2016-50, ECF No. 215-1, 214-1). In addition, I sent to all Defendants video recording of my screen door when it closes and that it did not make any noise disturbances.

## NUISANCE CLAIMS

V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provides for a cause of action when one's property or enjoyment of property is affected. Both damages and injunctive relief are available. U.S. Virgin Islands courts defined private nuisances

15

*108*

as "a substantial, unreasonable, interference with another's interest in the private use and enjoyment of their property". Bermudez v. Virgin Islands Telephone Corp., 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super.2011). Since October 5, 2015, occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero' apartments have been making and continued to purposely and deliberately make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time. Further, Defendants rigged their screen door-closer to cause blurring noise disturbances each time the screen door closes to force me out of my home because of my race and national origin. In addition, Defendants have and continued to slam their front doors repeatedly day and night for hours. Consequently, the excessive noise disturbances completely impaired my apartment.

Furthermore, Defendants have known about my excessive noise disturbance complaints because, Mark Marolf sent me an e-mail December 9th and 19th, 2015, stating that he spoke to the owners and tenants of apartments 273 and 257 about my complaints. (Affirm. at ¶ 9. Ex. C).

Additionally, the Association had four major repairs on the St. Vincent building more than any other building in the Sapphire Development to target my apartment for excessive noise disturbances. The construction noises caused my apartment to vibrate and deprived me of my apartment from approximately 9:00 a.m. through 6 p.m. for more than 6 months.

Furthermore, the neighbors' excessive noise disturbances and the Association's excessive construction noises deprived me of the use of my bedroom, living room, kitchen, and bathroom. In addition, I am unable to read, write and watch television in my apartment because of the excessive noise disturbances. More importantly, I am suffering with chest pains,

16

109

difficulty breathing, nausea, vomiting, severe migraine that last 2 or more days, exhaustion and nose bleed because of the excessive noise disturbances. (Affirm. at ¶ 1.2. Ex R-S). Therefore, Defendants are intentionally causing blurring noise disturbances to force me out of my home because of my race and national origin.

NEGLIGENCE CLAIMS

The Association and the neighbors are negligent because they made excessive noise disturbances, rigged their screen door-closer, harassed, stalked, hollowed racial epithets, threaten me with bodily injury, and assaulted me to force me out of my home because of my race (Black) and national origin (Haitian). To state a claim for negligence in the Virgin Islands a plaintiff must allege (1) a duty (2) a breach of that duty (3) Causation and (4) damages. Dadgostar v. St. Croix Financial Center, Inc., 2011 WL 4383424, at *6. All the Defendants breached their duties by conspiring and acting in cahoots to deliberately and purposely: rigged the screen door-closer; discriminated; harassed; intimidated; made threats of bodily harm; committed assault and battery; vandalized; and made excessive noise disturbances to force me out of my home. Defendants illegal conducts caused me to suffer with severe emotional distress, chest pains, nausea, vomiting, severe migraine, exhaustion and nose bleed.

INTENTIONAL EMOTIONAL DISTRESS CLAIMS

The Association and the neighbors intentionally caused me to suffer with severe emotional distress because they purposely and deliberately caused excessive noise disturbances; created a hostile environment for me inside and outside the Sapphire Village Development, hollowed racial slurs and epithets at me, committed assault and battery, and

17

$$110$$

made threat of bodily harm. To state a claim for intentional emotional, distress a Plaintiff must show that the Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." Joseph v. Sugar Bay Club & Resort, Corp., 2014 WL 1133416 at *3 (V.I.Super.2014). Defendants continued to deliberately make loud banging noise disturbances day and night even though they have known about this lawsuit and the affect the excessive noise disturbances are having on my health. Additionally, Defendants continued to harass, stalk and make racial derogatory remarks about me, as such Defendants conducts are extreme and outrageous. Because of Defendants' extreme and outrageous conducts, I suffered and will continue to suffer with severe emotional distress, humiliation, anxiety and worries. Accordingly, Defendants' extreme and outrageous conducts caused me to suffer with severe emotional distress.

Moreover, several of the Defendants in this actions have defaulted because they failed to respond to the complaint within 20 days after they were properly served pursuant to Rule 12 of Federal Rule of Civil Procedures. Accordingly, I am entitled to summary judgements against those Defendants.

**I HAVE SUFFERED IRREPERABLE INJURY SUCH AS SEVERE EMOTIONAL DISTRESS, CHEST PAINS, EXHAUSTION, AND SEVERE MIGRAINE AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED**

The excessive noise disturbances that occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments are

/ / /

purposely making and continued to make have caused me to suffer with nose bleed, chest

pains, severe migraine, exhaustion and severe emotional distress. Defendants are waking me

out of sleep every 15 to 20 minutes for more than 2 to 3 hours at a time, each time that I fall

back to sleep because I am exhausted and cannot keep my eyes open. The process of constantly

been awakened out of sleep is causing me to suffer with physical pain, including chest pains,

difficulty breathing, nausea, vomiting, severe migraine that last for an entire day or more,

exhaustion and nose bleed.  Therefore, it is foreseeable that I will suffer cardiac arrest or brain

damage when the neighbors woke me suddenly out of sleep by loud banging and slamming of

the doors.

## DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF

Defendants will have normal use of their apartments, they will simply be enjoined from

acting in cahoots to harass, intimidate and make excessive noise disturbances to prevent me

from sleeping in my bedroom because of my race (Black) and national origin (Haitian). There is

no legal purpose for the Defendants to have collectively tempered with the screen door-closer

in the St. Vincent building to cause blurring noises that reverberated throughout my apartment

day and night. They are simply trying to drive me out of my home because of my race and

national origin.

## THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT

It is in the public interest that everyone has accessed to housing without harassment,

intimidation and discrimination because of race and national origin. It is 2017 not 1817, these is

19

$112$

no place in this society for the Ku Klux Klan tactics these neighbors are employing to force me out of my home because of my race and national origin.

## REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For Permanent Restraining Order and Permanent Injunctive relief including but not limited to, an order enjoining defendants Joanne Levesque, Madlon Jenkins-Rudziak, Bernard Vansluytman, Lourdes Cordero and Thomas Cordero and any occupants of apartments 273, 274, 266 and 257 from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind.

2. Upon a showing that Defendants continue to make excessive noise disturbances for this court to issue a bench warrant for the arrest and prosecution of all defendants.

A proposed form of order is attached hereto.

Dated: January 25, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

113

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

5600  BOLTNAGI PC Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944 ; Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

1

*114*

6700 Sapphire Village,

Apt 209

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

 Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

 #616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

 St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

2

/15

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425

Dated: January 25, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

3

116

## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

### FOR THE

### DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, Et Al. | ) | |
| Defendants | ) | |

January 25, 2017

## AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT A FOURTH MOTION FOR

## PERMANENT RESTRAINING ORDER AND INJUNCTIVE RELIEF

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.    I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make

this Affirmation in support of a motion for permanent restraining order and injunctive relief to

be filed on my behalf, Plaintiff, Wilnick Dorval.

2.    The statements in this Affirmation are based upon my personal knowledge.

3.    I reside, since October 1, 2015, to presently, at apartment 265 at 6700 Sapphire Village,

Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

EXHIBIT A

117

4.      Apartment 273 is located right above my apartment next to apartment 274 on the third floor and apartment 257 is located below my apartment on the first floor. Apartment 273 and 257 have the same floor plan as my apartment.

5.      I share my bedroom wall with Bernard Vansluytman's and Madlon Jenkins-Rudziak's apartments; ceiling with Joanne Levesque's apartment; and floor with Lourdes and Thomas Cordero's apartment.

6.      I have extended my lease agreement and I planned to remain in my apartment until 2020.

7.      I have been evicted out of my bedroom since October 5, 2015, by loud banging, screaking and stumping sounds emanating from Joanne Levesque's, Bernard Vansluytman's Madlon Jenkins-Rudziak's, Lourdes, and Thomas Cordero's apartments.

8.      December 5, 2015, I went to the police station (Newton Command) and filed a noise disturbance complaint about the excessive noise disturbances that were emanating from Lourdes and Thomas Cordero's and Joanne Levesque's apartments from 8:00 a.m. until I left the apartment around 2 p.m. (Exhibit B).

9.      December 9th, and 19th, 2015, Mark Marolf, Sapphire Village Development Property Manager, replied by e-mail to my excessive noise disturbances complaints stating that he made the owners and tenants of apartments 273 and 257 aware of my excessive noise disturbance complaints. Therefore, Joanne Levesque and Lourdes and Thomas Cordero and occupants of their respective apartments have known about my excessive noise disturbance complaints. (Exhibit C).

EXHIBIT A

$118$

10.    January 25, 2016, I sent Mark Marolf, an email and photographs of the door knob to my apartment that I found broken when I returned home from a walk. Mr. Marolf replied that I should call the police and he did not investigate the neighbor's vandalism or sent security. (Exhibit D).

11.    February 24, 2016, I received a letter from Sapphire Village Condominium Owners Association's attorney, Michael Fitzsimmons, stating that the Association will not take any action about my excessive noise complaints. Further, Mr. Fitzsimmons stated that the Association does not and will not investigate my complaints about the neighbors braking the door knob of my apartment twice and stalking, threatening and harassing conducts of the neighbors because of my race (Black) and national origin (Haitian). (Exhibit E).

12.    June 8, 2016, Michael Fitzsimmons sent a letter to my landlord, Emad O'Baidi. The letter stated in pertinent parts that two unit owners have suffered direct economic loss because I continued to occupy my apartment and claimed that my behavior is threatening. Further, Mr. Fitzsimmons stated that the Association and owners will join to file a lawsuit against me and Mr. O'Baidi for violation of various By-laws and Rules and Regulations, including By-laws Article V, Section 11(c). That section provides that "No nuisances shall be allowed on the Property nor shall any use or practice be allowed which is a source of annoyance to its residents or which interferes with the peaceful possession or proper use of the property by its residents." (Exhibit F).

13.    June 14, 2016, Mr. O'Baidi forwarded to me the two letters that he received from Michael Fitzsimmons. Further, Mr. O'Baidi stated that I was in complete compliance with all the

119

EXHIBIT A

Association's By-Laws and Rules & Regulations and therefore, he could not evict me. He explained that Association and the neighbors are raging a campaign against me to force me out of Sapphire Village Development because of my race and national origin and that they are putting a lot of pressure on him to evict me.

14.    However, the Association has not taken any action to resolve the excessive noise disturbances that the occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments are causing day and night for more than 2 to 3 hours at a time.

15.    I tried to return to my bedroom during the week of January 22, 2017, but I could not use my bedroom and I returned to sleeping in the living room because occupants of apartments 273, 257, 266 made excessive noise disturbances all night that prevented me from fallen to sleep.

16.    I wrote several excessive noise disturbance complaints to the Association but they have so far failed to resolve and put an end to the excessive noise disturbances that my neighbors are causing day and night. Further, the Association has failed and refused to enforce its By-laws and Rules and Regulations about excessive noise disturbances and racial harassments. Even thought, each apartment has a copy of the Sapphire Village Condominiums Rules and Regulations and section 15 provides that "Quiet time is from 11:00 p.m. till 8:00 a.m." I have sent all Defendants video recordings of the excessive noise disturbances emanating from Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, and Lourdes and Thomas Cordero's apartments during the so called "Quiet time." But, they continued to make

120

EXHIBIT A

excessive noise disturbances that impaired my apartment and the Association has taken zero

action, and failed to investigate or resolve my excessive noise complaints. (Exhibit G).

## I. VIDEO RECORDINGS

1.1    I made the following video recordings of the excessive noise disturbances in my

bedroom that occupants of Joanne Levesque's, Bernard Vansluytman's, Lourdes and Thomas

Cordero's apartments intentionally caused to force me out of my home because of my race and

national origin:

1.  January 17, 2017, Video file MAH09778-MP4: 3:43 p.m.: Length :40. (Exhibit H).

2.  January 17, 2017, Video file MAH09780-MP4: 4:21 p.m.: Length 17:54. (Exhibit I).

3.  January 18, 2017, Video file MAH00006-MP4: 8:32 a.m.: Length 8:19. (Exhibit J).

4.  January 18, 2017, Video file MAH00007-MP4: 8:51 a.m.: Length 18:53. (Exhibit K).

5.  January 18, 2017, Video file MAH00075-MP4: 9:12 p.m.: Length 11:09. (Exhibit L).

6.  January 18, 2017, Video file MAH00076-MP4: 9:21 p.m.: Length 8:49. (Exhibit M).

7.  January 19, 2017, Video file MAH00085-MP4: 1:18 a.m.: Length 7:01. (Exhibit N).

8.  January 19, 2017, Video file MAH00092-MP4: 2:40 a.m.: Length 4:31. (Exhibit O)

9.  January 22, 2017, Video file MAH00296-MP4: 9:06 a.m.: Length 35:23. (Exhibit P).

10. January 22, 2017, Video file MAH00298-MP4: 10:16 a.m.: Length 35:23. (Exhibit Q).

11. June 20, 2016, Video file IMG_0590. (Exhibit R).

12. June 20, 2016, Video file IMG_0590. (Exhibit S).

13. January 24, 2017 Video file MAH00473-MP4, 10:32 a.m.: Length 10:38. (Exhibit T)

14. January 24, 2017 Video file MAH00473-MP4, 11:31 a.m.: Length 34:18. (Exhibit U).

121                                                    EXHIBIT A

1.2    The video recordings documented the excessive loud banging, screaking and stumping

sounds that occupants of Joanne Levesque's, Bernard Vansluytman's, Lourdes and Thomas

Cordero's apartments caused to evict me out of my bedroom because of my race and national

origin. First, the video recordings showed that I appointed the video recorder to where the

excessive noises were emanating from. Second, the video recording showed that on January 19,

2017, occupants of Joanne Levesque's came home and slammed the front doors and that I

called the police at 1 a.m. after a loud banging sound on my ceiling. Third, the video recordings

showed that on January 18, 2017, occupants of Joanne Levesque's, Lourdes and Thomas

Cordero's apartments made loud banging noise disturbances that kept me awake the entire

night. Fourth, video files IMG_0590 and 0591 showed that on June 20, 2016, I was suffering

with nose bleed and tried to stop it with a tissue because of the excessive noise disturbances.

Finally, the video recordings showed the excessive noise disturbances the neighbors are making

can be heard on the walkway of the St. Vincent building and that they are slamming their doors

repeatedly and banging.

1.3    I used a SONY MV1 MUSIC VIDEO RECORDER to video record the excessive noise

disturbances inside my apartment that occupants of Joanne Levesque's, Bernard

Vansluytman's, and Lourdes and Thomas Cordero's apartments are causing day and night. Also,

I used my Iphone 6S cellular phone to record my nose bleeding.

1.4    I recorded the excessive noise disturbances to a Micro SD card then made a duplicate of

each video file from the Micro SD card to a SanDisk flash drive for storage. The SONY video

122

EXHIBIT A

camera automatically assigned a numerical identification number, date and time to each file. Also, I sent the two files from my Iphone 6S cellular phone to my e-mail then downloaded each file to a SanDisk flash drive.

1.5     The excessive noise disturbances in the video recordings truly, accurately and realistically represent the loud banging, screaking and stumping sounds that occupants of Joanne Levesque's, Bernard Vansluytman's, Lourdes and Thomas Cordero's apartments are causing for hours in the morning and at night.

1.6     The video recordings have not been modified or edited in anyway, I made a duplicate of the file from the SD Card to store the video recording file to a SanDisk flash drive for storage.

1.7     The SanDisk flash drive has never left my possession.

/s/ Wilnick Dorval

123

EXHIBIT A

Case: 16-3601   Document: 003112541373   Page: 1 of 2   Page 1 of

# V.I. POLICE DEPARTMENT — United States Virgin Islands

OFFENSE REPORT

Disturbance of the Peace

| 2. ZONE | C | 3. DR# STT15OFF0019320 |
|---|---|---|
| R/A G-5 | | 4. ARREST# |
| P/S v | | 5. UCR # |

RM OR B/S

| 7. HOME ADDRESS | 8. HOME PHONE |
|---|---|
| #265 Sapphire Village, St. Thomas | (917) 602-3354 |

Warrick

| 11. RACE black | 12. POS | 13. SSN XXX-XX-XXXX | 14. OCCUPATION Bank Examiner |
|---|---|---|---|
| Haiti, Hispaniola | | | |

CL ATTENDING

| 16. BUS/SCH PHONE (000) 000-0000 | 17. LOCATION OF INCIDENT (Address) #265 Sapphire Village, St. Thomas |
|---|---|

| M 12 | D 05 | Y 15 | DAY OF WEEK Saturday | & | TIME | M | D | Y | DAY OF WEEK | 19. TIME REPORTED 1435 hours | M 12 | D 05 | Y 15 | DAY OF WEEK Saturday |

| 21. ADDRESS OF REPORTING PERSON #265 Sapphire Village, St. Thomas | 22. PHONE # 917-602-3354 |
|---|---|

| AGE | HT | WT | EYES | HAIR | BUILD | COMPLEXION | BEARD, MUSTACHE, SIDEBURNS | HAT | COAT |

| PANTS | OTHER | 24. MENTAL CONDITION | 25. PHYSICAL CONDITION |

N/A

| 27. GLASSES (Describe) | 28. LAST SEEN WHERE | 29. IN COMPANY OF | 30. PROBABLE DESTINATION |

N/A

| 32. VEHICLE DESCRIBE | ☐ YES ☐ NO | 33. MISSING PREVIOUSLY ☐ YES ☐ NO | 34. IF YES, DATE/WHERE LOCATED |

| 35. DESCRIPTION OF BURIAL | 36. IF ANIMAL BITE, GIVE INOCULATION NO. | 37. LICENSE NO. | 38. DISPOSITION |

| 40. RESIDENCE ADDRESS | 41. RESIDENCE PHONE | 42. BUSINESS PHONE |

| ☐ | NATURE OF INJURY AND LOCATION ON BODY | 45. TRANSPORTED TO | 46. TRANSPORTED BY |

| ☐ ☐ RELEASED | 43. PROBABLE CAUSE OF INJURY OR DEATH | 49. PHYSICIAN |

N/A

STOLEN ITEMS IN THIS SECTION

| ☐ MOTORCYCLES ☐ AUTO ☐ TRUCK ☐ BUS ☐ BOAT ☐ Other... |

| ☐ STOLEN ☐ RECOVERED ☐ ABANDONED ☐ IMPOUNDED ☐ CONFISCA | 51. POINT OF ENTRY: ☐ LOCKED DOOR ☐ UNLOCKED DOOR ☐ WINDOW ☐ VENT ☐ TRUNK ☐ HOOD |

| METHOD OF THEFT (Unseaddwner, trifol, etc.) | 53. KEYS IN IGNITION ☐ YES ☐ NO | 54. DESCRIBE EVIDENCE OF STRIPPING, TAMPERING, DAMAGE TO AUTO |

| COLOR | 56. YR/MAKE/MODEL/TYPE | 57 VIN | 58. YR/STATE/LIC. PLATE NO./STICKER NO. |

| VALUE | 60. TOWED BY/WHERE | 61. Time/date Recovered/location |

| IN COMPANY | 63. TYPE OF PROPERTY DAMAGE | 64. VALUE OF PROPERTY DAMAGE/LOSS |

N/A

| 65. Narcotics Type | 66. Quantity | 67. Fld. Test By |

N/A

PREMISE WHERE OFFENSE OCCURRED

Residence Apartment

Non Residence N/A

**POINT OF ENTRY:**
☐ Aluminum Framing
☐ Window
☐ Door - Sliding Glass
☐
☐
☐ Patio
☐
☐

N/A

**LOCATION OF ENTRY:**

N/A

**72. PROTECTIVE DEVICE**
☐ Dog
☐ Alarm
☐ Professional Security Patrol
☐ Light / Devices
☐ Light / Police
☐ T.V. Camera
☐ None
☐ Other
☐ Unknown

N/A

**73. PROPERTY TYPE**
☐ Currency
☐ Jewelry
☐
☐
☐ Television, Radios, Cameras, Etc.
☐ Firearms
☐ Household Goods
☐ Other
☐ Unknown

N/A

**74. TOOL**
☐ Pry Bar / Crowbar
☐ Screwdriver
☐ Knife / Cutting Instrument
☐ Bolt Cutter
☐ Key
☐ Unknown
☐ Other...

N/A

**75. EVIDENCE**
☐ Left Note
☐ Blood
☐ Tools
☐ Fingernails
☐ Footprints
☐ Unknown
☐ Other...

N/A

**76. METHOD USED**
☐ Break Window / Door Glass
☐ Jimmy Door / Window
☐ Burned
☐ Punched
☐ Removed
☐ Cutting / Stabbing
☐ Strong Arm
☐ Striking / biting
☐ Verbal Threat
☐ Shooting
☐ Other...
☐ Unknown

**77. WEAPON**
☐ Hands / Feet
☐ Pocket Knife
☐ Knife
☐ Handgun
☐ Shotgun
☐ Rifle
☐ Rock
☐ Bottle
☐ Other...
☐ Unknown

N/A

**78. GUN FEATURES**
☐ 01. Automatic
☐ 02. Revolver
☐ 03. Double Barrel
☐ 04. Single Barrel
☐ 05. Long Barrel
☐ 06. Short Barrel
☐ 07. Pearl Handle
☐ 08. Bolt Action
☐ 09. Altered Grip
☐ 10. Chrome Grip
☐ 11. Blue
☐ 12. Small Caliber
☐ 13. Large Caliber
☐ Other...
☐ Unknown

N/A

Brand Name / Caliber

**79. DOCUMENT**

N/A

| REPORTING OFFICER & PDN NO. fc J. Thomas #1259 | 82. VISITORS INVOLVED AS ☐ VICTIM ☐ PERPETRATOR ☐ WITNESS | APPROVING OFFICER PRINT & SIGNATURE #1062  12/6/15 |
|---|---|---|
| COMMANDING OFFICER & PDN NO. | 83. REPORTING OFFICER RECOMMENDS FOLLOW-UP ☐ YES ☐ NO | 85. REVIEWER'S SIGNATURE #1017  12/6/15 |

(EXHIBIT B)

124

Case: 3:16-cv-00050-CVG-RM   Document #: 223-2   Filed: 01/25/17   Page 2 of 2

**86. DESCRIPTION OF THE SUSPECT(S)**

Arrested  1 ☐  2 ☐  3 ☐  4 ☐

| | Name, Address, Phone No. | | |
|---|---|---|---|
| (1) | Lourdes Cordera | #273 Sapphire Village | (000) 000-0000 |
| (2) | UNK | #257 Sapphire Village | (000) 000-0000 |
| (3) | | | |
| (4) | | | |

**100. SOLVABILITY FACTORS**

| Yes | No | Unk | |
|---|---|---|---|
| ☐ | ☐ | ☐ | 01. Can suspect vehicle be identified? |
| ☐ | ☐ | ☐ | 02. Is stolen property traceable? |
| ☐ | ☐ | ☐ | 03. Was physical evidence collected? |
| ☐ | ☐ | ☐ | 04. Is specific M.O. present? |
| ☑ | ☐ | ☐ | 05. Is victim willing to prosecute? |
| ☐ | ☑ | ☐ | 06. Was an arrest made? |
| ☐ | ☑ | ☐ | 07. Can suspect be named? |
| ☑ | ☐ | ☐ | 08. Can suspect be identified? |
| ☑ | ☐ | ☐ | 09. Can suspect be described? |
| ☐ | ☑ | ☐ | 10. Can suspect be located? |
| ☐ | ☐ | ☐ | 11. Is suspect related to victim? |
| ☐ | ☑ | ☐ | 12. Was there a witness? |

**87 SEX**
- ☐☑☐☐ 01. Male
- ☑☐☐☐ 02. Female

**88. RACE**
- ☑☑☐☐ 01. White
- ☐☐☐☐ 02. Black
- ☐☐☐☐ 03. Indian
- ☐☐☐☐ 04. Oriental
- ☐☐☐☐ 05. Hispanic
- ☐☐☐☐ 06. Unknown
- ☐☐☐☐ 07. Other

**89. AGE**
- ☐☐☐☐ 01. Under 18
- ☐☐☐☐ 02. 18-25
- ☐☐☐☐ 03. 26-35
- ☑☐☐☐ 04. 36-50
- ☐☐☐☐ 05. Over 50

**90. BUILD**
- ☐☐☐☐ 01. Short
- ☐☐☐☐ 02. Medium
- ☐☐☐☐ 03. Muscular
- ☑☐☐☐ 04. Large
- ☑☐☐☐ 05. Slim

**91. CLOTHING**
- ☐☐☐☐ 01. Hat
- ☐☐☐☐ 02. Coat
- ☐☐☐☐ 03. Shirt, Blouse _____
- ☐☐☐☐ 04. Trousers, Skirt _____
- ☐☐☐☐ 05. Shoes _____

**92. HEIGHT**
- ☐☐☐☐ 01. Over 6'3"
- ☑☐☐☐ 02. 6'0" - 6'3"
- ☐☐☐☐ 03. 5'9" - 6'0"
- ☐☐☐☐ 04. 5'6" - 5'9"
- ☐☐☐☐ 05. 5'3" - 5'6"
- ☑☐☐☐ 06. 5'0" - 5'3"
- ☐☐☐☐ 07. Under 5'0"

**93. EYES (Color)**
- ☐☐☐☐ 01. Black
- ☐☐☐☐ 02. Blue
- ☐☐☐☐ 03. Gray
- ☐☐☐☐ 04. Green
- ☐☐☐☐ 05. Hazel
- ☐☐☐☐ 06. Maroon
- ☐☐☐☐ 07. Pink

**94. FACIAL HAIR**
- ☐☐☐☐ 01. Mustache
- ☐☐☐☐ 02. Beard
- ☐☐☐☐ 03. Sideburns
- ☐☐☐☐ 04. Heavy Eyebrows
- ☐☐☐☐ 05. Clean Shaven

**95. HAIR**
- ☐☐☐☐ 01. Bald Head
- ☐☐☐☐ 02. Black
- ☐☐☐☐ 03. Blonde or Strawberry
- ☑☐☐☐ 04. Brown
- ☐☐☐☐ 05. Gray or Partial Gray
- ☐☐☐☐ 06. Red or Auburn
- ☐☐☐☐ 07. Sandy
- ☐☐☐☐ 08. White
- ☐☐☐☐ 09. Unknown

**96. HAIR STYLE**
- ☐☐☐☐ 01. Afro
- ☐☐☐☐ 02. Long Straight
- ☐☐☐☐ 03. Long Curly
- ☐☑☐☐ 04. Short Straight
- ☐☐☐☐ 05. Short Curly
- ☐☐☐☐ 06. Receding
- ☐☐☐☐ 07. Toupee
- ☐☐☐☐ 08. Wig
- ☐☐☐☐ 09. Bald w/Fringe
- ☐☐☐☐ 10. Locks

**97. VOCAL IDENTITY**
- ☑☐☐☐ 01. Foreign
- ☐☐☐☐ 02. Southern
- ☐☐☐☐ 03. Fast clipped
- ☐☐☐☐ 04. West Indian
- ☐☐☐☐ 05. Slurred
- ☐☐☐☐ 06. Stutters
- ☐☐☐☐ 07. Deep Pitch
- ☐☐☐☐ 08. High Pitch

**98 SUSPECT BEHAVIOR**
- ☐☐☐☐ 01. Threat of Bodily Harm
- ☐☐☐☐ 02. Threat of Property Loss
- ☐☐☐☐ 03. Tied or Locked up Victim
- ☐☐☐☐ 04. Did Considerable Talking
- ☑☐☐☐ 05. Did Little or No Talking
- ☐☐☐☐ 06. Acted Nervous or Excited
- ☐☐☐☐ 07. Acted Calm or Deliberate
- ☐☐☐☐ 08. Disguised or Masked
- ☐☐☐☐ 09. Used Lubricant
- ☐☐☐☐ 10. Malicious Destruction
- ☐☐☐☐ 11. Used Tools Found at Scene
- ☐☐☐☐ 12. Ate/Drank on Premises
- ☐☐☐☐ 13. Defecated
- ☐☐☐☐ 14. Perspired
- ☐☐☐☐ 15. Unusual Odor
- ☐☐☐☐ 16. Other _____

**99. MODUS OPERANDI OF SUSPECT**
- ☐☐☐☐ 01. Bound Comp/Victim
- ☐☐☐☐ 02. Used Note
- ☐☐☐☐ 03. Prostitution Involved
- ☐☐☐☐ 04. Used Lookout
- ☐☐☐☐ 05. Apologetic
- ☐☐☐☐ 06. Made Gestures
- ☐☐☐☐ 07. Sex Acts Involved
- ☐☐☐☐ 08. Used Stolen Vehicle
- ☐☐☐☐ 09. Shots Fired
- ☐☐☐☐ 10. Used Comp/Victim Name
- ☐☐☐☐ 11. Used Other Familiar Name
- ☐☐☐☐ 12. Other _____

**101. RECOMMENDED ACTION - UNDER SOLVABILITY FACTORS**
Follow Up By:
- ☐☐☐☐ 01. Investigation
- ☐☐☐☐ 02. Juvenile
- ☐☐☐☐ 03. I.A.U.
- ☐☐☐☐ 04. I.I.U.
- ☐☐☐☐ 05. Traffic
- ☐☐☐☐ 06. Patrol

Outside Agency
- ☐☐☐☐ 07. F.B.I.
- ☐☐☐☐ 08. Postal Inspector
- ☐☐☐☐ 09. Mental Health
- ☐☐☐☐ 10. Coast Guard
- ☐☐☐☐ 11. Narcotics
- ☐☐☐☐ 12. Social Welfare
- ☐☐☐☐ 13. Other Dept. of Just

**102. CASE STATUS**
- ☐ 01. Unfounded
- ☐ 02. Closed/Arrest
- ☐ 03. Exception/Cleared
- ☐ 04. Suspended
- ☐ 05. Open
- ☐ 06. Closed

**103.** DISPATCH TIME _____ **DESK**

ARRIVAL TIME _____

DEPARTURE TIME _____

**104. CODE:** V - Victim   O - Owner   P - Parent/Guardian   R - Reporting Person   CP - Child Present   W - Witness

| NAME(S) | CODE | RESIDENCE ADDRESS | RES. PHONE | EMPL/SCH/PHONE |
|---|---|---|---|---|
| Wilnick Dorval | R/ | #265 Sapphire Village | (917) 602-3354 | Federal Reserve Bank of N.Y. |
| | | | | |
| | | | | |

**105. NARRATIVE:**

On Saturday, December 05, 2015, at approximately 1435 hrs., R/ was present an Mariel C. Newton Command reporting a disturbance. R/ stated that he resides at #265 Sapphire Village. the St. Vincent building. R/ went on to state that on Saturday, December 05, 2015, at about 0800 hrs., he was awoken by loud banging noises emitting from his neighbors S'1/ and S'2/ apartments which prevented him from sleeping. R/ explained that he believes the S's/ were using an object to bang about his apartment and that made it difficult for him to sleep. R/ continued to state that the banging noise continued up until 1400 hours prior to making the report. R/ further stated that this is an ongoing situation between him and the S's/ where they wants him to vacate Sapphire Village by any means necessary. R/ concluded by stating that he has complained to management in regards to the matter but nothing has been done. R/ was advised that if he should learn the exact name of the S's/ he can file a formal complaint at the Department of Justice  R/ was also advised to obtain a copy of this report from the Central Records Bureau located in the Alexander Farrelly Justice Center if he so desires.

125

Case: 16-3601  Document: 003112541373  Page: 134  Date Filed: 02/16/2017
Gmail - extremely loud noises apt 273 257 ***  Page 1 of 2

Case: 3:16-cv-00050-CVG-RM  Document #: 223-3  Filed: 01/25/17  Page 1 of 2

# M Gmail

St. Vincent Apt265 <st.vincentapt265@gmail.com>

---

## extremely loud noises apt 273 257 ***

5 messages

---

**Wilnick Dorval** <dorval.wilnick@gmail.com>  Sat, Dec 19, 2015 at 7:35 AM
To: "st.vincentapt265@gmail.com" <st.vincentapt265@gmail.com>

⌐ **WP_20151219_11_28_51_Pro.mp4**
⌐ 5623K

---

**St. Vincent Apt265** <st.vincentapt265@gmail.com>  Sat, Dec 19, 2015 at 7:47 AM
To: Mark Marolf <mgr@sapphirevillage.com>
Cc: stthomasrentals@yahoo.com

Currently, there are loud and banging noises coming from both units 273 and 257. The banging woke me
out of my sleep and I suffered chest pain and I had difficulty breathing. These organize and coordinated
activities by these two units are illegal and racist. Recording attached.

So you please enforce your nuisance rules.

Tenant st. vincent unit 265
--------- Forwarded message ---------

Date: Sat, Dec 19, 2015 at 10:35 AM
Subject: extremely loud noises apt 273 257 ***
To: "st.vincentapt265@gmail.com" <st.vincentapt265@gmail.com>

⌐ **WP_20151219_11_28_51_Pro.mp4**
⌐ 5623K

---

**Mark Marolf** <mgr@sapphirevillage.com>  Sat, Dec 19, 2015 at 11:37 AM
To: "St. Vincent Apt265" <st.vincentapt265@gmail.com>

Just checked email, I will discuss with tenants.
Also you have a package from Amazon in office, you can pick up anytime
after 8:30 on Monday.
[Quoted text hidden]

---

**St. Vincent Apt265** <st.vincentapt265@gmail.com>  Sat, Dec 19, 2015 at 12:37 PM
To: Mark Marolf <mgr@sapphirevillage.com>

OK thanks. There are still loud and disturbing noises coming from both units this afternoon. I will appriciate
it if both units cease and desist immediately. The disturbance is interfering with my peace of mind and
physical health.

[Quoted text hidden]

(EXhiBiT C)

Case: 16-3601    Document: 003112541373    Page: 135    Date Filed: 02/16/2017
Gmail - extremely loud noises apt 273 257 ***                                                    Page 2 of 2
Case: 3:16-cv-00050-CVG-RM   Document #: 223-3   Filed: 01/25/17   Page 2 of 2

---

**Mark Marolf** <mgr@sapphirevillage.com>                                Sat, Dec 19, 2015 at 1:33 PM
To: "St. Vincent Apt265" <st.vincentapt265@gmail.com>

I will talk to them
[Quoted text hidden]

127

M Gmail                                              St. Vincent Apt265 <st.vincentapt265@gmail.com>

**neighbors broke door knob,,,,,**
3 messages

**Wilnick Dorval** <dorval.wilnick@gmail.com>                    Mon, Jan 25, 2016 at 12:56 PM
To: "st.vincentapt265@gmail.com" <st.vincentapt265@gmail.com>


**WP_20160125_12_14_21_Pro.jpg**
296K

**St. Vincent Apt265** <st.vincentapt265@gmail.com>             Mon, Jan 25, 2016 at 1:00 PM
To: Mark Marolf <mgr@sapphirevillage.com>
Cc: St Thomas Rentals <stthomasrentals@yahoo.com>

I came back to my unit to find the door knob broken again by the neighbors.

Sent from my iPhone

Begin forwarded

    **Date:** January 25, 2016 at 4:56:22 PM AST
    **To:** "st.vincentapt265@gmail.com" <st.vincentapt265@gmail.com>
    **Subject: neighbors broke door knob,,,,,**



128                          (EXHIBIT D)

Case: 16-3601   Document: 003112541373   Page: 137   Date Filed: 02/16/2017
Page 2 of 2
Gmail - neighbors broke door knob,,,,,

Case: 3:16-cv-00050-CVG-RM   Document #: 223-4   Filed: 01/25/17   Page 2 of 2



mgr@sapphirevillage.com <mgr@sapphirevillage.com>
To: "St. Vincent Apt265" <st.vincentapt265@gmail.com>

Mon, Jan 25, 2016 at 1:12 PM

Call the police!

From: St. Vincent Apt265 [mailto:st.vincentapt265@gmail.com]
Sent: Monday, January 25, 2016 5:00 PM
To: Mark Marolf <mgr@sapphirevillage.com>
Cc: St Thomas Rentals <stthomasrentals@yahoo.com>
Subject: Fwd: neighbors broke door knob,,,,,

# DUENSING & CASNER

ATTORNEYS AT LAW

9800 BUCCANEER MALL
BUILDING 2, SUITE 9
P.O. BOX 6785
ST. THOMAS, U.S.V.I. 00804
TELEPHONE 340-774-6011 EXT. 104
FACSIMILE 340-776-8520
WEBSITE: www.vilawyers.com
E-MAIL: mfitzsimmons@vilawyers.com

MATTHEW J. DUENSING, P. C.
A. JAMES CASNER III, P. C.

OF COUNSEL
MICHAEL FITZSIMMONS, P. C.

JOSEPH D. SAUERWEIN
*Admitted in Illinois only

February 24, 2016

## Via Regular Mail and Hand Delivery [2502]

Mr. Dorval
Apartment No. 265
St. Vincent Building
6700 Sapphire Village
St. Thomas, V.I. 00802

Re:   **Noise complaints**

Dear Mr. Dorval:

This law firm represents the Sapphire Village Condominium Owners Association ("SVCOA"), through its Board of Directors. Please allow this letter to serve as SVCOA's general response to your numerous complaints about noise.

1)   As a threshold matter, we remind you of what should be obvious: Residing in a multi-unit, multi-story, multi-building condominium property is very different than residing in a free-standing single family house. While there are many advantages to condo living, there are also disadvantages. One such disadvantage is that one inevitably hears the normal activity and movement of one's neighbors. It is impossible to make the property silent and it is unrealistic to expect it.

2)   SVCOA tries to prevent unreasonable noise and to promote a quiet environment. As part of this effort, SVCOA investigates complaints of unreasonable noise. You have made countless complaints about noise over the last several months. But you have failed to cooperate in the investigation of your own complaints. You have repeatedly refused to allow access to your apartment when the property manager tries to determine the source of the noise of which you complain. You have sent many audio recordings to the manager, but you have prevented him from verifying when, where, how, and by whom these recordings were made.

/30         (EXHIBIT E)

3)    SVCOA has not received noise complaints similar to yours from the residents of the apartments near yours. Because of the very limited information you have provided to date, and because of your refusal to cooperate in our investigation of your complaints, SVCOA can do nothing more at this point. Please let us know if you get new information or if you decide to cooperate in future investigations.

4)    You have alleged that some unidentified person has tampered with your door lock. Such vandalism would be a criminal violation, so we suggest that you contact the V.I. Police Department about this matter.

5)    You have alleged that your grievances are a result of racism directed at you. SVCOA does not countenance racism in the application of its rules and regulations but neither is it legally empowered to address such claims. The V.I. Civil Rights Commission is charged with investigating and prosecuting claims of racial discrimination. We suggest that you speak to that agency if you feel that you have suffered discrimination.

                                        Sincerely,

                                        */s/ Michael Fitzsimmons*

                                        Michael Fitzsimmons

cc: client

# DUENSING & CASNER

ATTORNEYS AT LAW

9800 BUCCANEER MALL                                          MATTHEW J. DUENSING, P. C.
BUILDING 2, SUITE 9                                          A. JAMES CASNER III, P. C.
P.O. BOX 6785
ST. THOMAS, U.S.V.I. 00804                                   OF COUNSEL
TELEPHONE 340-774-6011 EXT. 104                              MICHAEL FITZSIMMONS, P. C.
FACSIMILE 340-776-8520
WEBSITE: www.vilawyers.com                                   JOSEPH D. SAUERWEIN
E-MAIL: mfitzsimmons@vilawyers.com


June 8, 2016

**Via Certified Mail w/ Return Receipt Requested and email to stthomasrentals@yahoo.com [2502]**
Edmad I. O'Baidi
7809 Est Lerkunlund
St. Thomas VI 00802

Re:    Sapphire Hill Village Unit 265

Dear Mr. O'Baidi:

    This letter follows my letter to you of May 26, 2016 regarding the serious, on-going problems caused by Wilnick Dorval, your tenant in your Unit 265. My letter of May 26th sought your help in resolving the trouble caused by Mr. Dorval. We have not heard from you, so we are obligated to act without you. I thought it best to inform you of how we will proceed.

1)    As I explained in the May 26th letter, at least two other unit owners have suffered direct economic losses caused by Mr. Dorval; they have recently contacted me about the matter. One of these owners has instructed me to file a lawsuit against Mr. Dorval to recover the money lost because of his threatening behavior. The other owner is considering joining that lawsuit but has not yet signed up.

2)    As a matter of courtesy, I must inform you that the condominium association is considering an action against you to enforce various By-Laws and Rules & Regulations, including By-Laws Article V, Section 11(c). That section provides that "No nuisances shall be allowed on the Property nor shall any use or practice be allowed which is a source of annoyance to its residents or which interferes with the peaceful possession or proper use of the property by its residents." Your failure to take action permits Mr. Dorval interference with the peaceful use of the property by all residents.

    The association had hoped to avoid these kinds of actions, but without your cooperation we have no choice but to move forward unilaterally to protect the safety of all owners and residents.

                                        Sincerely,

                                        *Michael Fitzsimmons*

                                        Michael Fitzsimmons


(EXHIBIT F)

132

# Sapphire Village Condominiums

### The following Rules and Regulations apply to all occupants of units at Sapphire Village.

1) Units shall be used as residences only. **NO** business activities permitted.
2) **No towels or other objects are to be hung from balconies** railings. Nothing may be thrown, swept or shaken from the balconies. Nothing can be mounted to the exterior walls **anywhere**, including balconies.
3) No articles are to be placed on stairways or walkways.
4) There shall be **no For Sale, For Rent or other signs** displayed from any window (including vehicles) or attached to the premises in any manner.
5) **Common areas** shall always be kept unobstructed and free and clear of personal items.
6) **Occupancy** is restricted to two (2) people in studios and four (4) people in one bedroom.
7) There shall be no activity conducted that is in violation of any Association, Territory, or Federal laws. **DRUGS OR CONTROLLED SUBSTANCES IN ANY AMOUNT WILL RESULT IN IMMEDIATE TERMINATION OF LEASE OR RENTAL AGREEMENT.**
8) **Trash** must be securely placed in provided dumpsters. The association is not responsible for the removal of used or broken furniture, bedding and appliances
9) A Laundry area has been provided for the use of village residents only. The laundry is open from 7:30 am to 10:00pm. Tokens are available from the Condo office.
10) **Only one vehicle per condo** is permitted and must have a sticker from the office. Sticker to be placed on the front windshield on the drivers side. No recreational vehicles, boats, trailers or off road vehicles are allowed. Rental vehicles must have a temporary parking permit issued from the Condo office. Unauthorized vehicles will be towed at owner's expense.
11) **Only emergency** repairs are allowed to vehicles in the parking lot (i.e. change flat tire, jump start car) all other repairs, such as **but not** limited to, oil changes, tune-ups, body work, etc. are **forbidden.**
12) **Children are** not allowed to play on walkways.
13) **Barbecuing** is not allowed within any unit (this includes the balcony). Concrete pads are provided in the parking areas for this. The storage of flammable liquids, including, but not limited to **PROPANE OR GAS IS STRICTLY PROHIBITED.**
14) **NO PETS** of any kind are allowed.
15) **Quiet time** is from **11.00 PM till 8.00 AM.**
16) The pipe chase shall remain clear for maintenance and reading of water meters.
17) All plants on the balconies must have pans to stop the water from flowing out and staining the finish of the building. All plants should also be kept far enough from the railings so that rain will not cause a water overflow. The cleaning of any stains created by this type situation will be charged to the owner/tenant of the unit.
18) **DO NOT** pour grease down the drains.

### A copy of these Rules and Regulations must be posted in each rental unit.

(EXHIBIT G)

133

**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| Wilnick Dorval | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) |
| Association, Et Al. | ) |
| | ) |
| Defendant(s) | ) |

October 19, 2016

**PLAINTIFF WILNICK DORVAL MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO AND**
**AUDIO RECORDINGS OF SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION**
**EXCESSIVE CONSTRUCTION NOISE DISTURBANCES THAT TARGETED MY APARTMENT**

COMES NOW, Plaintiff, Wilnick Dorval, acting *Pro se* respectfully states the following:

This Motion in Limine is filed pursuant to Federal Rule of Evidence 401, 901, 902, and

1001-1003 to admit into evidence four video and one audio recordings of excessive

construction noise disturbances to substantiate that defendants Sapphire Village Condominium

Owners Association's Board of Directors deliberately and purposely authorized four major

1

*134*

repair projects on the St. Vincent building to target my apartment for more noise disturbances
to force me out of my home because I am black. In addition, to substantiate the basis of the
injuries that I suffered because of the excessive construction noises and vibrations.

## STANDARD OF REVIEW

"This Court may hear the present motion in limine because it has the inherent authority
to manage cases brought before it." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455,
461 (D.N.J.2002). Further, "[a]n in limine ruling on evidence issues is a procedure which should,
in the trial court's discretion, be used in appropriate cases." Id. "One such appropriate case is
where the court can shield the jury from unfairly prejudicial or irrelevant evidence." Id. See
also, United States v. Romano, 849 F.2d 812, 815 (3d Cir.1988). In addition, "[t]he limine motion
then fosters efficiency for the court and for counsel by preventing needless argument at trial."
Ebenhoech., 239 F.Supp.2d at 461. "However, the ruling should not be made prematurely if the
context of trial would provide clarity." Id.

## ARGUGMENT

### 1. Video and Audio Recordings of the Excessive Construction Noises Are Relevant to Prove Nuisance, Harassment, Discrimination, Criminal Conducts and Damages

Rule 104 (a) of Federal Rule of Evidence states in pertinent part:

The court must decide any preliminary question about whether a witness is qualified, a
privilege exists, or evidence is admissible. In so deciding, the court is not bound by
evidence rules, except those on privilege.

2

135

Fed.R.Evid. 104 (a). I hereby request to enter into evidence four video and one audio recordings of excessive construction noises that defendants Sapphire Village Condominium Owners Association caused to support declaration that Defendants violated federal and U.S. Virgin Islands laws and damages. The video recordings are relevant to established that defendants Sapphire Village Condominium Owners Association purposely and deliberately targeted my apartment for more construction noise disturbances by stationing the Areal platform and construction crew by my bedroom for more than one month to force me out of my home because I am black. Further, the construction noise disturbances and vibrations interfered with the use and enjoyment of my apartment. Specifically, the construction noise disturbances and vibrations deprived me of the use of my bedroom to sleep and kitchen to cook from 9 a.m. to about 7 p.m., six days a week. Furthermore, the noise disturbances caused me to suffer nose bleed, severe migraine, severe exhaustion, chest pains, and severe emotional distress.

Rule 401 of Federal Rule of Evidence states:

Evidence is relevant if:

(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) The fact is of consequence in determining the action.

Fed.R.Evid. 401. The four video and one audio recordings of the construction noise disturbances are relevant because they established that defendants Sapphire Village Condominium Owners Association's Board of Directors deliberately and purposely targeted my apartment for extra construction noise disturbances for more than one month that deprived me of the use of my

3

136

bedroom to sleep and kitchen to cook. As such, the construction noise disturbances and

vibrations are a nuisance under U.S. Virgin Islands law 28 VIC § 331 (Private Nuisance; damages;

warrant to abate; injunction) and violate the Fair Housing Act of 1968. "Rule 401 does not

require the evidence to be dispositive of a fact in issue: The bar is much lower and simply

requires that the existence (or non-existence) of such fact make it more likely." Ostalaza v.

People, 58 V.I. 532, 564 (V.I. 2013). The four video and one audio recordings established that

the construction noise disturbances are excessive and extremely loud to substantially impaired

the use of my apartment. "Clearly, facts that tend to prove essential elements of the causes of

action and affirmative defenses asserted in the pleading are 'of consequence to the litigation,'."

Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 540 (D.Md.2013). The video and audio

recordings further established that, February 10, 2016, the construction crew stationed the

Aerial platform right in front of my bedroom and the Aerial platform engine was loud and made

beeping sounds that impaired the use of my apartment from 9 a.m. to about 7 p.m., six days a

week; the second video recording shows the Aerial crane-arm right above my bedroom window

blurring beeping noises, while the construction crew hammered, which caused massive noise

disturbances; the third video recording shows that I went outside to the balcony of my

apartment and recorded the construction crew operating a jack hammer and hammering, again

creating massive noise disturbances; the fourth video recording shows Sapphire Village

Condominium Owners Association's maintenance staff banging a hammer on the door of

apartment 275 at 9:00 a.m. The noise disturbances woke me from sleep; finally, the audio

recording contains the excessive construction noise disturbances that occurred throughout the

day and that essentially impaired my apartment for more than one month.

4

137

Therefore, the four video and one audio recordings are relevant to this cause of action and this Court should rule that the video and audio recordings are admissible.

2. **The Video and Audio Recordings Truly, Accurately and Realistically Represent the Construction Noise Disturbances that Defendants Sapphire Village Condominium Owners Association Caused, Pursuant to Rules 901-902 of Federal Rule of Evidence**

The four video and one audio recordings truly, accurately and realistically represent the massive construction noise disturbances that defendants Sapphire Village Condominium Owners Association caused for more than a month to force me out of my home because I am black. "A party seeking to admit an exhibit need only make a prima facie showing that it is what he or she claims it to be." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 542 (D.Md.2013). I have attached an Affirmation to this motion that explained in details how I recorded the four video and one audio recordings of the excessive construction noises (see Exhibit A). On the following dates I recorded the excessive construction noise disturbances, that defendants Sapphire Village Condominium Owners Association caused from 9 a.m. to approximately 7 p.m. six days a week for more than one month, using my Microsoft Lumia cell phone video camera and Learning Resources Easi-Speak Pro microphone and saved each recording to a Micro SD card: (1) February 10, 2016 (2) February 18, 2016 (3) February 19, 2016 (4) February 22, 2016 (5) March 22, 2016.

The Microsoft Lumia cell phone video camera automatically attached an identification number and date of the video recording to each file. Also, the Easi-Speak Pro microphone attached a date and time of the audio recording to each file. Subsequently, I attached each of

5

138

the video recording file to an e-mail and sent it to myself. Then I downloaded the video

recording files from my e-mail to a SanDisk memory stick for storage. Also, I used a USB port to

download the audio recording file from the Easi-Speak Pro microphone to a SanDisk memory

stick for storage.

### 3. The Video and Audio Recordings Were Made by Me Plaintiff Wilnick Dorval at Sapphire Village Development

The four video and one audio recordings are direct evidence of the excessive

construction noise disturbances that defendants Sapphire Village Condominium Owners

Association caused, six days a week from 9 a.m. to about 7 p.m., for more than one month to

force me out of my home because I am black. Therefore, the four video and one audio

recordings are not hearsay as defined by Rule 801, because I personally made the video and

audio recordings that are been offered into evidence. As such, I have personal knowledge of the

excessive construction noise disturbances that defendants Sapphire Village Condominium

Owners Association purposely and deliberately caused and how the video recordings were

made and preserved.

### 4. The Video Recordings Are Originals Under the Original Writing Rule 1001-1008

The four video and audio recordings are originals under the original writing rule because

I have not edited or modified any of the video and audio recordings, I simply downloaded the

video and audio recordings to a SanDisk memory stick for storage. "Rule 1001 (3) provides that

when data are stored in a computer or similar device, any printout or other output readable by

sight, shown to reflect the data accurately is an original." The SanDisk memory stick contains

6

139

the original of each of the video and audio files from the Microsoft Lumia Micro SD card and the Easi-Speak Pro microphone. Further, the Microsoft Lumia cell phone, Easi-Speak Pro microphone and SanDisk memory stick have been in my possession and continue to be in my possession.

## 5. The Probative Value of the Video Recordings Substantially Outweighed the Danger of Unfair Prejudice.

The probative value of the video and audio recordings substantially outweighed the danger of unfair prejudice. The four video and one audio recordings established that defendants Sapphire Village Condominium Owners Association's Board of Directors deliberately and purposely targeted my apartment for more construction noise disturbances when they authorized four major repairs on the St. Vincent building. The excessive construction noise disturbances and vibrations interfered with the use and enjoyment of my apartment. Furthermore, the noise disturbances in the four video and one audio recordings are excessive and loud. Finally, none of the Defendants would be prejudiced because I have sent notice of this motion to all Defendants and I am able to provide an exact copy of the four video and audio recordings to each Defendant upon request.

## CONCLUSION

This Court should grant this Motion in Limine to admit into evidence the video and audio recordings of the excessive construction noise disturbances that defendants Sapphire Village Condominium Owners Association deliberately caused because they are relevant to this cause of action and I have established a sufficient foundation to their authenticity.

7

140

Furthermore, the probative value of the four video and one audio recordings outweighed the

danger of prejudice, if any, because the video and audio recordings established that defendants

Sapphire Village Condominium Owners Association's Board of Directors purposely and

deliberately directed the construction crew to target my apartment for more noise

disturbances to force me out of my home because I am black. Accordingly, this Court should

rule that the four video and one audio recordings are admissible.

## REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For this Court to grant Plaintiff, Wilnick Dorval, Motion in Limine to admit into

   evidence four video and one audio recordings of the excessive construction noise

   disturbances that defendants Sapphire Village Condominium Owners Association

   intentionally caused.

A proposed order is attached.

Dated: October 19, 2016

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

8

141

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,
Law Office of John H. Benham, P.C.
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
340-774-0673
Fax: 800-948-1947
john@benhamlawvi.com

Michael Fitzsimmons, Esq.,
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
340-774-6011
Fax: 340-776-8520
mfitzsimmons@vilawyers.com

Mark Kragel, Esq.
BOLTNAGI PC 5600
Royal Dane Mall Suite 21
St. Thomas, VI 00802
Telephone: (340)774-2944
Facsimile: (340)776-1639
mkragel@vilaw.com

Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, V.I. 00802

Nicholas Overmyer
1723 Fitch Ave
Marquette, MI 49855

Richard W. O'Dell
6700 Sapphire Village, Apt 209

9

142

St. Thomas V.I. 00802

Mark Marolf
6700 Sapphire Village
St. Thomas V.I. 00802
340-775-6123

Bernard Vansluytman
8 Lerkenland,
St. Thomas V.I. 00802

Jacqueline Lindberg
6700 Sapphire Village
Apt 267
St. Thomas V.I. 00802

Lourdes Cordero
2305 Laurel St.
#616
San Juan, Puerto Rico 00913

Nora Ibrahim
21-22 St. Peter Mountain Road
St. Thomas V.I. 00802

Jonathon Morgan
6700 Sapphire Village
Apt 266
St. Thomas V.I. 00802

Sarah Whyte
200-5 D3 Estate, Altona
St. Thomas V.I. 00802

Ellen Hansen
05-11 Deer Hill Road
St. Thomas, V.I. 00802

James B. Koulouris
6700 Sapphire Village
Apt 258
St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

143

157 Farrington Dr.
Newman, GA 30263-7425

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

144

UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners Association, Et Al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

October 19, 2016

**AFFIRMATION OF PLAINTIFF WILNICK DORVAL IN SUPPORT OF MOTION IN LIMINE TO ADMIT INTO EVIDENCE VIDEO AND AUDIO RECORDINGS OF SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION EXCESSIVE CONSTRUCTION NOISE DISTURBANCES THAT TARGETED MY APARTMENT 265**

I, WILNICK DORVAL, Plaintiff, affirm, declare, and state as follows:

1.      I am an adult resident of the U.S. Virgin Islands and I am otherwise competent to make this Affirmation in support of a Motion in Limine to admit into evidence four video and one audio recordings of Sapphire Village Condominium Owners Association

EXHIBIT A

145

Case: 16-3601   Document: 003112541373   Page: 154   Date Filed: 02/16/2017
Case: 3:16-cv-00050-CVG-RM   Document #: 178-1   Filed: 10/19/16   Page 2 of 5

2

excessive construction noise disturbances that targeted my apartment 265 to be filed on
my behalf, Plaintiff, Wilnick Dorval.

2.      The statements in this Affirmation are based upon my personal knowledge.

3.      I reside, since October 1, 2015 to presently, at apartment 265 at 6700 Sapphire
Village, Bldg. St. Vincent, St. Thomas, U.S. Virgin Islands 00802.

4.      Starting on October 2015, defendants Sapphire Village Condominium Owners
Association' Board of Directors authorized and approved four major repairs on the St.
Vincent building, from October 2015 through March 2016, to target my apartment for
excessive construction noises to force me out of my home because I am black.
Consequently, the noise disturbances interfered with the use and enjoyment of my
apartment. Specifically, the noise disturbances prevent me from obtaining sufficient
sleep and rest, watch television, read and write. Furthermore, the noise disturbances
caused me to suffer with nose bleed, chest pains, severe migraine, exhaustion and
severe emotional distress.

5.      Defendants Sapphire Condominium Owners Association's Board of Directors
knew I was home during the day because they know that I am unemployed and ran
around the development for exercise during the day.

6. Defendants Sapphire Condominium Owners Association's Board of Directors directed
the construction workers to deliberately and intentionally target my apartment for more
noise disturbances by stationing the Aerial platform and construction vehicles directly in
front of my bedroom. The Aerial platform's engine was loud and made loud beeping
sounds each time the crew adjusted the crane to work on the St. Vincent building.

EXHIBIT A

146

3

7. In addition, the construction crew congregated with their equipment right in front of my balcony and yelled directions at each other.

8.        I made the following video and audio recordings of the excessive construction noise disturbances that defendants Sapphire Village Condominium Owners Association intentionally caused six days a week, from 9 a.m. to about 7 p.m., for more than one month to force me out of my home because I am black:

(a) February 10, 2016, Video: WP 20160210_17_03_05_Pro: Length 1:48 (Exhibit B)

(b) February 19, 2016, Video: WP 20160219_11_41_42_Pro: Length 5:08 (Exhibit C)

(c) February 22, 2016, Video: WP 20160222_10_03_02_Pro: Length 11:20 (Exhibit D)

(d) March 22, 2016, Video: WP 20160322_09_13_48_Pro: Length 2:24 (Exhibit E)

(e) February 18, 2016, Audio: VOICE001 MP3 file at 4:27 p.m.: Length 28:20 (Exhibit F)

9.        The first video recording shows that February 10, 2016, the construction crew stationed an Aerial platform right in front of my bedroom and the Aerial platform engine was loud and made beeping sounds that impaired the use of my apartment from 9 a.m. to about 7 p.m.; the second video recording shows the Aerial crane-arm right above my bedroom window blurring beeping noises, while the construction crew hammered which caused massive noise disturbances; the third video recording shows that I went outside to the balcony of my apartment and recorded the construction crew

EXHIBIT A

147

Case: 16-3601   Document: 003112541373   Page: 156   Date Filed: 02/16/2017
Case: 3:16-cv-00050-CVG-RM   Document #: 178-1   Filed: 10/19/16   Page 4 of 5

4

operating a jack hammer and hammering, again creating massive noise disturbances; the fourth video recording shows Sapphire Village Condominium Owners Association's maintenance staff banging a hammer on the door of apartment 275 at 9:00 a.m. The noise disturbances woke me from sleep; finally, the audio recording contains the massive construction noise disturbances that occurred throughout the day and that essentially impaired my apartment six days a week for more than one month.

10. The excessive construction noise disturbances caused my apartment to vibrate during the construction for more than a month and made it impossible to remain inside.

11.       I used the video camera on my cell phone, a Microsoft Lumia, to record the construction noises to an SD card than attached each video file to an e-mail and sent it to myself. Subsequently, I downloaded each video files from my e-mail to a SanDisk memory stick for storage. The Microsoft Lumia video camera automatically assigned a date and an identification number to the video file.

12. In addition, I used a Learning Resources Easi-Speak Pro microphone to record the excessive construction noise disturbances as they were occurring. Then, I used a USB cord to download the audio recording files to a SanDisk memory stick for storage. The Easi-Speak Pro microphone automatically assigned date and time to the recording file.

13.       The noise disturbances in the video and audio recordings truly, accurately and realistically represent the massive construction noise disturbances that occurred six days a week from 9 a.m. to 7 p.m. for more than one month on the St. Vincent building.

14.       The video recordings have not been modified or edited in anyway, I downloaded the files from my e-mail and the Easi-Speak Pro microphone to a SanDisk memory stick

EXHIBIT A

148

for storage.

15.    The SanDisk memory stick has never left my possession.

/s/ Wilnick Dorval

Wilnick Dorval

EXHIBIT A

# UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

## FOR THE

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2016-50 |
| Sapphire Village Condominium Owners | ) | |
| Association, et al. | ) | |
| Defendants | ) | |

February 6, 2017

## SIXTH NOTICE OF CERTIFICATE OF PROCESS OF SERVICE

**COMES NOW**, Plaintiff, Wilnick Dorval, *Pro se*, respectfully states the following:

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. John ("Court") has personal jurisdiction over all Defendants in this action because service of

process has been completed properly pursuant to Rule 4 of the Federal Rule of Civil Procedures.

## ALL DEFENDANTS HAVE BEEN PROPERLY SERVED PURSUANT TO RULE 4 OF THE FEDERAL

## RULE OF CIVIL PROCEDURES

I hereby notify the Court that on February 6, 2017, I served on Madlon Jenkins-Rudziak

and counsels for Matthew Swope and Thomas Cordero with an exact copy of the Third

Amended Complaint filed with this Court. (Third Am. Compl. No. 2016-50, ECF No. 34); a copy

of the Notice, Consent, and Reference of a Civil Action to A Magistrate Judge; Summons issued

1

*150*

by this Court on September 1, 2016 and October 4, 2016, with the Court's blue line, by certified

mail, return receipt requested. (Certified Receipt. Ex. A):

1. Madlon Jenkins-Rudziak (Summons. No. 2016-50, ECF No. 99).

2. Matthew Swope (Summons. No. 2016-50, ECF No. 158).

3. Thomas Cordero. (Summons. No. 2016-50, ECF No. 153).

Therefore, service of process was completed pursuant to 5 V.I.C § 4911 as applied by Rule 4 of

the Federal Rule of Civil Procedures.

Dated: February 6, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this document to be filed electronically by

this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

2

/ 5 /

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

John H. Benham, Esq.,

Law Office of John H. Benham, P.C.

No. 1001 Frederiksberg Gade

P.O. Box 11720

St. Thomas, VI 00801-4720

340-774-0673 Fax: 800-948-1947

john@benhamlawvi.com

Michael Fitzsimmons, Esq.,

9800 Buccaneer Mall,

Bldg. 2, Suite 9 St.

Thomas, U.S. Virgin Islands 00802

340-774-6011 Fax: 340-776-8520

mfitzsimmons@vilawyers.com

Mark Kragel, Esq.

BOLTNAGI PC 5600  Royal Dane Mall

Suite 21

St. Thomas, VI 00802

Telephone: (340)774-2944

Facsimile: (340)776-1639

mkragel@vilaw.com

Dudley Rich Davis LLP

5194 Dronningens Gade, Suite 3

St. Thomas, V.I. 00802

Richard W. O'Dell

6700 Sapphire Village,

Apt 209

3

*152*

St. Thomas V.I. 00802

Mark Marolf

6700 Sapphire Village

St. Thomas V.I. 00802

340-775-6123

Bernard Vansluytman

8 Lerkenland,

St. Thomas V.I. 00802

Jacqueline Lindberg

6700 Sapphire Village

Apt 267

St. Thomas V.I. 00802

Lourdes Cordero

2305 Laurel St.

#616

San Juan, Puerto Rico 00913

Nora Ibrahim

21-22 St. Peter Mountain Road

St. Thomas V.I. 00802

Jonathon Morgan

6700 Sapphire Village

Apt 266

St. Thomas V.I. 00802

Sarah Whyte

200-5 D3 Estate, Altona

St. Thomas V.I. 00802

Ellen Hansen 05-11 Deer Hill Road

St. Thomas, V.I. 00802

*153*

James B. Koulouris

6700 Sapphire Village

Apt 258

St. Thomas, V.I. 00802

Madlon Jenkins-Rudziak

157 Farrington Dr.

Newman, GA 30263-7425


Dated: February 6, 2017


/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265 St.

Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com


5

*154*

**RECEIPT** DATE 2-6-17    No. 044094

RECEIVED FROM Wilnick Dorval    $57.00

7008 0500 0001 0930 2681    GA

DOLLARS

7008 0500 0001 0930 2674    —Dudley    Certified

7008 0500 0001 0930 2698    —mark    letters

RED HOOK MAIL SERVICES
6501 RED HOOK
SUN
ST. THOM

| PAYMENT | | ◯ CHECK | FROM | TO |
| BAL. DUE | | ◯ MONEY ORDER ◯ CREDIT CARD | BY Kt | 3-11 |

(EXHIBIT A)

1

155